**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **EVAN J. CRONIN,**<br>Plaintiff,<br><br>v.<br><br>**UPWORK INC. et al.,**<br>Defendants. | **JOINT INITIAL STATUS REPORT**<br>**Case No. 1:26-cv-03220**<br>**Hon. Sara L. Ellis**<br>**Magistrate Judge Laura K. McNally** |

**1. The Nature of the Case**

**A. Counsel / Attorneys of Record.**
**Plaintiff:**

Evan J. Cronin, *pro se*
211 W Wacker Drive, Suite 120, #2217
Chicago, IL 60606
Tel: (312) 725-9960
legal@cronintaxservices.com

**Terma Project, Inc.; Fractional Tax, Inc.; Fractional Tax USA, LLC; Chandler Murphy; and Nishchal Basnyat (the "Fractional Tax Defendants"):**

Chad J. Layton, Esq.
Patrycia Piaskowski
Goldberg Segalla LLP - #57618
222 West Adams Street, Suite 2250
Chicago, IL 60606
Tel: 312.572.8422
clayton@goldbergsegalla.com
ppiaskowski@goldbergsegalla.com

**Upwork Inc. and Upwork Global LLC (the "Upwork Defendants"):**

No attorney has formally appeared. Service status is described in Section 3.

**B. Nature of Claims.**

This case concerns alleged identity misuse, false professional attribution, and unauthorized use of Plaintiff's name, photograph, and CPA credentials in client-facing solicitations displayed through the Upwork platform.

1

**Fractional Tax Defendants.**

Plaintiff alleges that these defendants drafted and submitted first-person proposals to prospective clients under Plaintiff's name, making representations Plaintiff did not author and could not review or approve before submission. Plaintiff also alleges related misclassification, compensation, and retaliation claims arising from his services and separation.

The Fractional Tax Defendants deny liability for all claims.

**Upwork Defendants.**

Plaintiff alleges that Upwork's platform architecture and authorship attribution mechanics caused those proposals to be displayed as authored by Plaintiff without any pre-submission review or approval mechanism available to Plaintiff, and that Upwork failed to remediate after formal notice.

**Claims asserted:**

Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A), and related Illinois statutory and common-law claims, including under the Illinois Right of Publicity Act, Illinois Consumer Fraud Act, Illinois Wage Payment and Collection Act, and Illinois Whistleblower Act. No counterclaims or third-party claims have been filed.

## C. Major Legal and Factual Issues.

Principal issues include: **(1)** whether the Fractional Tax Defendants had authority to submit proposals under Plaintiff's name and credentials, and the scope of any such authority; **(2)** whether Upwork's platform architecture and authorship attribution mechanics give rise to independent liability under the Lanham Act and Illinois law; **(3)** whether Upwork's response to formal notice of the alleged misuse bears on its liability; **(4)** Plaintiff's classification, compensation, and the circumstances of his separation, including whether retaliation occurred for protected activity; and **(5)** the appropriate scope of relief, including corrective or injunctive relief.

## D. Relief Sought.

Plaintiff seeks declaratory, injunctive, and platform-level corrective relief; damages and disgorgement of profits as authorized by law; fees and costs as authorized; and such other relief as the Court deems just.

## 2. Jurisdiction

## A. Federal Question.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff asserts a claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which arises under the laws of the United States.

**B. Supplemental Jurisdiction.**

The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a). Diversity is not asserted as an independent basis.

Plaintiff is domiciled in Illinois.

Upwork Inc. is a Delaware corporation. Upwork Global LLC is an LLC whose members' citizenship is not presently known.

Terma Project, Inc. is incorporated in Delaware and its principal place of business is in New York.

Fractional Tax USA, LLC is organized in Delaware and its principal place of business is in New York. Terma Project, Inc. (which is a citizen of Delaware and New York) is the sole member of and owns 100% of Fractional Tax USA, LLC.

Fractional Tax, Inc. is incorporated in Delaware and its principal place of business is in New York.

Nishchal Basnyat is a citizen of New York and Chandler Murphy is a citizen of Florida.

Complete diversity of citizenship cannot presently be confirmed.

## 3. Status of Service

Plaintiff sent Rule 4(d) waiver requests to the Fractional Tax Defendants through their then-counsel, Taft Stettinius & Hollister LLP, on March 26, 2026. Each defendant returned an executed waiver, which Plaintiff filed on April 7, 2026 (Dkt. 7). The Fractional Tax Defendants' initial response deadline was May 26, 2026. The Fractional Tax Defendants, who are now represented by newly retained counsel, have filed an unopposed motion to extend the responsive pleading deadline by twenty-one (21) days (Dkt. 17).

Plaintiff sent Rule 4(d) waiver requests to Upwork Inc. and Upwork Global LLC on March 27, 2026; no executed waivers were returned. On May 4, 2026, Plaintiff effected service on Upwork Inc. and separately on Upwork Global LLC, in each case through the entity's Illinois-registered foreign agent for service of process. Proofs of service were filed May 5, 2026 (Dkt. 9, 10). Upwork Inc. is a Delaware corporation registered as a foreign business corporation in Illinois; Upwork Global LLC is a California LLC registered as a foreign LLC in Illinois. The Upwork Defendants' response deadline is May 26, 2026.

## 4. Consent to Proceed Before a Magistrate Judge

The Upwork Defendants have not yet appeared, and unanimous consent does not exist at this time. Plaintiff and the Fractional Tax Defendants will confer with all parties regarding this issue after the Upwork Defendants have appeared.

3

5.  **Motions**

    A.  The Fractional Tax Defendants have filed an unopposed motion seeking a 21-day extension of their responsive pleading deadline (Dkt. 17). No other motions are currently pending.

    B.  Plaintiff and counsel for the Fractional Tax Defendants are scheduled to confer on Friday, May 15, and counsel for the Fractional Tax Defendants has indicated that arbitration will be among the topics discussed. Plaintiff does not concede arbitrability, but is not refusing to proceed with arbitration if a valid arbitration obligation is determined by the Court.

    Plaintiff's position is that any arbitration issue concerning the Fractional Tax Defendants is limited to those defendants and does not affect Plaintiff's separate claims against the Upwork Defendants.

    The Fractional Tax Defendants' position is as follows: one of the contracts at issue in this case includes an arbitration clause.  If Plaintiff is unwilling to submit, to arbitration, his claims against the Fractional Tax Defendants, those Defendants intend to file a Motion to Compel Arbitration.

    The Upwork Defendants have not yet appeared; Plaintiff cannot presently state whether they will respond by answer or motion.

6.  **Case Plan**

    A.  **Discovery Plan.**

    **Plaintiff's Position**

    The Upwork Defendants have not yet appeared, and Plaintiff and counsel for the Fractional Tax Defendants are scheduled to confer on May 15 regarding case-management and discovery-planning issues. Plaintiff proposes the following preliminary schedule so the case can proceed under an orderly schedule, subject to revision after the Upwork Defendants appear, further conference, or Court order. The proposed initial disclosure and written discovery dates fall after the Upwork Defendants' current May 26, 2026 deadline to answer or otherwise respond. Plaintiff understands that the Fractional Tax Defendants contend discovery planning is premature and anticipate raising arbitration issues; Plaintiff preserves the position that proceedings should not be stayed or deferred absent Court order and that targeted threshold discovery may be necessary.

    **(1) General type:** Written discovery, ESI, interrogatories, requests for admission, depositions, Rule 30(b)(6) depositions, and targeted third-party subpoenas concerning proposal authorship and submission records; displayed authorship attribution; account permissions, agency/business-manager access, applicable contracts and terms versions, arbitration/delegation/scope issues, notice and remediation, Support and Trust & Safety handling, FTINC/Terma workflow and authority, compensation/classification, damages/profits, preservation, and corrective or injunctive relief.

4

**(2) Rule 26(a)(1) disclosures:** June 12, 2026, for parties that have appeared. Any later-appearing party should serve Rule 26(a)(1) disclosures within 30 days after appearing, unless otherwise ordered.

**(3) First written discovery:** June 16, 2026.

**(4) Fact discovery cutoff:** December 18, 2026.

**(5) Expert discovery:** Plaintiff's reports — January 29, 2027; Defendants' reports — March 12, 2027; rebuttal — April 2, 2027; cutoff — April 30, 2027.

**(6) Dispositive motions:** June 4, 2027.

**Fractional Tax Defendants' Position:**

The Fractional Tax Defendants contend that proposing a discovery plan without the participation of the Upwork Defendants (who have yet to appear) is premature, and request the opportunity to submit a discovery plan following the appearance of the Upwork Defendants. Additionally, absent an agreement from Plaintiff, the Fractional Tax Defendants intend to file a Motion to Compel Arbitration. Moreover, if that motion is denied, the Fractional Tax Defendants anticipate filing a Motion to Dismiss, the results of which will likely impact the scope of discovery. For these reasons, the Fractional Tax Defendants submit that it is premature to set discovery deadlines at this time.

**B. Trial.**

(1) Jury trial demanded.

(2) Probable length: five to seven days.

**7. Status of Settlement Discussions**

**A.** Plaintiff and counsel for the Fractional Tax Defendants have had a preliminary conversation regarding openness to resolution; no settlement positions, demands, or offers have been exchanged. There have been no settlement discussions between Plaintiff and the Upwork Defendants since this action was filed.

**B.** No active settlement discussions are pending.

**C.** The parties do not request a settlement conference at this time.

Respectfully submitted,

By: /s/ Evan J. Cronin

Plaintiff, pro se

Evan J. Cronin
211 W Wacker Drive, Suite 120 #2217
Chicago, IL 60606
Tel: (312) 725-9960
legal@cronintaxservices.com

Respectfully submitted,

By: /s/ Chad J. Layton

Counsel for Terma Project, Inc.; Fractional
Tax, Inc.; Fractional Tax USA, LLC; Chandler
Murphy; and Nishchal Basnyat

Chad J. Layton, Esq.
Patrycia Piaskowski
Goldberg Segalla LLP - #57618
222 West Adams Street, Suite 2250
Chicago, IL 60606
Tel: 312.572.8422
clayton@goldbergsegalla.com
ppiaskowski@goldbergsegalla.com