# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EVAN J. CRONIN,
Plaintiff,
v.
UPWORK INC., et al.,
Defendants.

Case No. 1:26-cv-03220
Hon. Sara L. Ellis
Magistrate Judge Laura K. McNally

## REVISED JOINT INITIAL STATUS REPORT

Pursuant to the Court's May 19, 2026 Minute Order (Dkt. 20), Plaintiff Evan J. Cronin and Defendants submit this Revised Joint Initial Status Report in advance of the June 18, 2026 status hearing and state their respective positions on arbitration as directed. Sections stated to be "unchanged" are incorporated from the parties' initial Joint Status Report (Dkt. 19).

## 1. The Nature of the Case

### A. Attorneys of Record.

Counsel of record are set forth in the table below. The "Upwork Defendants" are Upwork Inc. and Upwork Global LLC; the "Fractional Tax Defendants" are Terma Project, Inc., Fractional Tax, Inc., Fractional Tax USA, LLC, Chandler Murphy, and Nishchal Basnyat.

| Plaintiff | Upwork Defendants | Fractional Tax Defendants |
|---|---|---|
| **Evan J. Cronin** <br> Plaintiff, Pro Se <br> 211 W. Wacker Drive, <br> Suite 120, #2217 <br> Chicago, IL 60606 <br> +1 (312) 725-9960 <br> legal@cronintaxservices.com | **Allison N. Powers** <br> **Gabrielle N. Ganze** <br> Blank Rome LLP <br> 444 W Lake Street <br> Suite 1650 <br> Chicago, IL 60606 <br> +1 (312) 776-2546 <br> allison.powers@blankrome.com <br> gabrielle.ganze@blankrome.com | **Chad J. Layton** <br> **Patrycia Piaskowski** <br> Goldberg Segalla LLP <br> Firm No. 57618 <br> 222 West Adams Street, <br> Suite 2250 <br> Chicago, IL 60606 <br> 312.572.8422 <br> clayton@goldbergsegalla.com <br> ppiaskowski@goldbergsegalla.com |

### B. Nature of Claims.

Unchanged from the initial Joint Status Report (Dkt. 19).

1

001926.00012/158402571v.3

### C. Major Legal and Factual Issues.

Unchanged from the initial Joint Status Report (Dkt. 19). The major issues now also include the arbitrability, delegation, scope, waiver, and default questions addressed in Section 5.

### D. Relief Sought.

Unchanged from the initial Joint Status Report (Dkt. 19).

## 2. Jurisdiction

### A. Federal Question.

Unchanged from the initial Joint Status Report (Dkt. 19): the Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

### B. Supplemental Jurisdiction.

Unchanged from the initial Joint Status Report (Dkt. 19), except that the Upwork Defendants have since disclosed that Upwork Global LLC is wholly owned by Upwork Inc. (Dkt. 32). Diversity remains not asserted as an independent basis for jurisdiction.

## 3. Status of Service

All Defendants have been served and have appeared through counsel identified in Section 1.A. No service issue remains outstanding.

## 4. Consent to Proceed Before a United States Magistrate Judge

Unanimous consent does not exist at this time.

## 5. Motions

### A. Pending and Anticipated Motions.

The Defendants have filed a joint (unopposed) motion to extend the responsive-pleading deadline for all Defendants to July 1, 2026. Plaintiff anticipates filing a threshold Motion to Declare the

2

Upwork Defendants in Default under 9 U.S.C. § 3 and to Enjoin Enforcement of any related Class-Action/Jury-Trial Waiver prior to the June 18 status hearing. The Upwork defendants anticipate opposing Plaintiff's motion and filing a cross-Motion to Compel Arbitration, and for their responsive pleading, are additionally assessing whether they will file a Motion to Dismiss, either in whole or in part or alone or in conjunction with another motion. The Fractional Tax Defendants have filed a Motion to Compel Arbitration. The Fractional Tax Defendants anticipate filing a Motion to Dismiss by July 1, 2026.

**B. Responsive Pleadings.**

The Fractional Tax Defendants have filed a Motion to Compel Arbitration and anticipate filing a Motion to Dismiss by July 1, 2026. The Upwork Defendants will respond to the Complaint by July 1 and are assessing whether they will file a Motion to Dismiss.

**C. Positions on Arbitration.**

Pursuant to the Court's May 19, 2026 Minute Order, the parties state their positions on arbitration as follows.

**Plaintiff's Position.** Plaintiff disputes arbitrability as to all Defendants and does not refuse arbitration; he disputes whether arbitration may be compelled, by whom, as to which claims, under which agreement, in which forum, and on what terms. The Upwork and Fractional Tax arbitration issues are distinct because they arise under different agreements, invoke different forums, and turn on different facts.

As to Upwork, Plaintiff contends that Upwork defaulted under 9 U.S.C. § 3 by failing to perform Section 14's mandatory bilateral informal-resolution obligations, and that Plaintiff's anticipated § 3 motion is a freestanding request for declaratory and related relief concerning arbitration and the class-action/jury-trial waiver, not merely an opposition to Upwork's anticipated motion to compel.

3

Plaintiff also disputes Upwork's assumptions regarding the operative User Agreement, the asserted JAMS/Santa Clara forum, and delegation, including because Upwork relies on "the User Agreement" while declining to stipulate which version governs this dispute, and because Plaintiff's anticipated motion raises court-reserved issues concerning the Class Action Waiver.

As to the Fractional Tax Defendants, Plaintiff disputes the Fractional Tax Defendants' position. Multiple agreements are at issue, and Plaintiff's identity-use claims arise primarily from the separate Content Assignment and Use of Name Approval Agreement, which does not contain an arbitration provision. Plaintiff disputes that Article XI of the Service Contract covers all claims or all Defendants, including non-signatories, and will address these threshold issues in response to the pending Motion to Compel Arbitration (Dkt. 26).

**Upwork Defendants' Position.** All of Plaintiff's claims against Upwork Defendants are subject to individual arbitration before JAMS in Santa Clara, California based on Plaintiff's agreement to be bound by all of the terms in Upwork's User Agreement, including the arbitration provision. Plaintiff also agreed to a delegation clause; therefore, any threshold disputes about arbitrability must be decided by the JAMS arbitrator. Given that Plaintiff has refused to arbitrate pursuant to the agreement, Upwork Defendants anticipate filing a motion compelling arbitration and seeking any other necessary relief with respect to Plaintiff's claims against Upwork Defendants. Upwork Defendants will oppose Plaintiff's anticipated motion and have conveyed to Plaintiff that they believe the most efficient course is for Plaintiff's arguments to be briefed in opposition to their motion to compel arbitration.

**Fractional Tax Defendants' Position.** One of the subject contracts includes a mandatory arbitration provision.  As a consequence, all of Plaintiffs' claims against the Fractional Tax

Defendants are subject to mandatory arbitration.  Plaintiff has not consented to arbitration and the Fractional Tax Defendants have filed a Motion to Compel Arbitration (Doc.#26).

**6. Case Plan**

**A. Discovery Plan.**

**Plaintiff's Position.** Given the anticipated threshold arbitration and § 3 default motions, Plaintiff proposes that the Court resolve those threshold issues — including whether limited threshold discovery is warranted — before setting a full merits schedule. Plaintiff has issued preservation requests to all Defendants and maintains that preservation obligations are active now, including as to platform records, proposal/authorship records, access logs, support-case records, and related ESI relevant to arbitrability, default, notice, and forum issues. Subject to that sequencing and to revision, Plaintiff proposes the following as to the items required by the Court's form:

> **(1) Type of discovery:** written discovery, electronically stored information, interrogatories, requests for admission, depositions (including under Rule 30(b)(6)), and targeted third-party subpoenas concerning proposal authorship and submission, displayed authorship attribution, account and agency permissions, applicable contract and terms versions, arbitration and delegation issues, notice and remediation, classification and compensation, damages, and preservation.

> **(2) Rule 26(a)(1) disclosures:** within fourteen (14) days after the Court resolves the threshold arbitration motions; any later-appearing party within thirty (30) days of appearing.

> **(3) First written discovery:** fourteen (14) days after Rule 26(a)(1) disclosures.

**(4) Fact-discovery completion:** to be set following resolution of the threshold issues; Plaintiff's prior proposal (Dkt. 19) was December 18, 2026, subject to revision.

**(5) Expert discovery:** Plaintiff's reports, Defendants' reports, rebuttal, and completion to be set following resolution of the threshold issues; Plaintiff's prior proposal (Dkt. 19) was January 29, March 12, April 2, and April 30, 2027, respectively, subject to revision.

**(6) Dispositive motions:** Plaintiff's prior proposal (Dkt. 19) was June 4, 2027, subject to revision.

**Defendants' Position.** The Defendants respectfully submit that it is premature to set a discovery schedule given the motion practice discussed above and request that the Court set a discovery schedule after the above-mentioned motions are resolved. Importantly, the Court's ruling on the Fractional Tax Defendants' Motion to Compel Arbitration and both sets of defendants' anticipated and potential Motions to Dismiss or other motion will impact the scope of discovery.

**B. Trial.**

Unchanged from the initial Joint Status Report (Dkt. 19): Plaintiff has demanded a jury trial, and the probable length of trial is approximately five to seven days.

**7. Status of Settlement Discussions**

The status of settlement discussions is unchanged from the initial Joint Status Report (Dkt. 19). No active settlement discussions are pending, and the parties do not request a settlement conference at this time.

Respectfully submitted,
By: /s/ Evan J. Cronin
Evan J. Cronin, Plaintiff, pro se

001926.00012/158402571v.3

Respectfully submitted,

By: _/s/ Allison N. Powers_____
Counsel for the Upwork Defendants
Blank Rome LLP

Respectfully submitted,

By: /s/ Chad J. Layton_____

Counsel for Terma Project, Inc.,
Fractional Tax, Inc., Fractional Tax USA, LLC,
Chandler Murphy, and Nishchal Basnyat

Chad J. Layton
Patrycia Piaskowski
Goldberg Segalla LLP
Firm No. 57618
222 West Adams Street – Suite 2250
Chicago, IL 60606
312.572.8422
clayton@goldbergsegalla.com
ppiaskowski@goldbergsegalla.com

7

001926.00012/158402571v.3