**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>      Plaintiff,<br><br>     v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC;<br>TERMA PROJECT, INC.; FRACTIONAL<br>TAX, INC.; FRACTIONAL TAX USA,<br>LLC; CHANDLER MURPHY; and<br>NISHCHAL BASNYAT,<br><br>      Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Sara L. Ellis<br><br>Magistrate Judge Laura K. McNally |

**PLAINTIFF'S MOTION TO DECLARE THE UPWORK DEFENDANTS IN DEFAULT**
**UNDER 9 U.S.C. § 3 AND TO ENJOIN ENFORCEMENT OF THE CLASS**
**ACTION/JURY TRIAL WAIVER**

Plaintiff Evan J. Cronin respectfully moves this Court for an order declaring Defendants Upwork Inc. and Upwork Global LLC (together the "Upwork Defendants" or "Upwork") in default in proceeding with arbitration under 9 U.S.C. § 3 and precluding enforcement of the Upwork User Agreement's Section 14 forum-dependent restrictions, including the Class Action/Jury Trial Waiver, in this action. This Motion responds to the Court's directives that the parties state their respective positions on arbitration (Dkt. 20; Dkt. 35) and is filed in advance of the joint status report due July 2, 2026, and the July 9, 2026 status hearing. It is noticed for presentment on Thursday, July 9, 2026, at 1:45 PM.

Because default under 9 U.S.C. § 3 is a threshold question this Court must resolve before it may entertain any stay of this action or order compelling arbitration, this Motion is logically prior to any anticipated cross-motion by the Upwork Defendants. The Fractional Tax Defendants' separate motion to compel arbitration (Dkt. 26) has been entered and continued to July 9, 2026,

and arises under a different agreement; this Motion concerns only the Upwork Defendants. In support, Plaintiff states:

1.      The User Agreement Plaintiff contends governs is Version 6-8, effective December 17, 2024 (the "Agreement"). Before any demand for arbitration, Section 14.3 requires that the parties "first notify each other of the Claim," that they "then will seek informal voluntary resolution of the Claim," and that "[b]oth [parties] will have 60 days from the date of the receipt of the Notice to informally resolve the other party's Claim." Only "[i]n the unlikely event the parties are unable to resolve a Claim within 60 days of the receipt of the applicable Notice" does Section 14.4 require arbitration before JAMS. (Ex. 1 § 14.3–14.4.)

2.      Plaintiff performed. On April 1, 2025, he delivered written Notice of this dispute to legalnotices@upwork.com—the address Section 14.3 designates—and received Upwork's automated acknowledgment that the email "will serve as your proof of receipt." (Ex. 5; Declaration of Evan J. Cronin ("Decl.") ¶ 13.)

3.      Upwork's legal function acknowledged the dispute in writing, and on May 9, 2025 invoked "the arbitration provisions applicable to this matter" and committed in writing: "We will ensure that our formal response is provided within this period." (Ex. 10; Decl. ¶ 23.)

4.      Upwork then performed nothing—under any measure of the sixty days: no substantive response, no proposal of terms, no conference request, no identification of JAMS or any arbitral forum, and no arbitration demand. On June 2, 2025, Upwork closed the support case as "Solved" without any communication; it ignored a written cure demand with a June 11, 2025 deadline; and it remained silent through the filing of this action on March 23, 2026. (Decl. ¶¶ 12, 24, 28; Exs. 4C, 11.)

5.      Under 9 U.S.C. § 3, a stay pending arbitration is available only "providing the applicant for the stay is not in default in proceeding with such arbitration," and that question is for this Court. Upwork's wholesale non-performance of the mandatory first tier of its own Arbitration Provision is such a default, rendering Upwork ineligible for a stay under § 3 or an order compelling arbitration under § 4. (Memorandum of Law ("Mem.") Parts I, III.)

6.      Independently, under the California law governing the Agreement, Upwork's total non-performance was a prior material breach that discharged Plaintiff's reciprocal obligations under Section 14, including any duty to initiate a JAMS arbitration. (Mem. Part IV.)

7.      Version 6-8 governs this dispute: Plaintiff's claims accrued and were noticed under it, Upwork's May 9, 2025 email confirmed it, and Upwork's post-dispute amendments cannot retroactively apply. (Mem. Part II.)

8.      The Class Action/Jury Trial Waiver exists only within Section 14's arbitration framework and does not survive as a freestanding restriction on this litigation; Section 14.4.3 itself reserves Class Action Waiver questions to a civil court. Plaintiff seeks in-case preclusion as an incident of the Court's § 3 and discharge determinations, not emergency relief under Rule 65. (Mem. Parts I, V.)

9.      In the alternative, if any material fact requires development, Plaintiff requests a targeted threshold schedule under Rules 16 and 56 limited to the arbitration-default issues, and consolidation of the Upwork Defendants' anticipated motion to compel arbitration or for a stay into the briefing on this Motion. (Mem. Part VI.)

10.     Plaintiff has complied with the Court's meet-and-confer requirement, which extends Local Rule 37.2's consultation obligation to all motions: he served written notice of this

Motion on May 28, 2026, the parties conferred by telephone on June 9, 2026, and they were unable to reach an accord. (Certificate of Compliance with Local Rule 37.2, filed herewith.)

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

(1) declaring that the Upwork Defendants are in default in proceeding with arbitration within the meaning of 9 U.S.C. § 3;

(2) denying or precluding, based on that default, any stay of this action or order compelling arbitration under 9 U.S.C. §§ 3 and 4;

(3) declaring that Upwork's prior material breach discharged Plaintiff's reciprocal obligation to initiate or proceed with arbitration under Section 14;

(4) precluding the Upwork Defendants from enforcing the Class Action/Jury Trial Waiver as a freestanding litigation restriction in this action and, as necessary, enjoining its enforcement;

(5) in the alternative, setting a targeted threshold schedule under Rules 16 and 56 with the narrow threshold discovery identified in the accompanying Memorandum; and

(6) granting such further relief as the Court deems just and proper.

This Motion is based on the accompanying Memorandum of Law in Support, the Declaration of Evan J. Cronin and Exhibits 1–13 filed herewith, the pleadings and papers on file, and any argument the Court may permit at presentment.

Dated: June 30, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

The undersigned, Evan J. Cronin, hereby certifies that on June 30, 2026, he caused the following documents to be filed with the United States District Court for the Northern District of Illinois, Eastern Division, through the Court's CM/ECF system:

(1) **Plaintiff's Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver**;

(2) **Memorandum of Law in Support of Plaintiff's Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver**;

(3) **Declaration of Evan J. Cronin in Support of Plaintiff's Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver**;

(4) **Exhibit Compendium in Support of Plaintiff's Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver**; and

(5) **Certificate of Compliance with Local Rule 37.2**.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and N.D. Ill. Local Rule 5.9, service of the foregoing documents has been effected on all counsel of record by the Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all registered users, including the following counsel:

| | |
|---|---|
| **Allison N. Powers** | **Chad J. Layton** |
| **Gabrielle N. Ganze** | **Patrycia Piaskowski** |
| BLANK ROME LLP | GOLDBERG SEGALLA LLP |
| 444 West Lake Street, Suite 1650 | 222 West Adams Street, Suite 2250 |
| Chicago, Illinois 60606 | Chicago, Illinois 60606 |
| | |
| *Counsel for Defendants Upwork Inc.* | *Counsel for Defendants Terma Project,* |
| *and Upwork Global LLC* | *Inc., Fractional Tax, Inc., Fractional Tax* |
| | *USA, LLC, Chandler Murphy, and* |
| | *Nishchal Basnyat* |

I further certify that there are no non-registered participants who require service by other means.

Dated: June 30, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se