**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>      Plaintiff,<br><br>  v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>      Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Sara L. Ellis<br><br>Magistrate Judge Laura K. McNally |

**DECLARATION OF EVAN J. CRONIN IN SUPPORT OF PLAINTIFF'S MOTION TO DECLARE THE UPWORK DEFENDANTS IN DEFAULT UNDER 9 U.S.C. § 3 AND TO ENJOIN ENFORCEMENT OF THE CLASS ACTION/JURY TRIAL WAIVER**

I, Evan J. Cronin, declare as follows pursuant to 28 U.S.C. § 1746:

## I.      BACKGROUND AND PERSONAL KNOWLEDGE

1.      I am the Plaintiff in this action and appear on my own behalf. I am over the age of eighteen and competent to make this Declaration. I am a licensed Certified Public Accountant. Except where I state that a fact is based on information and belief, the facts set forth in this Declaration are based on my own personal knowledge, including my personal participation in the events described and my review of records I created, sent, received, accessed, captured, or preserved. If called as a witness, I could and would testify competently to these facts.

2.      I make this Declaration to authenticate and lay the foundation for the exhibits to the accompanying Exhibit Compendium (the "Compendium") filed in support of my above-captioned Motion (the "Motion"). Each exhibit is identified by its Motion exhibit number as assigned in the Compendium.

3. I have reviewed each exhibit described below and compared it against my own records. Unless otherwise stated, each is a true and correct copy of the document it purports to be, in the form in which I created, sent, received, or preserved it; and where an exhibit is a printout or capture of an electronic record or web page I generated, it accurately reflects that record or page as it appeared to me when captured.

4. **Time zone and timestamps.** I am located in Chicago, Illinois, and the devices I used to access the Upwork platform, send and receive the emails described below, and capture the screenshots described below were set to United States Central Time. Except where a document's face expresses a different zone (for example, a system log in Coordinated Universal Time), all times in this Declaration are Central.

## II. GROUP A — ARBITRATION FRAMEWORK (EXS. 1–2)

5. **Exhibit 1** is a true and correct copy of excerpted pages of Version 6-8[1] of the Upwork User Agreement, effective December 17, 2024.[2] The excerpt comprises pages 1 through 3 (the title page and table of contents) and Section 14 in full. Because Version 6-8 is no longer on Upwork's live website, I retrieved it through the Internet Archive's Wayback Machine (web.archive.org).[3] I have reviewed the excerpt and confirm it is a true and correct copy of the document I retrieved. Version 6-8's December 17, 2024 effective date and the September 10, 2025 effective date of the next version in the Compendium, Version 7-0 (Exhibit 2B), bracket the events

---

[1] Throughout this Declaration, the version designation for the Upwork User Agreement (for example, "Version 6-8") corresponds to the file name Upwork prepopulates when the agreement is downloaded from its website (here, "user-agreement-6-8.pdf").

[2] Upwork lists each version's effective date on its User Agreement page at https://www.upwork.com/legal#useragreement, by the link to download the user agreement. The effective dates stated in this Declaration are taken from that page—live for the current version, and as captured by the Internet Archive's Wayback Machine for the earlier versions.

[3] Version 6-8 of the User Agreement is available for download at https://web.archive.org/web/20250512173137/https://upwork.pactsafe.io/versions/6761a7300294464c3fd6698f.pdf.

giving rise to my claim: my first written notice to Upwork's legal-notice address (April 1, 2025), Upwork's May 9, 2025 email referring to "the arbitration provisions applicable to this matter" (Exhibit 10), and the June 2, 2025 closure of my support case all fall after Version 6-8's effective date and before Version 7-0's.

6.  **Exhibit 2A** is a true and correct copy of the California Secretary of State Limited Liability Company Articles of Organization – Conversion for Upwork Global LLC, filed July 16, 2025, File No. BA20251481294. The filing identifies Upwork Global LLC as the converted entity and Upwork Global Inc. as the converting entity. I retrieved and downloaded this document from the California Secretary of State's website on Saturday, May 23, 2026. I include Exhibit 2A because the events giving rise to my claims occurred before the July 16, 2025, conversion, when Upwork Global Inc. was still the relevant California entity. I have reviewed Exhibit 2A and confirm that it is a true and correct copy of the document I retrieved.

7.  **Exhibit 2B** is a true and correct copy of excerpted pages of Version 7-0 of the Upwork User Agreement, effective September 10, 2025. The excerpt comprises pages 1 through 3 (the title page and table of contents) and Section 14 in full. Version 7-0 took effect after the events giving rise to my claim; I offer it not as the version I contend governs, but for what it shows about how Upwork has structured Section 14 over time. Because it is no longer on Upwork's live website, I retrieved it from the Internet Archive's Wayback Machine (web.archive.org).[4] I have reviewed the excerpt and confirm it is a true and correct copy of the document I retrieved.

8.  **Exhibit 2C** is a true and correct copy of excerpted pages of Version 8-1 of the Upwork User Agreement, effective January 8, 2026, which is the version currently published on Upwork's website. Like Version 7-0, it is a subsequent version offered for what it shows about

---

[4] Version 7-0 of the User Agreement is available for download at
https://web.archive.org/web/20250906220945/https://upwork.pactsafe.io/versions/68b1e4b9879328be022e65b7.pdf.

how Upwork has structured Section 14 over time, not as the version I contend governs.[5] The excerpt comprises pages 1 through 3 (the title page and table of contents) and Section 14 in full. I retrieved it directly from Upwork's publicly available terms at upwork.com/legal#useragreement on June 18, 2026, and confirm it is a true and correct copy of the document I retrieved. The excerpted User Agreement pages in Exhibits 1, 2B, and 2C bear a red identifier that I added at the bottom of each page, stating the version and its exhibit designation for reference; that identifier is not part of Upwork's original document, and its presence does not alter the text of the pages as published by Upwork.

**III.     GROUP B — NOTICE, ESCALATION, AND ROUTING (EXS. 3–8B)**

9.     **Exhibit 3** is a true and correct copy of the Upwork Help Center article titled "What's the Trust & Safety Team at Upwork?", which I captured on June 3, 2026, at 12:56 PM Central Time from Upwork's publicly available Help Center.[6] The source URL and the date and time of capture are printed on the face of the exhibit. The exhibit accurately reflects the article as it appeared to me at the time of capture.

10.     **Exhibit 4A** is a true and correct, optical-character-recognition (OCR) text-searchable copy of the archive of Upwork Support Case No. 51489662, which I generated from the Upwork support interface associated with my account and exported on April 16, 2025. The exhibit bears an export date and time of April 16, 2025, at 7:23 AM Central Time. I prepared the OCR text-searchable copy from that archive solely to make its text searchable; I did not alter its substantive content. The original archive file, processed through the SignNow service and bearing

---

[5] A further User Agreement version, 8-0, effective December 4, 2025, also exists between Versions 7-0 and 8-1; it is not reproduced in the Compendium, but I have personally preserved a copy via the Internet Archive, which is available upon request.
[6] Captured from https://support.upwork.com/hc/en-us/articles/1500007568141-What-s-the-Trust-and-Safety-team-at-Upwork.

SignNow Document ID beginning c281485, is preserved separately as the control copy, and its processing history is reflected in the SignNow audit log submitted as Exhibit 4B. The case panel shown on the exhibit reflects that the case was created on March 28, 2025; that the last activity on the case occurred on April 2, 2025, at 5:55 PM; and that the persons carbon-copied on the case included Yosef Mahmood and Anastasiia Dryha, whose public LinkedIn profiles appear as Exhibits 8A and 8B. Because the most recent entry shown is the April 2, 2025 activity, no further activity was recorded on the case between then and the 7:23 AM export on April 16, 2025. I generated this copy shortly before I submitted the Professional Statement to Upwork, as described in connection with Exhibits 6A and 6B.

11.     **Exhibit 4B** is a true and correct copy of the SignNow E-Signature Audit Log (Document History) generated by the SignNow service for the original support-case archive bearing SignNow Document ID beginning c281485—the archive of which Exhibit 4A is the OCR text-searchable copy. The log was generated on April 16, 2025. I obtained this log from my SignNow account for that archive. I did not create the entries in the log; they were generated automatically by the SignNow service and reflect the document's processing history.

12.     **Exhibit 4C** is a true and correct copy of a single page that I printed from Support Case No. 51489662 in my Upwork account on June 4, 2026. The printed page bears a browser print header reading June 4, 2026, 4:32 PM Central Time. The case panel on the page shows a status of "Solved" and a last-activity entry of June 2, 2025, 6:06 PM Central Time. The page accurately reflects what was displayed to me when I printed it and is consistent with Complaint Ex. G-6.

13.     **Exhibit 5** is a true and correct copy of the email I sent on April 1, 2025, at 6:30 PM Central Time, from my Upwork-registered email account, evanjc14@gmail.com, to

legalnotices@upwork.com, together with two automated reply emails I received from legalnotices+noreply@upwork.com, each received at 6:30 PM Central Time and each containing the same text. The exhibit accurately reflects the email I sent and the replies I received.

14.     **Exhibit 6A** is a true and correct copy of the Professional Statement to Upwork that I prepared and executed on April 16, 2025. I prepared the Professional Statement in my capacity as a licensed Certified Public Accountant and as a regulated professional whose name, credentials, and professional identity had been used in client-facing Upwork solicitations. The statement consolidated my prior communications with Upwork, documented my understanding of the matter based on the information then available to me, and preserved my professional position regarding the identity, licensing, ethical, and regulatory concerns implicated by the conduct I had already reported. That same day, I both uploaded the Professional Statement to Support Case No. 51489662 and separately transmitted it by email to Upwork's legal-notice address, legalnotices@upwork.com; the transmittal email and its attachments are described in connection with Exhibit 6B. The exhibit accurately reflects the statement as I executed and submitted it.

15.     **Exhibit 6B** is a true and correct copy of the email by which I transmitted the Professional Statement to Upwork's legal-notice address, legalnotices@upwork.com, on April 16, 2025, together with the automated response I received. The email reflects that two files were attached to it: the Professional Statement (Exhibit 6A) and the support-case archive for Case No. 51489662 — the same archive that is reproduced in OCR-searchable form as Exhibit 4A and whose SignNow processing is documented in the audit log at Exhibit 4B.

16.     **Exhibit 6C** is a true and correct copy of the SignNow E-Signature Audit Log (Document History) generated by the SignNow service for the Professional Statement identified as Exhibit 6A (Document ID beginning 939faadf). I obtained this log from my SignNow account

in connection with the document I created. The entries in the log were generated automatically by the SignNow service.

17. **Exhibit 7A** is a true and correct copy of a two-message email thread that I sent to myself on April 16, 2025, from my professional email account, evan@cronintaxservices.com, to my Upwork-registered email account, evanjc14@gmail.com. I created the thread to contemporaneously preserve what was then displayed to me on the support case dashboard for Upwork Support Case No. 51489662, including the "Last activity" timestamps reflected on that dashboard. The thread includes a screenshot labeled IMG_0712, which I captured on my iPhone on April 16, 2025. The screenshot shows the dashboard for Case No. 51489662 displaying a "Last activity" entry of 8:08 AM Central Time on April 16, 2025. The screenshot accurately reflects what was displayed to me when I captured it, and the email thread accurately reflects the time and manner in which I preserved that record. The message bodies also contain my contemporaneous internal notes and commentary regarding the timing and significance of the displayed dashboard activity. I offer those notes to show what I recorded at the time and why I preserved the exhibit, but not as independent proof of Upwork's subjective intent, motive, or internal reason for the dashboard update. My position regarding the significance of the dashboard activity is based on the timing, sequence, and surrounding record, including the screenshot itself and the related support case and legal notice submissions.

18. **Exhibit 7B** is a true and correct copy of a two-message email thread that I sent between my two email accounts on April 16, 2025, together with screenshots I captured that same day and attached to the thread. I created the thread to contemporaneously preserve additional "Last activity" entries then displayed to me on the support-case dashboard for Upwork Support Case No. 51489662 after I submitted my Professional Statement to Upwork. Among the attached

screenshots are two captures labeled IMG_0717 and IMG_0718. I captured both screenshots from my device. IMG_0717 shows the dashboard displaying a "Last activity" entry of 5:01 PM Central Time on April 16, 2025. IMG_0718 shows the dashboard displaying a "Last activity" entry of 9:32 PM Central Time on April 16, 2025. Those screenshots accurately reflect what was displayed to me when I captured them. The second message in the thread refers to the 9:32 PM entry as occurring on "April 17." That reference is a typographical error. Based on my personal knowledge of when I captured IMG_0718 and when I sent the contemporaneous email preserving it, the referenced dashboard entry was displayed on April 16, 2025. The message bodies contain my contemporaneous notes and commentary regarding the timing and significance of the displayed dashboard activity. I offer those notes to show what I recorded at the time and why I preserved the exhibit, but not as direct evidence of Upwork's subjective intent, motive, or internal reason for the dashboard updates. My position regarding the significance of the dashboard activity is based on the timing, sequence, screenshots, and surrounding record.

19.     **Exhibit 7C** is a true and correct copy of an email I sent to myself on April 17, 2025—from my professional email account, evan@cronintaxservices.com, to my Upwork-registered email account, evanjc14@gmail.com—concerning activity on the support case, together with a screenshot I captured and attached. The screenshot, labeled IMG_0747, is a capture I took from my device of the dashboard "Last activity" entry reflecting 2:35 PM Central Time on April 17, 2025, and it accurately reflects what was displayed to me. I offer this exhibit for the same limited purpose stated in connection with Exhibits 7A and 7B.

20.     **Exhibit 8A** is a true and correct copy of the LinkedIn profile of Yosef Mahmood, which I downloaded on May 20, 2026, by using LinkedIn's "Save to PDF" feature to generate a

PDF of the publicly available profile.[7] The exhibit accurately reflects the profile as it appeared to me when I generated the PDF.

21.     **Exhibit 8B** is a true and correct copy of the LinkedIn profile of Anastasiia Dryha, which I downloaded on May 20, 2026, by using LinkedIn's "Save to PDF" feature to generate a PDF of the publicly available profile.[8] The exhibit accurately reflects the profile as it appeared to me when I generated the PDF. On its face, the profile identifies Ms. Dryha as a "Certified Paralegal" and states her position at Upwork as "Legal Assistant - Policy, Litigation & Privacy." The profile describes her responsibilities in that role, in Ms. Dryha's own terms, as including "Maintain calendars, deadlines, and matter trackers to support compliance and efficient case management" and "Manage subpoenas, law enforcement requests, levies, and other official legal demands, ensuring timely and compliant responses," and separately lists "case management" among her top skills.

## IV.     GROUP C — DEMAND, COMMITMENT, DEFAULT, AND CURE (EXS. 9–11)

22.     **Exhibit 9** is a true and correct copy of the demand letter dated April 29, 2025, that was prepared by attorney Russell F. Anderson of the law firm Pullman & Comley, my prior counsel, and transmitted on my behalf to legalnotices@upwork.com. The exhibit reproduces the letter itself; the accompanying exhibits are not included with this copy. I reviewed and authorized the letter and received a copy from counsel.

23.     **Exhibit 10** is a true and correct copy of an email thread that I obtained from the records of my prior counsel at Pullman & Comley. The most recent message in the thread is an email dated May 9, 2025, sent by Anastasiia Dryha—whose self-described Upwork role is

---

[7] Located at www.linkedin.com/in/yosef-mahmood-6540b23b
[8] Located at www.linkedin.com/in/anastasiia-dryha

reflected in Exhibit 8B—from the address anastasiiadryha@cloud.upwork.com. In that May 9, 2025, message, Upwork stated that "according to the arbitration provisions applicable to this matter, we have 60 days from the receipt of your demand to provide our response," and that "we will ensure that our formal response is provided within this period." The thread also includes earlier messages acknowledging receipt of the April 29, 2025, demand letter transmitted on my behalf. I received this copy of the thread in the ordinary course from my counsel.

24. **Exhibit 11** is a true and correct copy of a follow-up letter dated June 6, 2025, prepared and sent by my prior counsel at Pullman & Comley on my behalf to legalnotices@upwork.com. In the letter, my counsel demanded that Upwork respond and resolve the matter by June 11, 2025. My counsel advised me that they were sending a follow-up letter to Upwork, and I later received and reviewed a copy of the letter as sent. The exhibit reproduces the letter itself; the materials enclosed with the letter are not included in this copy. The exhibit accurately reflects the letter as my counsel sent it.

## V.      GROUP D — MEET-AND-CONFER COMPLIANCE (EXS. 12–13B)

25. **Exhibit 12** is a true and correct copy of the meet-and-confer letter dated May 28, 2026, that I prepared and sent to Blank Rome LLP, counsel for the Upwork Defendants, regarding my anticipated Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver. The letter set out my documented chronology, identified the legal bases for the anticipated motion, reiterated my ESI preservation demand, and requested a meet-and-confer conference and responses to specific threshold arbitration-related questions. I sent the letter to Blank Rome LLP and copied counsel for the Fractional Tax Defendants. The exhibit accurately reflects the letter I sent. One statement in the letter requires correction. The letter stated that the April 29, 2025, demand letter cited the Illinois

Right of Publicity Act and the Lanham Act. That statement was inaccurate. The April 29, 2025, demand letter speaks for itself as to the claims it asserted, and I do not rely on Exhibit 12 to characterize the statutory claims asserted in Exhibit 9.

26.     **Exhibit 13A** is a true and correct copy of an email thread between me and counsel for the Upwork Defendants at Blank Rome LLP, spanning May 28, 2026, through June 9, 2026. I was a participant in the thread, and the exhibit accurately reflects the messages I sent and received. The thread concerns my May 28, 2026, meet-and-confer notice, Blank Rome LLP's response, scheduling of the meet-and-confer conference, and related correspondence concerning the threshold arbitration issues raised in my anticipated motion.

27.     **Exhibit 13B** is a true and correct copy of an email thread between me and counsel for the Upwork Defendants at Blank Rome LLP, spanning June 9, 2026, through June 10, 2026. I participated in the June 9, 2026, telephone conference referenced in the thread, which lasted from approximately 11:31 AM to 11:37 AM Central Time and included Ms. Ganze and Ms. Powers of Blank Rome LLP. My email, sent later that day at approximately 7:00 PM Central Time and included in the exhibit, accurately memorializes the conference as I observed it. The exhibit accurately reflects the messages I sent and received.

## VI.     ABSENCE OF A SUBSTANTIVE RESPONSE

28.     From the time I first submitted notice of my claim through the date the Complaint was filed in this action, I did not receive from Upwork any substantive response to the demand, any cure of the conditions identified in my notices, any demand to commence arbitration, or any proposed resolution of the dispute. To my knowledge, my then-counsel, Pullman & Comley, LLC, likewise did not receive any such substantive response, cure, arbitration demand, or proposed resolution from Upwork during that period. This statement is based on my personal knowledge of

the communications I sent and received in connection with this matter, the records I maintained, and my communications with Pullman & Comley concerning communications received from Upwork.

## VII.   GROUP X — DEMONSTRATIVE FIGURES (ILLUSTRATIVE AIDS)

29.   The Compendium also includes three demonstrative figures, identified as Demonstrative Figure 1 (Timeline of Notice, Invocation, Closure, and Nonperformance), Demonstrative Figure 2 (Section 14.3 Action Verbs and May 9 Response Commitment), and Demonstrative Figure 3 (Threshold Issues Map for the FAA § 3 Default Motion). I prepared these figures solely from the exhibits and docket records cited on their face. They are illustrative aids offered to assist the Court in following the record; they are not independent evidence, and they do not contain any factual assertion beyond what appears in the underlying cited materials.

## VIII.   VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 30, 2026, in Chicago, Illinois.


Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se