**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

# EXHIBIT COMPENDIUM

*in support of*

## Plaintiff's Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver

---

### Evan J. Cronin — Plaintiff

Prepared June 30, 2026

23 exhibits and 3 illustrative aids  •  168 pages  •  exhibit index follows

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

# EXHIBIT COMPENDIUM INDEX

| Exhibit | Document Description | Page |
|---|---|---|
| *Group A — Arbitration Framework* | | |
| 1 | User Agreement (Version 6-8) — Version Plaintiff Contends Governs — Pages 1–3 & Section 14 | **4** |
| 2A | Certificate of Conversion — Upwork Global Inc. to Upwork Global LLC (filed July 16, 2025) | **13** |
| 2B | Subsequent Version 7-0 (eff. Sept. 10, 2025) — Pages 1–3 & Section 14 | **15** |
| 2C | Subsequent Version 8-1 (eff. Jan. 8, 2026) — Pages 1–3 & Section 14 | **26** |
| *Group B — Notice, Escalation & Routing* | | |
| 3 | Upwork Help Center Article — "What's the Trust & Safety Team?" | **38** |
| 4A | Support-Case Archive, Case #51489662 (OCR-Searchable Copy) | **43** |
| 4B | SignNow Audit Log — Support-Case Archive (Doc. ID c281485…) | **60** |
| 4C | Support-Case Printout Showing "Solved" Status | **62** |
| 5 | April 1, 2025 Legal Notice to legalnotices@upwork.com (w/ Receipt) | **64** |
| 6A | Professional Statement to Upwork (Executed) | **69** |
| 6B | April 16, 2025 Professional Statement Transmission Packet | **83** |
| 6C | SignNow Audit Log — Professional Statement (Doc. ID 939faadf…) | **86** |
| 7A | Platform Review Timing Email Packet w/ Nested Capture | **89** |
| 7B | Post-Statement Access Timeline Email Packet w/ Nested Captures | **95** |
| 7C | April 17, 2025 Case Activity Email Packet w/ Nested Capture | **106** |
| 8A | Public LinkedIn Profile — Yosef Mahmood (Upwork Legal) | **116** |
| 8B | Public LinkedIn Profile — Anastasiia Dryha (Upwork Legal) | **119** |
| *Group C — Demand, Commitment, Default & Cure* | | |
| 9 | Pullman & Comley Demand Letter to Upwork — Letter Only | **123** |
| 10 | Upwork Legal 60-Day Performance Email — A. Dryha, May 9, 2025 | **128** |
| 11 | Pullman & Comley Follow-Up and Cure-Demand Letter (June 6, 2025) — Letter Only | **131** |
| *Group D — Meet-and-Confer Compliance* | | |
| 12 | Meet-and-Confer Letter re FAA § 3 Default | **135** |
| 13A | Meet-and-Confer Email Thread (May 28 – June 9, 2026) | **146** |
| 13B | Formal Meet-and-Confer Follow-Up Thread (June 9–10, 2026) | **153** |
| *Group X — Demonstratives (Illustrative Aids — Not Evidence)* | | |
| Figure 1 | Timeline of Notice, Invocation, Closure, and Nonperformance | **163** |
| Figure 2 | Section 14.3 Action Verbs and May 9 Response Commitment | **165** |
| Figure 3 | Threshold Issues Map for the FAA § 3 Default Motion | **167** |

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

GROUP A

# Arbitration Framework

*Exhibit 1 (User Agreement, Version 6-8, the version Plaintiff contends governs)
and Exhibit 2 (2A — Conversion for Upwork Global LLC; Subsequent
Versions — 2B: Version 7-0; 2C: Version 8-1).*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group A — Arbitration Framework*

# E X H I B I T

# 1

---

**User Agreement (Version 6-8) — Version Plaintiff Contends Governs —**
**Excerpt: Pages 1–3 and Section 14**

**Date / Operational Origin:** *Effective December 17, 2024 (published by Upwork). The version Plaintiff contends governs this dispute. Excerpted: agreement pages 1–3 (title page and Table of Contents); and Section 14 in full (§§ 14.1–14.4 — including the informal-resolution process, arbitration sequence, delegation and severability, and Class Action/Jury Trial Waiver). Complete agreement available upon request.*

**Page Identifiers:** *The red version identifier at the bottom of each page was added by Plaintiff for reference; it is not part of Upwork's original document.*

— Document follows this cover page —

**This is important:** This User Agreement ("**Agreement**") contains important information about your legal rights, remedies, and obligations, and is a legally binding agreement between you ("**you**" or "**User**") and Upwork Global Inc. ("**Upwork**," "**we**", or "**us**"), Upwork Escrow Inc. ("**Upwork Escrow**"), and to the extent expressly stated, Elance Limited ("**Elance Ltd.**"), governing your use of Upwork's Site and Site Services (collectively, "**Services**").You understand that by using the Upwork Site or Site Services (which generally means using in any way our work marketplace Upwork.com or our applications), and by clicking accept when prompted on the Site, you agree to be bound by all agreements which constitute Upwork's Terms of Service, and you agree that the "**Terms of Service**" means every agreement linked herein and includes the Fee and ACH Authorization Agreement, Privacy Policy, Terms of Use, applicable Escrow Instructions and this User Agreement, including Section 14 which contains an arbitration agreement and class action waiver that applies to claims brought against Upwork in the United States. You have an opportunity to opt out of arbitration as provided in Section 14. This Agreement also incorporates, for any User using the Any Hire Services, the Any Hire Terms and the Any Hire Escrow Instructions. You should read all of our terms carefully because you are promising not to break any agreements in the Terms of Service.

If you want to use our work marketplace or any of our services (which we refer to altogether as Services), whether just by looking around or by registering an account, you must first read and agree to this Agreement (including the dispute resolution and arbitration provisions in Section 14). If you don't understand this Agreement or you don't agree to all of its terms and conditions, you may not use our Services. If you do not understand or agree to this Agreement, do not click to accept this Agreement, "Sign Up", "Create My Account", or similar, and do not visit Upwork.com, use our mobile applications, or otherwise use our Services. If you are using our Services on behalf of a business or legal entity, you may only do so if you have authority to agree to the Terms of Service on behalf of that business or legal entity.

To make these terms a little easier to understand, we capitalize certain terms and capitalizing them means they have a special meaning. Section 16 provides the definitions of some capitalized terms and others are defined throughout the Terms of Service (look for quotation marks and bold font).

**Table of Contents**

1. Upwork Accounts

    1.1 Registration

    1.2 Account Eligibility

    1.3 Account Profile

    1.4 Account Types

    1.5 Account Permissions

    1.6 Identity and Location Verification

    1.7 Usernames and Passwords

2. Purpose of Upwork

    2.1 Relationship with Upwork

    2.2 Taxes and Benefits

    2.3 Marketplace Feedback and User Content

**Version 6-8 — Exhibit 1**

3. Contractual Relationship Between Client and Freelancer

    3.1 Service Contracts

    3.2 Disputes Among Users

    3.3 Confidential Information

4. Worker Classification and Upwork Payroll

    4.1 Worker Classification

    4.2 Upwork Payroll Services

5. Upwork Fees

    5.1 Fees For Freelancers

    5.2 Client Fees

    5.3 VAT and Other Taxes

    5.4 No Fee for Introducing or Finding Projects

6. Payment Terms and Escrow Services

    6.1 Escrow Services

    6.2 Client Payments on Service Contracts

    6.3 Disbursements to Freelancers on Service Contracts

    6.4 Non-Payment

    6.5 No Return of Funds and No Chargebacks

    6.6 Payment Methods

    6.7 U.S. Dollars and Foreign Currency Conversion

7. Non-Circumvention

    7.1 Making Payments Through Upwork

    7.2 Communicating Through the Site; Not Sharing Contact Details

    7.3 Opting Out

8. Records of Compliance

9. Warranty Disclaimer

10. Limitation of Liability

11. Release

12. Indemnification

13. Agreement Term and Termination

**Version 6-8 — Exhibit 1**

13.1 Termination

13.2 Account Data on Closure

13.3 Survival

14. Disputes Between You and Upwork

14.1 Dispute Process, Arbitration, and Scope

14.2 Choice of Law

14.3 Informal Dispute Resolution

14.4 Binding Arbitration and Class Action/Jury Trial Waiver

15. General

15.1 Entire Agreement

15.2 Modifications; Waiver

15.3 Assignability

15.4 Severability; Interpretation

15.5 Force Majeure

15.6 Prevailing Language and Location

15.7 Access of the Site Outside the United States

15.8 Consent to Use Electronic Records

16. Definitions

*When you see this*  *symbol, look for a simple summary for each section. We wrote these to help you get a quick overview, but you'll need to read the sections completely to get all the details of what you're agreeing to.*

**1. UPWORK ACCOUNTS**

*How you can register for an Upwork account and the different types of accounts that you can have.*

**1.1 REGISTRATION**

*You must register for an account to have full access to our Services, and your registration is subject to our approval.*

You must register for an account with us ("**Account**") to access and use certain portions of our Services. Registered users of our Services are **"Users"**, and unregistered users are "**Site Visitors**".

Your Account registration is subject to approval by Upwork. We reserve the right to decline a registration either to join Upwork or to add an Account of any type, for any lawful reason, including supply and demand, cost to maintain data, or other business considerations.

**1.2 ACCOUNT ELIGIBILITY**

**Version 6-8 — Exhibit 1**

or revoke your access to the Site and refuse to provide any or all Services to you if: (i) you breach any terms and conditions of this Agreement or any portion of the Terms of Service; (ii) we have reasonable reason to believe that you have provided false or misleading information to us; (iii) we conclude that your actions may cause legal liability for you or others; may be contrary to the interests of the Site or the User community; or may involve illicit or illegal activity; or (iv) we are required to by law, legal process, or law enforcement. If your Account is temporarily or permanently closed, you may not use the Site under the same Account or a different Account or re-register for a new Account without Upwork's prior written consent. If you attempt to use the Site under a different Account, we reserve the right to reclaim available funds in that Account and/or use an available Payment Method to pay for any amounts owed by you to the extent permitted by applicable law.

You acknowledge and agree that the value, reputation, and goodwill of the Site depend on transparency of Users' Account status to all Users, including you and other Users who have entered into Service Contracts with you. **You therefore agree that: if Upwork decides to temporarily or permanently close your account, Upwork has the right (but no obligation) where allowed by law to: (y) notify other users that have entered into Service Contracts with you of your closed account status, and (z) provide those users with a summary of the reasons for your account closure. You agree that Upwork will have no liability arising from or relating to any notice that it may or may not provide to any user regarding closed account status or the reason(s) for the closure.**

### 13.2 ACCOUNT DATA ON CLOSURE

Except as otherwise required by law, if your Account is closed, you will no longer have access to information or material you kept on the Site and any content stored in your Account may be deleted, for which Upwork expressly disclaims liability. Upwork may retain some or all of your Account information as permitted or required by law and the Privacy Policy.

### 13.3 SURVIVAL

After this Agreement terminates, the terms of this Agreement and the other Terms of Service that expressly or by their nature contemplate performance after this Agreement terminates or expires will survive and continue in full force and effect. For example, the provisions related to arbitration, audits, intellectual property, non-circumvention, indemnification, fees, reimbursements, and limitations of liability each contemplate performance or observance after this Agreement terminates. The termination of this Agreement for any reason will not release you or Upwork from any obligations incurred prior to termination of this Agreement or other parts of the Terms of Service or that may accrue related to any act or omission prior to such termination.

### 14. DISPUTES BETWEEN YOU AND UPWORK

*Section 14 discusses your agreement with Upwork and our agreement with you about how we will resolve any disputes between us, including that we will both first try to resolve any dispute informally and, if you are in the United States, that we both agree to use arbitration instead of going to court or using a jury if we can't resolve the dispute informally.*

**Please read the following paragraphs carefully because they require you and us to agree to resolve most all disputes between you and us through binding individual arbitration.**

### 14.1 DISPUTE PROCESS, ARBITRATION, AND SCOPE

If a dispute arises between you and Upwork or our Affiliates, our goal is to resolve the dispute quickly and cost-effectively. Accordingly, unless you opt out as provided in Section 14.4.4 below, you, Upwork, and our Affiliates agree to resolve any and all claims, disputes, or controversies that arise at any time through binding arbitration on an individual basis in accordance with this Section 14 (sometimes referred to as the "Arbitration Provision"). This includes any and all claims

that arise out of or relate to this Agreement, the other Terms of Service, your relationship with Upwork (including without limitation any claimed employment with Upwork or one of our Affiliates or successors), the termination of your relationship with Upwork, or the Services (each a "**Claim**" and collectively, "**Claims**").

Claims that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (Public Law 117-90), or by generally applicable law are excluded from the coverage of this Arbitration Provision.

**By agreeing to arbitrate disputes under this Agreement, THE PARTIES ARE EXPRESSLY GIVING UP ANY AND ALL RIGHTS TO A JURY TRIAL OR COURT TRIAL BEFORE A JUDGE. The parties instead elect to have Claims resolved by arbitration. The arbitrator's decision shall be final and binding on the parties, subject to review on the grounds set forth in the Federal Arbitration Act ("FAA")).**

**14.2 CHOICE OF LAW**

This Agreement, the Site Terms of Use, the other Terms of Service, and any Claim will be governed by and construed in accordance with the laws of the State of California, without regard to its conflict of law provisions; provided, however, that any Claims made by any Freelancer located within the United States will be governed by the law of the state in which such Freelancer resided at the time the dispute arose.

However, notwithstanding the foregoing sentence, this Arbitration Provision is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.).

**14.3 INFORMAL DISPUTE RESOLUTION**

Before serving a demand for arbitration of a Claim, you and Upwork agree to first notify each other of the Claim. You agree to notify Upwork of the Claim by email to legalnotices@upwork.com, and Upwork agrees to provide to you a notice at your email address on file (in each case, a "**Notice**"). You and Upwork then will seek informal voluntary resolution of the Claim. Any Notice must include pertinent account information, a brief description of the Claim, and contact information, so that you or Upwork, as applicable, may evaluate the Claim and attempt to informally resolve it. Both you and Upwork will have 60 days from the date of the receipt of the Notice to informally resolve the other party's Claim and avoid the need for further action.

**14.4 BINDING ARBITRATION AND CLASS ACTION/JURY TRIAL WAIVER (DOES NOT APPLY TO USERS LOCATED OUTSIDE THE UNITED STATES AND ITS TERRITORIES)**

This Arbitration Provision applies to all Users located in or who reside in the United States and its territories.

In the unlikely event the parties are unable to resolve a Claim within 60 days of the receipt of the applicable Notice, you, Upwork, and our Affiliates agree to resolve the Claim by final and binding individual arbitration before an arbitrator from JAMS, instead of a court or jury. JAMS may be contacted at www.jamsadr.com.

**14.4.1 SCOPE OF ARBITRATION AGREEMENT AND CONDUCT OF ARBITRATION**

This Arbitration Provision applies to any Claim (defined above) the parties may have, whether based on past, present, or future events, and includes all claims and disputes that arose between the parties before the effective date of this Agreement, and survives after your relationship with Upwork ends. This Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. If for any reason JAMS will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator.

Except as otherwise provided in this Agreement, arbitration will be conducted in Santa Clara County, California in

<span style="color:red">**Version 6-8 — Exhibit 1**</span>

accordance with the JAMS Comprehensive Arbitration Rules and Procedures' Optional Expedited Arbitration Procedures then in effect. All arbitrations shall be conducted in accordance with the JAMS Mass Arbitration Procedures and Guidelines, any conflicting procedures in this Section notwithstanding. For purposes of Section 1(c) of the JAMS Mass Arbitration Procedures and Guidelines, a Mass Arbitration is defined as 10 or more similar demands for Arbitration. Claims by Freelancers that allege employment or worker classification disputes will be conducted in the state and within 25 miles of where Freelancer is located in accordance with the JAMS Employment Arbitration Rules and Procedures then in effect. The applicable JAMS arbitration rules may be found at www.jamsadr.com. Any dispute regarding the applicability of a particular set of JAMS rules shall be resolved exclusively by the arbitrator. Any party will have the right to appear at the arbitration by telephone and/or video rather than in person.

You and Upwork will follow the applicable JAMS rules with respect to filing or initial appearance and arbitration fees. The arbitrator shall follow applicable law and may award only those remedies that would have applied had the matter been heard in court. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

This Arbitration Provision does not apply to litigation between Upwork and you that is or was already pending in a state or federal court or arbitration before the expiration of the opt-out period set forth in Section 14.4.4 below. Notwithstanding any other provision of this Agreement, no amendment to this Arbitration Provision will apply to any matter pending in an arbitration proceeding brought under this Section 14 unless all parties to that arbitration consent in writing to that amendment.

This Arbitration Provision also does not apply to claims for workers compensation, state disability insurance, or unemployment insurance benefits.

Nothing in this Arbitration Provision prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Arbitration Provision prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Arbitration Provision. This Arbitration Provision also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Arbitration Provision. Nothing in this Arbitration Provision prevents or excuses a party from satisfying any conditions precedent or exhausting administrative remedies under applicable law before bringing a claim in arbitration. Upwork will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

**14.4.2 INTERPRETATION AND ENFORCEMENT OF THIS ARBITRATION PROVISION**

This Arbitration Provision is the full and complete agreement relating to the formal resolution of Claims. The parties agree that the arbitrator shall have exclusive jurisdiction to decide all disputes arising out of or relating to the arbitrability of a Claim or the interpretation, enforcement, or application of this Arbitration Provision, including the enforceability, revocability, scope, breach, or validity of the Arbitration Provision or any portion of the Arbitration Provision, except as expressly provided below. All such matters shall be decided by an arbitrator and not by a court. The parties expressly agree that, except as provided by the Class and Collective Waiver section below, the arbitrator and not a court will decide any question of whether the parties agreed to arbitrate, including but not limited to any claim that all or part of this Arbitration Provision, this Agreement, or any other part of the Terms of Service is void or voidable.

Nothing in this Section shall be interpreted to limit the authority or jurisdiction of a Process Administrator under the JAMS Mass Arbitration Procedures and Guidelines.

In the event any portion of this Arbitration Provision is deemed unenforceable, the remainder of this Arbitration Provision will be enforceable, except as set forth in Section 14.4.3 below.

### 14.4.3 CLASS AND COLLECTIVE WAIVER

Private attorney general representative actions under the California Labor Code are not arbitrable, not within the scope of this Arbitration Provision and may be maintained in a court of law. However, this Arbitration Provision affects your ability to participate in class or collective actions. Both you and Upwork agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or as a member in any such class or collective proceeding ("**Class Action Waiver**"). Notwithstanding any other provision of this Agreement or the JAMS rules, disputes regarding the enforceability, revocability, scope, validity, or breach of the Class Action Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator. If there is a final judicial determination that all or part of the Class Action Waiver is unenforceable or that an arbitration can proceed on a class basis, then the arbitration provision herein shall be considered null and void in its entirety and the class or collective action to that extent must be litigated in a civil court of competent jurisdiction. Other than as provided for by the JAMS Mass Arbitration Procedures and Guidelines, no arbitration or proceeding will be combined with another without the prior written consent of all parties to all affected arbitrations or proceedings. You and Upwork agree that you will not be retaliated against as a result of your filing or participating in a class or collective action in any forum. However, Upwork may lawfully seek enforcement of this Arbitration Provision and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class or collective actions or claims.

### 14.4.4 RIGHT TO OPT OUT OF THE ARBITRATION PROVISION

You may opt out of the Arbitration Provision contained in this Section 14 by notifying Upwork in writing within 30 days of the date you first registered for the Site. To opt out, you must send a written notification to Upwork at Attn: Legal, 3490 S 4400 W #70008 West Valley City, UT 84120-9998 that includes (a) your Account username, (b) your name, (c) your address, (d) your telephone number, (e) your email address, and (f) a statement indicating that you wish to opt out of the Arbitration Provision. Alternatively, you may send this written notification to legalnotices@upwork.com.

Opting out of this Arbitration Provision will not affect any other terms of this Agreement.

If you do not opt out as provided in this Section 14.4.4, continuing your relationship with Upwork constitutes mutual acceptance of the terms of this Arbitration Provision by you and Upwork. You have the right to consult with counsel of your choice concerning this Agreement and the Arbitration Provision.

### 14.4.5 Enforcement of this Arbitration Provision

This Arbitration Provision replaces all prior agreements regarding the arbitration of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by this Arbitration Provision. In the event any portion of this Arbitration Provision is deemed unenforceable, the remainder of this Arbitration Provision will be enforceable.

### 15. GENERAL

*Additional terms of the agreement between you and Upwork, including that the Terms of Service contain our full agreement, how the agreement will be interpreted and applied, and your agreement not to access the Site from certain locations.*

### 15.1 ENTIRE AGREEMENT

This Agreement, together with the other Terms of Service, is the only agreement between you and us regarding the Services and supersedes all prior agreements for the Services and supersedes any prior agreements between us for actions occurring after the effective date of this Agreement. The only exception to this is a Enterprise Agreement or similar

**Version 6-8 — Exhibit 1**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group A — Arbitration Framework*

# E X H I B I T

# 2

---

## Subsequent Versions of the Upwork User Agreement

**Date / Operational Origin:** *This Exhibit collects the July 16, 2025 corporate conversion of Upwork Global Inc. into Upwork Global LLC — a named Defendant — together with the User Agreement versions issued after the events giving rise to Plaintiff's claim. The conversion is offered to show the entity change first reflected in the User Agreement; the later versions are offered not as the version Plaintiff contends governs but as evidence of how Upwork itself has structured Section 14 over time. Sub-exhibits: 2A (Certificate of Conversion, filed July 16, 2025), 2B (User Agreement Version 7-0, eff. Sept. 10, 2025 — the first version naming Upwork Global LLC), and 2C (User Agreement Version 8-1, eff. Jan. 8, 2026).*

**Note:**  *A further User Agreement version (Version 8-0, dated December 4, 2025) also exists but is not reproduced here; Plaintiff's personally preserved copy is available upon request.*

— Sub-exhibits follow this cover page —

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group A — Arbitration Framework*

# E X H I B I T

# 2A

---

**Certificate of Conversion — Upwork Global Inc. to Upwork Global LLC**
**(California)**

**Date / Operational Origin:** *Filed July 16, 2025 with the California Secretary of State (File No. BA20251481294; Form LLC-1A). The corporate conversion by which Defendant Upwork Global Inc. became Defendant Upwork Global LLC. Offered to establish the entity change that is first reflected in the User Agreement at Version 7-0 (Exhibit 2B), and to identify Upwork Global LLC as a named party.*

— Document follows this cover page —

LLC-1A | File #

## State of California
### Secretary of State

**Limited Liability Company
Articles of Organization - Conversion**

IMPORTANT — Read all instructions before completing this form.

For Office Use Only

**-FILED-**

File No.: BA20251481294

Date Filed: 7/16/2025

This Space For Filing Use Only

**Converted Entity Information**

1. Name of Limited Liability Company (The name must include the words Limited Liability Company or the abbreviations LLC or L.L.C. The words Limited and Company may be abbreviated to Ltd. and Co., respectively.)

**Upwork Global LLC**

2. The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

3. The limited liability company will be managed by (check only one):

[X] One Manager    [ ] More Than One Manager    [ ] All Limited Liability Company Member(s)

4. Initial Street Address of Limited Liability Company's Designated Office in CA | City | State | Zip Code

530 Lytton Avenue, Suite 301 | Palo Alto | CA | 94301

5. Initial Mailing Address of Limited Liability Company, if different from Item 4 | City | State | Zip Code

3490 S 4400 W #70008 | West Valley City | UT | 84120

6. Initial Agent for Service of Process: Item 6a: List the name of an individual or a corporation registered in CA under California Corporations Code section 1505 that agrees to be your agent for service of process. You may **not** list the converted entity as the agent. Item 6b: If the agent is an individual, list the agent's CA business or residential street address. Item 6c: If the agent is an individual **and** the converting entity is a CA corporation, limited partnership or general partnership, list the the agent's mailing address. **Do not** list an address if the agent is a CA registered corporate agent as the address for service of process is already on file.

a. Name of Agent For Service of Process

**Registered Agent Solutions, Inc.**

b. If an individual, Street Address of Agent for Service of Process - *Do not list a P.O. Box* City | State CA | Zip Code

c. If an individual, Mailing Address of Agent for Service of Process | City | State | Zip Code

**Converting Entity Information**

7. Name of Converting Entity

Upwork Global Inc.

8. Form of Entity

Corporation

9. Jurisdiction

California

10. CA Secretary of State Entity Number, if any

2498116

11. The principal terms of the plan of conversion were approved by a vote of the number of interests or shares of each class that equaled or exceeded the vote required. If a vote was required, the following was required for each class.

| The class and number of outstanding interests entitled to vote. | AND | The percentage vote required of each class |
|---|---|---|
| Common Stock, 1,000 shares | | More than 50% |

**Additional Information**

12. Additional information set forth on the attached pages, if any, is incorporated herein by this reference and made part of this certificate.

13. I certify under penalty of perjury that the contents of this document are true. I declare I am the person who executed this instrument which execution is my act and deed.

Signature of Authorized Person

Olivier Marie, CAO, Treasurer and Vice President
Type or Print Name and Title of Authorized Person

Signature of Authorized Person

Jacob McQuown, Assistant Secretary
Type or Print Name and Title of Authorized Person

LLC-1A (REV 12/2024)

2024 California Secretary of State

B3800-2108 07/16/2025 2:40 PM Received by California Secretary of State

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group A — Arbitration Framework*

# E X H I B I T

# 2B

---

## Subsequent User Agreement (Version 7-0) — Excerpt: Pages 1–3 and Section 14

**Date / Operational Origin:** *Bears an effective date of September 10, 2025 on its face (published by Upwork); the first User Agreement version naming Upwork Global LLC following the July 16, 2025 conversion (Exhibit 2A). A subsequent version, offered not as the version Plaintiff contends governs but for what it shows about how Upwork itself has structured Section 14 over time. Excerpted: agreement pages 1–3 (title page and Table of Contents); and Section 14 in full (§§ 14.1–14.4 — including the Class Action/Jury Trial Waiver). Complete agreement available upon request.*

**Page Identifiers:** *The red version identifier at the bottom of each page was added by Plaintiff for reference; it is not part of Upwork's original document.*

— Document follows this cover page —

---

**This modified version of Upwork's User Agreement makes updates to the dispute resolution process, the prohibitions on non-circumvention, and some language updates. It is effective September 10, 2025.**

**Click here to review the current User Agreement.**

**This is important:** This User Agreement ("**Agreement**") contains important information about your legal rights, remedies, and obligations, and is a legally binding agreement between you ("**you**" or "**User**") and Upwork Global LLC ("**Upwork**," "**we**", or "**us**"), Upwork Escrow Inc. ("**Upwork Escrow**"), and to the extent expressly stated, Elance Limited ("**Elance Ltd.**"), governing your use of Upwork's Site and Site Services (collectively, "**Services**").You understand that by using the Upwork Site or Site Services (which generally means using in any way our work marketplace Upwork.com or our applications), and by clicking accept when prompted on the Site, you agree to be bound by all agreements which constitute Upwork's Terms of Service, and you agree that the "**Terms of Service**" means every agreement linked herein and includes the Fee and ACH Authorization Agreement, Privacy Policy, Terms of Use, applicable Escrow Instructions and this User Agreement, including **Section 14 which contains an arbitration agreement and class action waiver that applies to claims brought against Upwork in the United States**. You have an opportunity to opt out of arbitration as provided in Section 14. This Agreement also incorporates, for any User using the Any Hire Services, the Any Hire Terms and the Any Hire Escrow Instructions. You should read all of our terms carefully because you are promising not to break any agreements in the Terms of Service.

If you want to use our work marketplace or any of our services (which we refer to altogether as Services), whether just by looking around or by registering an account, you must first read and agree to this Agreement (**including the arbitration agreement and class waiver in Section 14**). If you don't understand this Agreement or you don't agree to all of its terms and conditions, you may not use our Services. If you do not understand or agree to this Agreement, do not click to accept this Agreement, "Sign Up", "Create My Account", or similar, and do not visit Upwork.com, use our mobile applications, or otherwise use our Services. If you are using our Services on behalf of a business or legal entity, you may only do so if you have authority to agree to the Terms of Service on behalf of that business or legal entity.

To make these terms a little easier to understand, we capitalize certain terms and capitalizing them means they have a special meaning. Section 16 provides the definitions of some capitalized terms and others are defined throughout the Terms of Service (look for quotation marks and bold font).

**Table of Contents**

1. Upwork Accounts

    1.1 Registration

    1.2 Account Eligibility

    1.3 Account Profile

    1.4 Account Types

    1.5 Account Permissions

    1.6 Identity and Location Verification

1.7 Usernames and Passwords

2. Purpose of Upwork

2.1 Relationship with Upwork

2.2 Taxes and Benefits

2.3 Marketplace Feedback and User Content

3. Contractual Relationship Between Client and Freelancer

3.1 Service Contracts

3.2 Disputes Among Users

3.3 Confidential Information

4. Worker Classification and Upwork Payroll

4.1 Worker Classification

4.2 Upwork Payroll Services

5. Upwork Fees

5.1 Fees For Freelancers

5.2 Client Fees

5.3 VAT and Other Taxes

5.4 No Fee for Introducing or Finding Projects

6. Payment Terms and Escrow Services

6.1 Escrow Services

6.2 Client Payments on Service Contracts

6.3 Disbursements to Freelancers on Service Contracts

6.4 Non-Payment

6.5 No Return of Funds and No Chargebacks

6.6 Payment Methods

6.7 U.S. Dollars and Foreign Currency Conversion

7. Non-Circumvention

7.1 Making Payments Through Upwork

7.2 Communicating Through the Site; Not Sharing Contact Details

7.3 Opting Out

8. Records of Compliance

**Version 7-0 — Exhibit 2B**

9. Warranty Disclaimer

10. Limitation of Liability

11. Release

12. Indemnification

13. Agreement Term and Termination

    13.1 Termination

    13.2 Account Data on Closure

    13.3 Survival

14. Disputes Between You and Upwork

    14.1 Dispute Process, Arbitration, and Scope

    14.2 Choice of Law

    14.3 Informal Dispute Resolution

    14.4 Binding Arbitration and Class Action/Jury Trial Waiver

15. General

    15.1 Entire Agreement

    15.2 Modifications; Waiver

    15.3 Assignability

    15.4 Severability; Interpretation

    15.5 Force Majeure

    15.6 Prevailing Language and Location

    15.7 Access of the Site Outside the United States

    15.8 Consent to Use Electronic Records

16. Definitions

When you see this  symbol, look for a simple summary for each section. We wrote these to help you get a quick overview, but you'll need to read the sections completely to get all the details of what you're agreeing to.

**1. UPWORK ACCOUNTS**

 *How you can register for an Upwork account and the different types of accounts that you can have.*

**1.1 REGISTRATION**

Version 7-0 — Exhibit 2B

use the Site under the same Account or a different Account or re-register for a new Account without Upwork's prior written consent. If you attempt to use the Site under a different Account, we reserve the right to reclaim available funds in that Account and/or use an available Payment Method to pay for any amounts owed by you to the extent permitted by applicable law.

You acknowledge and agree that the value, reputation, and goodwill of the Site depend on transparency of Users' Account status to all Users, including you and other Users who have entered into Service Contracts with you. **You therefore agree that: if Upwork decides to temporarily or permanently close your account, Upwork has the right (but no obligation) where allowed by law to: (y) notify other users that have entered into Service Contracts with you of your closed account status, and (z) provide those users with a summary of the reasons for your account closure. You agree that Upwork will have no liability arising from or relating to any notice that it may or may not provide to any user regarding closed account status or the reason(s) for the closure.**

### 13.2 ACCOUNT DATA ON CLOSURE

Except as otherwise required by law, if your Account is closed, you will no longer have access to information or material you kept on the Site and any content stored in your Account may be deleted, for which Upwork expressly disclaims liability. Upwork may retain some or all of your Account information as permitted or required by law and the Privacy Policy.

### 13.3 SURVIVAL

After this Agreement terminates, the terms of this Agreement and the other Terms of Service that expressly or by their nature contemplate performance after this Agreement terminates or expires will survive and continue in full force and effect. For example, the provisions related to arbitration, audits, intellectual property, non-circumvention, indemnification, fees, reimbursements, and limitations of liability each contemplate performance or observance after this Agreement terminates. The termination of this Agreement for any reason will not release you or Upwork from any obligations incurred prior to termination of this Agreement or other parts of the Terms of Service or that may accrue related to any act or omission prior to such termination.

### 14. DISPUTES BETWEEN YOU AND UPWORK, ARBITRATION AGREEMENT, CLASS ACTION WAIVER

*Section 14 discusses your agreement with Upwork and our agreement with you about how we will resolve any disputes between your business and ours, including that we will both first try to resolve any dispute informally on an individual basis and, if you are in the United States, that we both agree to use individual arbitration instead of going to court or using a jury if we can't resolve the dispute informally.*

**Please read the following paragraphs carefully because they require you and us to agree to resolve most all disputes between you and us through binding individual arbitration.**

### 14.1 DISPUTE PROCESS, ARBITRATION, AND SCOPE

If a dispute arises between you and Upwork or our Affiliates, our goal is to resolve the dispute quickly and cost-effectively. Accordingly, unless you opt out as provided in Section 14.4.4 below, you, Upwork, and our Affiliates agree to resolve any and all claims, disputes, or controversies that arise at any time through binding arbitration on an individual basis in accordance with this Section 14 (sometimes referred

to as the "Arbitration Agreement"). This includes any and all claims that arise out of or relate to this Agreement, the other Terms of Service, your relationship with Upwork (including without limitation any claimed employment with Upwork or one of our Affiliates or successors), the termination of your relationship with Upwork, or the Services (each a "**Claim**" and collectively, "**Claims**").

Claims that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (Public Law 117-90), or by generally applicable law are excluded from the coverage of this Arbitration Agreement.

**By agreeing to arbitrate disputes under this Agreement, THE PARTIES ARE EXPRESSLY GIVING UP ANY AND ALL RIGHTS TO A JURY TRIAL OR COURT TRIAL BEFORE A JUDGE. The parties instead elect to have Claims resolved by individual arbitration. The arbitrator's decision shall be final and binding on the parties, subject to review on the grounds set forth in the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.).**

**14.2 CHOICE OF LAW**

This Agreement, the Site Terms of Use, the other Terms of Service, and any Claim will be governed by and construed in accordance with the laws of the State of California, without regard to its conflict of law provisions; provided, however, that any Claims made by any Freelancer located within the United States will be governed by the law of the state in which such Freelancer resided at the time the dispute arose.

However, notwithstanding the foregoing sentence, this Arbitration Provision is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) including its procedural provisions, and not state law, governs the interpretation and enforcement of this Arbitration Agreement.

**14.3 PRE-ARBITRATION INFORMAL DISPUTE RESOLUTION REQUIREMENT**

Before serving a demand for arbitration of a Claim, you and Upwork agree to first notify each other of the Claim. You agree to notify Upwork of the Claim by email to legalnotices@upwork.com, and Upwork agrees to provide to you a notice at your email address on file (in each case, a "**Notice**"). Any Notice must include sufficient information to provide fair notice of the claimant's identity, the claims being asserted, and the factual allegations on which they are based, including proof that the claimant is a party to this Arbitration Agreement and, if the claimant is a User, proof that the claimant is the owner of the account associated with the claim, so that you or Upwork, as applicable, may evaluate the Claim and attempt to informally resolve it. Such proof may include relevant account information, and/or other information sufficient to verify the identity of the claimant. The failure to provide such information shall result in dismissal of any related arbitration demand. The parties agree that the arbitrator shall have authority to enforce this provision and that any disputes regarding this provision shall be resolved exclusively by the arbitrator.

Both you and Upwork will have 60 days from the date of the receipt of the Notice to informally resolve the other party's Claim and avoid the need for further action. During that 60-day period, either you or Upwork may request an individualized discussion, by telephone or videoconference, regarding resolution of the dispute ("Informal Settlement Discussion"). If either you or Upwork request an Informal Settlement Discussion, you and a representative of Upwork must both personally participate in the Informal Settlement Discussion in a good-faith effort to resolve only the dispute between us. If you are

represented by counsel, your counsel may participate in the Informal Settlement Discussion, but you must also personally participate.

If we do not resolve the dispute between us within 60 calendar days after the Notice is received, and both parties have personally participated in any requested Informal Settlement Discussion, you or Upwork may then commence an arbitration in accordance with this Arbitration Agreement. To facilitate good-faith efforts to resolve any dispute, you and Upwork both agree not to disclose the amount of any settlement offer made by Upwork or by you during the Informal Settlement Discussion in any subsequent arbitration. You and Upwork both agree that a court may enter injunctive relief to enforce the pre-filing requirements of this section, including an injunction to stay an arbitration that has been commenced in violation of this section.**14.4 BINDING ARBITRATION AND CLASS ACTION/JURY TRIAL WAIVER (DOES NOT APPLY TO USERS LOCATED OUTSIDE THE UNITED STATES AND ITS TERRITORIES)**

This Arbitration Agreement applies to all Users located in or who reside in the United States and its territories.

In the unlikely event the parties are unable to resolve a Claim within 60 days of the receipt of the applicable Notice, you, Upwork, and our Affiliates agree to resolve the Claim by final and binding individual arbitration before an arbitrator from JAMS, instead of a court or jury. JAMS may be contacted at www.jamsadr.com.

**14.4.1 SCOPE OF ARBITRATION AGREEMENT AND CONDUCT OF ARBITRATION**

<u>Scope</u>: This Arbitration Agreement applies to any Claim (defined above) the parties may have, whether based on past, present, or future events, and includes all claims and disputes that arose between the parties before the effective date of this Agreement, and survives after your relationship with Upwork ends. This Arbitration Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. If for any reason JAMS will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator.

<u>Individual Arbitration</u>: Except as otherwise provided in this Agreement, one neutral arbitration will be selected and will conduct any individual arbitration in Santa Clara County, California in accordance with the JAMS Comprehensive Arbitration Rules and Procedures' Optional Expedited Arbitration Procedures then in effect (available at www.jamsadr.com). Any individual arbitration of a claim by a Freelancer that alleges employment or worker classification disputes will be conducted in the state and within 25 miles of where Freelancer is located in accordance with the JAMS Employment Arbitration Rules and Procedures then in effect. Notwithstanding the foregoing, you and Upwork agree that the arbitrator in any individual arbitration shall be selected from among all JAMS neutrals available to travel to Santa Clara County, California. Any party will have the right to appear at the arbitration by telephone and/or video rather than in person.

<u>Mass Arbitration</u>: If 25 or more individuals (inclusive of both sole proprietors and any other form of business entity under the laws of any State) who are represented by the same law firm or by law firms acting in coordination seek to file arbitrations raising similar claims against the same party or related parties, regardless of when the claims are filed, you and Upwork each agree that the JAMS Mass Arbitration Procedures and Guidelines (available at www.jamsadr.com) shall apply to all such claims. The JAMS Mass Arbitration Procedures and Guidelines are specially designed to facilitate the fair,

expeditious, and efficient resolution of mass arbitrations., any conflicting procedures in this Section notwithstanding. For purposes of Section 1(c) of the JAMS Mass Arbitration Procedures and Guidelines, you and Upwork each agree that a Mass Arbitration is defined as 25 or more similar demands for Arbitration.

If seventy five (75) or more individuals who are represented by the same law firm or by law firms acting in coordination seek to file arbitrations raising similar claims against the same party or related parties, regardless of when the claims are filed ("Mass Claimants"), you and Upwork each agree that the JAMS Mass Arbitration Procedures and Guidelines shall apply to all such claims, and also agree to the following Mediation and Bellwether Process:

- The Mass Claimants' counsel and Upwork will each select five (5) "Bellwether Cases" (ten (10) cases total) to be resolved individually by different arbitrators in accordance with the JAMS Expedited Procedures. The selection of arbitrators shall be conducted pursuant to the process set forth in Rule 15 of the JAMS Comprehensive Arbitration Rules & Procedures (https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-15). If either the Mass Claimants' counsel or Upwork do not select their five (5) Bellwether Cases in a reasonable time, the Process Administrator, as defined in Procedure 3 of the JAMS Mass Arbitration Procedures and Guidelines, shall select the outstanding Bellwether Cases.

- Until all of the Bellwether Cases are resolved, none of the non-bellwether claimants represented by the Mass Claimants' counsel may proceed to arbitration, and neither you nor us will be responsible for or cause JAMS to issue invoices for any filing, case management, arbitrators' services, or other fee(s) for such claimants' claims. Stage One shall be deemed complete upon final resolution of all Bellwether Cases.

- After all of the Bellwether Cases are resolved, and within 90 days, Upwork and Mass Claimants' counsel shall participate in a single mediation of all remaining non-bellwether cases, before a mutually-agreed mediator. Upwork will pay the mediation fee. If the parties cannot agree on how to resolve the remaining cases after mediation, the Mass Arbitration may proceed in accordance with the JAMS Rules and JAMS Mass Arbitration Procedures and Guidelines.

- You and Upwork agree that, from the date of submission of the Mass Claimants' claims to JAMS until fourteen (14) days after the date of the above-described mediation shall be a Tolling Period. You and Upwork agree that the Tolling Period shall not be included in calculating any statute of limitations, statute of repose, or other time-related defense, whether statutory, contractual or otherwise, and whether at law in equity or otherwise that might be applicable to the Mass Claimants' claims or to Upwork's defenses.

The Bellwether Process and Tolling Agreement may be modified in whole or in part by mutual, written agreement of you and Upwork. The Process Administrator shall resolve any disputes about the interpretation, applicability or enforceability of the Bellwether Process.

**Confidentiality**: All aspects of any arbitration under this Section 14.4.1, and any ruling, decision, or award by the arbitrator in any such arbitration, will be strictly confidential for the benefit of all parties.

**Arbitration Fees and Costs**: Because all Users agree to access and use the Upwork platform for business purposes only and not for personal or consumer use, as provided in Section 1.2 above, Users are not

"consumers" under the JAMS Consumer Minimum Standards of Procedural Fairness (https://www.jamsadr.com/consumer-minimum-standards/) or the California Arbitration Act, Cal. Code Civ. Proc. §§ 1280 et seq. You and Upwork therefore agree that arbitration fees and costs shall be allocated pursuant to the JAMS Comprehensive Arbitration Rules, including without limitation Comprehensive Rules 5, 24, and 31. Consistent with Rule 5, the arbitration shall not commence until each party has paid its pro rata share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the arbitration. The arbitrator shall follow applicable law and may award only those remedies that would have applied had the matter been heard in court. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

To the extent permitted by law, a claimant must pay all reasonable costs and fees incurred by the responding party or parties—including arbitration fees, attorney fees, and expert fees—if an arbitrator or court determines that any Claim (i) was not warranted by existing law or by a nonfrivolous argument or (ii) was filed in arbitration for any improper purpose, including to harass the responding party, cause unnecessary delay, or increase the cost of dispute resolution.

**JAMS Rules Disputes**: Pursuant to JAMS Comprehensive Arbitration Rule 1(c), any dispute regarding the applicability of a particular set of JAMS rules as set forth in this Section 14 shall be resolved exclusively by the JAMS National Arbitration Committee (NAC), based upon a written report and recommendation by a member of the NAC, prior to the commencement of any arbitration.

**Offers of Settlement**: You, Upwork, and our Affiliates agree that, at least fourteen (14) calendar days before the date set for an arbitration hearing with respect to any Claim, any party may, but is not obligated to, make a written offer of judgment on the other party to allow judgment on specified terms. If the offer is accepted, the offer with proof of acceptance shall be submitted to the arbitrator, who shall enter judgment accordingly. If the offer is not accepted prior to the arbitration hearing or within thirty (30) calendar days after it is made, which is first, it shall be deemed withdrawn and may not be submitted as evidence in the arbitration. If an offer made by one party is not accepted by the other party, and the other party fails to obtain a more favorable award in the arbitration, the other party shall not recover their post-offer costs and, to the extent permitted by law, shall pay all reasonable costs and fees—including arbitration fees—incurred by the offering party from the time of the written offer.

**Exceptions**: This Arbitration Agreement does not apply to litigation between Upwork and you that is or was already pending in a state or federal court or arbitration before the expiration of the opt-out period set forth in Section 14.4.4 below. Notwithstanding any other provision of this Agreement, no amendment to this Arbitration Agreement will apply to any matter pending in an arbitration proceeding brought under this Section 14 unless all parties to that arbitration consent in writing to that amendment.

This Arbitration Agreement also does not apply to claims for workers compensation, state disability insurance, or unemployment insurance benefits.

Nothing in this Arbitration Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Arbitration Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Arbitration Agreement. This Arbitration Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims

would otherwise be covered by this Arbitration Provision. Nothing in this Arbitration Agreement prevents or excuses a party from satisfying any conditions precedent or exhausting administrative remedies under applicable law before bringing a claim in arbitration. Upwork will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

### 14.4.2 INTERPRETATION AND ENFORCEMENT OF THIS ARBITRATION PROVISION

This Arbitration Agreement is the full and complete agreement relating to the formal resolution of Claims. The parties agree that the arbitrator shall have exclusive jurisdiction to decide all disputes arising out of or relating to the arbitrability of a Claim or the interpretation, enforcement, or application of this Arbitration Agreement, including the enforceability, revocability, scope, breach, or validity of the Arbitration Agreement or any portion of the Arbitration Agreement, except as expressly provided below. All such matters shall be decided by an arbitrator and not by a court. The parties expressly agree that, except as provided by the Class and Collective Waiver section below, the arbitrator and not a court will decide any question of whether the parties agreed to arbitrate, including but not limited to any claim that all or part of this Arbitration Provision, this Agreement, or any other part of the Terms of Service is void or voidable.

Nothing in this Section shall be interpreted to limit the authority or jurisdiction of a Process Administrator under the JAMS Mass Arbitration Procedures and Guidelines.

In the event any portion of this Arbitration Agreement is deemed unenforceable, the remainder of this Arbitration Agreement will be enforceable, except as set forth in Section 14.4.3 below.

### 14.4.3 CLASS AND COLLECTIVE WAIVER

Private attorney general representative actions under the California Labor Code are not arbitrable, not within the scope of this Arbitration Agreement and may be maintained in a court of law. However, this Arbitration Agreement affects your ability to participate in class or collective actions. Both you and Upwork agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or as a member in any such class or collective proceeding ("**Class Action Waiver**"). Notwithstanding any other provision of this Agreement or the JAMS rules, disputes regarding the enforceability, revocability, scope, validity, or breach of the Class Action Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator. If there is a final judicial determination that all or part of the Class Action Waiver is unenforceable or that an arbitration can proceed on a class basis, then the arbitration provision herein shall be considered null and void in its entirety and the class or collective action to that extent must be litigated in a civil court of competent jurisdiction. Other than as provided for by the JAMS Mass Arbitration Procedures and Guidelines, no arbitration or proceeding will be combined with another without the prior written consent of all parties to all affected arbitrations or proceedings. You and Upwork agree that you will not be retaliated against as a result of your filing or participating in a class or collective action in any forum. However, Upwork may lawfully seek enforcement of this Arbitration Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class or collective actions or claims.

### 14.4.4 RIGHT TO OPT OUT OF THE ARBITRATION PROVISION

**Version 7-0 — Exhibit 2B**

You may opt out of the Arbitration Agreement contained in this Section 14 by notifying Upwork in writing within 30 days of the date you first registered for the Site or within 30 days of future changes to this Arbitration Agreement, as applicable. To opt out, you must send a written notification to Upwork at Attn: Legal, 3490 S 4400 W #70008 West Valley City, UT 84120-9998 that includes (a) your Account username, (b) your name, (c) your address, (d) your telephone number, (e) your email address, and (f) a statement indicating that you wish to opt out of the Arbitration Agreement. Alternatively, you may send this written notification to legalnotices@upwork.com.

Opting out of this Arbitration Agreement will not affect any other terms of this Agreement.

If you do not opt out as provided in this Section 14.4.4, continuing your relationship with Upwork constitutes mutual acceptance of the terms of this Arbitration Agreement by you and Upwork. You have the right to consult with counsel of your choice concerning this Agreement and the Arbitration Provision.

### 14.4.5 Enforcement of this Arbitration Agreement

This Arbitration Agreement replaces all prior agreements regarding the arbitration of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by this Arbitration Agreement. In the event any portion of this Arbitration Agreement is deemed unenforceable, the remainder of this Arbitration Agreement will be enforceable.

### 15. GENERAL

*Additional terms of the agreement between you and Upwork, including that the Terms of Service contain our full agreement, how the agreement will be interpreted and applied, and your agreement not to access the Site from certain locations.*

### 15.1 ENTIRE AGREEMENT

This Agreement, together with the other **Terms of Service**, is the only agreement between you and us regarding the Services and supersedes all prior agreements for the Services and supersedes any prior agreements between us for actions occurring after the effective date of this Agreement. The only exception to this is a Enterprise Agreement or similar agreement for premium services executed by a duly authorized representative of Upwork ("**Premium Agreement**"), in which cases these Terms of Service are superseded to the extent stated in such Premium Agreement but otherwise survive; written email or letter communications or verbal agreements cannot constitute a Premium Agreement.

### 15.2 MODIFICATIONS; WAIVER

*We may modify these terms and will provide you reasonable advance notice of substantial changes.*

Subject to the conditions set forth herein, Upwork may amend this Agreement and any of the other agreements that comprise the Terms of Service at any time by posting a revised version on the Site. Upwork will provide reasonable advance notice of any amendment that includes a Substantial Change (defined below), by posting the updated Terms of Service on the Site and providing notice on the Site or by email. If the Substantial Change includes an increase to Fees charged by Upwork, Upwork will provide at least 30 days' advance notice of the change, but may not provide any advance notice for changes resulting in a reduction in Fees, any temporary or promotional Fee change, or changes that do not

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group A — Arbitration Framework*

# E X H I B I T

# 2C

---

**Subsequent User Agreement (Version 8-1) — Excerpt: Pages 1–3 and Section 14**

**Date / Operational Origin:** *Effective January 8, 2026 (published by Upwork); the current published version. A subsequent version, offered for version-control and current-structure comparison, not to displace Version 6-8 as the version Plaintiff contends governs. Excerpted: agreement pages 1–3 (title page and Table of Contents); and Section 14 in full (§§ 14.1–14.4 — including the Class Action/Jury Trial Waiver).*

**Page Identifiers:** *The red version identifier at the bottom of each page was added by Plaintiff for reference; it is not part of Upwork's original document.*

— Document follows this cover page —

---

Upwork has updated its escrow services company name from Upwork Escrow Inc. to Payment Escrow Inc. This change won't affect how you use Upwork or how you send and receive payments. Learn more here.

**This is important:** This User Agreement ("**Agreement**") contains important information about your legal rights, remedies, and obligations, and is a legally binding agreement between you ("**you**" or "**User**") and Upwork Global LLC ("**Upwork**," "**we**", or "**us**"), Payment Escrow Inc. ("**Payment Escrow**"), and to the extent expressly stated, Elance Limited ("**Elance Ltd.**"), governing your use of Upwork's Site and Site Services (collectively, "**Services**").You understand that by using the Upwork Site or Site Services (which generally means using in any way our work marketplace Upwork.com or our applications), and by clicking accept when prompted on the Site, you agree to be bound by all agreements which constitute Upwork's Terms of Service, and you agree that the "**Terms of Service**" means every agreement linked herein and includes the Fee and ACH Authorization Agreement, Privacy Policy, Terms of Use, applicable Escrow Instructions and this User Agreement, including **Section 14 which contains an arbitration agreement and class action waiver that applies to claims brought against Upwork in the United States**. You have an opportunity to opt out of arbitration as provided in Section 14. This Agreement also incorporates, for any User using the Any Hire Services, the Any Hire Terms and the Any Hire Escrow Instructions. You should read all of our terms carefully because you are promising not to break any agreements in the Terms of Service.

If you want to use our work marketplace or any of our services (which we refer to altogether as Services), whether just by looking around or by registering an account, you must first read and agree to this Agreement (**including the arbitration agreement and class waiver in Section 14**). If you don't understand this Agreement or you don't agree to all of its terms and conditions, you may not use our Services. If you do not understand or agree to this Agreement, do not click to accept this Agreement, "Sign Up", "Create My Account", or similar, and do not visit Upwork.com, use our mobile applications, or otherwise use our Services. If you are using our Services on behalf of a business or legal entity, you may only do so if you have authority to agree to the Terms of Service on behalf of that business or legal entity.

To make these terms a little easier to understand, we capitalize certain terms and capitalizing them means they have a special meaning. Section 16 provides the definitions of some capitalized terms and others are defined throughout the Terms of Service (look for quotation marks and bold font).

**Table of Contents**

1. Upwork Accounts

    1.1 Registration

    1.2 Account Eligibility

    1.3 Account Profile

    1.4 Account Types

1.5 Account Permissions

1.6 Identity and Location Verification

1.7 Usernames and Passwords

2. Purpose of Upwork

2.1 Relationship with Upwork

2.2 Taxes and Benefits

2.3 Marketplace Feedback and User Content

2.4 User Content and AI Tools

3. Contractual Relationship Between Client and Freelancer

3.1 Service Contracts

3.2 Disputes Among Users

3.3 Confidential Information

4. Worker Classification and Upwork Payroll

4.1 Worker Classification

4.2 Upwork Payroll Services

5. Upwork Fees

5.1 Fees For Freelancers

5.2 Client Fees

5.3 VAT and Other Taxes

5.4 No Fee for Introducing or Finding Projects

6. Payment Terms and Escrow Services

6.1 Escrow Services

6.2 Client Payments on Service Contracts

6.3 Disbursements to Freelancers on Service Contracts

6.4 Non-Payment

6.5 No Return of Funds and No Chargebacks

6.6 Payment Methods

6.7 U.S. Dollars and Foreign Currency Conversion

7. Non-Circumvention

7.1 Making Payments Through Upwork

**Version 8-1 — Exhibit 2C**

7.2 Communicating Through the Site; Not Sharing Contact Details

7.3 Opting Out

8. Records of Compliance

9. Warranty Disclaimer

10. Limitation of Liability

11. Release

12. Indemnification

13. Agreement Term and Termination

13.1 Termination

13.2 Account Data on Closure

13.3 Survival

14. Disputes Between You and Upwork

14.1 Dispute Process, Arbitration, and Scope

14.2 Choice of Law

14.3 Informal Dispute Resolution

14.4 Binding Arbitration and Class Action/Jury Trial Waiver

15. General

15.1 Entire Agreement

15.2 Modifications; Waiver

15.3 Assignability

15.4 Severability; Interpretation

15.5 Force Majeure

15.6 Prevailing Language and Location

15.7 Access of the Site Outside the United States

15.8 Consent to Use Electronic Records

16. Definitions

*When you see this* *symbol, look for a simple summary for each section. We wrote these to help you get a quick overview, but you'll need to read the sections completely to get all the details of what you're agreeing to.*

**1. UPWORK ACCOUNTS**

which Upwork expressly disclaims liability. Upwork may retain some or all of your Account information as permitted or required by law and the Privacy Policy.

### 13.3 SURVIVAL

After this Agreement terminates, the terms of this Agreement and the other Terms of Service that expressly or by their nature contemplate performance after this Agreement terminates or expires will survive and continue in full force and effect. For example, the provisions related to arbitration, audits, intellectual property, non-circumvention, indemnification, fees, reimbursements, and limitations of liability each contemplate performance or observance after this Agreement terminates. The termination of this Agreement for any reason will not release you or Upwork from any obligations incurred prior to termination of this Agreement or other parts of the Terms of Service or that may accrue related to any act or omission prior to such termination.

### 14. DISPUTES BETWEEN YOU AND UPWORK, ARBITRATION AGREEMENT, CLASS ACTION WAIVER

*Section 14 discusses your agreement with Upwork and our agreement with you about how we will resolve any disputes between your business and ours, including that we will both first try to resolve any dispute informally on an individual basis and, if you are in the United States, that we both agree to use individual arbitration instead of going to court or using a jury if we can't resolve the dispute informally.*

**Please read the following paragraphs carefully because they require you and us to agree to resolve most all disputes between you and us through binding individual arbitration.**

### 14.1 DISPUTE PROCESS, ARBITRATION, AND SCOPE

If a dispute arises between you and Upwork or our Affiliates, our goal is to resolve the dispute quickly and cost-effectively. Accordingly, unless you opt out as provided in Section 14.4.4 below, you, Upwork, and our Affiliates agree to resolve any and all claims, disputes, or controversies that arise at any time through binding arbitration on an individual basis in accordance with this Section 14 (sometimes referred to as the "Arbitration Agreement"). This includes any and all claims that arise out of or relate to this Agreement, the other Terms of Service, your relationship with Upwork (including without limitation any claimed employment with Upwork or one of our Affiliates or successors), the termination of your relationship with Upwork, or the Services (each a "**Claim**" and collectively, "**Claims**").

Claims that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (Public Law 117-90), or by generally applicable law are excluded from the coverage of this Arbitration Agreement.

**By agreeing to arbitrate disputes under this Agreement, THE PARTIES ARE EXPRESSLY GIVING UP ANY AND ALL RIGHTS TO A JURY TRIAL OR COURT TRIAL BEFORE A JUDGE. The parties instead elect to have Claims resolved by individual arbitration. The arbitrator's decision shall be final and binding on the parties, subject to review on the grounds set forth in the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.).**

### 14.2 CHOICE OF LAW

This Agreement, the Site Terms of Use, the other Terms of Service, and any Claim will be governed by and construed in accordance with the laws of the State of California, without regard to its conflict of law provisions; provided, however, that any Claims made by any Freelancer located within the United States will be governed by the law of the state in which such Freelancer resided at the time the dispute arose.

However, notwithstanding the foregoing sentence, this Arbitration Provision is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) including its procedural provisions, and not state law, governs the interpretation and enforcement of this Arbitration Agreement.

**14.3 PRE-ARBITRATION INFORMAL DISPUTE RESOLUTION REQUIREMENT**

Before serving a demand for arbitration of a Claim, you and Upwork agree to first notify each other of the Claim. You agree to notify Upwork of the Claim by email to legalnotices@upwork.com, and Upwork agrees to provide to you a notice at your email address on file (in each case, a "**Notice**"). Any Notice must include sufficient information to provide fair notice of the claimant's identity, the claims being asserted, and the factual allegations on which they are based, including proof that the claimant is a party to this Arbitration Agreement and, if the claimant is a User, proof that the claimant is the owner of the account associated with the claim, so that you or Upwork, as applicable, may evaluate the Claim and attempt to informally resolve it. Such proof may include relevant account information, and/or other information sufficient to verify the identity of the claimant. The failure to provide such information shall result in dismissal of any related arbitration demand. The parties agree that the arbitrator shall have authority to enforce this provision and that any disputes regarding this provision shall be resolved exclusively by the arbitrator.

Both you and Upwork will have 60 days from the date of the receipt of the Notice to informally resolve the other party's Claim and avoid the need for further action. During that 60-day period, either you or Upwork may request an individualized discussion, by telephone or videoconference, regarding resolution of the dispute ("Informal Settlement Discussion"). If either you or Upwork request an Informal Settlement Discussion, you and a representative of Upwork must both personally participate in the Informal Settlement Discussion in a good-faith effort to resolve only the dispute between us. If you are represented by counsel, your counsel may participate in the Informal Settlement Discussion, but you must also personally participate.

If we do not resolve the dispute between us within 60 calendar days after the Notice is received, and both parties have personally participated in any requested Informal Settlement Discussion, you or Upwork may then commence an arbitration in accordance with this Arbitration Agreement. To facilitate good-faith efforts to resolve any dispute, you and Upwork both agree not to disclose the amount of any settlement offer made by Upwork or by you during the Informal Settlement Discussion in any subsequent arbitration. You and Upwork both agree that a court may enter injunctive relief to enforce the pre-filing requirements of this section, including an injunction to stay an arbitration that has been commenced in violation of this section.**14.4 BINDING ARBITRATION AND CLASS ACTION/JURY TRIAL WAIVER (DOES NOT APPLY TO USERS LOCATED OUTSIDE THE UNITED STATES AND ITS TERRITORIES)**

This Arbitration Agreement applies to all Users located in or who reside in the United States and its territories.

In the unlikely event the parties are unable to resolve a Claim within 60 days of the receipt of the applicable Notice, you, Upwork, and our Affiliates agree to resolve the Claim by final and binding

individual arbitration before an arbitrator from JAMS, instead of a court or jury. JAMS may be contacted at www.jamsadr.com.

**14.4.1 SCOPE OF ARBITRATION AGREEMENT AND CONDUCT OF ARBITRATION**

**Scope**: This Arbitration Agreement applies to any Claim (defined above) the parties may have, whether based on past, present, or future events, and includes all claims and disputes that arose between the parties before the effective date of this Agreement, and survives after your relationship with Upwork ends. This Arbitration Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. If for any reason JAMS will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator.

**Individual Arbitration**: Except as otherwise provided in this Agreement, one neutral arbitration will be selected and will conduct any individual arbitration in Santa Clara County, California in accordance with the JAMS Comprehensive Arbitration Rules and Procedures' Optional Expedited Arbitration Procedures then in effect (available at www.jamsadr.com). Any individual arbitration of a claim by a Freelancer that alleges employment or worker classification disputes will be conducted in the state and within 25 miles of where Freelancer is located in accordance with the JAMS Employment Arbitration Rules and Procedures then in effect. Notwithstanding the foregoing, you and Upwork agree that the arbitrator in any individual arbitration shall be selected from among all JAMS neutrals available to travel to Santa Clara County, California. Any party will have the right to appear at the arbitration by telephone and/or video rather than in person.

**Mass Arbitration**: If 25 or more individuals (inclusive of both sole proprietors and any other form of business entity under the laws of any State) who are represented by the same law firm or by law firms acting in coordination seek to file arbitrations raising similar claims against the same party or related parties, regardless of when the claims are filed, you and Upwork each agree that the JAMS Mass Arbitration Procedures and Guidelines (available at www.jamsadr.com) shall apply to all such claims. The JAMS Mass Arbitration Procedures and Guidelines are specially designed to facilitate the fair, expeditious, and efficient resolution of mass arbitrations., any conflicting procedures in this Section notwithstanding. For purposes of Section 1(c) of the JAMS Mass Arbitration Procedures and Guidelines, you and Upwork each agree that a Mass Arbitration is defined as 25 or more similar demands for Arbitration.

If seventy five (75) or more individuals who are represented by the same law firm or by law firms acting in coordination seek to file arbitrations raising similar claims against the same party or related parties, regardless of when the claims are filed ("Mass Claimants"), you and Upwork each agree that the JAMS Mass Arbitration Procedures and Guidelines shall apply to all such claims, and also agree to the following Mediation and Bellwether Process:

- The Mass Claimants' counsel and Upwork will each select five (5) "Bellwether Cases" (ten (10) cases total) to be resolved individually by different arbitrators in accordance with the JAMS Expedited Procedures. The selection of arbitrators shall be conducted pursuant to the process set forth in Rule 15 of the JAMS Comprehensive Arbitration Rules & Procedures (https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-15). If either the Mass Claimants' counsel or Upwork do not select their five (5) Bellwether Cases in a reasonable time,

**Version 8-1 — Exhibit 2C**

the Process Administrator, as defined in Procedure 3 of the JAMS Mass Arbitration Procedures and Guidelines, shall select the outstanding Bellwether Cases.

- Until all of the Bellwether Cases are resolved, none of the non-bellwether claimants represented by the Mass Claimants' counsel may proceed to arbitration, and neither you nor us will be responsible for or cause JAMS to issue invoices for any filing, case management, arbitrators' services, or other fee(s) for such claimants' claims. Stage One shall be deemed complete upon final resolution of all Bellwether Cases.

- After all of the Bellwether Cases are resolved, and within 90 days, Upwork and Mass Claimants' counsel shall participate in a single mediation of all remaining non-bellwether cases, before a mutually-agreed mediator. Upwork will pay the mediation fee. If the parties cannot agree on how to resolve the remaining cases after mediation, the Mass Arbitration may proceed in accordance with the JAMS Rules and JAMS Mass Arbitration Procedures and Guidelines.

- You and Upwork agree that, from the date of submission of the Mass Claimants' claims to JAMS until fourteen (14) days after the date of the above-described mediation shall be a Tolling Period. You and Upwork agree that the Tolling Period shall not be included in calculating any statute of limitations, statute of repose, or other time-related defense, whether statutory, contractual or otherwise, and whether at law in equity or otherwise that might be applicable to the Mass Claimants' claims or to Upwork's defenses.

The Bellwether Process and Tolling Agreement may be modified in whole or in part by mutual, written agreement of you and Upwork. The Process Administrator shall resolve any disputes about the interpretation, applicability or enforceability of the Bellwether Process.

**Confidentiality**: All aspects of any arbitration under this Section 14.4.1, and any ruling, decision, or award by the arbitrator in any such arbitration, will be strictly confidential for the benefit of all parties.

**Arbitration Fees and Costs**: Because all Users agree to access and use the Upwork platform for business purposes only and not for personal or consumer use, as provided in Section 1.2 above, Users are not "consumers" under the JAMS Consumer Minimum Standards of Procedural Fairness (https://www.jamsadr.com/consumer-minimum-standards/) or the California Arbitration Act, Cal. Code Civ. Proc. §§ 1280 et seq. You and Upwork therefore agree that arbitration fees and costs shall be allocated pursuant to the JAMS Comprehensive Arbitration Rules, including without limitation Comprehensive Rules 5, 24, and 31. Consistent with Rule 5, the arbitration shall not commence until each party has paid its pro rata share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the arbitration. The arbitrator shall follow applicable law and may award only those remedies that would have applied had the matter been heard in court. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

To the extent permitted by law, a claimant must pay all reasonable costs and fees incurred by the responding party or parties—including arbitration fees, attorney fees, and expert fees—if an arbitrator or court determines that any Claim (i) was not warranted by existing law or by a nonfrivolous argument or (ii) was filed in arbitration for any improper purpose, including to harass the responding party, cause unnecessary delay, or increase the cost of dispute resolution.

**JAMS Rules Disputes**: Pursuant to JAMS Comprehensive Arbitration Rule 1(c), any dispute regarding the applicability of a particular set of JAMS rules as set forth in this Section 14 shall be resolved exclusively by the JAMS National Arbitration Committee (NAC), based upon a written report and recommendation by a member of the NAC, prior to the commencement of any arbitration.

**Offers of Settlement**: You, Upwork, and our Affiliates agree that, at least fourteen (14) calendar days before the date set for an arbitration hearing with respect to any Claim, any party may, but is not obligated to, make a written offer of judgment on the other party to allow judgment on specified terms. If the offer is accepted, the offer with proof of acceptance shall be submitted to the arbitrator, who shall enter judgment accordingly. If the offer is not accepted prior to the arbitration hearing or within thirty (30) calendar days after it is made, which is first, it shall be deemed withdrawn and may not be submitted as evidence in the arbitration. If an offer made by one party is not accepted by the other party, and the other party fails to obtain a more favorable award in the arbitration, the other party shall not recover their post-offer costs and, to the extent permitted by law, shall pay all reasonable costs and fees—including arbitration fees—incurred by the offering party from the time of the written offer.

**Exceptions**: This Arbitration Agreement does not apply to litigation between Upwork and you that is or was already pending in a state or federal court or arbitration before the expiration of the opt-out period set forth in Section 14.4.4 below. Notwithstanding any other provision of this Agreement, no amendment to this Arbitration Agreement will apply to any matter pending in an arbitration proceeding brought under this Section 14 unless all parties to that arbitration consent in writing to that amendment.

This Arbitration Agreement also does not apply to claims for workers compensation, state disability insurance, or unemployment insurance benefits.

Nothing in this Arbitration Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Arbitration Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Arbitration Agreement. This Arbitration Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Arbitration Provision. Nothing in this Arbitration Agreement prevents or excuses a party from satisfying any conditions precedent or exhausting administrative remedies under applicable law before bringing a claim in arbitration. Upwork will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

**14.4.2 INTERPRETATION AND ENFORCEMENT OF THIS ARBITRATION PROVISION**

This Arbitration Agreement is the full and complete agreement relating to the formal resolution of Claims. The parties agree that the arbitrator shall have exclusive jurisdiction to decide all disputes arising out of or relating to the arbitrability of a Claim or the interpretation, enforcement, or application of this Arbitration Agreement, including the enforceability, revocability, scope, breach, or validity of the Arbitration Agreement or any portion of the Arbitration Agreement, except as expressly provided below. All such matters shall be decided by an arbitrator and not by a court. The parties expressly agree that, except as provided by the Class and Collective Waiver section below, the arbitrator and not a court will decide any question of whether the parties agreed to arbitrate, including but not limited to any claim

that all or part of this Arbitration Provision, this Agreement, or any other part of the Terms of Service is void or voidable.

Nothing in this Section shall be interpreted to limit the authority or jurisdiction of a Process Administrator under the JAMS Mass Arbitration Procedures and Guidelines.

In the event any portion of this Arbitration Agreement is deemed unenforceable, the remainder of this Arbitration Agreement will be enforceable, except as set forth in Section 14.4.3 below.

**14.4.3 CLASS AND COLLECTIVE WAIVER**

Private attorney general representative actions under the California Labor Code are not arbitrable, not within the scope of this Arbitration Agreement and may be maintained in a court of law. However, this Arbitration Agreement affects your ability to participate in class or collective actions. Both you and Upwork agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or as a member in any such class or collective proceeding ("**Class Action Waiver**"). Notwithstanding any other provision of this Agreement or the JAMS rules, disputes regarding the enforceability, revocability, scope, validity, or breach of the Class Action Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator. If there is a final judicial determination that all or part of the Class Action Waiver is unenforceable or that an arbitration can proceed on a class basis, then the arbitration provision herein shall be considered null and void in its entirety and the class or collective action to that extent must be litigated in a civil court of competent jurisdiction. Other than as provided for by the JAMS Mass Arbitration Procedures and Guidelines, no arbitration or proceeding will be combined with another without the prior written consent of all parties to all affected arbitrations or proceedings. You and Upwork agree that you will not be retaliated against as a result of your filing or participating in a class or collective action in any forum. However, Upwork may lawfully seek enforcement of this Arbitration Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class or collective actions or claims.

**14.4.4 RIGHT TO OPT OUT OF THE ARBITRATION PROVISION**

You may opt out of the Arbitration Agreement contained in this Section 14 by notifying Upwork in writing within 30 days of the date you first registered for the Site or within 30 days of future changes to this Arbitration Agreement, as applicable. To opt out, you must send a written notification to Upwork at Attn: Legal, 3490 S 4400 W #70008 West Valley City, UT 84120-9998 that includes (a) your Account username, (b) your name, (c) your address, (d) your telephone number, (e) your email address, and (f) a statement indicating that you wish to opt out of the Arbitration Agreement. Alternatively, you may send this written notification to legalnotices@upwork.com.

Opting out of this Arbitration Agreement will not affect any other terms of this Agreement.

If you do not opt out as provided in this Section 14.4.4, continuing your relationship with Upwork constitutes mutual acceptance of the terms of this Arbitration Agreement by you and Upwork. You have the right to consult with counsel of your choice concerning this Agreement and the Arbitration Provision.

**14.4.5 Enforcement of this Arbitration Agreement**

This Arbitration Agreement replaces all prior agreements regarding the arbitration of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by this Arbitration

Agreement. In the event any portion of this Arbitration Agreement is deemed unenforceable, the remainder of this Arbitration Agreement will be enforceable.

## 15. GENERAL

*Additional terms of the agreement between you and Upwork, including that the Terms of Service contain our full agreement, how the agreement will be interpreted and applied, and your agreement not to access the Site from certain locations.*

### 15.1 ENTIRE AGREEMENT

This Agreement, together with the other **Terms of Service**, is the only agreement between you and us regarding the Services and supersedes all prior agreements for the Services and supersedes any prior agreements between us for actions occurring after the effective date of this Agreement. The only exception to this is a Enterprise Agreement or similar agreement for premium services executed by a duly authorized representative of Upwork ("**Premium Agreement**"), in which cases these Terms of Service are superseded to the extent stated in such Premium Agreement but otherwise survive; written email or letter communications or verbal agreements cannot constitute a Premium Agreement.

### 15.2 MODIFICATIONS; WAIVER

*We may modify these terms and will provide you reasonable advance notice of substantial changes.*

Subject to the conditions set forth herein, Upwork may amend this Agreement and any of the other agreements that comprise the Terms of Service at any time by posting a revised version on the Site. Upwork will provide reasonable advance notice of any amendment that includes a Substantial Change (defined below), by posting the updated Terms of Service on the Site and providing notice on the Site or by email. If the Substantial Change includes an increase to Fees charged by Upwork, Upwork will provide at least 30 days' advance notice of the change, but may not provide any advance notice for changes resulting in a reduction in Fees, any temporary or promotional Fee change, or changes that do not constitute a Substantial Change. Any revisions to the Terms of Service will take effect on the noted effective date. No modification or amendment to the Terms of Service will be binding upon Upwork unless they are agreed in a written instrument signed by a duly authorized representative of Upwork or posted on the Site by Upwork. Email will not constitute a written instrument as contemplated by this Section 15.2.

Our failure to act with respect to a breach by you or others does not waive our right to act with respect to subsequent or similar breaches. We do not guarantee we will take action against all breaches of this User Agreement.

### 15.3 ASSIGNABILITY

*You may not transfer any rights you have under our Terms of Service unless we give you approval*

These Terms of Service and any rights or obligations hereunder may not be transferred or assigned by you unless you follow the provisions in this Section.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

GROUP B

# Notice, Escalation & Routing

*Exhibits 3 through 8B — the Trust & Safety channel, the support-case archive and audit logs, the Section 14.3 notice, the Professional Statement and its transmission, the post-statement timeline packets, and the Upwork legal-function identifications.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

*Group B — Notice, Escalation & Routing*

E X H I B I T

# 3

**Upwork Help Center Article — "What's the Trust & Safety Team at Upwork?"**

**Date / Operational Origin:** *Captured June 3, 2026, from Upwork's public Help Center. Offered for Upwork's own description of the institutional channel and routing context.*

— Document follows this cover page —

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 39 of 168 PageID #:423

| Help Center | Getting started | ⌄ Work | ⌄ Payment | ⌄ Account safety | ⌄ Learning & growth | ⌄ Contact support | 🔍 Search articles |  |

🏠 / Trust and Safety

# What's the Trust and Safety team at Upwork?

<span style="color:green">Unfollow</span>

*Learn what Upwork's Trust and Safety team does, when they take action, what actions they can take, and how you'll know if your account is affected.*

## Articles in this section ⌃

How Upwork prote…

What is the Digital …

What to know abou…

Upwork Trust and S…

Use bots and other …

How to check your …

Intellectual propert…

What are the minim…

How to share your f…

## Recently viewed articles ⌄

## In this article

- [Why does Upwork have a Trust and Safety team, and what does it do?](#)
- [When does the Trust and Safety team take action?](#)
- [What type of action can the Trust and Safety team take?](#)
- [How will I know if the Trust and Safety team has taken action on my account?](#)

## Why does Upwork have a Trust and Safety team, and what does it do?

To succeed on Upwork, you need to trust that the people you're dealing with are honest, and that you're safe from things like fraud and scams.

Our Trust and Safety team is here to uphold that trust —and keep you safe. We do that by establishing rules about what's allowed, and then identifying and dealing with anything (or anyone) that could damage trust in Upwork, whether the target is you, other users or the Upwork platform itself.

## When does the Trust and Safety team take action?

There are two reasons why we'd get involved:

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 40 of 168 PageID #:424

- To stop something bad from happening, like someone committing fraud or breaking our policies
- To tackle something bad that's already happened

# What type of action can the Trust and Safety team take?

First, we'll establish the facts of the case. Then we'll respond depending on how serious the issue is and whether it's a repeat offense.

These are the three routes we might take:

- **Provide education.** Let's say you've broken our [Terms of Service](#) (TOS). Sometimes, you'll need to change something (such as your job post or profile). But otherwise, your account will stay active and you won't need to do anything else other than agree to comply with our Terms of Service moving forward
- **Temporarily limit what you can do on Upwork.** The more seriously you break the rules, the longer the ban will be. But your account will be active again once you fix the problem and commit to following our TOS in the future
- **Implement a permanent block.** You won't be able to use Upwork again. This happens if the offense is serious enough or if you've repeatedly violated our TOS. Note: *Any new Upwork accounts you create will also be closed*

# How will I know if the Trust and Safety team has taken action on my account?

We'll send you an email explaining the situation and what you need to do to resolve it. That email is a ticket, which means that your reply goes straight to the team handling your case.

## Was this article helpful?

 

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 41 of 168 PageID #:425

## Upwork Help

# Do you need additional help?

Contact Support



| For Clients | For Talent | Resources | Company |
|---|---|---|---|
| How to hire | How to find work | Help & support | About us |
| Talent Marketplace | Direct Contracts | Success stories | Leadership |
| Project Catalog | Find freelance jobs worldwide | Upwork reviews | Investor relations |
| Hire an agency | Find freelance jobs in the USA | Resources | Careers |
| Enterprise | Win work with ads | Blog | Our impact |
| Business Plus | Exclusive resources with Freelancer Plus | Affiliate programme | Press |
| Any Hire | | Free Business Tools | Contact us |
| Contract-to-hire | | | Partners |
| Direct Contracts | | | Trust, safety & security |
| Hire worldwide | | | Modern slavery statement |
| Hire in the USA | | | |

Follow Us

Mobile app

© 2015 - 2026 Upwork® Global LLC

Terms of Service    Privacy Policy    CA Notice at Collection    Your Privacy Choices    Accessibil

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 4

---

## Upwork Support-Case Record — Case ID #51489662

**Date / Operational Origin:** *Sub-exhibits: 4A (OCR-searchable archive), 4B (SignNow audit log), and 4C ("Solved"-status printout).*

— Sub-exhibits follow this cover page —

---

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 4A

---

**Upwork Support-Case Archive — Case ID #51489662 (OCR-Searchable
Court Copy)**

**Date / Operational Origin:** *Exported April 16, 2025 (7:23 AM CT). OCR-searchable
court-facing copy of the April 16 SignNow support-case archive (Document ID c281485…).
The original SignNow PDF is preserved separately as the authenticity/control copy. The
case panel shows Created March 28, 2025; CCs Noel, Yosef Mahmood, and Anastasiia
Dryha.*

— Document follows this cover page —

---

Document ID: c281485ad22d43149967b1793210994403f76382a8



| Help Center | Getting Started | ⌄ Work | ⌄ Payment | ⌄ Account safety | ⌄ Learning & growth | ⌄ Contact Support | ⌄ Back to upwork.com |

🔍 Search articles

⌂ / **Requests**

# Freelancer - Other - Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being use...



**Evan Cronin**
March 28, 2025 at 2:37 PM

Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being used by another Upwork user in client proposals and communications without my consent.

I am a licensed CPA (Evan J Cronin), and I was subcontracted by another freelancer or agency account. However, they submitted work and proposals under my name and presented deliverables as if I had signed off on them—before I had reviewed or agreed.

I have documentation showing this behavior and can provide screenshots and client records. This misrepresentation is harming my professional reputation and may violate Upwork's policies on false representation and identity misuse.

Please escalate this for internal review. I need a case opened and confirmation that this is being addressed.



**Evan Cronin**
March 28, 2025 at 3:43 PM

Formal Statement to Upwork Trust & Safety: Unauthorized Use of Identity and Professional Credential by Fractional Tax

To Whom It May Concern,

I am submitting this statement to formally report a serious violation of Upwork's Terms of Service by the agency account Fractional Tax. I am a licensed CPA who was subcontracted by this agency to support technical tax preparation and compliance work. However, I have since discovered that my name, image, and professional credentials have been used without my full authorization in client-facing proposals, communications, and representations of services—falsely implying authorship, control, and responsibility for work I had no opportunity to review or approve.

The following four examples, which I am uploading alongside this statement, clearly demonstrate this pattern of identity misuse, credential abuse, and reputational exploitation:

## Example 1: Eric Gaines – "I run Fractional Tax"

| Id | #51489662 |
| --- | --- |
| Status | Open |
| Created | March 28, 2025 at 2:37 PM |
| Last activity | April 2, 2025 at 5:55 PM |
| Requester | Evan Cronin |
| CCs | Noel Yosef Mahmood Anastasiia Dryha |

## Attachments

Upwork_Eric_(02.28.2025).png
(60 KB)

Upwork_Jerome_(03.27.2025).png
(60 KB)

Upwork_Mario_(03.03.2025_Audit Ex).png
(90 KB)

IMG_0304.PNG
(500 KB)

Upwork Agency Profile.pdf
(900 KB)

Fractional Agency 300+ entities served claim.png
(400 KB)

Document ID: c281485ad22d43149667b1793210994403f76382a8
4/16/25, 7:23 AM ... Freelancer – Use of Deactionation for a valid billing of Upworks Clients - My name and CPA credentials are being use... – ...

Screenshot: Upwork_Eric_(02.28.2025).png

In this message, sent without my knowledge or consent, the text states:

"Hi Eric, I run Fractional Tax..."

This falsely presents me as the owner or operator of the agency. My name, image, and license were used to pitch services I did not authorize, using misleading language that directly violates Upwork's standards on accurate representation.

## Example 2: Jerome Rappel – Repeated Misrepresentation + Client Engagement

Screenshot: Upwork_Jerome_(03.27.2025).png

This message is especially egregious because it was sent after I had already issued two separate warnings to Fractional Tax about the unauthorized use of my name and credentials. Despite those warnings, they submitted yet another proposal using my identity— again stating that I "run" the agency and misrepresenting my role.

Not only does this message contain the same false statements as prior examples, but the client responded, clearly believing they were engaging me directly. At this point, the issue can no longer be described as a misunderstanding—it reflects deliberate and continued misuse of my name, in willful disregard of my prior communications.

## Example 3: Mario Cvetic – Unauthorized Representation of Attest Services Under My CPA Credential

Screenshot: Upwork_Mario_(03.03.2025_Audit Ex).png

Supporting Slack Proof: IMG_0304.PNG

This proposal falsely presents me as the author of a message claiming that I run a firm "specializing in international tax compliance and financial auditing." Not only did I not approve or send this message—but I had already raised this exact concern internally.

I explicitly asked whether Fractional Tax offers audit or attest services and was told on record by the internal team:

"Correct! Since we aren't a licensed CPA firm, we do not."

This Slack exchange confirms that I was acting in full professional compliance, seeking to clarify that these services were outside scope. Despite that, my name and CPA license were still used to pitch audit-related services to a client, potentially exposing me to:

State Board of Accountancy disciplinary action
Violation of professional standards (AICPA SSTS, Circular 230)
Regulatory exposure for offering attest services without licensure
Civil malpractice liability if the client relied on a misrepresented CPA engagement
This isn't a misunderstanding. It's a clear instance of credential misuse after internal confirmation that such services were

Formal and Final Notice Regarding Use of Name, Likeness, and Client-Facing Repre.pdf
(300 KB)
Delaware Charter Revocation – Fractional Tax Inc. (Revoked as of 3-9-2025).pdf
(60 KB)

Document ID: c281485ad22d43149967b1793210994803f76382a8

impermissible—and I was not the author of the message sent under my name.

## Example 4: Zephrina / ZMC – Proposal Submitted Under My Name Before Review, With Risk-Laden Scope

Screenshot: Upwork_Zephrina_(03.04.2025).png

This Upwork proposal offered complex tax compliance support for Form 5500 and retirement plan filings under my full name, photo, and CPA credential—before I had reviewed the client's facts or confirmed the scope. These filings are governed by IRS and DOL rules and may trigger audit or ERISA reporting thresholds, depending on the structure of the plan.

At the time the proposal was submitted:

I had not reviewed the engagement
I had not confirmed whether an audit would be required
I had not approved or authorized the messaging
Yet, the proposal was submitted under my name, giving the client the impression that I had scoped, reviewed, or endorsed it
What's important for Upwork to understand is that this was committed through the Fractional Tax agency account. I do not hold the contractual relationship with the client on Upwork, nor do I have control over what is submitted on my behalf. I am expected to provide scoping guidance, but I do not have platform-level approval rights to stop or revise proposals submitted under my name.

This situation highlights a serious concern for how my identity has been used on the platform. I was presented to the client as the responsible CPA, yet I had no ability to review or approve the proposal submitted under my name. Although I later confirmed that no audit was required the initial proposal occurred without my knowledge or consent.

I am reaching out to request a full accounting of how my identity has been used on the Fractional Tax agency account. My goal is to prevent further misuse and to ensure there is a complete audit trail of proposals and messages submitted under my name, particularly in engagements involving regulated or high-risk services. Based on my visibility, I believe I have only seen the instances where a client responded, meaning other proposals may have been submitted using my identity without my knowledge, of which I am still unaware. As a licensed CPA, I am subject to strict ethical and regulatory obligations, and the continued use of my name and credential without review or approval places my license and professional standing at risk.

Accordingly, I am formally requesting a record of every instance in which my name, photo, or CPA credential was used in connection with a proposal, message, or deliverable submitted through the Fractional Tax agency account. This request is made in good faith pursuant to the Illinois Right of Publicity Act (765 ILCS 1075/1 et seq.), which prohibits the unauthorized commercial use of an individual's identity —including their name, likeness, and professional persona—without

Document ID: c281485ad22d43149967b479321099403f76382a8

4/16/25, 7:23 A Case: 1:25-cv-03320 Document #: 1-3 Filed: 06/30/26 Page 47 of 168 PageID #:431 ...My name and CPA credentials are being use... – ...

written consent. I reside in Illinois, and the unauthorized use of my professional identity has resulted in reputational and regulatory exposure within the state, triggering protection under Illinois law as well as applicable CPA licensing and ethical standards.

[Upwork_Eric_(02.28.2025).png](#)
(60 KB)
[Upwork_Jerome_(03.27.2025).png](#)
(60 KB)
[Upwork_Mario_(03.03.2025_Audit Ex).png](#)
(90 KB)
[IMG_0304.PNG](#)
(500 KB)



**Ahmad W**
March 29, 2025 at 4:22 PM

Hello Evan,

Thank you for contacting Upwork Support!

I understand you would like to report a serious violation of Upwork Terms of Service by an agency you're a part of, please allow me to assist.

I'm really sorry to hear you're going through this frustrating situation; it must be incredibly stressful. I can imagine how upsetting this situation would be, and I'm here to assist you to alleviate some of that frustration.

I would like to provide you more information on how working under an agency is like:

To help keep agency workflows centralized and running smoothly, business managers can submit a proposal on behalf of any agency member. They can also edit or withdraw all agency proposals, as well as accept or decline all offers. Agency members can also submit proposals themselves, which will be binding on the agency. All proposals will draw from the agency's collective Connects balance. When you are working under an agency, you are considered a team.

Similarly, an agency's business managers can both edit the terms of contracts and end them. Both the contracted agency member (the agency member actively working on the contract) and all business managers can submit milestones on fixed-price contracts. All contracts are paid into the agency's collective financial account balance.

After consulting with our team, we are able to confirm that this does not constitute a violation. You have the option to leave the agency if you feel that your team is using your name and CPA credentials without your consent or if the business managers are submitting proposals on your behalf.

You can read these helpful articles I've shared with you to learn more about how an agency operates.

[Agency proposals and offers](#)
[Agency Contracts](#)
[Work for an agency](#)
[Leave an Agency](#)

Document ID: c281485ad22d43149967b1793210994403f76382a8

I hope this helps. If you have any questions or need more help, please don't hesitate to get in touch. Thanks for using Upwork!

It was such a pleasure helping you today! Just a quick note before I let you go... In a couple of hours you'll receive an email asking about my service to you today. I truly hope I can count on you to leave me honest feedback. This helps us to ensure we're meeting customer expectations and improving your experience.

Best Regards,

Ahmad

 **| Customer Support Team**
Help Center: https://support.upwork.com

 **Help Us Help You!** *Shortly after this message, you'll receive an email asking if I was able to solve your issue. Your feedback will be appreciated as this helps us to provide the best service possible.*

 **Keem**
March 29, 2025 at 7:16 PM

Hi Evan,

We received your recent report of a possible violation on Upwork and we wanted to take a moment to thank you.

We take all customer reports very seriously. To help us better investigate, we would appreciate any details you can provide. If possible, please reply to this email with the User ID of the agency and freelancer and proof that they are using your name to sign off work.

This additional information will help us evaluate the situation and determine what action to take. We appreciate your help in keeping Upwork safe and we look forward to your response.

Best,
Keem
Upwork Trust & Safety

**Evan Cronin**
March 29, 2025 at 10:20 PM

Dear Keem,

Thank you again for your follow-up. I appreciate your willingness to investigate this matter and want to ensure that all relevant facts and documentation are now formally on record.

As stated in my prior message, I have already invoked my rights under the Illinois Right of Publicity Act (765 ILCS 1075), which prohibits the unauthorized commercial use of an individual's name, likeness, or professional persona without express written consent. Upwork was formally placed on legal notice at that time, and this message serves as both a reminder and an escalation.

Document ID: c281485ad22d43149967b179321099403f76382a8
4/16/25, 7:23 A... Agency... Use20 (Document) part a violation of Upwork's Terms20 Page My name and CPA credentials are being use... – ...

Case: 1:25-cv-03220 Document #: 36 Filed: 06/30/26 Page 49 of 168 PageID #:433

# Summary of the Issue

I am an Agency member under the Upwork agency:

Fractional Tax, Inc.
https://www.upwork.com/agencies/1782780848665907200

While I understand that Upwork allows business managers to submit proposals on behalf of team members to streamline agency workflows, that policy does not apply in this case. I was the only visible agency member, and during my time on the account, proposals were submitted under my name and CPA license without my knowledge, authorization, or consent.

At the time I joined the agency, I did not understand that business managers could submit proposals under my name without my direct involvement, and I would not have agreed to that arrangement. I was not a business manager, had no visibility into proposals submitted on my behalf, and had no ability to approve, decline, or retract them.

Importantly, I am not an employee of Fractional Tax, Inc., nor have I authorized the company to supervise or direct the use of my CPA license or professional identity. Simply agreeing to join the agency account did not confer blanket authority to commercially exploit my credentials or represent my participation in client-facing engagements.

No platform policy or Terms of Service can override the legal and ethical obligations attached to professional licensure. This is not a matter of team delegation—it is the unauthorized commercial use of a licensed professional's identity, made without visibility or control by the person being represented.

Further, proposals submitted under my name included false representations that violate Upwork's own Terms of Service, including inflated experience claims and misleading client-facing statements. This is not speculation—it is a readily provable fact based on documentation already shared in prior correspondence. These are proposals I would never have supported or consented to, and their submission under my identity creates serious reputational, ethical, and regulatory exposure.

Additionally, the agency's public-facing materials claim "300+ entities served", include testimonial-style graphics formatted to resemble verified Upwork reviews, and heavily imply international tax expertise —an area directly tied to my professional background. These claims were made while I was, and still am as of the sending of this message, the only listed agency member. They falsely suggest my involvement, endorsement, and authorship, despite my lack of consent or participation.

# Formal Demands (Under Legal and Licensing Authority)

Pursuant to my rights under the Illinois Right of Publicity Act (765 ILCS 1075) and my obligations as a licensed CPA, I respectfully but

Document ID: c281485ad22d43149967b4793210994403f76382a8

firmly demand the following actions:

A complete record of all proposals submitted through the Fractional Tax agency account since I was added as a team member in February 2025, specifically including:

Proposals submitted under my name or profile,
Proposals referencing my CPA designation, MT (Master's in Taxation) credential, or professional biography,
Proposals that were later edited or withdrawn, in whole or in part,
All associated submission and modification timestamps,
Any metadata indicating who submitted, modified, or retracted each proposal.
This demand includes proposals that may have been withdrawn or deleted, as I have already raised serious concerns regarding unauthorized submissions. I have reason to believe such actions may have been taken after the fact, potentially in an effort to conceal unauthorized activity. My legal and ethical obligations require full transparency and preservation of all related records.

Immediate removal of any proposal, communication, or representation made through the Fractional Tax agency account that includes my name, image, CPA license, Master's in Taxation, or any related professional credentials or identity markers without my express authorization.
Permanent disassociation of my name, licensing credentials, and academic distinctions from the Fractional Tax agency account.
Preservation of all internal logs and platform records, including any actions taken in response to this and prior notices, to ensure compliance with legal and regulatory obligations.

# Enforcement Timeline

If I do not receive a response and corrective action within 7 calendar days, I will be required to escalate this matter through the following channels:

The Illinois Attorney General's Consumer Protection Division
The Federal Trade Commission
Civil remedies for unauthorized use, reputational harm, and commercial misrepresentation
Potential referral to the Illinois Department of Financial and Professional Regulation (IDFPR)
I appreciate your attention to this matter and your professionalism throughout. I hope we can resolve this promptly and transparently.

Sincerely,
Evan J Cronin, CPA
Licensed in Illinois & Pennsylvania; California (application pending)

# Attachments:

Screenshot of "300+ Entities Served" agency marketing image
PDF of Upwork agency profile showing only 3 completed jobs and Evan as sole team member

Upwork Agency Profile.pdf
(900 KB)

Document ID: c281485ad22d43149967b1793210994403f76382a8

[Fractional Agency 300+ entities served claim.png](#)

(400 KB)



**Travis**

March 29, 2025 at 10:48 PM

Hi Evan,

I trust you are safe and well.

Thank you for the important information that you shared. I can understand the urgency of this issue to get straightened out.

We are collating all of this information to establish the violation.

We need additional clarification as we build solid evidence to use as a basis of our action.

On the screenshots, that you have shared, it appears that you were not the one who sent these services to clients. Does this mean that your credentials are shared with your agency?

Looking forward to your response.

Best,
Travis
Upwork Trust & Safety



**Evan Cronin**

April 1, 2025 at 2:33 AM

**This message is submitted as a formal continuation of my statutory rights assertion under the Illinois Right of Publicity Act (765 ILCS 1075) and related professional licensing laws. It serves as my third formal request for action and documentation concerning the unauthorized use of my name, CPA license, and professional identity on the Upwork platform.**

Hi Travis,

Thank you again for continuing to review this matter. I'd like to provide additional clarification and supporting documentation regarding my prior affiliation with the agency account that misused my professional identity.

The agency I joined on Upwork was operating under the name Fractional Tax Inc., and my contractor agreement was specifically with that Delaware-incorporated entity. I was never a business manager or

Document ID: c281485ad22d43149667b1793210994403f76382a8

proposal author for the agency account—I joined solely to perform subcontracted tax work. I did not have access to proposal submission features or client-facing messaging.

I never authorized the agency to use my CPA license, name, or biography in proposals I didn't write, yet several were submitted under my identity—without my knowledge and not visible to me until after clients had already replied. In reviewing the language and structure of these submissions, I strongly suspect some were generated or enhanced using AI, further distancing them from my involvement. And while I have evidence of several such instances, I have strong reason to believe there were many more I never saw— meaning the damage is likely greater than I even realize. The pattern of conduct raises serious concerns under applicable professional ethics rules and may also implicate statutory violations, including those related to identity misuse and misrepresentation.

This behavior represents a serious violation of Upwork's Terms of Service and puts me at risk of reputational and professional harm. As a **licensed CPA in multiple U.S. jurisdictions** specializing in U.S. international tax, I am bound by strict ethical and legal obligations for any representations made under my name—especially in matters involving cross-border compliance, global clients, and regulated financial and tax services. The misrepresentation of my identity in proposals to international clients raises additional risks that go beyond domestic engagement misclassification.

After I was added to their Slack workspace, I was tagged in client threads and pressured to respond to proposals that had been submitted using my name without my prior knowledge or approval. At first, I assumed the misuse was a one-off and responded in good faith, believing it to be an internal coordination error. However, after realizing this was part of a recurring pattern, I made repeated calls for the misuse to stop—including formally asserting my statutory rights under Illinois law and requesting full access to any proposals submitted under my name.

Shortly after those requests, my contractor agreement was terminated and my external agency platform access was revoked, including Slack, email, and MyTax (their client document portal). To be clear, they had no control over my personal Upwork account, which remains mine exclusively.

Additionally, I have since discovered that **Fractional Tax Inc.'s corporate charter was formally revoked as of March 9, 2025**. I am providing a copy of the official Delaware record as evidence of that revocation. I am also attaching the email exchange between myself and Fractional Tax Inc., in which I directly raised these issues, asserted my statutory rights, and requested access to any proposals submitted under my name.

As of the sending of this message, they have not responded to my March 31, 2025 reply to their notice of termination, nor have they acknowledged my invocation of rights under applicable law. This

Document ID: c281485ad22d43149967b1793210994403f76382a8

pattern of nonresponse and access revocation has left me with no internal recourse and now requires formal platform intervention.

In light of all of this, I respectfully request:

1. Immediate removal of my name, biography, and CPA credentials from any proposal or listing I did not directly submit

2. Review of the agency account for misuse of identity, AI-generated submissions, and possible Terms of Service violations

3. Confirmation that no proposals or client communications are incorrectly linked to my profile

4. **Full disclosure of all metadata, content, and submission records for any proposals submitted, modified, or rescinded by the agency during the time I was affiliated with their Upwork agency account— particularly those submitted under my name.**

**This is now the third time I am formally making this request, and I do so again under my rights as previously asserted—including those provided under the Illinois Right of Publicity Act (765 ILCS 1075)**. At this stage, I am respectfully **requesting written acknowledgment from Upwork that my statutory rights have been formally invoked** and are being reviewed as part of this matter. I understand this may require internal escalation, but a clear response is necessary at this point.

Please let me know if you need anything further. Thank you again for helping protect the professional integrity of the platform.

Best regards,
Evan J Cronin, CPA

Licensed in:

▪ Illinois (Active)

▪ Pennsylvania (Active)

▪ California (Pending Final Fingerprint Verification)


Attachments:

1. Delaware Charter Revocation – Fractional Tax Inc. (Revoked as of 3/9/2025)

2. Formal and Final Notice Regarding Use of Name, Likeness, and Client-Facing Representation
– Statutory Rights Assertion and Proposal Access Request (No Response as of sending; sent via my professional email evan@cronintaxservices.com)


Evan J Cronin
EvanJC14@gmail.com (267) 261-3116

Document ID: c281485ad22d43149967b1793210994403f76382a8
4/16/25, 7:23 A... ...ance - ...be20 (Document in a violation... ...works/returns... ...age My name and CPA credentials are being use... – ...

[Formal and Final Notice Regarding Use of Name, Likeness, and Client-Facing Repre.pdf](#)

(300 KB)

[Delaware Charter Revocation – Fractional Tax Inc. (Revoked as of 3-9-2025).pdf](#)

(60 KB)



**Liam C.**

April 1, 2025 at 5:50 PM

Hi Evan,

Thank you for your reply and for providing the above information.

To move forward with our investigation, we would request the following information:
-screenshots showing the Agency sent proposals using your credentials that you did not approve
-screenshots of contracts where your credentials were used but did not involve you as the direct freelancer working with the client
-screenshots of any additional information showing the violation

Thank you for your patience and we hope to hear from you again.

Best,
Liam
Upwork Trust & Safety



**Evan Cronin**

April 1, 2025 at 6:24 PM

**This message is submitted as a formal continuation of my statutory rights assertion under the Illinois Right of Publicity Act (765 ILCS 1075) and related professional licensing laws. It serves as my FOURTH FORMAL REQUEST for action and documentation concerning the unauthorized use of my name, CPA license, and professional identity on the Upwork platform.**

Hi Liam,

This message is submitted as a formal continuation and final statutory notice under the Illinois Right of Publicity Act (765 ILCS 1075) and applicable professional licensing laws. It constitutes my FOURTH FORMAL REQUEST for immediate action and documentation regarding the unauthorized and unlawful use of my name, CPA license, and professional identity on the Upwork platform.

At this point, Upwork has been placed on constructive notice and has failed to take meaningful corrective action. Your platform is now facilitating the continued commercial exploitation of a licensed professional's identity, despite multiple formal submissions, clear documentary evidence, and Upwork's own written acknowledgment in this thread—via Travis on March 29—that I was not the individual who submitted these proposals. This creates legal exposure for

Document ID: c281485ad22d43149967b179321099403f76382a8

platform liability, reputational harm, and willful disregard of statutory rights.

In addition, I have already provided:

Four documented examples of unauthorized credential use;

Evidence that the agency (Fractional Tax, Inc.) has had its corporate charter revoked, meaning it is operating illegally;

And a full internal email thread and evidentiary record that thoroughly substantiates every claim made.

If corrective action is not taken by 7:00 PM UTC on Thursday, April 3, 2025, I will initiate enforcement proceedings including, but not limited to:

Regulatory complaints to the Illinois Attorney General, Federal Trade Commission, and State CPA Boards;

Formal notice to your Registered Agent for service of process;

And civil litigation naming Upwork Inc. as a directly liable party for failure to act on statutory notice and for enabling reputational and economic harm.

This message should be immediately escalated to Upwork Legal. Further delay or referral to internal Trust & Safety channels will be treated as formal inaction.

To reiterate:

This is my fourth formal submission, in which I invoked my legally protected statutory rights under Illinois state law.

Your colleague Travis stated on March 29, 2025, that I was not the person who sent these proposals from the Fractional Tax, Inc. agency account to prospective clients.

I permitted the agency to list my professional background in connection with my actual deliverables, but I never authorized them to submit proposals, represent services, or use my CPA credentials without my direct review and approval—especially not in ways that exaggerated the firm's background or claimed service offerings it was not legally permitted to provide.

I do not have access to the internal Upwork agency proposal system and, therefore, cannot screenshot all of the proposals submitted under my name.
I have already provided evidence in my possession and fully complied with documentation standards.

This message will also be forwarded to Upwork's LegalNotices department. The Illinois Right of Publicity Act (765 ILCS 1075) prohibits the unauthorized commercial use of a person's identity—including their name and licensed professional credentials—without consent. This statute governs regardless of platform policy, and Upwork has no legal authority to override it. If I do not receive acknowledgment of the fourth formal invocation of these statutory rights within two (2) business days, I will be forced to seek legal recourse.

Document ID: c281485ad22d43149967b1793210994403f76382a8

Respectfully,
Evan J Cronin, CPA


Evan J Cronin
EvanJC14@gmail.com|(267) 261-3116




Evan Cronin
April 1, 2025 at 6:30 PM

**This message is submitted as a formal continuation of my statutory rights assertion under the Illinois Right of Publicity Act (765 ILCS 1075) and related professional licensing laws. It serves as my FOURTH FORMAL REQUEST for action and documentation concerning the unauthorized use of my name, CPA license, and professional identity on the Upwork platform.**
Dear Upwork Legal,

Please find below the full correspondence chain regarding the unauthorized use of my name, CPA license, and professional identity on the Upwork platform by the agency operating under the name "Fractional Tax, Inc."

This thread contains:

**Four prior formal submissions** invoking my rights under the Illinois Right of Publicity Act (765 ILCS 1075);

**Written acknowledgment from Upwork personnel** (March 29, 2025) that I was not the individual submitting proposals to clients;

Documentation that the agency in question, Fractional Tax, Inc., has had its corporate charter revoked and is therefore operating unlawfully;

A clear deadline for action: 7:00 PM UTC on April 3, 2025.

I am submitting this message as a final legal notice. Continued failure to act will result in enforcement proceedings and formal legal service as outlined.

Please **confirm receipt and acknowledgment** of the invocation of my **legally protected rights under Illinois State Law** and direct all further legal correspondence accordingly.

Sincerely,
Evan J Cronin, CPA


Evan J Cronin
EvanJC14@gmail.com|(267) 261-3116


---------- Forwarded message ----------
From: Evan Cronin <evanjc14@gmail.com>
Date: Tue, Apr 1, 2025 at 6:24 PM
Subject: Re: [Upwork Help] Re: Freelancer - Other - Hi, I need to

Document ID: c281485ad22d43149667b179321099403f76382a8

report a violation of Upwork's Terms of Service. My name and CPA credentials are being use...

To: Upwork <support@upwork.com>

**This message is submitted as a formal continuation of my statutory rights assertion under the Illinois Right of Publicity Act (765 ILCS 1075) and related professional licensing laws. It serves as my FOURTH FORMAL REQUEST for action and documentation concerning the unauthorized use of my name, CPA license, and professional identity on the Upwork platform.**

Hi Liam,

This message is submitted as a formal continuation and final statutory notice under the Illinois Right of Publicity Act (765 ILCS 1075) and applicable professional licensing laws. It constitutes my FOURTH FORMAL REQUEST for immediate action and documentation regarding the unauthorized and unlawful use of my name, CPA license, and professional identity on the Upwork platform.

At this point, Upwork has been placed on constructive notice and has failed to take meaningful corrective action. Your platform is now facilitating the continued commercial exploitation of a licensed professional's identity, despite multiple formal submissions, clear documentary evidence, and Upwork's own written acknowledgment in this thread—via Travis on March 29—that I was not the individual who submitted these proposals. This creates legal exposure for platform liability, reputational harm, and willful disregard of statutory rights.

In addition, I have already provided:

Four documented examples of unauthorized credential use;

Evidence that the agency (Fractional Tax, Inc.) has had its corporate charter revoked, meaning it is operating illegally;

And a full internal email thread and evidentiary record that thoroughly substantiates every claim made.

If corrective action is not taken by 7:00 PM UTC on Thursday, April 3, 2025, I will initiate enforcement proceedings including, but not limited to:

Regulatory complaints to the Illinois Attorney General, Federal Trade Commission, and State CPA Boards;

Formal notice to your Registered Agent for service of process;

And civil litigation naming Upwork Inc. as a directly liable party for failure to act on statutory notice and for enabling reputational and economic harm.

This message should be immediately escalated to Upwork Legal. Further delay or referral to internal Trust & Safety channels will be treated as formal inaction.

To reiterate:

Document ID: c281485ad22d43149657b1793210994403f76382a8

This is my fourth formal submission, in which I invoked my legally protected statutory rights under Illinois state law.

Your colleague Travis stated on March 29, 2025, that I was not the person who sent these proposals from the Fractional Tax, Inc. agency account to prospective clients.

I permitted the agency to list my professional background in connection with my actual deliverables, but I never authorized them to submit proposals, represent services, or use my CPA credentials without my direct review and approval—especially not in ways that exaggerated the firm's background or claimed service offerings it was not legally permitted to provide.

I do not have access to the internal Upwork agency proposal system and, therefore, cannot screenshot all of the proposals submitted under my name.
I have already provided evidence in my possession and fully complied with documentation standards.

This message will also be forwarded to Upwork's LegalNotices department. The Illinois Right of Publicity Act (765 ILCS 1075) prohibits the unauthorized commercial use of a person's identity—including their name and licensed professional credentials—without consent. This statute governs regardless of platform policy, and Upwork has no legal authority to override it. If I do not receive acknowledgment of the fourth formal invocation of these statutory rights within two (2) business days, I will be forced to seek legal recourse.

Respectfully,
Evan J Cronin, CPA

Evan J Cronin
EvanJC14@gmail.com|(267) 261-3116



Document ID: c281485ad22d43149667b4793210994031f76382a8

4/16/25, 7:23 AM Case: 1:25-cv-05220 Document #: 1 Filed: 06/30/26 Page 59 of 168 PageID #:443
My data and credentials are being use... – …

Upwork Dashboard

Learning Hub

Terms of Service

Desktop App

About Us

Trust, Safety & Security

Privacy Policy

Cookie Policy

Upwork Foundation

Accessibility

Enterprise Solutions

Follow Us

Mobile app

© 2015 - 2025 Upwork® Global Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 4B

---

**SignNow E-Signature Audit Log — Support-Case Archive (Document ID c281485…)**

**Date / Operational Origin:** *Generated April 16, 2025, 12:28:55 PM UTC (7:28 AM CT). Authentication component for Exhibit 4A; retained as a distinct exhibit though nested behind the archive.*

— Document follows this cover page —



## Document History

SignNow E-Signature Audit Log                                          All dates expressed in MM/DD/YYYY (US)

| | |
|---|---|
| **Document name:** | Upwork Support Case ID 51489662 (04.16.2025) |
| **Document created:** | 04/16/2025 12:28:55 |
| **Document pages:** | 16 |
| **Document ID:** | c281485ad22d4314967b179321099403f76382a8 |
| **Document Sent:** | |
| **Document Status:** | |
| **Sender:** | evan@cronintaxservices.com |
| **Signers:** | |
| **CC:** | |

| Client | Event | By | Server Time | Client Time | IP Address |
|---|---|---|---|---|---|
| SignNow Web Application | Uploaded the Document | evan@cronintaxservices.com | 04/16/2025 12:28:55 pm UTC | 04/16/2025 12:28:29 pm UTC | 172.56.17.63 |
| SignNow Web Application | Viewed the Document | evan@cronintaxservices.com | 04/16/2025 12:29:01 pm UTC | 04/16/2025 12:29:00 pm UTC | 172.56.17.63 |
| SignNow Web Application | Document Saved | evan@cronintaxservices.com | 04/16/2025 12:29:40 pm UTC | 04/16/2025 12:29:39 pm UTC | 172.56.17.63 |
| SignNow Web Application | Invite Sent to: evanjc14@gmail.com | evan@cronintaxservices.com | 04/16/2025 12:29:51 pm UTC | 04/16/2025 12:29:50 pm UTC | 172.56.17.63 |
| SignNow Web Application | Viewed the Document | evanjc14@gmail.com | 04/16/2025 12:30:09 pm UTC | 04/16/2025 12:30:09 pm UTC | 91.246.58.171 |
| SignNow Web Application | Viewed the Document | evanjc14@gmail.com | 04/16/2025 12:30:34 pm UTC | 04/16/2025 12:30:07 pm UTC | 216.68.10.133 |
| SignNow Web Application | Invite Canceled for: evanjc14@gmail.com | evan@cronintaxservices.com | 04/16/2025 12:31:45 pm UTC | 04/16/2025 12:31:44 pm UTC | 172.56.17.63 |
| SignNow Web Application | Viewed the Document | evan@cronintaxservices.com | 04/16/2025 12:31:53 pm UTC | 04/16/2025 12:31:53 pm UTC | 172.56.17.63 |
| SignNow Web Application | Viewed the Document | evan@cronintaxservices.com | 04/16/2025 12:32:12 pm UTC | 04/16/2025 12:32:12 pm UTC | 172.56.17.63 |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 4C

---

## Support-Case Printout Showing "Solved" Status — Case ID #51489662

**Date / Operational Origin:** *Single page from a June 4, 2026 reprint, showing Status "Solved" and Last activity June 2, 2025, 6:06 PM CT. Consistent with Complaint Ex. G-6.*

— Document follows this cover page —

6/4/26, 4:32 PM          Freelancer - Other - Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being use... – U…

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 63 of 168 PageID #:447

 **upwork** | Help Center

🔍 Search articles

⌂ / **Requests**

# Freelancer - Other - Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being use...

 **Evan Cronin**
March 28, 2025 at 2:37 PM

Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being used by another Upwork user in client proposals and communications without my consent.

I am a licensed CPA (Evan J Cronin), and I was subcontracted by another freelancer or agency account. However, they submitted work and proposals under my name and presented deliverables as if I had signed off on them— before I had reviewed or agreed.

I have documentation showing this behavior and can provide screenshots and client records. This misrepresentation is harming my professional reputation and may violate Upwork's policies on false representation and identity misuse.

Please escalate this for internal review. I need a case opened and confirmation that this is being addressed.

 **Evan Cronin**
March 28, 2025 at 3:43 PM

Formal Statement to Upwork Trust & Safety: Unauthorized Use of Identity and Professional Credential by Fractional Tax

To Whom It May Concern,

I am submitting this statement to formally report a serious violation of Upwork's Terms of Service by the agency account Fractional Tax. I am a licensed CPA who was subcontracted by this agency to support technical tax preparation and compliance work. However, I have since discovered that my name, image, and professional credentials have been used without my full authorization in client-facing proposals, communications, and representations of services—falsely implying authorship, control, and responsibility for work I had no opportunity to review or approve.

The following four examples, which I am uploading alongside this statement, clearly demonstrate this pattern of identity misuse, credential abuse, and reputational exploitation:

## Example 1: Eric Gaines – "I run Fractional Tax"

Screenshot: Upwork_Eric_(02.28.2025).png

In this message, sent without my knowledge or consent, the text states:

"Hi Eric, I run Fractional Tax…"

---

| Field | |
|---|---|
| Id | #51489662 |
| Status | Solved |
| Created | March 28, 2025 at 2:37 PM |
| Last activity | June 2, 2025 at 6:06 PM |
| Requester | Evan Cronin |
| CCs | Noel Yosef Mahmood Anastasiia Dryha |

## Attachments

Upwork_Eric_(02.28.2025).png
(60 KB)

Upwork_Jerome_(03.27.2025).png
(60 KB)

Upwork_Mario_(03.03.2025_Audit Ex).png
(90 KB)

IMG_0304.PNG
(500 KB)

Upwork Agency Profile.pdf
(900 KB)

Fractional Agency 300+ entities served claim.png
(400 KB)

Formal and Final Notice Regarding Use of Name, Likeness, and Client-Facing Repre.pdf
(300 KB)

Delaware Charter Revocation – Fractional Tax Inc. (Revoked as of 3-9-2025).pdf
(60 KB)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 5

---

### April 1, 2025 Legal Notice to legalnotices@upwork.com (with Receipt)

**Date / Operational Origin:** *Transmitted April 1, 2025, 6:30 PM CT; Gmail record. The operative Section 14.3 notice-channel exhibit. Overlaps Complaint Ex. G-5 but retained as a standalone motion exhibit.*

— Document follows this cover page —

Case: 1:26-cv-03220 Document #: 26-3 Filed: 06/30/26 Page 65 of 168 PageID #:449

 **Gmail**

Evan Cronin <evanjc14@gmail.com>

## [Upwork Help] Re: Freelancer - Other - Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being use...

**Evan Cronin** <evanjc14@gmail.com>
To: legalnotices@upwork.com

Tue, Apr 1, 2025 at 6:30 PM

*This message is submitted as a formal continuation of my statutory rights assertion under the Illinois Right of Publicity Act (765 ILCS 1075) and related professional licensing laws. It serves as my FOURTH FORMAL REQUEST for action and documentation concerning the unauthorized use of my name, CPA license, and professional identity on the Upwork platform.*

Dear Upwork Legal,

Please find below the full correspondence chain regarding the unauthorized use of my name, CPA license, and professional identity on the Upwork platform by the agency operating under the name "Fractional Tax, Inc."

This thread contains:

- **Four prior formal submissions** invoking my rights under the **Illinois Right of Publicity Act (765 ILCS 1075)**;

- **Written acknowledgment from Upwork personnel** (March 29, 2025) that I was **not the individual** submitting proposals to clients;

- Documentation that the agency in question, **Fractional Tax, Inc., has had its corporate charter revoked** and is therefore operating unlawfully;

- A clear deadline for action: **7:00 PM UTC on April 3, 2025**.

I am submitting this message as a **final legal notice**. Continued failure to act will result in enforcement proceedings and formal legal service as outlined.

Please **confirm receipt and acknowledgment** of the invocation of my **legally protected rights under Illinois State Law** and direct all further legal correspondence accordingly.

Sincerely,
**Evan J Cronin, CPA**


Evan J Cronin
EvanJC14@gmail.com|(267) 261-3116


[Quoted text hidden]

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 66 of 168 PageID #:450

 **Gmail**

Evan Cronin <evanjc14@gmail.com>

## [Upwork Help] Re: Freelancer - Other - Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being use...

**LegalNotices** <legalnotices+noreply@upwork.com>                    Tue, Apr 1, 2025 at 6:30 PM
To: evanjc14@gmail.com

Hello,

Thank you for emailing Upwork Inc. Legal Notices.  If you are providing notice required under our Terms of Service, this email will serve as your proof of receipt.  Please note we do not waive any legal service of process requirements.

If you are a user of Upwork.com, for a quicker response, please direct any questions on using the website, including questions on closing your account, to our customer service team at https://support.upwork.com.  You can find more information on closing your account in this helpful article: https://support.upwork.com/hc/en-us/articles/211067588-Close-my-account

Thank you,

Upwork Legal Team

 **Gmail**

Evan Cronin <evanjc14@gmail.com>

## [Upwork Help] Re: Freelancer - Other - Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being use...

**LegalNotices** <legalnotices+noreply@upwork.com>                    Tue, Apr 1, 2025 at 6:30 PM
To: evanjc14@gmail.com

Hello,

Thank you for emailing Upwork Inc. Legal Notices.  If you are providing notice required under our Terms of Service, this email will serve as your proof of receipt.  Please note we do not waive any legal service of process requirements.

If you are a user of Upwork.com, for a quicker response, please direct any questions on using the website, including questions on closing your account, to our customer service team at https://support.upwork.com.  You can find more information on closing your account in this helpful article: https://support.upwork.com/hc/en-us/articles/211067588-Close-my-account

Thank you,

Upwork Legal Team

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 6

---

## Professional Statement to Upwork (April 16, 2025)

**Date / Operational Origin:** *Sub-exhibits: 6A (executed Statement), 6B (transmission packet to Upwork Legal), and 6C (SignNow audit log).*

— Sub-exhibits follow this cover page —

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 6A

---

## Professional Statement to Upwork (Executed)

**Date / Operational Origin:** *Executed and submitted April 16, 2025; uploaded to Case #51489662 at 7:39 AM CT. Offered for submission, notice, preservation, and escalation — not for the truth of every statement contained therein.*

— Document follows this cover page —

# Professional Statement to Upwork

**Date:** April 16, 2025 (Chicago, IL)

**Prepared By:** Evan J Cronin, CPA

This Professional Statement to Upwork is submitted solely in my individual capacity as a licensed CPA, acting independently and without the benefit of legal representation. It is prepared in accordance with what I believe to be my professional responsibilities and my understanding of the ethical standards that support the public good, the integrity of honest work, and the people who rely upon that integrity.

This Professional Statement reflects my understanding of the matter and my actions, informed by the information available to me at the time and supported by contemporaneous documentation. It consolidates the procedural history of my outreach to Upwork—including formal assertions, written correspondence, and submitted materials—and is preserved here as part of the record.

Time references in this statement are intended to be expressed in Chicago local time, reflecting my personal residency. Efforts have been made to apply this time standard consistently across prior communications and documentation.

I reserve the right to clarify, supplement, or correct this statement as additional information becomes available or if further context is required.

## To Whom It May Concern,

Upwork markets itself as a global platform committed to professional integrity and user safety. As President and CEO Hayden Brown describes[1]:

> *"Our mission to create economic opportunities so people have better lives has taken us so much further. As a result, we've become the world's work marketplace where every day businesses of all sizes and independent talent from around the globe meet here to accomplish incredible things."*

> *"In fact, we designed it that way. Our work marketplace aligns the goals of our clients with the goals of talent on Upwork so that outcomes are better and everyone grows in the same direction. You'll find tools to*

---

[1] Brown, Hayden. n.d. "About Us." Upwork. Accessed April 14, 2025. https://www.upwork.com/about.

— 1 —

*develop your skills, evolve your business, and gain the control and freedom you need for success."*

*"We see your vision, and everything we do is an effort to help you make the connections that will turn that vision into reality, by building your Virtual Talent Bench of trusted people."*

*"I can say with confidence that the Upwork team - the team that serves you the talent and you the client - is still driven by our mission to create economic opportunity for our people around the world.*

*You're our people now, and we're glad that you're here."*

Messaging of this nature, to me, reflects an understanding of professional responsibility. When such values are publicly expressed—by the President and CEO—they carry with them a baseline expectation of response, particularly in matters implicating professional identity and regulatory oversight. At minimum, one would expect the platform to act on a report involving the identity and credentials of a licensed, regulated practitioner.

These publicly expressed values have not reflected my user experience. As documented in Support Case #51489662[2], Upwork declined to engage meaningfully despite repeated, clearly articulated, and documented concerns—including concerns the company acknowledged, but did not substantively act upon. In its correspondence, the platform confirmed that I was not the author of proposals at issue. I relayed that understanding in my April 1 message, and no correction was issued.

I escalated my concerns through a series of narrowly scoped requests grounded in ethical obligations, licensing responsibilities, and protections under the Illinois Right of Publicity Act (765 ILCS 1075).

# Table of Contents

**Date:** April 16, 2025 (Chicago, IL)...................................................................... 0
**Prepared By:** Evan J Cronin, CPA.................................................................... 0
**To Whom It May Concern,**................................................................................. **0**
**Table of Contents**.................................................................................................1
**I. Statement Purpose and Regulatory Context**............................................**2**
**II. Upwork's Design; Upwork's Words**.........................................................**2**

---

[2] Cronin, Evan J., and Upwork Global Inc. 2025. "Case Id #51489662." Upwork Support. https://support.upwork.com/hc/en-us/requests/51489662.

— 2 —

**III. Summary of Formal Requests**.......................................................**3**

III.1 – March 28, 2025 – Initial Notice, Statutory Invocation, and Evidentiary Submission.......................................................................................3

III.1.1-EJC-1 – 2:37 PM CT – March 28, 2025....................................3

III.1.2-EJC-2 – 3:43 PM CT – March 28, 2025....................................3

III.2 – March 29, 2025 – Platform Response and Authorship Acknowledgment 4

III.2.3-UPW-1 – 4:22 PM CT – March 29, 2025..................................4

III.2.4-UPW-2 – 7:16 PM CT – March 29, 2025..................................5

III.2.5-EJC-1 – 10:20 PM CT – March 29, 2025..................................5

III.2.6-UPW-3 – 10:48 PM CT – March 29, 2025................................6

III.3 – April 1, 2025 – Exhaustion Leads to Enforcement Deadline.................6

III.3.7-EJC-1 – 2:33 AM CT – April 1, 2025.......................................6

III.3.8-UPW-1 – 5:50 PM CT – April 1, 2025......................................7

III.3.9–EJC-2 – 6:24 PM CT / 6:30 PM CT – April 1, 2025............................7

**IV. Professional Reflection on Platform Design**............................................**8**

**V. Risk Management and Disclosures**...........................................................**8**

**VI. Closing and Preservation Statement**......................................................**8**

**VII. References**............................................................................................**9**

# I. Statement Purpose and Regulatory Context

This submission documents the steps I took to address concerns regarding the commercial misuse of my professional identity on Upwork as it relates to proposals and client-facing materials that falsely attributed my involvement in ways that appear to have been facilitated by features of Upwork's platform design.

# II. Upwork's Design; Upwork's Words

The following excerpts are direct quotes from Upwork's public-facing materials.

> 1. ***"Business managers can submit a proposal on behalf of any agency member."***
>
> – Upwork Help Center: Agency Proposals and Offers[3]

---

[3] Upwork Global Inc. n.d. "Agency proposals and offers – Upwork Customer Service & Support | Upwork Help." Upwork Help Center. Accessed April 14, 2025. https://support.upwork.com/hc/en-us/articles/360009524274-Agency-proposals-and-offers.

— 3 —

2. *"They can also edit or withdraw all agency proposals, as well as accept or decline all offers."*

– Upwork Help Center: Agency Proposals and Offers

3. *"Contracts with the agency are created at the individual freelancer profile level, even while agency contract earnings roll up to the agency."*

– Upwork Help Center: Agency Proposals and Offers

4. *"Only agency owners and business managers can access financial data, make changes to contracts, and manage proposals."*

– Upwork Help Center: Agency Settings and Permissions[4]

5. *"Both the contracted agency member and all business managers can submit milestones on fixed-price contracts."*

– Upwork Help Center: Agency Contracts

Upwork's design enables structuring that may obscure for clients who submitted a proposal, who is managing their contract, or who is handling their deliverables.

# III. Summary of Formal Requests
## (March 28, 2025 – April 1, 2025)

This section outlines the formal requests submitted to Upwork Trust & Safety and Upwork Legal between March 28 and April 1, 2025. "CT" refers to the U.S. Central Time Zone.

## III.1 – March 28, 2025 – Initial Notice, Statutory Invocation, and Evidentiary Submission

### III.1.1-EJC-1 – 2:37 PM CT – March 28, 2025

I submitted an initial message through Upwork's directed support channel to open a case and requested an escalated review. I provided a brief summary stating that

---

[4] Upwork Global Inc. n.d. "Agency settings and permissions – Upwork Customer Service & Support | Upwork Help." Build Your Agency. Accessed April 14, 2025. https://support.upwork.com/hc/en-us/articles/360009646553-Agency-settings-and-permissions.

— 4 —

my name and CPA credentials were being misused in client-facing proposals, and that I had supporting documentation.

### III.1.2-EJC-2 – 3:43 PM CT – March 28, 2025

I submitted a formal follow-up directly addressed to Upwork Trust & Safety detailing concerns about the misuse of my professional identity in connection with client-facing proposals and the Fractional Tax, Inc. agency account.

I included four documented examples of misuse, with three proposal screenshots attached. One (Mario Cvetic) included an internal Slack message confirming the agency was aware it was not a licensed CPA firm. A fourth proposal (Zephrina/ZMC) was described but not attached.

I requested a full record of how my name, image, or CPA credential had been used across all proposals, messages, or deliverables associated with the agency account, citing potential regulatory and reputational risk. I emphasized the limited visibility available to me as an agency member and the need for a complete audit trail. I stated the request was made in good faith pursuant to the Illinois Right of Publicity Act (765 ILCS 1075), with reference to my residency in Illinois and my responsibilities as a licensed CPA.

## III.2 – March 29, 2025 – Platform Response and Authorship Acknowledgment

### III.2.3-UPW-1 – 4:22 PM CT – March 29, 2025

Upwork Support responded on March 29 by acknowledging receipt of my report and reflecting its framing as a "serious violation of Upwork Terms of Service."

> *"I understand you would like to report a serious violation of Upwork Terms of Service by an agency you're a part of, please allow me to assist."*

The message further expressed empathy, describing the situation as "incredibly stressful" and affirming that it was "upsetting." Taken together, this language indicated that the concern had been received and understood as significant in both substance and personal impact.

> *"I'm really sorry to hear you're going through this frustrating situation; it must be incredibly stressful. I can imagine how upsetting this situation would be, and I'm here to assist you to alleviate some of that frustration."*

— 5 —

Upwork then cited its agency policy stating that business managers are permitted to submit proposals on behalf of agency members[5].

> *"To help keep agency workflows centralized and running smoothly, business managers can submit a proposal on behalf of any agency member."*

Upwork concluded by stating that my case did not constitute a Terms of Service violation and advised me to leave the agency if I had concerns, despite its apparent acknowledgment of the seriousness of the issue.

> *"After consulting with our team, we are able to confirm that this does not constitute a violation. You have the option to leave the agency if you feel that your team is using your name and CPA credentials without your consent or if the business managers are submitting proposals on your behalf."*

### III.2.4-UPW-2 – 7:16 PM CT – March 29, 2025

Later that same day, Upwork Trust & Safety (Keem) responded with a separate message that appeared to reopen the issue internally after Upwork's prior determination that no Terms of Service violation had occurred.

> *"We received your recent report of a possible violation on Upwork and we wanted to take a moment to thank you.*
>
> *We take all customer reports very seriously. To help us better investigate, we would appreciate any details you can provide. If possible, please reply to this email with the User ID of the agency and freelancer and proof that they are using your name to sign off work."*

Upwork acknowledged receipt of my report, thanked me for submitting it, and requested additional documentation to assist with further evaluation—including the agency and freelancer User IDs, and proof that my name was being used to sign off on work. Keem stated that this information would help Upwork determine what action to take.

### III.2.5-EJC-1 – 10:20 PM CT – March 29, 2025

I responded cordially to Upwork's request for additional information and politely reiterated the seriousness of the matter, including the statutory notice previously

---

[5] Upwork Global Inc. n.d. "Agency proposals and offers – Upwork Customer Service & Support | Upwork Help." Upwork Help Center. Accessed April 14, 2025.
https://support.upwork.com/hc/en-us/articles/360009524274-Agency-proposals-and-offers.

— 6 —

submitted under the Illinois Right of Publicity Act (765 ILCS 1075). I again summarized my concerns, provided additional documentation, and formally restated my request for insight into how my identity was being commercialized on Upwork's platform.

### III.2.6-UPW-3 – 10:48 PM CT – March 29, 2025

Upwork, through its Trust & Safety team issued its most substantive acknowledgment to date.

The message began:

> *"Thank you for the important information that you shared. I can understand the urgency of this issue to get straightened out."*

This affirmed that the matter was understood by both parties as both time-sensitive and significant.

Upwork continued:

> *"We are collating all of this information to establish the violation.*
>
> *We need additional clarification as we build solid evidence to use as a basis of our action."*

This indicated that my documentation was being treated as credible and warranted further attention.

Upwork also acknowledged that I was not the individual who submitted the client-facing materials:

> *"On the screenshots, that you have shared, it appears that you were not the one who sent these services to clients."*

At no point did Upwork challenge the statutory basis of my submission or the documentation provided.

## III.3 – April 1, 2025 – Exhaustion Leads to Enforcement Deadline

### III.3.7-EJC-1 – 2:33 AM CT – April 1, 2025

**Submission of Clarifying Documentation and Third Formal Request for Platform Action**

— 7 —

In response to Upwork's March 29 inquiry, I submitted a third formal message addressed to Trust & Safety representative Travis. I reiterated my statutory position under the Illinois Right of Publicity Act (765 ILCS 1075), clarified the nature of my agency affiliation, and formally responded to the platform's request for additional context. I again requested that action be taken.

Two additional supporting documents were attached:

1. **A Delaware Division of Corporations Status, Tax & History Information Report**, pulled on March 31, 2025 at 4:14:17 PM CT, reflecting that Fractional Tax Inc.'s charter was listed as "void" as of March 9, 2025. This public record documented the agency's loss of good standing during the relevant period.

2. **A comprehensive PDF record titled** *Formal and Final Notice Regarding Use of Name, Likeness, and Client-Facing Representation*, providing Upwork with contemporaneous documentation confirming that I had directly objected to the use of my professional identity.

This message provided additional supporting documentation, context, and structural clarification.

## III.3.8-UPW-1 – 5:50 PM CT – April 1, 2025

**Upwork Requests Documentation Already in Possession**

At 5:50 PM CT on April 1, 2025, Upwork responded to the documentation and third formal statutory assertion I had submitted earlier that day. Upwork acknowledged receipt stating:

> *"Thank you for your reply and for providing the above information."*

Upwork then requested three new categories of documentation:

1. *"screenshots showing the Agency sent proposals using your credentials that you did not approve"*

2. *"screenshots of contracts where your credentials were used but did not involve you as the direct freelancer working with the client"*

3. *"screenshots of any additional information showing the violation"*

The request included documentation clearly already provided and acknowledged by Upwork, as well as categories—such as screenshots of unapproved actions—that are not reasonably subject to evidentiary capture.

— 8 —

### III.3.9–EJC-2 – 6:24 PM CT / 6:30 PM CT – April 1, 2025
**Fourth Formal Request, Escalation and Referral to Upwork Legal**

Despite mutually stated recognition of the issue's urgency—and a shared acknowledgment of its stressful and frustrating nature—Upwork's responses failed to substantively engage with the legal and evidentiary concerns I had raised.

In light of my professional obligations, I concluded that continued correspondence was no longer tenable. I set a final enforcement deadline of 7:00 PM UTC (2:00 PM CT) on April 3, 2025, stating that failure to take corrective action by that time would trigger regulatory and legal action. The support thread and accompanying documentation were concurrently forwarded to Upwork Legal, and I received confirmation of receipt dated April 1, 2025, at 6:30 PM CT.

# IV. Professional Reflection on Platform Design

The events documented were not solely the result of case-level oversight but rather reflect structural conditions inherent in Upwork's platform design. I submitted factual documentation, cited relevant statutory protections, and articulated professional obligations tied to my licensure. I responded to the platform's requests in good faith, providing timely and thorough documentation. Key assertions were acknowledged—including recognition that client-facing proposals had been submitted under my name without authorship—yet the matter remained unresolved.

Viewed in this context, the issue extends beyond individual handling and points to a systemic flaw. Upwork's platform design enables third parties to transmit first-person–style communications under another freelancer's name, creating the conditions for false attribution and implied authorship.

# V. Risk Management and Disclosures

In light of documented events, I have made precautionary disclosures consistent with my professional responsibilities and ethical judgment.

# VI. Closing and Preservation Statement

As of April 2, 2025 at 5:55 PM CT, Upwork's support system recorded internal activity on the case following my final message on April 1, 2025; no further correspondence was received.

— 9 —

This statement reflects the full extent of my good-faith efforts, undertaken independently and in my professional capacity as a licensed CPA, to raise, clarify, and attempt to address the serious concerns documented. It reflects not only personal concern, but a professional obligation to document and respond to structural conditions that pose risk to the public trust.

My steps—including statutory notice, evidentiary submission, and repeated escalation—have been measured and grounded in the professional responsibilities that govern licensed practice, as well as the ethical standards Upwork publicly associates with its role as the self-described "world's work marketplace."

While I have documented the record to the best of my ability, I acknowledge that I do not yet know the full scope of harm or exposure. Although the matter directly involves Upwork, I have received no meaningful assistance from the company and have had to manage the situation independently, in my professional capacity, to the fullest extent I am able as an individual.

As such, unless requested otherwise by an appropriate authority, I consider this the close of my personal correspondence with Upwork. Further communications will likely proceed through designated representation.

This statement is submitted without prejudice to any future legal action or regulatory review and should not be interpreted as a waiver of any rights, claims, defenses, or remedies available under law.

Respectfully submitted,

*Evan J Cronin*

**Evan J Cronin, CPA**
04/16/2025

# VII. References

Brown, Hayden. n.d. "About Us." Upwork. Accessed April 14, 2025.

   https://www.upwork.com/about.

— 10 —

Cronin, Evan J., and Upwork Global Inc. 2025. "Case Id #51489662."

Upwork Support.

https://support.upwork.com/hc/en-us/requests/51489662.

Fractional Tax, Inc. n.d. "Upwork Agency Profile: Fractional Tax, Inc."

Upwork. Accessed April 14, 2025.

https://www.upwork.com/agencies/1782780848665907200/.

"765 ILCS 1075." 1999. Illinois General Assembly.

https://www.ilga.gov/legislation/ilcs/ilcs3.asp?ActID=2241.

Upwork Global Inc. n.d. "Agency Contracts – Upwork Customer Service &

Support | Upwork Help." Upwork Help Center. Accessed April 14,

2025.

https://support.upwork.com/hc/en-us/articles/360009646893-Agency-

Contracts.

Upwork Global Inc. n.d. "Agency Finances – Upwork Customer Service &

Support | Upwork Help." Upwork Help Center. Accessed April 14,

2025.

https://support.upwork.com/hc/en-us/articles/360009524554-Agency-F

inances.

Upwork Global Inc. n.d. "Agency proposals and offers – Upwork Customer

Service & Support | Upwork Help." Upwork Help Center. Accessed

April 14, 2025.

https://support.upwork.com/hc/en-us/articles/360009524274-Agency-p

roposals-and-offers.

— 11 —

Upwork Global Inc. n.d. "Agency settings and permissions – Upwork Customer Service & Support | Upwork Help." Build Your Agency. Accessed April 14, 2025. https://support.upwork.com/hc/en-us/articles/360009646553-Agency-settings-and-permissions.

Upwork Global Inc. n.d. "How to communicate professionally on Upwork – Upwork Customer Service & Support | Upwork Help." Upwork Help Center. Accessed April 14, 2025. https://support.upwork.com/hc/en-us/articles/1500007951322-How-to-communicate-professionally-on-Upwork.

Upwork Global Inc. n.d. "Leave an Agency – Upwork Customer Service & Support | Upwork Help." Upwork Help Center. Accessed April 14, 2025. https://support.upwork.com/hc/en-us/articles/360009523714-Leave-an-Agency.

Upwork Global Inc. n.d. "Security and Privacy." Upwork. Accessed April 14, 2025. https://www.upwork.com/trust-and-safety/security/#w-tabs-1-data-w-pane-1.

Upwork Global Inc. n.d. "Submit a request – Upwork Customer Service & Support | Upwork Help." Upwork Help Center. Accessed April 14, 2025.

— **12** —

https://support.upwork.com/hc/en-us/requests/new?ticket_form_id=39
64.

Upwork Global Inc. n.d. "Upwork Trust & Safety – Upwork Customer
Service & Support | Upwork Help." Upwork Trust & Safety. Accessed
April 14, 2025.
https://support.upwork.com/hc/en-us/articles/25205969832083-Upwor
k-Trust-Safety.

Upwork Global Inc. n.d. "Work for an agency – Upwork Customer Service &
Support | Upwork Help." Upwork Help Center. Accessed April 14,
2025.
https://support.upwork.com/hc/en-us/articles/211062608-Work-for-an-
agency.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

*Group B — Notice, Escalation & Routing*

E X H I B I T

# 6B

**April 16, 2025 Professional Statement Transmission Packet to Upwork Legal**

**Date / Operational Origin:** *Email to legalnotices@upwork.com, April 16, 2025, 7:43 AM CT. The Upwork Legal Notices reply states the email serves as proof of receipt for notices required under the Terms of Service. Two attachments are shown: the Professional Statement (Exhibit 6A) and the Upwork Support Case #51489662 archive (reproduced at Exhibit 4A).*

— Document follows this cover page —

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 84 of 168 PageID #:468

If you are a user of Upwork.com, for a quicker response, please direct any questions on using the website, including questions on closing your account, to our customer service team at https://support.upwork.com.  You can find more information on closing your account in this helpful article: https://support.upwork.com/hc/en-us/articles/211067588-Close-my-account

Thank you,

Upwork Legal Team

---

**Evan Cronin** <evanjc14@gmail.com>                                                    Wed, Apr 16, 2025 at 7:43 AM
To: legalnotices@upwork.com

Hello,

Please see attached.

Respectfully,
Evan J Cronin, CPA

Evan J Cronin
EvanJC14@gmail.com|(267) 261-3116


---------- Forwarded message ---------
From: **LegalNotices** <legalnotices+noreply@upwork.com>
Date: Tue, Apr 1, 2025 at 6:30 PM
Subject: Re: Fwd: [Upwork Help] Re: Freelancer - Other - Hi, I need to report a violation of Upwork's Terms of Service. My name and CPA credentials are being use...
To: <evanjc14@gmail.com>


Hello,

Thank you for emailing Upwork Inc. Legal Notices.  If you are providing notice required under our Terms of Service, this email will serve as your proof of receipt.  Please note we do not waive any legal service of process requirements.

If you are a user of Upwork.com, for a quicker response, please direct any questions on using the website, including questions on closing your account, to our customer service team at https://support.upwork.com.  You can find more information on closing your account in this helpful article: https://support.upwork.com/hc/en-us/articles/211067588-Close-my-account

Thank you,

Upwork Legal Team

---

**2 attachments**

 **Professional Statement to Upwork (04.16.2025).pdf**
395K

 **Upwork Support Case ID 51489662 (04.16.2025).pdf**
7258K

---

**LegalNotices** <legalnotices+noreply@upwork.com>                                      Wed, Apr 16, 2025 at 7:43 AM
To: evanjc14@gmail.com

Hello,

Thank you for emailing Upwork Inc. Legal Notices.  If you are providing notice required under our Terms of Service, this email will serve as your proof of receipt.  Please note we do not waive any legal service of process requirements.

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 85 of 168 PageID #:469

If you are a user of Upwork.com, for a quicker response, please direct any questions on using the website, including questions on closing your account, to our customer service team at https://support.upwork.com.  You can find more information on closing your account in this helpful article: https://support.upwork.com/hc/en-us/articles/211067588-Close-my-account


Thank you,

Upwork Legal Team

---

**LegalNotices** <legalnotices+noreply@upwork.com>                                    Wed, Apr 16, 2025 at 7:43 AM
To: evanjc14@gmail.com

Hello,

Thank you for emailing Upwork Inc. Legal Notices.  If you are providing notice required under our Terms of Service, this email will serve as your proof of receipt.  Please note we do not waive any legal service of process requirements.

If you are a user of Upwork.com, for a quicker response, please direct any questions on using the website, including questions on closing your account, to our customer service team at https://support.upwork.com.  You can find more information on closing your account in this helpful article: https://support.upwork.com/hc/en-us/articles/211067588-Close-my-account


Thank you,

Upwork Legal Team

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

*Group B — Notice, Escalation & Routing*

E X H I B I T

# 6C

**SignNow E-Signature Audit Log — Professional Statement (Document ID 939faadf…)**

**Date / Operational Origin:** *Authentication component for Exhibit 6A; retained as a distinct exhibit though nested behind the Statement.*

— Document follows this cover page —



## Document History

SignNow E-Signature Audit Log

All dates expressed in MM/DD/YYYY (US)

| | | |
|---|---|---|
| **Document name:** | Professional Statement to Upwork (04.16.2025) | |
| **Document created:** | 04/16/2025 12:24:00 | |
| **Document pages:** | 13 | |
| **Document ID:** | 939faadf97cf46eeae723702d6be631bc0e497eb | |
| **Document Sent:** | | |
| **Document Status:** | | |
| **Sender:** | evan@cronintaxservices.com | |
| **Signers:** | | |
| **CC:** | | |

| Client | Event | By | Server Time | Client Time | IP Address |
|---|---|---|---|---|---|
| SignNow Web Application | Uploaded the Document | evan@cronintaxservices.com | 04/16/2025 12:24:00 pm UTC | 04/16/2025 12:23:57 pm UTC | 172.56.17.63 |
| SignNow Web Application | Viewed the Document | evan@cronintaxservices.com | 04/16/2025 12:24:07 pm UTC | 04/16/2025 12:24:07 pm UTC | 172.56.17.63 |
| SignNow Web Application | Signed the Document | evan@cronintaxservices.com | 04/16/2025 12:25:40 pm UTC | 04/16/2025 12:25:40 pm UTC | 172.56.17.63 |
| SignNow Web Application | Document Saved | evan@cronintaxservices.com | 04/16/2025 12:25:40 pm UTC | 04/16/2025 12:25:40 pm UTC | 172.56.17.63 |
| SignNow Web Application | Added a Text | evan@cronintaxservices.com | 04/16/2025 12:25:40 pm UTC | 04/16/2025 12:25:40 pm UTC | 172.56.17.63 |
| SignNow Web Application | Viewed the Document | evan@cronintaxservices.com | 04/16/2025 12:26:07 pm UTC | 04/16/2025 12:26:07 pm UTC | 172.56.17.63 |
| SignNow Web Application | Document Saved | evan@cronintaxservices.com | 04/16/2025 12:26:53 pm UTC | 04/16/2025 12:26:53 pm UTC | 172.56.17.63 |
| SignNow Web Application | Invite Sent to: evanjc14@gmail.com | evan@cronintaxservices.com | 04/16/2025 12:27:09 pm UTC | 04/16/2025 12:27:08 pm UTC | 172.56.17.63 |
| SignNow Web Application | Viewed the Document | evanjc14@gmail.com | 04/16/2025 12:27:42 pm UTC | 04/16/2025 12:27:42 pm UTC | 91.246.58.171 |
| SignNow Web Application | Viewed the Document | evanjc14@gmail.com | 04/16/2025 12:28:00 pm UTC | 04/16/2025 12:27:49 pm UTC | 199.250.251.37 |
| SignNow Web Application | Invite Canceled for: evanjc14@gmail.com | evan@cronintaxservices.com | 04/16/2025 12:31:35 pm UTC | 04/16/2025 12:31:34 pm UTC | 172.56.17.63 |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

_Group B — Notice, Escalation & Routing_

# E X H I B I T

# 7

**Post-Statement Access & Timeline Email Packets**

**Date / Operational Origin:** _Sub-exhibits: 7A, 7B, and 7C — contemporaneous emails with nested dashboard captures._

— Sub-exhibits follow this cover page —

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 7A

---

**Platform Review Timing Email Packet (April 16, 2025) with Nested
Dashboard Capture**

**Date / Operational Origin:** *Contemporaneous email memorializing the 7:39 AM
Professional Statement submission, 7:43 AM legal forwarding, and 8:08 AM support-case
last-activity update. Case dashboard capture IMG_0712 (8:08 AM CT).*

**Components (in order):**

| | |
|---|---|
| **7A-1** | Platform Review Timing email, April 16, 2025 (1:15 & 1:48 PM CT) |
| **7A-2** | Nested: dashboard capture IMG_0712 — April 16, 2025, 8:08 AM CT |

— Document follows this cover page —

---

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

# 7A-1

---

Platform Review Timing email, April 16, 2025 (1:15 & 1:48 PM CT)

— Component follows this divider —

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 91 of 168 PageID #:475



Evan Cronin <evanjc14@gmail.com>

---

# Supplemental Note: Platform Review Timing Following Final Professional Statement Submission

2 messages

---

**Evan Cronin** <evan@cronintaxservices.com>                              Wed, Apr 16, 2025 at 1:15 PM
To: Evan Cronin <evanjc14@gmail.com>

Drafted in reference to Upwork Support Case ID #51489662

As of this note Upwork's last activity status reflects the following sequence:

- 7:39 AM CT – Submission of Final Professional Statement via the official case support thread.

- 7:43 AM CT – Legal forwarding of the same document to [legalnotices@upwork.com](mailto:legalnotices@upwork.com), with complete attachments and references.

- 8:08 AM CT – Case system auto-updates to reflect "Last activity: Today, 8:08 AM CT," despite no additional user-initiated message or filing.

This internal system timestamp indicates that the case was accessed, modified, or routed within 29 minutes of formal submission. This stands in stark contrast to all prior correspondence—spanning four formal statutory notices and multiple documentation rounds submitted between March 28 and April 1, 2025—which received no such prompt acknowledgment or visible system response within comparable timeframes.


Accordingly, the record now confirms that:

- Upwork's internal systems did process or register the final submission within 30 minutes of receipt;

- This activity occurred without any user-generated prompt or reply after 7:43 AM;

- The "Last activity" timestamp serves as a system-generated indicator of internal review or interaction, likely reflecting internal escalation, metadata processing, or legal department access.

Interpretive Note:

This behavior suggests that the platform was fully capable of prompt case handling, metadata processing, and internal visibility—but that such responsiveness was not exercised during prior statutory filings. The temporal proximity of the 8:08 AM system activity to the final professional submission at 7:39 AM may therefore be classified as material to any future evidentiary or regulatory inquiry into platform responsiveness, statutory compliance, or risk containment behavior.



📄 Upwork Support Case Post Professional…

📄 Upwork Support Case ID 51489662…

📄 Notice to Upwork Legal (04.16.2025).pdf

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 92 of 168 PageID #:476





**IMG_0712.png**
326K

**Evan Cronin** <evan@cronintaxservices.com>                    Wed, Apr 16, 2025 at 1:48 PM
To: Evan Cronin <evanjc14@gmail.com>

Timeline Statement
(With CT/UTC Time Conversions)

On April 1, 2025, I issued my fourth formal request under the Illinois Right of Publicity Act:

• 6:24 PM Central Time (CT) via the Upwork Support thread, and
• 6:30 PM CT via direct email to Upwork Legal.

This notice included a formal enforcement deadline of 7:00 PM UTC on April 3, 2025 (2:00 PM CT), stated explicitly in Coordinated Universal Time to ensure legal precision.

The last visible response from the platform occurred on April 2, 2025 at 5:55 PM CT (10:55 PM UTC). No further documented acknowledgment, response, or system activity was reflected in the support thread following the enforcement deadline—and possibly not in the period immediately preceding it either.

On April 16, 2025 at 7:39 AM CT, I submitted my Final Professional Statement via the Upwork case portal. At 8:08 AM CT, exactly 29 minutes later, the system logged internal activity—despite no new message being submitted.

Interpretive Note: The record now shows 13 full days of silence following the April 3 deadline, broken only by internal system movement in direct response to my final submission. This strongly suggests that prior inaction was strategic rather than systemic—demonstrating awareness, control, and calculated timing.

**Evan J Cronin, CPA, MT**
✉ evan@cronintaxservices.com | 📞 +1 (312) 725-9960
🌐 cronintaxservices.com
*Tax & Accounting Made Simple with Big-Firm Expertise, Tailored for You*
[Quoted text hidden]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

---

# 7A-2

---

Nested: dashboard capture IMG_0712 — April 16, 2025, 8:08 AM CT

— Component follows this divider —



*IMG_0712 — Dashboard "Last activity" — April 16, 2025, 8:08 AM CT*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

*Group B — Notice, Escalation & Routing*

E X H I B I T

# 7B

**Post-Statement Access Timeline Email Packet (April 16, 2025) with Nested Dashboard Captures**

**Date / Operational Origin:** *Contemporaneous timeline email identifying post-statement support-case activity at 8:08 AM and 5:01 PM CT, and a later message referencing 9:32 PM CT. Case dashboard captures IMG_0717 (5:01 PM) and IMG_0718 (9:32 PM).*

**Typographical Correction:** *The April 16, 2025 email timestamped 10:34 PM refers to activity occurring on "April 17" at 9:32 PM CT. This is an obvious typographical error. The referenced activity occurred on April 16, 2025 at 9:32 PM CT, approximately one hour before the email was sent. The underlying screenshot and contemporaneous records confirm the correct date.*

**Components (in order):**

| | |
|---|---|
| **7B-1** | Post-Statement Access Timeline email, April 16, 2025 (6:31 & 10:34 PM CT) |
| **7B-2** | Nested: dashboard capture IMG_0717 — 5:01 PM CT |
| **7B-3** | Nested: dashboard capture IMG_0718 — 9:32 PM CT |

— Document follows this cover page —

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

# 7B-1

Post-Statement Access Timeline email, April 16, 2025 (6:31 & 10:34 PM CT)

— Component follows this divider —

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 97 of 168 PageID #:481

 Gmail

**Evan Cronin <evanjc14@gmail.com>**

## Post-Statement Access Timeline (Minimum Verifiable Events)
2 messages

**Evan Cronin** <evanjc14@gmail.com>                                                 Wed, Apr 16, 2025 at 6:31 PM
To: Evan Cronin <evan@cronintaxservices.com>

### Post-Statement Access Timeline (Minimum Verifiable Events)

- April 16, 2025 at 8:08 AM CT:

  The case file is accessed following your official submission of the Professional Statement to Upwork. This time is consistent with a first internal review or routing after overnight processing or East Coast legal team calendar starts.

- April 16, 2025 at 5:01 PM CT:

  The file is accessed again. This was seven hours later, and notably after normal review cycles might've concluded. It suggests renewed attention, possible escalation, or deliberate internal holding pattern ahead of either a full response or documentation lockdown.

Evan J Cronin

EvanJC14@gmail.com|(267) 261-3116

**3 attachments**



**IMG_0711.png**
387K

**IMG_0717.png**
361K



**IMG_0712.png**
326K

---

**Evan Cronin** <evan@cronintaxservices.com>                    Wed, Apr 16, 2025 at 10:34 PM
To: Evan Cronin <evanjc14@gmail.com>

The platform did not respond to my final professional statement. However, metadata confirms that they reviewed the file repeatedly—including on April 17 at 9:32 PM CT—without offering a reply or resolution. Their silence, in light of those documented interactions, constitutes a knowing choice to leave the matter unresolved.

  

**10:26**

[ 📎 Add file ]

[ Mark as solved ]   [ Submit ]

| Id | #51489662 |
|---|---|
| Status | Open |
| Created | March 28, 2025 at 2:37 PM |
| Last activity | Today, 9:32 PM |
| Requester | Evan Cronin |
| CCs | Noel |
| | Yosef Mahmood |
| | Anastasiia Dryha |

## Attachments

Upwork_Eric_(02.28.2025).png
(60 KB)
Upwork_Jerome_(03.27.2025).png
(60 KB)
Upwork_Mario_(03.03.2025_Audit Ex).png
(90 KB)
IMG_0304.PNG
(500 KB)
Upwork Agency Profile.pdf
(900 KB)
Fractional Agency 300+ entities served
claim.png
(400 KB)
Formal and Final Notice Regarding Use of

Formal and Final Notice Regarding Use of
Name, Likeness, and Client-Facing Repre.pdf

(300 KB)

Delaware Charter Revocation – Fractional Tax
Inc. (Revoked as of 3-9-2025).pdf

(60 KB)

Professional Statement to Upwork
(04.16.2025).pdf

(400 KB)

Professional Statement to Upwork
(04.16.2025).pdf

(400 KB)

Upwork Support Case ID 51489662
(04.16.2025).pdf

(7 MB)

Upwork Dashboard

support.upwork.com

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 101 of 168 PageID #:485

**Evan J Cronin, CPA, MT**

📧  evan@cronintaxservices.com | 📞  +1 (312) 725-9960

🌐  cronintaxservices.com

*Tax & Accounting Made Simple with Big-Firm Expertise, Tailored for You*

[Quoted text hidden]

---

📄 **Upwork Support Case ID LA Update_3_(04.16.2025).pdf**
236K

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

---

# 7B-2

---

Nested: dashboard capture IMG_0717 — 5:01 PM CT

— Component follows this divider —



*IMG_0717 — Dashboard "Last activity" — April 16, 2025, 5:01 PM CT*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

---

# 7B-3

---

Nested: dashboard capture IMG_0718 — 9:32 PM CT

— Component follows this divider —



*IMG_0718 — Dashboard "Last activity" — April 16, 2025, 9:32 PM CT*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

―――――――――――――――――――――――――――――――――

*Group B — Notice, Escalation & Routing*

E X H I B I T

# 7C

―――――――――――――――――――――――――――――――――

**April 17, 2025 Case Activity Email Packet with Nested Dashboard Capture**

**Date / Operational Origin:** *Contemporaneous April 17 email preserving the support-case record showing "Last activity Today, 2:35 PM." Case dashboard capture IMG_0747 (2:35 PM CT).*

**Components (in order):**

| | |
|---|---|
| **7C-1** | Upwork Case Activity email, April 17, 2025 (4:55 PM CT) |
| **7C-2** | Nested: dashboard capture IMG_0747 — 2:35 PM CT |

— Document follows this cover page —

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

# 7C-1

Upwork Case Activity email, April 17, 2025 (4:55 PM CT)

— Component follows this divider —

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 108 of 168 PageID #:492



Evan Cronin <evanjc14@gmail.com>

## Upwork Case Activity 4/17/25 at 2:35 PM CT

1 message

**Evan Cronin** <evan@cronintaxservices.com>                    Thu, Apr 17, 2025 at 4:55 PM
To: Evan Cronin <evanjc14@gmail.com>

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 109 of 168 PageID #:493

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 110 of 168 PageID #:494



| Id | #51489662 |
| --- | --- |
| Status | Open |
| Created | March 28, 2025 at 2:37 PM |
| Last activity | Today, 2:35 PM |
| Requester | Evan Cronin |
| CCs | Noel |
| | Yosef Mahmood |
| | Anastasiia Dryha |

## Attachments

Upwork_Eric_(02.28.2025).png
(60 KB)

Upwork_Jerome_(03.27.2025).png
(60 KB)

Upwork_Mario_(03.03.2025_Audit Ex).png
(90 KB)

IMG_0304.PNG

(500 KB)

## Upwork Agency Profile.pdf

(900 KB)

## Fractional Agency 300+ entities served claim.png

(400 KB)

## Formal and Final Notice Regarding Use of Name, Likeness, and Client-Facing Repre.pdf

(300 KB)

## Delaware Charter Revocation – Fractional Tax Inc. (Revoked as of 3-9-2025).pdf

(60 KB)

## Professional Statement to Upwork

support.upwork.com



**Upwork Support Case Activity - 04.17.2025 at 2.35 PM.pdf**
236K

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

# 7C-2

Nested: dashboard capture IMG_0747 — 2:35 PM CT

— Component follows this divider —



*IMG_0747 — Dashboard "Last activity" — April 17, 2025, 2:35 PM CT*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group B — Notice, Escalation & Routing*

# E X H I B I T

# 8

---

## Upwork Legal-Function Identifications

**Date / Operational Origin:** *Sub-exhibits: 8A (Yosef Mahmood) and 8B (Anastasiia Dryha) — public LinkedIn profiles.*

— Sub-exhibits follow this cover page —

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

*Group B — Notice, Escalation & Routing*

E X H I B I T

# 8A

**Public LinkedIn Profile — Yosef Mahmood, Counsel for Policy, Privacy & Litigation, Upwork**

**Date / Operational Origin:** *Public self-identification. Offered for limited role-identification and routing context.*

— Document follows this cover page —

## Contact

www.linkedin.com/in/yosef-
mahmood-6540b23b (LinkedIn)

## Top Skills

Artificial Intelligence (AI)

Trust and Safety

Zendesk

# Yosef Mahmood

Counsel - Policy, Privacy, Litigation
United States

## Experience

**Upwork**
Counsel - Policy, Privacy, Litigation
March 2023 - Present (3 years 3 months)
Los Angeles, California, United States

**Afghan-American Community Organization (AACO)**
Conference Director, Programming Director
January 2021 - December 2023 (3 years)
Los Angeles, California, United States

Managed planning team of 10 and conference team of 20+ to plan and host
annual 400+ person conference, bringing the Afghan-American community
together for a three-day weekend of networking, community reflection, and
problem-solving.

Supported other organizational efforts including year-round programming,
annual fundraising gala, policy initiatives, and fiscal sponsorships.

**Los Angeles City Attorney's Office**
Deputy City Attorney
May 2020 - March 2023 (2 years 11 months)
Los Angeles, California, United States

Litigated civil law enforcement actions focused on complex, high impact
matters in various areas including consumer protection, wage theft, and unfair
business and housing practices.

**Kirkland & Ellis LLP**
Associate
June 2017 - May 2020 (3 years)
Greater Los Angeles Area

**Blank Rome LLP**
Associate
December 2014 - May 2017 (2 years 6 months)
Greater Los Angeles Area

Bingham McCutchen
Associate
January 2014 - December 2014 (1 year)

Bingham McCutchen
Summer Associate
May 2012 - July 2012 (3 months)

---

## Education

University of California, Los Angeles - School of Law
Doctor of Law (J.D.), Law · (2010 - 2013)

California State University, Fresno
Bachelor of Arts (B.A.), Political Science and Government and Theatre
Arts · (2005 - 2009)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

*Group B — Notice, Escalation & Routing*

E X H I B I T

# 8B

**Public LinkedIn Profile — Anastasiia Dryha, Litigation Paralegal, Upwork**

**Date / Operational Origin:** *Public self-identification; author/context for the May 9 email (Exhibit 10). Offered for limited role-identification and routing context.*

— Document follows this cover page —

## Contact

www.linkedin.com/in/anastasiia-dryha (LinkedIn)

## Top Skills

Family Law
Legal Administration
Case Management

## Certifications

Interpersonal Communication
Time Management Fundamentals
Paralegal Certificate

# Anastasiia D.

Legal Assistant - Policy, Litigation & Privacy
San Francisco, California, United States

## Summary

Certified Paralegal and legal support professional with experience in litigation support, legal research, document drafting, subpoena and law enforcement response, privacy review support, and cross-functional legal coordination in fast-paced in-house environments. Skilled in case management, evidence review, deadline tracking, levy handling, vendor onboarding support, and SOP development. Recognized for strong organizational skills, sound judgment, and the ability to manage high-volume legal matters with accuracy, efficiency, and follow-through.
Let's connect to explore opportunities or collaborate on impactful projects!

————

## Experience

Upwork
2 years 7 months

Legal Assistant - Policy, Litigation & Privacy - HWS
June 2024 - Present (2 years)
San Francisco Bay Area

- Manage subpoenas, law enforcement requests, levies, and other official legal demands, ensuring timely and compliant responses.
- Provide litigation support, including case preparation, document review, legal research, evidence organization, and case summaries.
- Maintain calendars, deadlines, and matter trackers to support compliance and efficient case management.
- Assist with privacy review support, including documentation review and coordination of PIA-related processes.
- Support vendor onboarding and legal documentation workflows, ensuring proper tracking and completion of required records.
- Draft standard operating procedures, templates, and internal documentation to improve legal workflows and knowledge management.
- Collaborate with cross-functional teams including policy, payments, finance, and external counsel.

Paralegal
November 2023 - July 2024 (9 months)
California, United States

- Conducted legal research and prepared a variety of legal documents, including pleadings, motions, contracts, and related filings.
- Supported case management by organizing case files, scheduling appointments, and monitoring court deadlines to ensure timely compliance.
- Maintained clear communication with clients to understand their legal needs and help deliver tailored support solutions.
- Collaborated closely with attorneys to ensure the accurate and timely completion of legal tasks and case-related deliverables.

Advantage Technical
Language Specialist
February 2023 - July 2024 (1 year 6 months)
Menlo Park, California, United States

Messeprojekt GmbH
Assistant Project Manager
December 2017 - September 2018 (10 months)
Kharkiv, Ukraine

---

## Education

UC Berkeley Extension
Legal Assistant/Paralegal · (April 2023)

City College of San Francisco
Associate of Arts - AA, Speech Communication and Rhetoric · (December 2021)

V. N. Karazin Kharkiv National University
Bachelor of Arts - BA, Foreign Languages, Literatures, and Linguistics · (July 2017)

Dalian University of Foreign Languages
Chinese Language Program, Chinese Language and Literature

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

---

GROUP C

# Demand, Commitment, Default & Cure

---

*Exhibits 9 through 11 — the Pullman & Comley demand letter, Upwork's May 9 60-day performance commitment, and the June 6, 2025 follow-up and cure-demand letter.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group C — Demand, Commitment, Default & Cure*

# E X H I B I T

# 9

---

**Pullman & Comley Demand Letter to Upwork — Letter Only**

**Date / Operational Origin:** *April 29, 2025; transmitted to legalnotices@upwork.com. Letter exhibits omitted here. Offered for notice, timing, and condition-precedent/default chronology.*

— Document follows this cover page —



**Russell F. Anderson**
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
p    203 330 2271
f    203 576 8888
randerson@pullcom.com
www.pullcom.com

**Sent via Email to legalnotices@upwork.com**

April 29, 2025

Upwork Global Inc.
530 Lytton Ave
Suite 301
Palo Alto, CA 94301
Attn: General Counsel

**Re:    Violations of Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"), common law trademark, and Upwork Privacy Policy and Terms of Use**

To Whom it May Concern,

This firm represents Evan J. Cronin ("Cronin"), a CPA licensed in Illinois, Pennsylvania, and California. Cronin has two profiles on Upwork's platform – one for himself and one for his CPA company, Evan J Cronin CPA & Tax Services.[1, 2] Cronin previously had a relationship as a contractor with another Upwork user, Fractional Tax, Inc. ("Fractional").[3] Cronin became a contractor with Fractional in December 2024 and Fractional added him as an agency member to their Upwork profile in February 2025.

Almost immediately after adding Cronin as an agency member to their Upwork profile, Fractional messaged potential clients in Cronin's name (the "Postings") (see attached Exhibits). He became aware of them only when prospective clients messaged him directly in response to the Postings.

Fractional published the Postings, which they sent to prospective clients pretending to be Cronin – that is, they seemingly came from Cronin's Upwork profile under his likeness and identity. They fraudulently misrepresented that Cronin owned or operated Fractional, and offered services to potential clients that Cronin is not licensed to provide. Cronin does not run Fractional as they fraudulently told prospective clients. He is not their CPA of record, and he had only been affiliated with them for a few weeks as a contractor at the onset of the fraudulent Postings.

---

[1] Evan Cronin: https://www.upwork.com/freelancers/~011a13ffac06358218
[2] Evan J Cronin CPA & Tax Services: https://www.upwork.com/agencies/1855888236213517446/
[3] Fractional Tax, Inc.: https://www.upwork.com/agencies/1782780848665907200/

**PULLMAN
& COMLEY**

Page 2

As is clear from the attached Exhibits, the Postings did not come from Fractional's Upwork account. They appear to have been published by Cronin directly. The sender identifies themselves as Cronin, states that Cronin runs Fractional, offers services ostensibly to be performed by Cronin, and signs the Postings in Cronin's name. Unequivocally, Cronin did not make those Postings, nor did he not authorize Fractional to publish the Postings in his name. Rather, Fractional fraudulently published the Postings to solicit customers, intending that they appear to be from Cronin's personal Upwork account. Cronin does not know how Fractional made it appear as if he published these Postings, and he is perturbed by the fraudulent, bad faith conduct by Fractional to imitate him while soliciting clients in his name in blatant violation of Upwork's Terms of Use.

After Cronin confronted Fractional about the unauthorized and fraudulent Postings in violation of Upwork's Terms of Use, Fractional sent Cronin a termination notice on March 28, 2025. The termination notice stated that Cronin's relationship with Fractional would end on April 28, 2025. Notwithstanding the April 28th termination date, Fractional immediately locked Cronin out of all of Fractional's platforms including Slack and MyTax, and they also removed him as an agency member of their Upwork profile. As a result, he was no longer able to access any work that Fractional had solicited in his name on Upwork, nor has Fractional compensated Cronin for the work that he did complete on their behalf.

Cronin, who still has access to his personal Upwork accounts, has recently heard from prospective clients responding to the fraudulent Postings, indicating that, despite his termination and removal from Fractional's agency profile on Upwork, Postings between prospective clients and Fractional – where they fraudulently imitated Cronin – are still active on Upwork.

Despite no longer having any relationship with Fractional, Cronin is concerned that active Postings that fraudulently imitate him will lead to harm both for clients seeking CPA services and for his own professional reputation, licenses, and credentials. To the extent that Fractional may currently be completing work for clients who responded to the Postings and who may believe that Cronin is completing the work offered in the Postings, or who may still be hearing from prospective clients who believe that they are corresponding with Cronin, the fraud is ongoing as is further damage to Cronin's professional reputation and licensure requirements. Please note that it is a crime to perform accountancy services without a license, and Cronin is concerned that Fractional is doing this under the cover of Cronin's name on Upwork.

Even more distressing is that in late March and early April, 2025, Cronin contacted Upwork to ask that it remove the fraudulent Postings to help him protect his professional licenses and credentials. Upwork took no remedial action or any enforcement whatsoever despite substantial documentation detailing the Postings. He has now retained our firm to assist him to more aggressively pursue actions to remedy these issues.

Fractional's conduct is a clear and flagrant violation of Section 3.2 of Upwork's Terms of Use prohibiting misleading facts. The Terms of Use prohibit the "passing off any part of someone else's profile or identity as your own," and "impersonating or falsely attributing statements to any

**PULLMAN
&COMLEY**

Page 3

person or entity." By creating Postings in Cronin's name, they impersonated him and passed off his profile as their own. Further, the Terms of Use prohibit "submitting a proposal on behalf of a freelancer who can't or won't do the work." By submitting Postings advertising work that Cronin was not legally permitted to complete due to the limits of his CPA licensure, Fractional again deliberately violated Upwork's Terms of Use.

We are confident that Upwork has put in place these Terms of Use to protect its own corporate interests. By ignoring Cronin's requests and allowing the conduct to continue even after notice, Upwork permitted this fraud to occur on its service. This fraud hurts Upwork's customers and could cause customers to lose faith in the integrity of the Upwork service.

The Postings and their continued publication also violate Cronin's rights under the UDTPA, CFDBPA, Digital Millenium Copyright Act, as well as his common law trademark rights. Pursuant to Cronin's rights under these laws, Cronin demands the immediate removal of all Postings by Fractional and any other unauthorized content referencing Cronin's name, likeness, or credentials (the "Content"). While Cronin would prefer not to sue Upwork to stop this fraud, he is fully prepared to do so and has numerous means by which to require Upwork to do so.

Further, it is imperative that Upwork take immediate investigative action into how this occurred. The question of how Fractional was able make Postings that appear to come from Cronin's personal account must be answered. In addition to the specific harm done to Cronin, Fractional's fraudulent Postings impersonating Cronin indicate that there is a global risk to all freelancers on the Upwork platform that agencies may be able to impersonate them to solicit business in direct contravention of the law and the Upwork Terms of Use. In the event that we are required to sue Upwork to enforce Cronin's rights, we may explore whether a class action is appropriate of other aggrieved freelancers.

Cronin also requests that Upwork contact all clients who responded to the Postings, those who may be in contact with Fractional under the belief that they are communicating with Cronin, and those who may believe that Cronin has completed or will complete work on their behalf so that he may exercise his rights and notify them of the fraudulent misrepresentation and that he has no involvement with their projects. These remedial disclosures are necessary to ensure that Cronin can protect his professional reputation and his licensure in Illinois, Pennsylvania, and California. If Cronin is not able to protect his licensure, his damages will increase dramatically in any claim against Upwork.

Please confirm receipt of this notice by May 1, 2025. We hope to come to a satisfactory resolution to this matter by May 8, 2025. If we have not heard from you by then, we will consider any and all options to protect Cronin and his legal rights and professional reputation, including formally noticing the Illinois Attorney General, Illinois Department of Labor, and relevant accounting boards.

**PULLMAN
&COMLEY**

Page 4

Please note that nothing in this letter shall constitute an admission or waiver.

Best regards,

Russell F. Anderson

**PULLMAN
&COMLEY**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group C — Demand, Commitment, Default & Cure*

# E X H I B I T

# 10

---

**Upwork Legal 60-Day Performance Email — Anastasiia Dryha, May 9, 2025**

**Date / Operational Origin:** *Party/opponent statement; commitment/verbal act. Thread includes Upwork's April 29, 2025 receipt acknowledgments. Overlaps Complaint Ex. K-2; retained as a standalone motion exhibit.*

— Document follows this cover page —

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 129 of 168 PageID #:513

 **Outlook**

---

## Re: [LegalNotices] Demand Letter

---

**From** Anastasiia Dryha <anastasiiadryha@cloud.upwork.com>

**Date** Fri 5/9/2025 4:41 PM

**To** Lane, Jill <jlane@pullcom.com>

**Cc** Anderson, Russell F. <randerson@pullcom.com>; Schaitkin, Ryan <rschaitkin@pullcom.com>

To Whom It May Concern,

We are reaching out to inform you that we are currently working on this response and expect to provide it shortly. Please note that, according to the arbitration provisions applicable to this matter, we have 60 days from the receipt of your demand to provide our response. We will ensure that our formal response is provided within this period.

If you have any questions or need further clarification, please feel free to contact us.

Best regards,

On Tue, Apr 29, 2025 at 10:39 AM LegalNotices <legalnotices@upwork.com> wrote:

> To Whom It May Concern,
>
> This is to confirm receipt of your Demand Letter. Our team is currently reviewing the matter, and we acknowledge the timeline outlined in your message.
>
> We are working toward a constructive resolution and will be in touch soon.
>
> Best regards,
> Upwork Legal
>
> On Tue, Apr 29, 2025 at 8:04 AM 'Lane, Jill' via LegalNotices <legalnotices@upwork.com> wrote:
>
>> Good morning,
>>
>> Please see the attached correspondence on behalf of Attorney Russell Anderson.
>>
>> Best regards,
>>
>> Jill

**Jill Lane**
Paralegal

**Pullman & Comley LLC**
253 Post Road West  P.O. Box 3179
Westport, CT 06880-8180
T 203 330 2273  •  F 203 576 8888
jlane@pullcom.com  •  www.pullcom.com

**V-card**  •  **Directions**

**PULLMAN**
**&COMLEY**

BRIDGEPORT  HARTFORD  SPRINGFIELD  STAMFORD  WATERBURY  WESTPORT  WHITE PLAINS

**Please consider the environment before printing this message.**

THIS MESSAGE AND ANY OF ITS ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE DESIGNATED RECIPIENT, OR THE RECIPIENT'S DESIGNEE, AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL OR PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE (1) IMMEDIATELY NOTIFY PULLMAN & COMLEY ABOUT THE RECEIPT BY TELEPHONING (203) 330-2000; (2) DELETE ALL COPIES OF THE MESSAGE AND ANY ATTACHMENTS; AND (3) DO NOT DISSEMINATE OR MAKE ANY USE OF ANY OF THEIR CONTENTS.

--
Anastasiia Dryha | Legal Assistant - Policy, Litigation & Privacy
Upwork | San Francisco, California (UTC -7)
The world's work marketplace
Find us on LinkedIn | Twitter | Facebook | Instagram

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

*Group C — Demand, Commitment, Default & Cure*

E X H I B I T

# 11

**Pullman & Comley Follow-Up and Cure-Demand Letter (June 6, 2025) —
Letter Only**

**Date / Operational Origin:** *June 6, 2025; transmitted to legalnotices@upwork.com. The letter's 26 pages of attachments are omitted here and remain available; the complete 28-page packet was produced with Plaintiff's May 28, 2026 compendium, Ex. 3.*

— Document follows this cover page —



**Russell F. Anderson**
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
p   203 330 2271
f   203 576 8888
randerson@pullcom.com
www.pullcom.com

**Via Email legalnotices@upwork.com**

June 6, 2025

Upwork Global Inc.
530 Lytton Ave
Suite 301
Palo Alto, CA 94301
Attn: General Counsel

**Re:    Violations of Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"), common law trademark, and Upwork Privacy Policy and Terms of Use**

To Whom it May Concern,

This correspondence is a follow-up to our previous letter dated April 29, 2025 (the "**April 29th Letter**") and Upwork's May 9th response email (the "**May 9th Email**") regarding the unauthorized and fraudulent postings by Fractional Tax, Inc. ("**Fractional**") impersonating another Upwork user, Evan J. Cronin ("**Cronin**"). The April 29th Letter describes the numerous and material failures on the part of Upwork to protect its users and to perpetuate Fractional's fraudulent conduct. Among Upwork's failures to properly address this situation includes its failure to respond to Cronin's first attempt to report and demand action be taken regarding the fraud through the platform on March 28th, 2025 (the "**March 28th Report**"). Copies of the March 28th Report, the April 29th Letter, and the May 9th Email are enclosed for your convenience.

Upwork responded in the May 9th Email to state that, "according to the arbitration provisions applicable to this matter, we have 60 days from the receipt of your demand to provide our response." We have been accommodating and have given Upwork adequate time to consider, investigate, and attempt to resolve this matter. However, more than 60 days has elapsed since Cronin brought this issue to Upwork's attention and demanded resolution in the March 28th Report, which Upwork chose to ignore only until receiving the April 29th Letter.

We continue to be surprised by Upwork's resistance to protect its own platform from fraud. We believe this is the kind of story that consumer protection reporters and industry trade press may find fascinating and if this is not resolved Cronin will start exploring publicizing his experience in order to protect his own professional reputation. As previously discussed in our correspondence, Cronin's rights under several local and federal trademark and privacy laws have been violated and continue to be violated by Fractional's fraud, which has been enabled and

**PULLMAN
&COMLEY**

Page 2

perpetuated by Upwork. If we do not hear from you by June 11, 2025, we will be forced to not only reach out to the press outlets noted above, but also formally notice the Illinois Attorney General, Illinois Department of Labor, and relevant accounting boards, and take any other action to protect Cronin, his legal rights, and his professional reputation.

Please note that nothing in this letter shall constitute an admission or waiver.

Best regards,

Russell F. Anderson

Enclosures

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

GROUP D

# Meet-and-Confer Compliance

*Exhibits 12 through 13B — the meet-and-confer letter and the email threads documenting pre-motion conferral.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

*Group D — Meet-and-Confer Compliance*

E X H I B I T

# 12

**Meet-and-Confer Letter re FAA § 3 Default (Plaintiff to Blank Rome LLP)**

**Date / Operational Origin:** *May 28, 2026; transmitted 7:26 PM CT with Plaintiff's exhibit compendium. Offered for procedural-compliance purpose.*

**Clarifying Note:** *The May 28, 2026 Meet-and-Confer Letter states that the April 29, 2025 Pullman & Comley demand letter expressly cited the Illinois Right of Publicity Act and the Lanham Act. The April 29 letter did not expressly cite those statutes. This was an inadvertent characterization error and is not material to the notice, timing, or substance of the demand. This correction is also made under oath in the Declaration of Evan J. Cronin, ¶ 24.*

— Document follows this cover page —



**Evan J. Cronin, CPA**
211 W Wacker Drive, Suite 120 #2217
Chicago, IL 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com

**Date:** May 28, 2026

**Via Email to Appeared Counsel of Record Only**

**TO:**

**BLANK ROME LLP**
Harrison Brown
Gabrielle N. Ganze
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
Email: harrison.brown@blankrome.com
Email: gabrielle.ganze@blankrome.com
*Counsel for Defendants Upwork Inc. and Upwork Global LLC ("Upwork Defendants")*


**CC:**

**GOLDBERG SEGALLA LLP**
Chad J. Layton
Patrycia Piaskowski
222 W. Adams Street, Suite 2250
Chicago, Illinois 60606
Email: clayton@goldbergsegalla.com
Email: ppiaskowski@goldbergsegalla.com
*Counsel for Defendants Terma Project, Inc.; Fractional Tax, Inc.; Fractional Tax USA, LLC; Chandler Murphy; and Nishchal Basnyat ("Fractional Tax Defendants")*


**Re:  *Cronin v. Upwork Inc., et al.*, Case No. 1:26-cv-03220 (N.D. Ill.)**
**Formal Meet-and-Confer Notice — Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver**

---

1 | **P a g e**

**LEGAL & DISCLAIMER:** Cronin Tax Services is a tradename operating under the registered DBA Evan J Cronin CPA & Tax Services. This communication contains confidential information intended only for the recipient. Evan J Cronin CPA & Tax Services operates exclusively as a tax and advisory practice and is not licensed to provide audit, review, or attest engagements.

Dear Counsel:

This letter constitutes Plaintiff Evan J. Cronin's formal meet-and-confer notice pursuant to Judge Ellis's Case Procedures and the express directive in the Court's May 19, 2026 Minute Order **(Dkt. 20)** instructing the parties to detail their respective positions on arbitration.

To satisfy the Court's pre-motion expectations and directly respond to that directive for the upcoming June 16, 2026, Joint Status Report, Plaintiff intends to file a Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action and Jury Trial Waiver.

The purpose of this letter is to outline the documented factual sequence and resulting legal issues so that we may narrow the scope of our dispute or present our respective positions clearly to the Court.

## I.     DOCUMENTED CHRONOLOGY

The following chronology is drawn from the parties' written communications and from the platform records enclosed as exhibits. Plaintiff sets it out so that counsel can identify any point Upwork disputes.

- **March 28, 2025.**   Plaintiff, a licensed Certified Public Accountant, submitted a formal written notice to Upwork Trust & Safety documenting the unauthorized commercial use of his name, professional credentials, and identity in client-facing solicitations submitted through an Upwork agency account without his authorship, review, or approval. **[Compl., Ex. G-6, Dkt. 1 at 179–180.]**

- **March 29, 2025.**   Upwork's Trust & Safety team acknowledged in writing: *"it appears that you were not the one who sent these services to clients"* (emphasis added). **[Dkt. 1 at 172–173.]** This statement is contemporaneous with the events described and is preserved at the cited docket pages.

- **April 1, 2025.**   Plaintiff transmitted formal written notice of his dispute to the explicitly designated contract channel — legalnotices@upwork.com — from his platform-registered personal email (evanjc14@gmail.com), triggering the 60-day informal resolution window under Section 14.3 of Version 6-8 ("v6-8"). The delivery mechanism was a direct forwarding of the complete, unedited Trust & Safety dispute thread already filed under Case ID #51489662. The forwarded thread included Plaintiff's account information and profile links, a description of the dispute incorporating the March 29, 2025, written statement of non-authorship, and Plaintiff's contact information. Upwork's automated system issued an immediate receipt confirmation serving as proof of delivery under the user agreement. **[Dkt. 1 at 176–178.]**

- **By No Later Than April 2, 2025 (5:55 PM CT).** Platform records reflect that Case ID #51489662 had been routed to Upwork's in-house legal function and that Yosef Mahmood, Counsel for Policy, Privacy, and Litigation, and Anastasiia Dryha, Litigation Paralegal / Legal Assistant for Policy, Litigation, and Privacy, were designated on the file. **[See Exhibit 5-A.]**

  Plaintiff attaches the public professional profiles of Mr. Mahmood and Ms. Dryha as **Exhibits 4A and 4B** because they identify the legal-review function to which the dispute had been routed. Mr. Mahmood's public LinkedIn profile identifies him as Upwork's Counsel for Policy, Privacy, and Litigation, a former Blank Rome LLP associate, and a former Deputy Los Angeles City Attorney whose work included civil enforcement matters involving consumer protection, wage theft, and unfair business and housing practices. Ms. Dryha's public LinkedIn profile identifies her as a Certified Paralegal and Upwork legal support professional whose responsibilities include litigation support, evidence organization, case summaries, maintaining calendars, deadlines, and matter trackers, and supporting the timely completion of legal tasks and case-related deliverables.

  Plaintiff includes these records to establish that, as of April 2, 2025, the dispute was no longer merely within frontline support but had been routed to Upwork personnel responsible for legal review, litigation support, evidence handling, and deadline tracking. The notice record available to that legal-review function included Plaintiff's report of unauthorized use of his professional identity and CPA credential, concerns regarding the authority and corporate status of the relevant agency entity, and Plaintiff's request that native platform records be preserved. Plaintiff's position is that Upwork's subsequent lack of response and the June 2, 2025, closure of Case ID #51489662 should be evaluated against that documented legal-review record. **[See Exhibits 4A, 4B, 5-A, and 5-B.]**

- **April 16–17, 2025 (Support Case Activity Records).** On the morning of April 16, 2025, Plaintiff executed a concurrent dual-channel delivery of his thirteen-page *Professional Statement to Upwork*: at 7:39 AM CT, Plaintiff uploaded the Statement directly into Case ID #51489662, and at 7:43 AM CT concurrently transmitted a duplicate to legalnotices@upwork.com. Over the following thirty-six hours, the support interface for Case ID #51489662 recorded at least four "Last activity" updates.

  **Touchpoint 1 — April 16, 2025, at 8:08 AM CT.** Internal "Last activity" field updated to "Today, 8:08 AM." Native iOS screen capture preserved at 12:56 PM CT on Wednesday, April 16, 2025 (file: IMG_0712). **[See Exhibit 5-C.]**

**Touchpoint 2 — April 16, 2025, at 5:01 PM CT.** Internal "Last activity" field updated to "Today, 5:01 PM." Native iOS screen capture preserved at 6:24 PM CT on Wednesday, April 16, 2025 (file: IMG_0717). **[See Exhibit 5-D.]**

**Touchpoint 3 — April 16, 2025, at 9:32 PM CT.** Internal "Last activity" field updated to "Today, 9:32 PM." Native iOS screen capture preserved at 10:26 PM CT on Wednesday, April 16, 2025 (file: IMG_0718). **[See Exhibit 5-E.]**

**Touchpoint 4 — April 17, 2025, at 2:35 PM CT.** Internal "Last activity" field updated to "Today, 2:35 PM." Native iOS screen capture preserved at 11:29 PM CT on Thursday, April 17, 2025 (file: IMG_0747). **[See Exhibit 5-F.]** Following this final tracking event, Upwork ceased all internal back-end activity that was externally visible to Plaintiff through the support interface.

The device metadata for each capture (filename, file size, dimensions, and creation date and time) is preserved and available on request. Each capture timestamp post-dates the "Last activity" value displayed on screen.

- **April 29, 2025.** Plaintiff's retained counsel, Pullman & Comley LLC, transmitted a formal demand letter to legalnotices@upwork.com identifying, with particularity, Plaintiff's claims under the Lanham Act, 15 U.S.C. § 1125(a), and the Illinois Right of Publicity Act, 765 ILCS 1075/30. Within hours, Upwork Legal acknowledged receipt: "Our team is currently reviewing the matter, and we acknowledge the timeline outlined in your message. We are working toward a constructive resolution and will be in touch soon." **[Dkt. 1 at 205–206.] [See Exhibit 4A.]**

- **May 9, 2025.** Ms. Dryha transmitted the following statement from her official Upwork corporate email address (anastasiiadryha@cloud.upwork.com) directly to Plaintiff's retained counsel:

  "We are reaching out to inform you that we are currently working on this response and expect to provide it shortly. Please note that, according to the arbitration provisions applicable to this matter, we have 60 days from the receipt of your demand to provide our response. We will ensure that our formal response is provided within this period." **[Dkt. 1 at 207–208.]; Exhibit 2.]**

- **May 31, 2025.** Sixty calendar days elapsed from Plaintiff's April 1, 2025 notice to legalnotices@upwork.com when computed by excluding the triggering date and counting April 2, 2025 as Day 1. Under that computation, May 31, 2025, was Day 60 of the Section 14.3 informal-resolution period. Because May 31, 2025, fell on a Saturday, Plaintiff treats Monday, June 2, 2025, as the

conservative next-business-day deadline for Upwork's promised May 9, 2025, formal response.

- **June 2, 2025 (6:06 PM CT).** As of the conservative next-business-day deadline following the sixtieth calendar day, no formal response had been received. At 6:06 PM CT on June 2, 2025, in place of the "formal response" referenced in the May 9 email **(Exhibit 2)**, the status of Case ID #51489662 was changed from "Open" to "Solved." No external communication was sent to Plaintiff or his retained counsel on or before that date, and no formal response was received.

- **June 6, 2025.** Plaintiff's retained counsel transmitted a formal follow-up letter to Upwork Global Inc., expressly quoting the May 9 commitment, advising that the 60-day window had elapsed, and establishing a final cure deadline of June 11, 2025. **[See Exhibit 3.]**

- **June 11, 2025.** The cure deadline expired. Upwork provided no response.

- **Post-June 11, 2025 through March 23, 2026.** During this period, the records reflect no further communication from Upwork to Plaintiff or his counsel. Upwork did not provide a substantive response to the claim, propose terms for informal resolution, request a conference, identify an arbitral forum, or serve a JAMS demand. Plaintiff thereafter filed this action.

- **July 16, 2025.** Upwork Global Inc. converted from a corporation to a limited liability company, becoming Upwork Global LLC (named as a Defendant herein), as established by the records of the California Secretary of State. Upwork Global LLC remains the corporate successor-in-interest bound by all obligations previously accrued under the User Agreement ("v6-8").

- **August 31, 2025.** While its complete non-performance of the Section 14.3 informal resolution mandate continued unabated, Upwork unilaterally issued User Agreement Version 7-0 ("v7-0," effective September 10, 2025). v7-0 was promulgated under the name of the new corporate entity, Upwork Global LLC, rather than Upwork Global Inc. v7-0 materially restructured Section 14 to add: mandatory "Informal Settlement Discussion" requirements with a personal-attendance mandate; heightened notice-content standards whose violation "shall result in dismissal of any related arbitration demand"; a "proof of account ownership" requirement wholly absent from v6-8; and an express provision addressing judicial injunctive authority over pre-filing compliance, providing that "You and Upwork both agree that a court may enter injunctive relief to enforce the pre-filing requirements of this section, including an injunction to stay an arbitration that has been commenced in violation of this section." This version was issued 134 days after the May 9 email electing the v6-8 framework,

and more than 100 days after the v6-8 sixty-day window had elapsed without a formal response.

- **December 4, 2025.** Upwork issued User Agreement Version 8-0 ("v8-0"), a second revision of Section 14 within fewer than ninety days. The records reflect no communication to Plaintiff regarding the documented claim during this period.

- **January 8, 2026.** Upwork issued Version 8-1 ("v8-1"), the third structural overhaul to Section 14 in four months. v8-1 carried forward the v7-0 and v8-0 architecture and added a single critical modification to Section 14.4.4: a new right to opt out "within 30 days of future changes to this Arbitration Agreement, as applicable" — language absent from both v6-8 and v7-0. The three revisions to Section 14 within four months — September 10, December 4, and January 8 — occurred during the period in which the documented claim remained unanswered.

- **March 23, 2026.**   Plaintiff filed this action. **[Dkt. 1.]**

## II.    Legal Bases for the Anticipated Motion

Plaintiff's anticipated Motion will rest on the following grounds:

1. **Breach of Mandatory Action Covenants.** Section 14.3 imposes affirmative, bilateral obligations to attempt to resolve a dispute informally. Upwork materially breached those covenants by providing no pre-suit response whatsoever.

2. **Promissory Estoppel.** Plaintiff detrimentally relied on Upwork's written May 9, 2025 commitment to provide a formal response within the sixty-day window.

3. **Statutory Default Under 9 U.S.C. § 3.** Section 14.3 is a condition precedent to arbitration. Upwork's failure to satisfy its own condition precedent is a default in proceeding with arbitration under 9 U.S.C. § 3.

4. **Discharge of Reciprocal Performance.** Upwork's failure to perform the first tier of the dispute-resolution process discharged any reciprocal obligation on Plaintiff's part to initiate arbitration or perform under the contract.

5. **Scope of the Class Action/Jury Trial Waiver.** The Class Action/Jury Trial Waiver is part of Section 14's arbitration framework. Plaintiff's position is that, if Upwork is in default under 9 U.S.C. § 3 and may not enforce the arbitral forum, the Class Action/Jury Trial Waiver does not survive as an independent litigation waiver in this Court.

### III.  Formal Reiteration of ESI Preservation Demand

Given that Upwork's internal backend records for Case ID #51489662 and the Fractional Tax, Inc. agency account[1] are now the central evidentiary focus of this threshold jurisdictional dispute, Plaintiff formally reiterates his May 22, 2026, demand. Upwork must immediately suspend any automated deletion protocols and preserve all native server logs, AI-generated metadata, and user access records associated with this ticket and the March 28, 2025, "withdrawn" proposals in their original, unaltered electronic format.

### IV.  Reservation of Rights

This correspondence is provided solely for the purpose of facilitating the meet-and-confer process required by Judge Ellis's Case Procedures, extending Local Rule 37.2 to all motion practice. The factual chronology and agenda items set forth below are not exhaustive. Nothing in this letter constitutes, nor shall it be construed as, a waiver, relinquishment, or limitation of any right, claim, remedy, or defense available to Plaintiff at law or in equity. Plaintiff expressly reserves the right to raise additional factual evidence and legal theories in the forthcoming Motion, including but not limited to doctrines of contract severability, statutory construction under 9 U.S.C. § 3, and federal waiver standards. All rights are expressly reserved.

### V.  Meet-and-Confer Agenda and Request for Conference

To ensure a productive conference and to properly isolate the disputed threshold issues for the Court's June 16, 2026, Joint Status Report, Plaintiff requests that Upwork's counsel be prepared to provide a definitive **"Yes" or "No"** response to each of the following questions. Plaintiff intends to summarize Upwork's responses, or its declination to respond, in the Joint Status Report submitted to the Court on June 16, 2026.

1. **The May 9 Commitment.** Did Upwork transmit a substantive response to Plaintiff's April 29, 2025, demand before the sixty-day window expired? **(Yes / No).**

2. **The System Records.** Was the June 2, 2025, status change of Case ID #51489662 to "Solved" executed by a human being? **(Yes / No).**

3. **The Operative Contract.** Does Upwork concede that User Agreement Version 6-8 is the exclusive governing contract for this dispute? **(Yes / No).**

4. **The Waiver.** Does Upwork contend that the class action/jury trial waiver applies even if Upwork has forfeited its right to compel arbitration? **(Yes / No).**

5. **Requested Relief.** Will Upwork stipulate to a judicial declaration of default under 9 U.S.C. § 3 and an injunction against enforcing the class action/jury trial waiver in this action? **(Yes / No).**

---

[1] upwork.com/agencies/1782780848665907200

6. **Actual Knowledge of Spoliation (April 1 Upload):** Does Upwork dispute that on April 1, 2025, Plaintiff uploaded the complete March 28–March 31 email thread with the Fractional Tax Defendants—which contained explicit warnings of evidence spoliation regarding the "withdrawn" proposals—directly into Upwork Case ID #51489662? **(Yes/No).**

7. **Possession of Native Logs:** Does Upwork currently possess the native backend server logs, AI-generative prompt data, and access records for the Fractional Tax, Inc. Agency[2] proposals that were "withdrawn" on March 28, 2025? **(Yes/No).**

To satisfy the Court's meet-and-confer requirement, please let me know your availability for a brief telephone conference on **Thursday, June 4, 2026; Friday, June 5, 2026; or Monday, June 8, 2026.**

If Upwork will not agree to the requested relief, or if I do not hear from you to schedule a conference by **Wednesday, June 3, 2026, at 5:00 PM CT**, Plaintiff will note the proposed Motion as opposed and may submit this correspondence to the Court to reflect the parties' respective positions.

I look forward to speaking with you.

Respectfully,

**Evan J. Cronin**
*/s/ Evan J. Cronin*

**Accompanying Exhibits (see 2026-05-28_Cronin_Exhibit_Compendium_FAA-Default.pdf):**
— **Exhibit 1: Upwork User Agreement, Version 6-8 (Dispute Resolution Provisions, Section 14)**
— **Exhibit 2: Upwork Legal Performance Guarantee Email, May 9, 2025 (Anastasiia Dryha to Pullman & Comley LLC)**
— **Exhibit 3: Pullman & Comley Notice of Contractual Default and Cure, June 6, 2025**
— **Exhibit 4A: Public LinkedIn Profile — Yosef Mahmood, Counsel for Policy, Privacy & Litigation, Upwork**
— **Exhibit 4B: Public LinkedIn Profile — Anastasiia Dryha, Litigation Paralegal, Upwork**
— **Exhibit 5-A: Upwork Support Thread Record — Print Log Archive (Case ID #51489662)**
— **Exhibit 5-B: SignNow E-Signature Audit Log — Document History Verification (Document ID: c281485ad22d4314967b179321099403f76382a8)**
— **Exhibit 5-C: Dashboard Touchpoint 1 — CRM "Last Activity" April 16, 2025, at 8:08 AM CT (IMG_0712)**

---

[2] upwork.com/agencies/1782780848665907200

**9 |** P a g e

— **Exhibit 5-D: Dashboard Touchpoint 2 — CRM "Last Activity" April 16, 2025, at 5:01 PM CT with MLB Live-Score Widget (IMG_0717)**
— **Exhibit 5-E: Dashboard Touchpoint 3 — CRM "Last Activity" April 16, 2025, at 9:32 PM CT (IMG_0718)**
— **Exhibit 5-F: Dashboard Touchpoint 4 — CRM "Last Activity" April 17, 2025, at 2:35 PM CT (IMG_0747)**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

*Group D — Meet-and-Confer Compliance*

E X H I B I T

# 13

**Meet-and-Confer Email Threads**

**Date / Operational Origin:** *Sub-exhibits: 13A (May 28 – June 9, 2026) and 13B (June 9–10, 2026 follow-up).*

— Sub-exhibits follow this cover page —

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

*Group D — Meet-and-Confer Compliance*

E X H I B I T

# 13A

**Meet-and-Confer Email Thread (May 28 – June 9, 2026)**

**Date / Operational Origin:** *Six messages between Plaintiff and Blank Rome LLP (Ganze; Brown). Counsel statements used for procedural purpose, not merits settlement proof.*

— Document follows this cover page —

6/9/26, 12:07 PM    Evan J. Cronin CPA & Tax Services Mail - Formal Meet-and-Confer Notice & Agenda — Upwork Default Under 9 U.S.C. § 3 — Croni…

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 147 of 168 PageID #:531



Evan Cronin <evan@cronintaxservices.com>

## Formal Meet-and-Confer Notice & Agenda — Upwork Default Under 9 U.S.C. § 3 — Cronin v. Upwork Inc., et al., Case No. 1:26-cv-03220 (N.D. Ill.)

6 messages

---

**Evan J Cronin** <legal@cronintaxservices.com>                              Thu, May 28, 2026 at 9:26 PM
To: "Brown, Harrison M." <harrison.brown@blankrome.com>, "Ganze, Gabrielle N." <gabrielle.ganze@blankrome.com>
Cc: Clayton Layton <clayton@goldbergsegalla.com>, "Piaskowski, Patrycia" <ppiaskowski@goldbergsegalla.com>

**Counsel:**

Attached please find Plaintiff's Formal Meet-and-Confer Notice and accompanying Evidentiary Exhibit Compendium in anticipation of the upcoming June 16, 2026, Initial Joint Status Report ordered by Judge Ellis (Dkt. 20).

To satisfy the Court's pre-motion expectations and directly respond to the directive instructing the parties to detail their respective positions on arbitration, Plaintiff intends to file a *Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver*.

To ensure our subsequent telephone conference is efficient, and to properly isolate the disputed threshold issues for our joint filing, **Plaintiff requests that Upwork's counsel provide a definitive "Yes" or "No" response to each of the following 7 Agenda Items in writing prior to our conference:**

1. **The May 9 Commitment:** Did Upwork transmit a substantive response to Plaintiff's April 29, 2025, demand before the sixty-day window expired? *(Yes / No).*

2. **The System Records:** Was the June 2, 2025, change of Case ID #51489662 to "Solved" executed by a human being? *(Yes / No).*

3. **The Operative Contract:** Does Upwork concede that User Agreement Version 6-8 is the exclusive governing contract for this dispute? *(Yes / No).*

4. **The Waiver:** Does Upwork contend that the class action waiver/jury trial waiver applies even if Upwork has forfeited its right to compel arbitration? *(Yes / No).*

5. **Requested Relief:** Will Upwork stipulate to a judicial declaration of default under 9 U.S.C. § 3 and an injunction against enforcing those waivers in this action? *(Yes / No).*

6. **Actual Knowledge of Spoliation (April 1 Upload):** Does Upwork dispute that on April 1, 2025, Plaintiff uploaded the complete March 28–March 31 email thread with the Fractional Tax Defendants—which contained explicit warnings of evidence spoliation regarding the "withdrawn" proposals—directly into Upwork Case ID #51489662? *(Yes / No).*

7. **Possession of Native Logs:** Does Upwork currently possess the native backend server logs, AI-generative prompt data, and access records for the Fractional Tax, Inc. agency proposals that were "withdrawn" on March 28, 2025? *(Yes / No).*

Fractional Tax counsel is included on this transmittal as these threshold forum determinations fundamentally alter the procedural posture, case management tracks, and discovery schedules for the entirety of this multi-defendant action.

Please let me know your availability for a brief telephone conference on **Thursday, June 4, 2026; Friday, June 5, 2026; or Monday, June 8, 2026**.

If Upwork will not agree to the requested relief, or if I do not hear from you to schedule a conference by **Wednesday, June 3, 2026, at 5:00 PM CT**, Plaintiff will note the proposed Motion as opposed in the Joint Status Report and will submit this correspondence directly to Judge Ellis to reflect the impasse.

I look forward to your written responses and our upcoming call.

Respectfully,

--
Evan J. Cronin
Plaintiff, Pro Se
✉ legal@cronintaxservices.com
📞 +1 (312) 725-9960

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 148 of 168 PageID #:532

**2 attachments**

 **2026-05-28_Cronin_Ltr_to_Upwork_Meet-and-Confer_FAA-Default.pdf**
295K

 **2026-05-28_Cronin_Exhibit_Compendium_FAA-Default.pdf**
7326K

---

**Brown, Harrison M.** <harrison.brown@blankrome.com>      Tue, Jun 2, 2026 at 12:07 PM
To: Evan J Cronin <legal@cronintaxservices.com>
Cc: "Ganze, Gabrielle N." <gabrielle.ganze@blankrome.com>, "Powers, Allison" <allison.powers@blankrome.com>

Hi Mr. Cronin,

We believe that the most efficient course if for all of this to be briefed in opposition to a motion to compel arbitration, rather than to have cross-motions concerning arbitration. Nonetheless, we are available to participate in a call, per your request.

Your email included dates but not times for a meet and confer call. Please let us know what time(s) you are available on each date you identified so that we can check our calendars.

Thanks,

--Harrison



**Harrison Brown** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
direct: +1.424.239.3433 | fax: +1.424.239.3398
harrison.brown@blankrome.com | bio

---

**From:** Evan J Cronin <legal@cronintaxservices.com>
**Sent:** Thursday, May 28, 2026 7:26 PM
**To:** Brown, Harrison M. <harrison.brown@blankrome.com>; Ganze, Gabrielle N. <gabrielle.ganze@blankrome.com>
**Cc:** Clayton Layton <clayton@goldbergsegalla.com>; Piaskowski, Patrycia <ppiaskowski@goldbergsegalla.com>
**Subject:** Formal Meet-and-Confer Notice & Agenda — Upwork Default Under 9 U.S.C. § 3 — Cronin v. Upwork Inc., et al., Case No. 1:26-cv-03220 (N.D. Ill.)

> You don't often get email from legal@cronintaxservices.com. Learn why this is important

[Quoted text hidden]

---

**2 attachments**

 **2026-05-28_Cronin_Ltr_to_Upwork_Meet-and-Confer_FAA-Default.pdf**
295K

 **2026-05-28_Cronin_Exhibit_Compendium_FAA-Default.pdf**
7326K

---

**Evan J Cronin** <legal@cronintaxservices.com>      Wed, Jun 3, 2026 at 8:24 AM
To: "Brown, Harrison M." <harrison.brown@blankrome.com>
Cc: "Ganze, Gabrielle N." <gabrielle.ganze@blankrome.com>, allison.powers@blankrome.com

Mr. Brown,

Thank you for the timely response, and I welcome Ms. Powers to the correspondence.

I note your preference that these threshold issues be briefed in opposition to a future motion to compel arbitration. However, if Upwork is in default under 9 U.S.C. § 3, it is statutorily barred from seeking a stay, rendering any Motion to Compel Arbitration moot. Furthermore, my intended motion explicitly seeks independent declaratory and injunctive relief against the enforcement of the Class Action/Jury Trial Waiver—relief that cannot be properly adjudicated through an opposition brief.

Therefore, should we remain at an impasse following our call, I intend to proceed with filing the Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver. Our meet-and-confer is

6/9/26, 12:07 PM Ezell - Croni3220 & Law Services Mail - Formal Meet-and-Confer Notice & Agenda — Upward Default Under 9 U.S.C. § 3 — Croni…

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 149 of 168 PageID #:533

required to establish our respective positions on these threshold issues so they may be accurately presented to the Court.

To accommodate your calendars and streamline coordination, I have utilized the scheduling feature below to propose twenty available times between Thursday, June 4, and Monday, June 8. With a view toward maintaining an orderly process, I respectfully request that your team select an available slot within the following rolling parameters:

- 5:00 PM CT today (Wednesday, June 3) for any Thursday conference;
- 5:00 PM CT on Thursday, June 4, for any Friday conference; or
- 5:00 PM CT on Friday, June 5, for any Monday conference.



Central Time - Chicago (GMT-05:00)

Thu, June 4

| 11:00 – 11:30 AM | 11:30 AM – 12:00 PM |
| 1:00 – 1:30 PM | 1:30 – 2:00 PM |
| 2:00 – 2:30 PM | 2:30 – 3:00 PM |
| 3:00 – 3:30 PM | |

Fri, June 5

| 11:00 – 11:30 AM | 11:30 AM – 12:00 PM |
| 12:00 – 12:30 PM | 12:30 – 1:00 PM |
| 1:00 – 1:30 PM | 1:30 – 2:00 PM |
| 2:00 – 2:30 PM | 2:30 – 3:00 PM |

Mon, June 8

| 11:00 – 11:30 AM | 11:30 AM – 12:00 PM |
| 12:00 – 12:30 PM | 12:30 – 1:00 PM |
| 1:45 – 2:15 PM | |

📅 View in Calendar

Regarding the agenda: understanding Upwork's threshold positions in advance would make our call significantly more efficient, but if Upwork prefers not to provide written responses prior to the conference, that is acceptable. However, please be advised that the 7 questions transmitted in my May 28 correspondence constitute my strict agenda for the call. I will proceed question by question, and I ask that your team come prepared to state "Yes," "No," or explicitly decline to respond, so that I may accurately document the scope of our impasse for the Joint Status Report.

For your convenience, the 7 threshold items are pasted again below:

1. **The May 9 Commitment:** Did Upwork transmit a substantive response to Plaintiff's April 29, 2025, demand before the sixty-day window expired? **(Yes / No / Decline to Respond)**.
2. **The System Records:** Was the June 2, 2025, change of Case ID #51489662 to "Solved" executed by a human being? **(Yes / No / Decline to Respond)**.
3. **The Operative Contract:** Does Upwork concede that User Agreement Version 6-8 is the exclusive governing contract for this dispute? **(Yes / No / Decline to Respond)**.

4. **The Waiver:** Does Upwork contend that the Class Action/Jury Trial Waiver applies even if Upwork has forfeited its right to compel arbitration? **(Yes / No / Decline to Respond)**.
5. **Requested Relief:** Will Upwork stipulate to a judicial declaration of default under 9 U.S.C. § 3 and an injunction against enforcing that waiver in this action? **(Yes / No / Decline to Respond)**.
6. **Actual Knowledge of Spoliation (April 1 Upload):** Does Upwork dispute that on April 1, 2025, Plaintiff uploaded the complete March 28–March 31 email thread with the Fractional Tax Defendants—which contained explicit warnings of evidence spoliation regarding the "withdrawn" proposals—directly into Upwork Case ID #51489662? **(Yes / No / Decline to Respond)**.
7. **Possession of Native Logs:** Does Upwork currently possess the native backend server logs, AI-generative prompt data, and access records for the Fractional Tax, Inc. agency proposals that were "withdrawn" on March 28, 2025? **(Yes / No / Decline to Respond)**.

I look forward to speaking with the Blank Rome team.

Respectfully,
Evan

[Quoted text hidden]

---

**Ganze, Gabrielle N.** <gabrielle.ganze@blankrome.com>                    Mon, Jun 8, 2026 at 12:05 PM
To: Evan J Cronin <legal@cronintaxservices.com>, "Brown, Harrison M." <harrison.brown@blankrome.com>
Cc: "Powers, Allison" <allison.powers@blankrome.com>

Hello Mr. Cronin,

I am available to meet with you tomorrow any time between 11:00 am and 2:00 pm CT. Please let me know if you are available during that time.

Thank you,

Gabrielle

**Gabrielle N. Ganze** | BLANKROME

444 West Lake Street | Suite 1650 | Chicago, IL 60606

direct: +1.312.776.2575 | mobile: +1.773.419.5877

gabrielle.ganze@blankrome.com | bio

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

Central Time - Chicago (GMT-05:00)

Thu, June 4

| 11:00 – 11:30 AM | 11:30 AM – 12:00 PM |

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 151 of 168 PageID #:535





1:45 – 2:15 PM

☐ View in Calendar

[Quoted text hidden]
[Quoted text hidden]

---

**Evan J Cronin** <legal@cronintaxservices.com>                           Mon, Jun 8, 2026 at 4:42 PM
To: "Ganze, Gabrielle N." <gabrielle.ganze@blankrome.com>
Cc: "Brown, Harrison M." <harrison.brown@blankrome.com>, "Powers, Allison" <allison.powers@blankrome.com>

Ms. Ganze,

Tomorrow at 11:30 AM CT works. I will circulate a calendar invite with a meeting link.

To ensure our call is productive and responds to the Court's directive to detail our respective arbitration positions for the June 16 Joint Status Report, as well as the formal meet-and-confer requirements for my anticipated motion under Local Rule 37.2 and Judge Ellis's Case Procedures, my agenda will focus on the 7 threshold items I previously identified in my May 28 letter and June 3 email.

I have attached a formal agenda document to this email and will include it in the calendar invite. Because your team has had these items for nearly two weeks, I ask that Upwork's counsel come prepared to advise whether it will stipulate to the threshold issues they raise or if they should be formally marked as disputed for the Court.

I will be filling out this document during our call to formally record Upwork's position *(Stipulate, Dispute, or Decline to Respond)* so that I can effectively narrow the threshold issues for the Court.

I look forward to our call,
Evan
[Quoted text hidden]

---

📄 **Formal Meet-and-Confer Agenda — June 9, 2026.pdf**
129K

---

**Ganze, Gabrielle N.** <gabrielle.ganze@blankrome.com>                    Tue, Jun 9, 2026 at 10:45 AM
To: Evan J Cronin <legal@cronintaxservices.com>
Cc: "Brown, Harrison M." <harrison.brown@blankrome.com>, "Powers, Allison" <allison.powers@blankrome.com>

Good morning Mr. Cronin,

Thank you for providing the invite for 11:30 today. To the extent you intend to discuss the status report generally on this call, please ensure the Fractional Defendants have received an invite to attend that portion of the call.

Thanks,

[Quoted text hidden]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group D — Meet-and-Confer Compliance*

E X H I B I T

# 13B

---

**Formal Meet-and-Confer Follow-Up Thread (June 9 – 10, 2026)**

**Date / Operational Origin:** *Includes the written memorialization of the June 9, 2026 telephone conference (11:31–11:37 AM CT; Ms. Ganze and Ms. Powers participating).*

— Document follows this cover page —

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 154 of 168 PageID #:538



Evan Cronin <evan@cronintaxservices.com>

---

# Cronin v. Upwork: Meet-and-Confer RE Upwork FAA Default
4 messages

---

**Evan Cronin** <evan@cronintaxservices.com>                 Tue, Jun 9, 2026 at 12:01 PM
Reply-To: Evan Cronin <evan@cronintaxservices.com>
To: allison.powers@blankrome.com, gabrielle.ganze@blankrome.com, harrison.brown@blankrome.com, Evan Cronin <evan@cronintaxservices.com>

Ms. Ganze and Ms. Powers,

Thank you for your time on the call this morning from approximately 11:31 AM to 11:37 AM CT.

This email memorializes the conclusion of our Local Rule 37.2 meet-and-confer regarding my anticipated Motion for Default under 9 U.S.C. § 3. To summarize my understanding of Upwork's position: Upwork opposes the anticipated motion and declines to engage with the 7 threshold items presented in the agenda, asserting that the items resemble discovery. Upwork indicated it instead plans to address the matter by filing a responsive pleading or answer by the upcoming deadline.

As discussed, I will coordinate with all parties via email later this week regarding the separate June 16 Joint Status Report.

If I have misunderstood or misstated Upwork's position, please let me know by 5:00 PM CT today. Otherwise, I will rely on this summary as our established Rule 37.2 impasse and proceed with filing my motion.

Respectfully,
Evan

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 155 of 168 PageID #:539

**Join with Google Meet**

**Meeting link**
meet.google.com/ava-fsmg-icf

**Join by phone**
(US) +1 978-593-3320
PIN: 120613835

More phone numbers

**Attachments**

PDF 2026-05-28_Cronin_Ltr_...

PDF 2026-05-

PDF Formal Meet-and-

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 156 of 168 PageID #:540

## Cronin v. Upwork: Meet-and-Confer RE Upwork FAA Default

Tuesday Jun 9, 2026 · 11:30am – 11:50am (Central Time - Chicago)

**Formal Meet-and-Confer Agenda — June 9, 2026**

**RE: *Cronin v. Upwork Inc., et al.*, Case No. 1:26-cv-03220**

**Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver**

Pursuant to Judge Ellis's Case Procedures and Local Rule 37.2, the purpose of this conference is to determine the parties' respective positions on the threshold arbitration issues to streamline the June 16, 2026, Joint Status Report and Plaintiff's anticipated motion practice.

To narrow the issues for the Court, Plaintiff requests that Upwork's counsel be prepared to state its position on the following 7 items:

**1. The May 9 Commitment:** Will Upwork stipulate that it did not transmit a substantive response to Plaintiff's April 29, 2025, demand before the sixty-day window expired?*[Stipulate / Dispute / Decline to Respond]*

**2. The System Records:** Will Upwork stipulate that the June 2, 2025, change of Case ID #51489662 to "Solved" was executed by a human being?*[Stipulate / Dispute / Decline to Respond]*

**3. The Operative Contract:** Will Upwork stipulate that User Agreement Version 6-8 is the exclusive governing contract for this dispute?*[Stipulate / Dispute / Decline to Respond]*

**4. The Waiver:** Will Upwork stipulate that the Class Action/Jury Trial Waiver cannot be enforced independently if Upwork has forfeited its right to compel arbitration?*[Stipulate / Dispute / Decline to Respond]*

**5. Requested Relief:** Will Upwork stipulate to a judicial declaration of default under 9 U.S.C. § 3 and an injunction against enforcing the Class Action/Jury Trial waiver in this action? *[Stipulate / Dispute / Decline to Respond]*

**6. Actual Knowledge of Spoliation (April 1 Upload):** Will Upwork stipulate that on April 1, 2025, Plaintiff uploaded the complete March 28–March 31 email thread with the Fractional Tax Defendants—which contained explicit warnings of evidence spoliation regarding the "withdrawn" proposals—directly into Upwork Case ID #51489662?*[Stipulate / Dispute / Decline to Respond]*

**7. Preservation of Native Logs:** Will Upwork stipulate that it has preserved and currently possesses the native backend server logs, AI-generative prompt data, and access records for the Fractional Tax, Inc. agency proposals that were "withdrawn" on March 28, 2025?*[Stipulate / Dispute / Decline to Respond]*

### Guests

Evan Cronin - organizer

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 157 of 168 PageID #:541

gabrielle.ganze@blankrome.com
harrison.brown@blankrome.com - optional
allison.powers@blankrome.com - optional

---

**Powers, Allison** <allison.powers@blankrome.com>                     Tue, Jun 9, 2026 at 4:59 PM
To: Evan Cronin <evan@cronintaxservices.com>, "Ganze, Gabrielle N." <gabrielle.ganze@blankrome.com>, "Brown, Harrison M." <harrison.brown@blankrome.com>

Mr. Cronin,

Thank you for the time this morning. As you are aware, I have joined the team for Upwork on this matter.  I will soon take over for Harrison Brown. Gabrielle Ganze and I participated in today's call and will be your points of contact going forward.

To address your summary below: yes, Upwork will oppose your anticipated motion. We provide this confirmation so that—to the extent you must seek leave to file—you can so represent to the Court. Upwork intends to file a responsive pleading to the Complaint in due course, and would respond in due course to any motion you file. To be clear, we did not state that a responsive pleading to the Complaint would be Upwork's *only* response to your anticipated motion.

Regarding your agenda items 1 through 7: these items seek stipulations and factual admissions that are properly the subject of discovery, not a Rule 37.2 meet-and-confer. In earlier email correspondence, you stated you intended to proceed through your agenda and confine Upwork to categorical responses — an approach more akin to interrogatories or deposition questioning than to a good-faith effort to narrow or resolve a dispute. Upwork is not required to stipulate to any of these items, and declined to do so.

Because you did not raise any substantive issues concerning the basis or scope of your anticipated motion beyond the seven agenda items, we do not agree that today's call resulted in an "impasse" within the meaning of Local Rule 37.2. To the extent you have other issues you wish to discuss regarding your motion, we are available to confer further.

We are aligned on coordinating a joint status report over the coming days.

Thank you,

**Allison N. Powers** (She/Her/Hers) | BLANKROME

444 West Lake Street | Suite 1650 | Chicago, IL 60606

direct: +1.312.776.2546 | mobile: +1.312.806.7405

allison.powers@blankrome.com | bio

<h1 style="text-align:center">Formal Meet-and-Confer Agenda — June 9, 2026</h1>

**RE:** *Cronin v. Upwork Inc., et al.*, **Case No. 1:26-cv-03220** Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver

**Participants:**

**Evan J. Cronin**
211 W Wacker Drive, Suite 120 #2217 Chicago, IL 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
*Pro Se Plaintiff*

**Blank Rome LLP**
**Gabrielle N. Ganze**
444 W. Lake Street, Suite 1650
Tel.: +1 (312) 776-2575; +1 (773) 419-5877
Email: gabrielle.ganze@blankrome.com
*Counsel for Defendants Upwork Inc. and Upwork Global LLC ("Upwork Defendants")*

## Overview and Purpose:

Pursuant to Judge Ellis's Case Procedures and Local Rule 37.2, the purpose of this conference is to determine the parties' respective positions on the threshold arbitration issues to streamline the June 16, 2026, Joint Status Report and Plaintiff's anticipated motion practice.

To narrow the issues for the Court, Plaintiff requests that Upwork's counsel be prepared to state its position on the following 7 items:

1. **The May 9 Commitment:**

**From:** Google Calendar <calendar-notification@google.com> **On Behalf Of** Evan Cronin
**Sent:** Tuesday, June 9, 2026 12:02 PM
**To:** Powers, Allison <allison.powers@blankrome.com>; Ganze, Gabrielle N. <gabrielle.ganze@blankrome.com>; Brown, Harrison M. <harrison.brown@blankrome.com>; Evan Cronin <evan@cronintaxservices.com>
**Subject:** Cronin v. Upwork: Meet-and-Confer RE Upwork FAA Default

You don't often get email from evan@cronintaxservices.com. Learn why this is important

[Quoted text hidden]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Evan J Cronin** <legal@cronintaxservices.com>                    Tue, Jun 9, 2026 at 7:00 PM
To: Allison Powers <allison.powers@blankrome.com>
Cc: "Brown, Harrison M." <harrison.brown@blankrome.com>, "Ganze, Gabrielle N." <gabrielle.ganze@blankrome.com>

Ms. Powers,

Thank you for your email. I accept your clarification regarding Upwork's anticipated responsive pleading and amend my summary of today's conference accordingly: Upwork opposes the anticipated motion, intends to file a responsive pleading to the Complaint in due course, and would respond in due course to any motion filed.

As to the balance of your email, the governing texts and the record do not support Upwork's position, and I want the basis for my disagreement stated precisely.

First, the operative standard under Local Rule 37.2 is whether, following consultation in person or by telephone and a good-faith attempt to resolve differences, the parties were 'unable to reach an accord.' Those requirements are satisfied: the parties conferred by telephone on June 9, 2026, from 11:31 to 11:37 AM CT, with you and Ms. Ganze participating. Whether that result is characterized as an 'impasse' or otherwise, the substantive outcome is undisputed — Upwork opposes the motion, declined to stipulate to any of the seven threshold items, and will not agree to the requested relief. By Upwork's own written confirmation, no accord was reached.

Second, the suggestion that the conference reflected something less than a good-faith effort to narrow this dispute is contradicted by the documented chronology. The complete basis for the anticipated motion — the documented factual sequence, five enumerated legal grounds with supporting authority, and the seven threshold items — was transmitted to Upwork's counsel on May 28, 2026. Upwork's June 2 reply requested conference times; on June 3, I provided twenty specific time slots across three business days. Upwork selected none of them, first offering its availability on the afternoon of June 8 for a conference the following day. The agenda was thus in counsel's hands for 12 days before our call, with each item framed for a simple response: stipulate, dispute, or decline. Upwork declined to engage on every item. Framing threshold questions for categorical answers is not interrogatory practice; it is precisely how disputed issues are isolated and narrowed for a court, which is the function Local Rule 37.2 and Judge Ellis's Case Procedures assign to the conference.

Third, your statement that I 'did not raise any substantive issues' beyond the seven agenda items inverts the record of the call. I presented each of the seven threshold issues. As documented in contemporaneous notes prepared at 11:36 AM CT while the conference was in progress, Upwork's counsel stated that Upwork is 'not obligated to answer any questions that look like discovery,' that it would respond 'in due course,' and that its intention was to provide a responsive pleading by the complaint deadline. That account is consistent in every respect with your 4:59 PM email, which uses identical characterizations — meaning both sides' records of the call are in agreement. Upwork declined to engage with every item presented. Before concluding, I expressly asked whether there was anything further counsel wished to add or discuss;

Evan D. Cronin OPA & Tax Services Mail - Cronin v. Upwork: Meet-and-Confer List - Upwork FAA Default

counsel said no. The conference ended when it did because Upwork had declined every item and identified nothing of its own to raise. A movant cannot be faulted for the brevity of a conference that the opposing party declined to participate in substantively.

Fourth, Judge Ellis's Case Procedures extend the meet-and-confer requirement to all motions and contemplate a reciprocal exchange: the movant advises the opposing party of the basis for the motion, including relevant legal authority, and the opposing party, in turn, advises the movant "of factual matter or legal authority that it believes would defeat the motion." My May 28 letter performed the movant's obligation in full. Neither on our call — including in response to my closing invitation — nor in your email has Upwork identified any factual matter or legal authority it contends would defeat the motion. The procedures then provide that, after this consultation, if the movant still wishes to file, "the movant should do so and the Court will address it."

Fifth, as to further conferral: your offer is conditioned on my having "other issues" to discuss regarding the motion. I have none — its basis and scope were fully disclosed on May 28 and have not changed — and your email likewise identifies no issue, factual matter, legal authority, or proposed compromise that Upwork itself wishes to raise, just as counsel identified none when invited to do so on the call. Local Rule 37.2 exists, by its own terms, "to curtail undue delay and expense in the administration of justice." A further conference convened to restate positions Upwork has already confirmed in writing would serve neither purpose. Should Upwork identify specific factual matter or legal authority it contends would defeat the motion, I will, of course, consider it; absent that, the meet-and-confer process on this motion is concluded.

Finally, I am aware of no requirement that this motion be filed by leave of court. It will be filed and noticed in accordance with Judge Ellis's motion schedule, and it will recite the parties' compliance history — the May 28 letter, the June 3 and June 8 correspondence, and the June 9 telephone conference — as required by Local Rule 37.2.

I will circulate a proposed framework for the June 16 Joint Status Report to all parties later this week.

Respectfully,
Evan

[Quoted text hidden]



**M-n-C Upwork FAA Default Live Comment (9 June 2026).png**
249K

---

**Powers, Allison** <allison.powers@blankrome.com>                    Wed, Jun 10, 2026 at 3:12 PM
To: Evan J Cronin <legal@cronintaxservices.com>
Cc: "Brown, Harrison M." <harrison.brown@blankrome.com>, "Ganze, Gabrielle N." <gabrielle.ganze@blankrome.com>

Thank you very much for accepting the clarification, and I have noted your further comments. When are you planning to file your motion?

Case: 1:26-cv-03220 Document #: 36-3 Filed: 06/30/26 Page 161 of 168 PageID #:545

**Allison N. Powers** (She/Her/Hers) | BLANKROME

444 West Lake Street | Suite 1650 | Chicago, IL 60606

direct: +1.312.776.2546 | mobile: +1.312.806.7405

allison.powers@blankrome.com | bio

---

**From:** Evan J Cronin <legal@cronintaxservices.com>
**Sent:** Tuesday, June 9, 2026 7:00 PM
**To:** Powers, Allison <allison.powers@blankrome.com>
**Cc:** Brown, Harrison M. <harrison.brown@blankrome.com>; Ganze, Gabrielle N. <gabrielle.ganze@blankrome.com>
**Subject:** Re: Cronin v. Upwork: Meet-and-Confer RE Upwork FAA Default

You don't often get email from legal@cronintaxservices.com. Learn why this is important

[Quoted text hidden]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge  |  Hon. Laura K. McNally, U.S. Magistrate Judge

GROUP X

# Demonstratives

*Illustrative aids offered to assist the Court's comprehension of the motion record, in the Court's discretion — not independent evidence (cf. Fed. R. Evid. 107, reflecting the analogous principle for trial aids). Figures 1–3: the record timeline, the Section 14.3 action-verb performance record, and the threshold-issues map.*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

---

*Group X — Demonstratives (Illustrative Aids — Not Evidence)*

## DEMONSTRATIVE
ILLUSTRATIVE AID — NOT EVIDENCE

# FIGURE 1

---

**Timeline of Notice, Invocation, Closure, and Nonperformance**

*Nature & Scope: Illustrative summary of record evidence (cf. Fed. R. Evid. 107). Chips keyed to the record; sequence, not to scale. Cites underlying Motion Exhibits and Dkt. 1.*

— Demonstrative follows this cover page —

# Demonstrative Figure 1 — Timeline of Notice, Invocation, Closure, and Nonperformance

Cronin v. Upwork Inc., et al., No. 1:26-cv-03220 (N.D. Ill.) • Case No. 51489662

☐ above the line: Plaintiff / counsel
☐ below the line: Upwork

**§ 14.3 notice elements, as they appear in the April 1 email** *[Mot. Ex. 5]*

✓ **"by email to legalnotices@upwork.com"**
→ To: line; auto-receipt

✓ **"pertinent account information"**
→ registered email; profile links

✓ **"a brief description of the Claim"**
→ stated in the email body

✓ **"contact information"**
→ signature: email & phone

**Apr. 1, 2025**
§ 14.3 Notice to legalnotices@upwork.com ; proof of receipt.
*Mot. Ex. 5; Dkt. 1 Ex. G-5*

**Apr. 29, 2025**
Pullman & Comley demand letter to Upwork Legal.
*Mot. Ex. 9*

**Mar. 23, 2026**
Complaint filed.
*Dkt. 1*

**Mar. 28, 2025**
Support Case #51489662 opened.
*Mot. Ex. 4A; Dkt. 1 Ex. G-1*

**Apr. 16, 2025**
Professional Statement submitted (case upload + legalnotices@).
*Mot. Exs. 6A–6B*

**Jun. 6–11, 2025**
Pullman & Comley cure letter; cure deadline passes.
*Mot. Ex. 11*

**Mar. 29, 2025**
Upwork Trust & Safety acknowledgment / non-authorship language.
*Mot. Ex. 4A; Dkt. 1 ¶ 68, Ex. G-2*

**Apr. 16–17, 2025**
Post-statement "Last activity" updates preserved in email packets.
*Mot. Exs. 7A–7C*

**Jun. 2, 2025**
Case marked "Solved"; no substantive response received.
*Mot. Ex. 4C; Dkt. 1 Ex. G-6*

**Apr. 2, 2025**
Legal-function personnel visible/designated on case (Mahmood; Dryha).
*Mot. Exs. 4A, 8A–8B*

**May 9, 2025**
Invokes provision; states it will provide a formal (60-day) response.
*Mot. Ex. 10; Dkt. 1 Ex. K-2*

Day 60: Sat., May 31 → Mon., Jun. 2, 2025 under California time-computation principles (Cal. Code Civ. Proc. §§ 12, 13, 135); same result under Fed. R. Civ. P. 6(a)(1).

**294 days — June 2, 2025 closure → March 23, 2026 filing**

*Timeline is sequential, not to scale; the June 2, 2025–March 23, 2026 gap is marked.*

*DEMONSTRATIVE ONLY. PROVIDED AS AN ILLUSTRATIVE SUMMARY OF RECORD EVIDENCE. NOT INDEPENDENT EVIDENCE.*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Cronin v. Upwork Inc., et al.  —  Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge   |   Hon. Laura K. McNally, U.S. Magistrate Judge

_____

*Group X — Demonstratives (Illustrative Aids — Not Evidence)*

DEMONSTRATIVE

ILLUSTRATIVE AID — NOT EVIDENCE

# FIGURE 2

_____

**Section 14.3 Action Verbs and May 9 Response Commitment**

*Nature & Scope: Illustrative summary of record evidence (cf. Fed. R. Evid. 107). Clause text quoted from Mot. Ex. 1, § 14.3; cross-references Mem. Pts. III–IV.*

— Demonstrative follows this cover page —

# Demonstrative Figure 2 — Section 14.3 Action-Verbs Performance Record

Cronin v. Upwork Inc., et al., No. 1:26-cv-03220 (N.D. Ill.)   •   Support Case No. 51489662

| Section 14.3 language / action verb | Plaintiff's record conduct | Upwork's record conduct |
|---|---|---|
| **"agree to first notify each other of the Claim … by email to legalnotices@upwork.com"** <br> *notify* | Notice delivered Apr. 1, 2025 with pertinent account information, claim description, and contact information. <br> *Mot. Ex. 5; Dkt. 1 Ex. G-5* | Automated proof of receipt / acknowledgment. <br> *Mot. Ex. 5* |
| **"You and Upwork then will seek informal voluntary resolution of the Claim."** <br> *seek informal voluntary resolution* | Continued seeking resolution through the Professional Statement, counsel demand, and cure letter. <br> *Mot. Exs. 6A–6B, 9, 11* | Invoked the provision and stated it would provide a formal response; Plaintiff received no substantive response. <br> *Mot. Ex. 10; Dkt. 1 Ex. K-2; Decl. ¶ 28* |
| **"… so that you or Upwork … may evaluate the Claim and attempt to informally resolve it."** <br> *evaluate; attempt to informally resolve* | Supplied documentation, account information, claim description, support-case archive, and contact information. <br> *Mot. Exs. 4A, 5, 6A–6B* | Stated it was reviewing and later committed to a formal response; Plaintiff received no formal response. <br> *Mot. Ex. 10; Decl. ¶ 28* |
| **"Both you and Upwork will have 60 days from the date of the receipt of the Notice to informally resolve …"** <br> *60-day informal-resolution period* | Awaited the committed response through the 60-day period and the cure period. <br> *Decl. ¶ 28* | Case marked "Solved" (Jun. 2, 2025); no substantive response received within any 60-day measure or thereafter. <br> *Mot. Ex. 4C; Mot. Ex. 11; Dkt. 1 Ex. G-6; Decl. ¶ 28* |

The record shows notice, invocation, a promised formal response, case closure, cure notice, and no substantive response received. **The disputed performance issue is whether that record satisfies Section 14.3's action covenant to "seek informal voluntary resolution."**

*Clause text quoted from Mot. Ex. 1, § 14.3.   60-day computation under California time-computation principles (Cal. Code Civ. Proc. §§ 12, 13,135); see Demonstrative Figure 1.   Cross-references: Mem. Pts. III–IV.*

*DEMONSTRATIVE ONLY. PROVIDED AS AN ILLUSTRATIVE SUMMARY OF RECORD EVIDENCE. NOT INDEPENDENT EVIDENCE.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Cronin v. Upwork Inc., et al. — Case No. 1:26-cv-03220**

Hon. Sara L. Ellis, U.S. District Judge | Hon. Laura K. McNally, U.S. Magistrate Judge

_____

*Group X — Demonstratives (Illustrative Aids — Not Evidence)*

# DEMONSTRATIVE

ILLUSTRATIVE AID — NOT EVIDENCE

# FIGURE 3

_____

**Threshold Issues Map for the FAA § 3 Default Motion**

*Nature & Scope: Illustrative roadmap of Plaintiff's analytical path (cf. Fed. R. Evid. 107).*
*Does not prescribe the Court's order of decision; "consequence argued" items state*
*Plaintiff's position, not established fact.*

— Demonstrative follows this cover page —

# Demonstrative Figure 3 — Threshold Issues Map for the FAA § 3 Default Motion

Cronin v. Upwork Inc., et al., No. 1:26-cv-03220 (N.D. Ill.)  •  Support Case No. 51489662

*Plaintiff's analytical path and threshold-issue sequence. Demonstrative roadmap; it does not prescribe the Court's order of decision.*

 **THRESHOLD MOTION ISSUE**

Whether Upwork is "in default in proceeding with such arbitration" under 9 U.S.C. § 3.

*Mem. Pt. III*

 **AGREEMENT ISSUE — PLAINTIFF'S POSITION**
Version 6-8 governs: in force when the dispute accrued, when the Notice issued (Apr. 1, 2025), and when Upwork invoked the provision (May 9, 2025).
*Mot. Exs. 1, 2; Mem. Pt. II*

 **FIRST-TIER MECHANISM ISSUE — PLAINTIFF'S POSITION**

Section 14.3 is the first required step of the Arbitration Provision, not an optional or separate track.

*Mot. Ex. 1; Mem. Pt. III*

 **PERFORMANCE ISSUE — RECORD QUESTION**

Upwork invoked Section 14.3 and stated it would provide a formal response; Plaintiff received no substantive response.

*Mot. Exs. 5, 10, 11; Mem. Pt. III*

 **STATUTORY CONSEQUENCE ARGUED**

Plaintiff contends Upwork is in default under § 3 and therefore cannot obtain a stay or compel arbitration based on the same provision.
*Mem. Pt. III*

 **CONTRACT-LAW CONSEQUENCE ARGUED**

Plaintiff contends material nonperformance of the required first tier discharged the reciprocal duties.

*Mem. Pt. IV*

 **WAIVER CONSEQUENCE ARGUED**

Plaintiff contends the class-action and jury-trial waivers do not survive independently if the arbitration forum is unavailable or unenforceable due to default.
*Mem. Pt. V*

 **ALTERNATIVE RELIEF — MOTION ASKS**

If factual uncertainty remains, Plaintiff seeks targeted threshold discovery before any stay or compulsion.

*Mem. Pt. VI*

**Sequence note (Plaintiff's framing):** § 3 eligibility is antecedent to any stay or order compelling arbitration (9 U.S.C. §§ 3–4). Resolved first, this threshold determination can dispose of or narrow the pending and anticipated motions to compel. *[Mem. Pts. I, VI]*

*Labels reflect Plaintiff's framing of each issue; "consequence argued" items state Plaintiff's position, not established fact.*

*DEMONSTRATIVE ONLY. PROVIDED AS AN ILLUSTRATIVE SUMMARY OF RECORD EVIDENCE. NOT INDEPENDENT EVIDENCE.*