**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>   Plaintiff,<br><br>  v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>   Defendants. | Case No. 1:26-cv-03220<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Laura K. McNally |

**UPWORK DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT**

Defendants Upwork Inc. and Upwork Global LLC ("Upwork Defendants"), by and through their undersigned counsel, respectfully move under Federal Rule of Civil Procedure 6(b)(1)(A) for a 21-day extension of their current July 1, 2026 deadline to answer, move, or otherwise respond to the Complaint. In support, Upwork Defendants state as follows:

1. On March 23, 2026, Plaintiff Evan J. Cronin ("Plaintiff") filed his Complaint for Declaratory and Injunctive Relief, and Damages ("Complaint") (Dkt. No. 1) asserting eleven causes of action against various defendants.

2. On June 1, 2026, the Court granted Upwork Defendants' motion for extension of time to answer or otherwise plead to the Complaint. Thereafter, effective June 12, 2026, lead counsel for Upwork Defendants, departed from Blank Rome LLP and Allison N. Powers assumed the role of lead counsel on June 15, 2026. Due to the transition and other matters, Defendants

1

sought and was granted a 14-day extension of time to July 1, 2026 to answer or other respond to the Complaint.

3. On June 16, 2026, all parties submitted a joint status report indicating that Plaintiff intended to file a motion for "default" addressing arbitrability. Upwork Defendants planned to file a cross-motion to compel arbitration, and/or motion to dismiss, and were considering other necessary motions depending on Plaintiff's eventual filing. New counsel for Upwork asked plaintiff on multiple occasions about the anticipated timing of his filing. Plaintiff did not respond to those timing inquiries.

4. On June 30, 2026, one day before Upwork Defendants' current responsive pleading deadline, Plaintiff filed his *Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver* (the "Motion for Default"). Plaintiff's motion includes a supporting memorandum, a declaration, hundreds of pages of exhibits, and numerous purported legal authorities. It seeks significant threshold relief, including: a declaration that Upwork is allegedly in default in proceeding with arbitration under 9 U.S.C. § 3; preclusion of any stay or order compelling arbitration; a declaration that plaintiff's arbitration obligations were allegedly discharged; preclusion or injunction against enforcement of the class action/jury trial waiver; and alternatively, a targeted threshold schedule and discovery.

5. Upwork Defendants require time to review the factual record Plaintiff has submitted and determine whether Plaintiff's factual assertions are accurate, complete, and properly supported. Upwork Defendants also require time to evaluate the purported legal authorities Plaintiff cites and determine whether they exist, whether they support the propositions asserted, and whether they are controlling, persuasive, distinguishable, or inapposite. Upwork Defendants have a good-faith basis to believe Plaintiff's filing may include AI-generated or AI-assisted legal

2

analysis. Without making any accusation at this stage, that circumstance supports an extension to permit careful verification of Plaintiff's purported authorities and legal propositions before Upwork Defendants respond.

6.      Additionally, although Plaintiff styles his filing as a motion, it appears to seek declaratory and injunctive relief. Upwork Defendants intend to confer with Plaintiff regarding whether he contends he is merely seeking relief in response to anticipated FAA motion practice or attempting to assert new claims or requests for declaratory or injunctive relief. If Plaintiff is attempting to assert new claims or requests for relief, Upwork Defendants believe those issues may need to be presented, if at all, through an amended or supplemental pleading under Rule 15. That question affects the proper timing, content, and sequencing of Upwork Defendants' response to the Complaint and their forthcoming threshold motions.

7.      Moreover, the July 4th holiday-week timing of Plaintiff's Motion is significant because it compresses the practical time available for attorney review and client coordination, conferral with Plaintiff, and preparation of any responsive filings.

8.      Federal Rule of Civil Procedure 6(b) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time… with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" Fed. R. Civ. P. 6(b). *McCann v. Cullinan*, No. 11-cv-50125, 2015 U.S. Dist. LEXIS, 91362, at *19-20, 31 (N.D. Ill. July 14, 2015) (noting that "good cause" under Federal Rule of Civil Procedure 6 "is not a high standard" and "imposes a light burden").

9.      Good cause exists to grant this Motion because Plaintiff's June 30 filing materially affects the content, sequence, and coordination of Upwork Defendants' anticipated threshold filings. Upwork Defendants are not seeking additional time based on a lack of diligence as Upwork

3

Defendants have already substantially prepared the filings they intended to submit had Plaintiff not filed his Motion for Default. However, Plaintiff's motion directly overlaps with Upwork Defendants' prepared drafts because it seeks to preclude the FAA relief Upwork Defendants intended to request. Plaintiff's motion also affects whether Upwork Defendants' forthcoming filings should be: filed separately; combined; revised to include transfer of venue; supplemented to address Plaintiff's newly filed motion; coordinated on a single briefing schedule; or sequenced to avoid duplicative or piecemeal motion practice.

10.     This Motion for a further brief extension will not unfairly prejudice or unduly delay this litigation. The case remains at the threshold pleading, arbitration, and forum stage. No discovery schedule will be disrupted. Plaintiff will not be prejudiced by a short extension. Plaintiff's own eve-of-deadline filing created the need for coordinated review and the need to confer further with Plaintiff regarding the procedural posture of his requested declaratory and injunctive relief.  Plaintiff will have a full and fair opportunity to respond to Upwork Defendants' forthcoming motion.

11.     A 21-day extension is reasonable because although this Motion is the Defendants' third request for an extension of time, the most recent prior extension was only two weeks, Plaintiff filed a substantial new motion on the eve of Upwork Defendants' deadline, and the filing occurred during a holiday week. The extension will promote judicial economy and reduce the risk of duplicative or piecemeal briefing. Moreover, the requested extension will not affect the parties' deadline to file the updated status report or the July 9, 2026 status hearing. The Upwork Defendants intend to notice their extension motion for presentment on July 9, 2026 and look forward to the opportunity to hear from the Court regarding how this matter should proceed.

12. Accordingly, Upwork Defendants seek an extension until July 22, 2026, to answer or otherwise plead to the Complaint, including filing their anticipated motion to compel arbitration.

13. Upwork Defendants also request the Court permit Upwork to file a coordinated threshold motion addressing transfer, arbitration, stay, and any Rule 12 defenses up to 25 pages in length, or alternatively, that the Court address at the July 9 status hearing whether briefing on Plaintiff's June 30 motion should be coordinated with Upwork Defendants' forthcoming threshold motion addressing transfer, arbitration, stay, and any Rule 12 defenses.

14. All Parties have conferred regarding the request for relief sought herein. Fractional Tax Defendants do not oppose. Plaintiff has indicated, in part, "You may represent that I do not oppose the requested extension; you may not represent that it is unopposed or agreed." On the leave for an oversized brief Plaintiff has indicated, in part, "I do not consent to an oversized brief and will not join a request for one."

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order: (1) granting this Motion; (2) extending the deadline for Upwork Defendants to answer or otherwise plead to the Complaint from July 1, 2026 to July 22, 2026; (3) permitting Upwork to file a coordinated threshold motion addressing transfer, arbitration, stay, and any Rule 12 defenses up to 25 pages in length, or alternatively, address at the July 9 status hearing whether briefing on plaintiff's June 30 motion should be coordinated with Upwork's forthcoming threshold motion; and (4) grant such further relief as the Court deems appropriate.

**DATED**: July 1, 2026                           **BLANK ROME LLP**

*s/ Allison Powers*
Allison Powers
Gabrielle Ganze
444 W. Lake Street, 16th Floor
Chicago, IL 60606
Tel.: (312) 776-2584
Fax: (312) 896-9181
Email: allison.powers@blankrome.com
Email: gabrielle.ganze@blankrome.com

*Counsel for Defendants Upwork Inc. and*
*Upwork Global LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 1, 2026, I electronically filed the foregoing *Joint Unopposed Motion for Extension of Time to Respond to the Complaint* with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

*s/ Allison Powers*
Allison Powers