**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EVAN J. CRONIN,
Plaintiff,
v.
UPWORK INC., et al.,
Defendants.

Case No. 1:26-cv-03220
Hon. Sara L. Ellis
Magistrate Judge Laura K. McNally

**SECOND REVISED JOINT INITIAL STATUS REPORT**

Pursuant to the Court's June 17, 2026 Minute Order (Dkt. 35), Plaintiff Evan J. Cronin and

Defendants submit this Second Revised Joint Initial Status Report in advance of the July 9, 2026

status hearing and state their respective positions on arbitration as directed. Sections stated to be

"unchanged" are incorporated from the parties' initial Joint Status Report (Dkt. 19).

**1. The Nature of the Case**

    **A. Attorneys of Record.**

Counsel of record are set forth in the table below. The "Upwork Defendants" are Upwork

Inc. and Upwork Global LLC; the "Fractional Tax Defendants" are Terma Project, Inc., Fractional

Tax, Inc., Fractional Tax USA, LLC, Chandler Murphy, and Nishchal Basnyat.

| Plaintiff | Upwork Defendants | Fractional Tax Defendants |
|---|---|---|
| **Evan J. Cronin**<br>Plaintiff, Pro Se<br>211 W. Wacker Drive,<br>Suite 120, #2217<br>Chicago, IL 60606<br>(312) 725-9960<br>legal@cronintaxservices.com | **Allison Powers**<br>**Gabrielle N. Ganze**<br>Blank Rome LLP<br>444 W Lake Street<br>Suite 1650<br>Chicago, IL 60606<br>+1 (312) 776-2546<br>allison.powers@blankrome.com<br>gabrielle.ganze@blankrome.com | **Chad J. Layton**<br>**Patrycia Piaskowski**<br>Goldberg Segalla LLP<br>Firm No. 57618<br>222 West Adams Street,<br>Suite 2250<br>Chicago, IL 60606<br>312.572.8422<br>clayton@goldbergsegalla.com<br>ppiaskowski@goldbergsegalla.com |

    **B. Nature of Claims.**

Unchanged from the initial Joint Status Report (Dkt. 19).

### C. Major Legal and Factual Issues.

Unchanged from the initial Joint Status Report (Dkt. 19). The major issues now also include the arbitrability, delegation, scope, waiver, and default questions addressed in Section 5.

### D. Relief Sought.

Unchanged from the initial Joint Status Report (Dkt. 19).

## 2. Jurisdiction

### A. Federal Question.

Unchanged from the initial Joint Status Report (Dkt. 19): the Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

### B. Supplemental Jurisdiction.

Unchanged from the initial and revised Joint Status Report (Dkt. 19, 34). Diversity remains not asserted as an independent basis for jurisdiction.

## 3. Status of Service

All Defendants have been served and have appeared through counsel identified in Section 1.A. No service issue remains outstanding.

## 4. Consent to Proceed Before a United States Magistrate Judge

Unanimous consent does not exist at this time.

## 5. Motions

### A. Pending and Anticipated Motions.

Plaintiff has filed a threshold motion to declare the Upwork Defendants in default under 9 U.S.C. § 3 and to enjoin enforcement of any related class-action waiver and jury-trial waiver (Dkt. 36). The Fractional Tax Defendants have filed a Motion to Compel Arbitration (Dkt. 26) and,

separately, a Rule 12(b)(6) Motion to Dismiss (Dkt. 40-1). The Upwork Defendants have filed a motion for an extension (Dkt. 38). Upwork Defendants have already substantially prepared the filings they intended to submit had Plaintiff not filed his Motion for Default on June 30, 2026. However, it is Upwork Defendants' position that Plaintiff's motion directly overlaps with Upwork Defendants' prepared drafts because it seeks to preclude the FAA relief Upwork Defendants intended to request. Plaintiff's motion also affects whether Upwork Defendants' forthcoming filings should be: filed separately; combined; revised to include transfer of venue; supplemented to address Plaintiff's newly filed motion; coordinated on a single briefing schedule; or sequenced to avoid duplicative or piecemeal motion practice. Therefore, on July 1, 2026, Upwork Defendants filed a motion for extension of time to allow for additional time (Dkt. 38), in part, to determine whether Plaintiff's June 30 motion should be coordinated with Upwork Defendants' forthcoming threshold motions addressing transfer, arbitration, stay, and any Rule 12 defenses.

### B. Responsive Pleadings.

The Fractional Tax Defendants have filed a Motion to Compel Arbitration as well as a Rule 12(b)(6) Motion to Dismiss. Upwork Defendants have sought an extension of time to respond or otherwise plead and anticipate addressing threshold issues regarding the claims in the Complaint and Plaintiff's just-filed Motion for Default (Dkt. 38).

Plaintiff's Position on the Upwork Defendants' Motion (Dkt. 38). With respect to the Upwork Defendants' motion for an extension of time and for leave to file a consolidated threshold motion (Dkt. 38), Plaintiff neither opposes nor consents to the requested third extension, and does not consent to the requested oversized brief. Because Plaintiff's pending Motion (Dkt. 36) seeks affirmative relief — including preclusion of the Class Action/Jury Trial Waiver as a freestanding litigation restriction — it cannot be adjudicated through an opposition to a motion to compel

arbitration, and Plaintiff does not consent to Dkt. 36 being consolidated into, deferred behind, or treated as answerable by the Upwork Defendants' proposed consolidated motion.

### C. Positions on Arbitration.

Pursuant to the Court's May 19, 2026 Minute Order (Dkt. 20) and June 17, 2026 Minute Order (Dkt. 35), the parties state their positions on arbitration as follows.

**Plaintiff's Position.** Plaintiff disputes arbitrability as to all Defendants; he disputes whether arbitration may be compelled, by whom, as to which claims, under which agreement, in which forum, and on what terms.

As to the Upwork Defendants, Plaintiff contends that Upwork is in default in proceeding with arbitration under 9 U.S.C. § 3, that its prior material breach discharged Plaintiff's reciprocal obligations under Section 14, and that Upwork is therefore barred from obtaining a stay, compelling arbitration, or enforcing the Class Action/Jury Trial Waiver. Plaintiff contends that Version 6-8 of the User Agreement (effective December 17, 2024) is the operative agreement — the Upwork Defendants have declined to stipulate which version governs — and disputes the asserted JAMS/Santa Clara forum and delegation. Those threshold questions are presented by Plaintiff's pending Motion (Dkt. 36), are for the Court, and should be resolved before any stay, referral, or Rule 12 briefing as to the Upwork Defendants. Plaintiff will address sequencing at the July 9, 2026 presentment.

As to the Fractional Tax Defendants, Plaintiff opposes the Motion to Compel Arbitration (Dkt. 26): multiple agreements are at issue, and Plaintiff's identity-use claims arise primarily from the separate Content Assignment and Use of Name Approval Agreement, which contains no arbitration provision; Plaintiff disputes that Article XI of the Service Contract reaches all claims

4

or all Defendants, including the non-signatory Defendants; Article XI contains no delegation clause, so threshold arbitrability questions are for the Court; and the Fractional Tax Defendants' pre-suit conduct independently bears on their entitlement to compel arbitration. Plaintiff requests that the Court set a briefing schedule on Dkt. 26 at the July 9 hearing — Plaintiff proposes that his opposition be due twenty-one days after the schedule is set, with any reply due fourteen days thereafter — and that briefing on the Fractional Tax Defendants' tendered Rule 12(b)(6) motion be scheduled after Dkt. 26 is resolved. Any arbitration issue concerning the Fractional Tax Defendants is limited to those Defendants and does not affect Plaintiff's separate claims against the Upwork Defendants.

**Upwork Defendants' Position.** All of Plaintiff's claims against Upwork Defendants are subject to individual arbitration before JAMS in Santa Clara, California based on Plaintiff's agreement to be bound by all of the terms in Upwork's User Agreement, including the arbitration provision. Plaintiff also agreed to a delegation clause; therefore, any threshold disputes about arbitrability must be decided by the JAMS arbitrator. Given that Plaintiff has refused to arbitrate pursuant to the agreement, Upwork Defendants anticipate filing a motion compelling arbitration, are determining whether to file a motion to transfer due to Plaintiff's filing of his motion, and will seek any other necessary relief staying litigation with respect to Plaintiff's claims against Upwork Defendants.

Upwork Defendants will also oppose Plaintiff's motion, including the significant threshold relief it seeks, including: a declaration that Upwork is allegedly in default in proceeding with arbitration under 9 U.S.C. § 3; preclusion of any stay or order compelling arbitration; a declaration that plaintiff's arbitration obligations were allegedly discharged; preclusion or injunction against enforcement of the class action/jury trial waiver; and alternatively, a targeted threshold schedule

5

and discovery. Additionally, although Plaintiff styles his filing as a motion, it appears to seek declaratory and injunctive relief. Upwork Defendants intend to confer with Plaintiff regarding whether he contends he is merely seeking relief in response to anticipated FAA motion practice or attempting to assert new claims or requests for declaratory or injunctive relief. If Plaintiff is attempting to assert new claims or requests for relief, Upwork Defendants believe those issues may need to be presented, if at all, through an amended or supplemental pleading under Rule 15. That question affects the proper timing, content, and sequencing of Upwork Defendants' response to the Complaint and their forthcoming threshold motions.

**Fractional Tax Defendants' Position.** One of the subject contracts includes a mandatory arbitration provision. As a consequence, all of Plaintiffs' claims against the Fractional Tax Defendants are subject to mandatory arbitration. Plaintiff has not consented to arbitration and the Fractional Tax Defendants have filed a Motion to Compel Arbitration (Dkt. 26).

**6. Case Plan**

 **A. Discovery Plan.**

**Plaintiff's Position.** Given the pending threshold arbitration and Section 3 default motions (Dkt. 26, Dkt. 36), Plaintiff proposes that the Court resolve those threshold issues — including whether the limited threshold discovery identified in Plaintiff's Motion (Dkt. 36) is warranted — before setting a full merits schedule. Plaintiff has issued preservation requests to all Defendants and maintains that preservation obligations are active now, including as to platform records, proposal and authorship records, access logs, support-case records, and related ESI relevant to arbitrability, default, notice, and forum issues. Subject to that sequencing and to revision, Plaintiff proposes the following as to the items required by the Court's form:

**(1) Type of discovery:** written discovery, electronically stored information, interrogatories, requests for admission, depositions (including under Rule 30(b)(6)), and targeted third-party subpoenas concerning proposal authorship and submission, displayed authorship attribution, account and agency permissions, applicable contract and terms versions, arbitration and delegation issues, notice and remediation, classification and compensation, damages, and preservation.

**(2) Rule 26(a)(1) disclosures:** within fourteen (14) days after the Court resolves the threshold arbitration motions; any later-appearing party within thirty (30) days of appearing.

**(3) First written discovery:** fourteen (14) days after Rule 26(a)(1) disclosures.

**(4) Fact-discovery completion:** to be set following resolution of the threshold issues; Plaintiff's prior proposal (Dkt. 19) was December 18, 2026, subject to revision.

**(5) Expert discovery:** Plaintiff's reports, Defendants' reports, rebuttal, and completion to be set following resolution of the threshold issues; Plaintiff's prior proposal (Dkt. 19) was January 29, March 12, April 2, and April 30, 2027, respectively, subject to revision.

**(6) Dispositive motions:** Plaintiff's prior proposal (Dkt. 19) was June 4, 2027, subject to revision.

**Defendants' Position.** The Fractional Tax Defendants respectfully submit that it is premature to set a discovery schedule given the motion practice discussed above and request that the Court set a discovery schedule after the above-mentioned motions are resolved. Importantly, the Court's ruling on the Fractional Tax Defendants' Motion to Dismiss will impact the scope of discovery.

7

Upwork Defendants agree it is premature to set a discovery schedule and submit Upwork Defendants' anticipated motions will impact the scope of discovery, including whether it will occur at all in this proceeding. Upwork Defendants also anticipate opposing Plaintiff's request for threshold discovery but remain willing to confer with Plaintiff on this issue.

**B. Trial.**

Unchanged from the initial Joint Status Report (Dkt. 19): Plaintiff has demanded a jury trial, and the probable length of trial is approximately five to seven days.

**7. Status of Settlement Discussions**

The status of settlement discussions is unchanged from the initial Joint Status Report (Dkt. 19). No active settlement discussions are pending, and the parties do not request a settlement conference at this time.

Respectfully submitted,

By: /s/ Evan J. Cronin

Evan J. Cronin, Plaintiff, pro se
211 W. Wacker Drive, Suite 120 #2217
Chicago, IL 60606
Tel. +1 (312) 725-9960
legal@cronintaxservices.com

Respectfully submitted,

By: /s/ Gabrielle N. Ganze

Counsel for the Upwork Defendants
Blank Rome LLP

Respectfully submitted,

By: /s/ Chad J. Layton

Counsel for Terma Project, Inc.,
Fractional Tax, Inc., Fractional Tax USA, LLC,
Chandler Murphy, and Nishchal Basnyat

Chad J. Layton
Patrycia Piaskowski
Goldberg Segalla LLP
Firm No. 57618
222 West Adams Street – Suite 2250
Chicago, IL 60606
312.572.8422
clayton@goldbergsegalla.com
ppiaskowski@goldbergsegalla.com

9