**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Sara L. Ellis<br><br>Magistrate Judge Laura K. McNally |

**PLAINTIFF'S PARTIALLY OPPOSED MOTION FOR LEAVE TO FILE HIS RESPONSES INSTANTER AND TO RESET DEFENDANTS' REPLY DEADLINES**

Plaintiff Evan J. Cronin, appearing *pro se*, respectfully moves this Court under Federal Rule of Civil Procedure 6(b) for leave to file *instanter* his responses in opposition to the pending motions to compel arbitration (Dkt. 26; Dkt. 44), to have them deemed timely, and to reset Defendants' reply deadlines. Plaintiff asks that the Fractional Tax Defendants' reply be due September 8, 2026 — the date their counsel requested during conferral — and that the Upwork Defendants' reply be due one week later, on September 15, 2026, because their reply answers a response that is not yet on file. The Fractional Tax Defendants take no position on the relief requested; the Upwork Defendants oppose it. The relief would move briefing deadlines only. It requires no continuance of any hearing, and under the proposed schedule briefing on both motions would close more than two months before the November 17, 2026 status hearing. In support, Plaintiff states as follows:

## **BACKGROUND**

1. Two motions to compel arbitration are pending: the motion of the Fractional Tax Defendants (Dkt. 26) and the motion of the Upwork Defendants (Dkt. 44). They were filed by different defendant groups, rest on different contractual records, and raise distinct legal questions; each requires a separate response supported by its own declaration and exhibits. (Dkt. 43 set responses for August 5, 2026, replies for August 19, 2026, and the next status hearing for November 17, 2026.)

2. On August 5, 2026 — before the response deadline expired — Plaintiff moved for a two-day extension (Dkt. 45), noticed for presentment on August 18, 2026 (Dkt. 46). On August 18, 2026, the Court granted that motion, set Plaintiff's response deadline at August 7, 2026 and Defendants' reply deadline at August 21, 2026, and vacated the presentment. (Dkt. 48.)

3. Plaintiff filed his response in opposition to the Fractional Tax Defendants' motion (Dkt. 26), with its supporting declaration and exhibit compendium, on August 17, 2026. (Dkt. 47.) That filing came six business days after the August 7 date the Court set.

4. Plaintiff's response in opposition to the Upwork Defendants' motion (Dkt. 44) remains in final citation and record verification. Plaintiff asks the Court to set Friday, August 21, 2026 as the date for that response — a date chosen with margin rather than one matching his own estimate, having learned, as described below, not to request exactly as much time as he expects to need.

## **RELIEF REQUESTED**

5. Plaintiff respectfully requests that the Court (a) grant leave to file his responses *instanter* and deem Dkt. 47, with its supporting declaration and exhibit compendium, timely filed; (b) set August 21, 2026 as the date for Plaintiff's response to the Upwork Defendants' motion

(Dkt. 44) and deem that response, with its supporting declaration and exhibits, timely when filed on or before that date; and (c) reset the Fractional Tax Defendants' deadline to file their reply in support of Dkt. 26 to September 8, 2026 — the date their counsel requested — and the Upwork Defendants' deadline to file their reply in support of Dkt. 44 to September 15, 2026.

6. The two reply dates are staggered for a reason that appears on the face of the docket. The Fractional Tax Defendants' reply in support of Dkt. 26 answers a response already on file, served on them on August 17, 2026 (Dkt. 47); their counsel asked for September 8, 2026, and Plaintiff adopts that date without alteration. The Upwork Defendants' reply in support of Dkt. 44 answers a response that is not yet on file and that would be served on August 21, 2026 under the date requested above. Setting a single reply date for both groups would give the Upwork Defendants the shorter reply period of the two, even though they are the only Defendants still awaiting the brief they must answer. September 15, 2026 corrects that: measured from the response each group must answer, it gives the Upwork Defendants twenty-five days and the Fractional Tax Defendants twenty-two, each materially more than the fourteen-day reply interval the Court's schedule has twice allowed. (Dkt. 43; Dkt. 48.)

7. Resolving these requests in a single order will also obviate at least one further motion. As set out below, counsel for the Fractional Tax Defendants advised that absent this motion their clients would be required to move separately to extend the August 21 reply deadline.

## GOOD CAUSE AND EXCUSABLE NEGLECT SUPPORT THE RELIEF REQUESTED

8. Two provisions govern. Plaintiff's response deadline having passed, his request for leave to file *instanter* is governed by Rule 6(b)(1)(B), under which the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Defendants' reply deadline has not yet run, so the requested reset of

that deadline is governed by Rule 6(b)(1)(A), under which a court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Defendants have invoked Rule 6(b) and quoted that same language in their own motions for extensions of time. (Dkt. 22 ¶ 9; Dkt. 30 ¶ 11; Dkt. 38 ¶ 8.) In the joint motion the Upwork Defendants joined, and again in their third request, Defendants further characterized the good-cause standard as "not a high standard" that "imposes a light burden." (Dkt. 30 ¶ 11; Dkt. 38 ¶ 8 (*quoting McCann v. Cullinan*, No. 11-cv-50125 (N.D. Ill. July 14, 2015)).)

9. Whether neglect is excusable is an equitable determination that accounts for the danger of prejudice to the non-movant, the length of the delay and its potential impact on the proceedings, the reason for the delay including whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The standard reaches "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The prejudice, length-of-delay, and good-faith considerations favor the relief requested, and the reason for the delay is the reason Plaintiff gave the Court before the deadline expired rather than one constructed afterward.

10. The reason for the delay carries the most weight, *see McCann*, 2015 U.S. Dist. LEXIS 91362 ("These factors are not weighted equally: the reason for the delay is the most important factor."), and here that reason has been on the record since before the original deadline expired. Plaintiff told the Court that he had "substantially completed both briefs," and that the additional time was "needed to complete cite-checking and properly verify each factual assertion

against the record," so as "to submit accurate, properly supported briefs rather than to file rushed submissions that would burden the Court and opposing counsel." (Dkt. 45 ¶ 9.)

11. That is the work that overran. Plaintiff proceeds *pro se*, without co-counsel, associate, paralegal, or support staff, and performs citation verification without access to commercial research databases such as Westlaw or LexisNexis — each authority located in a publicly available full-text copy, read in full, and checked against the proposition for which it is cited before it appears in a brief, across two separate oppositions.

12. The Upwork Defendants' own filings describe what that work involves. When they sought their third extension of time to respond to the Complaint, they told this Court that the additional time was needed in part "to evaluate the purported legal authorities Plaintiff cites and determine whether they exist, whether they support the propositions asserted, and whether they are controlling, persuasive, distinguishable, or inapposite." (Dkt. 38 ¶ 5.) That is a national firm's description of the task of evaluating one party's authorities. Plaintiff — alone, and preparing two responses rather than one — underestimated the same category of work, and has not filed, and will not file, either response before its verification is complete.

13. Plaintiff also acknowledges the nature of his own error. He requested two days in Dkt. 45 because he wished to minimize disruption to the Court's schedule and expected to finish within that window. In hindsight the request was far too modest, and the shortfall is measured in the business days described above.

14. Plaintiff did not file a further extension request in the interim, and the reason bears stating. Dkt. 45 remained pending and unruled until August 18, 2026. A second request filed during that interval would have placed two overlapping motions to extend the same deadline before the Court at once, each separately noticed for presentment, before the Court had ruled on the first.

Plaintiff judged it better to complete the work and present a single request once Dkt. 45 was resolved. The Court granted Dkt. 45 on the morning of August 18, 2026 (Dkt. 48); Plaintiff conferred with all counsel of record approximately two hours later, and files this motion the following day.

15. What the motion asks the Court to move are briefing deadlines; the relief requires no continuance of any hearing or conference. No deposition or conference fell within the interval, and the only calendar entry affected was the August 18, 2026 presentment on Dkt. 45, which the Court vacated when it granted that motion. (Dkt. 48.) The next status hearing remains set for November 17, 2026. (Dkt. 43.) Under the schedule proposed here, briefing on both motions to compel arbitration (Dkt. 26; Dkt. 44) would close on September 15, 2026 — more than two months before that hearing — leaving both motions fully briefed and ready for decision well in advance of it. Plaintiff has identified no other deadline in this case that the requested relief would affect.

16. No Defendant would suffer unfair prejudice. The September 8, 2026 date is the date the Fractional Tax Defendants themselves requested. The September 15, 2026 date proposed for the Upwork Defendants is a week later still. Each date affords the Defendant group in question more time to reply than the original schedule provided, and the relief would ensure that no Defendant is required to reply to a response before receiving it — a result the current schedule does not achieve, because the Upwork Defendants' reply is presently due August 21, 2026 to a response not yet on file.

17. Plaintiff has acted in good faith throughout: he sought relief before the original deadline (Dkt. 45), kept all counsel informed, conferred a full business day before this filing, filed each response upon completion of its verification, and proposes reply relief that enlarges rather than shortens every Defendant's time to respond.

18. The accommodation has also run in the other direction. Defendants have sought and received four extensions of their own deadlines in this case, and Plaintiff opposed none of them: the Fractional Tax Defendants' twenty-one-day extension, to which Plaintiff stated he had no objection (Dkt. 17 ¶ 1); the Upwork Defendants' first extension, to which Plaintiff consented (Dkt. 22 ¶ 8 ("Plaintiff consented to Upwork Defendants' request for an extension of time and does not object to this Motion.")); Defendants' unopposed joint extension (Dkt. 30 ¶¶ 3, 10); and the Upwork Defendants' third request, for twenty-one days, on which Plaintiff took no position (Dkt. 38; Dkt. 42 at 3). Each was granted. (Dkt. 25; Dkt. 43.) The three requests in which the Upwork Defendants joined moved their own responsive pleading deadline from May 26, 2026 to July 22, 2026, an extension of fifty-seven days. (Dkt. 22 ¶¶ 3, 6; Dkt. 25; Dkt. 30 ¶ 9; Dkt. 38; Dkt. 43.) Plaintiff's first request sought two days (Dkt. 45), and together with the relief sought here his response deadline would be extended by sixteen days in total.

**THE INTERESTS OF JUSTICE FAVOR REACHING THE MERITS**

19. The motions to compel arbitration (Dkt. 26; Dkt. 44) present threshold questions that will shape the entire course of this litigation. Resolving them on a filing interval measured in days, rather than on the substance of the parties' submissions, would serve no interest the Federal Rules protect. "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962). The Seventh Circuit's "cases articulate a policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). And this District's own rule provides that "[f]ailure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant

the same without further hearing." N.D. Ill. L.R. 78.3. Plaintiff has not failed to answer. He answered the Fractional Tax Defendants' motion in full on August 17, 2026 (Dkt. 47), and asks leave to answer the Upwork Defendants' motion by August 21, 2026.

## DEFENDANTS' POSITIONS AND CONFERRAL

20. On August 18, 2026, at 9:59 a.m. Central Time, Plaintiff contacted all counsel of record regarding this motion and the relief it seeks, and provided a full business day for review. Both defendant groups responded on August 19, 2026. The Fractional Tax Defendants take no position on the relief requested; the Upwork Defendants oppose it.

21. Counsel for the Fractional Tax Defendants authorized Plaintiff to state their position as follows: "The Fractional Tax Defendants take no position regarding the relief requested in Plaintiff's motion. However, Plaintiff's response brief was filed on August 17, 2026 without leave of court. That response brief consists of a fifteen (15) page brief that is supported by a nine (9) page declaration and a thirty-seven (37) page 'exhibit compendium'. If this Honorable Court is going to allow Plaintiff's late filing, the Fractional Tax Defendants respectfully request that they have until September 8th to file their reply brief, given the volume of Plaintiff's filing." Plaintiff adopts the requested September 8, 2026 date for the Fractional Tax Defendants without alteration.

22. Counsel for the Fractional Tax Defendants wrote again that afternoon, asking Plaintiff to confirm that this motion would be filed on August 19 and stating that, absent this motion, their clients would be required to move separately to extend the August 21 reply deadline set by Dkt. 48. That correspondence was designated as the Fractional Tax Defendants' conferral for any such motion. Plaintiff confirmed the same day that this motion would be filed on August 19 and would request the September 8, 2026 date the Fractional Tax Defendants had asked for.

23. Counsel for the Upwork Defendants authorized Plaintiff to state Upwork's position as follows: "Defendant Upwork opposes Plaintiff's request for an extension on the grounds that Plaintiff has already helped themself to multiple extensions, without good cause or seeking leave of Court; further extensions prejudice the timely briefing of Upwork's motion."

24. That statement makes three assertions. Each is addressed by the face of the docket, and Plaintiff takes them in turn.

25. As to "multiple extensions": Dkt. 45 was Plaintiff's first request to extend any deadline in this action, and this motion is his second.

26. As to "seeking leave of Court": Dkt. 45 was a motion by which Plaintiff sought the Court's leave. It was filed on August 5, 2026, before the response deadline expired; it was noticed for presentment (Dkt. 46); and the Court granted it on August 18, 2026 (Dkt. 48). The good cause and excusable neglect supporting the present request are set out above.

27. As to prejudice to the timely briefing of the Upwork Defendants' motion: the relief sought would enlarge their own time to reply. Briefing on that motion (Dkt. 44) cannot in any event be completed until Plaintiff's response to it is on file, and under the proposed schedule that briefing would close on September 15, 2026 — more than two months before the November 17, 2026 status hearing. (Dkt. 43.)

28. Consistent with the Court's Case Procedures governing extensions of time, Plaintiff states: this is his second request for an extension of time in this case; the previous relief granted was the two-day extension entered August 18, 2026 (Dkt. 48); the reasons for this request are set out above; the Upwork Defendants object to the relief requested; and the Fractional Tax Defendants take no position and have requested the September 8, 2026 reply date Plaintiff adopts for them.

29. Consistent with the Court's Case Procedures regarding proposed orders, no proposed order accompanies this motion. Because Defendants' current reply deadline is August 21, 2026, Plaintiff respectfully requests that the Court rule on this motion on the papers; the motion is separately noticed for presentment on August 26, 2026 should the Court prefer to hear it.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant leave to file his responses *instanter*; deem Dkt. 47, together with its supporting declaration and exhibit compendium, timely filed; set August 21, 2026 as the date for Plaintiff's response to the Upwork Defendants' motion (Dkt. 44) and deem that response timely when filed on or before that date; reset the Fractional Tax Defendants' reply deadline as to Dkt. 26 to September 8, 2026 and the Upwork Defendants' reply deadline as to Dkt. 44 to September 15, 2026; and grant such further relief as is just.

**Dated: August 19, 2026** **Respectfully submitted,**

*/s/ Evan J. Cronin*
Evan J. Cronin
Pro Se Plaintiff
211 W. Wacker Drive, Suite 120 #2217
Chicago, IL 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com

## CERTIFICATE OF SERVICE

The undersigned, Evan J. Cronin, hereby certifies that on August 19, 2026, he caused the following documents to be filed with the United States District Court for the Northern District of Illinois, Eastern Division, through the Court's CM/ECF system:

(1) *Plaintiff's Partially Opposed Motion for Leave to File His Responses Instanter and to Reset Defendants' Reply Deadlines*.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and N.D. Ill. Local Rule 5.9, service of the foregoing documents has been effected on all counsel of record by the Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all registered users, including the following counsel:

Allison N. Powers
Gabrielle N. Ganze
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, Illinois 60606

*Counsel for Defendants Upwork Inc. and Upwork Global LLC*

Chad J. Layton
Patrycia Piaskowski
GOLDBERG SEGALLA LLP
222 West Adams Street, Suite 2250
Chicago, Illinois 60606

*Counsel for Defendants Terma Project, Inc., Fractional Tax, Inc., Fractional Tax USA, LLC, Chandler Murphy, and Nishchal Basnyat*

I further certify that there are no non-registered participants who require service by other means.

**Dated: August 19, 2026**

**Respectfully submitted,**

*/s/ Evan J. Cronin*
Evan J. Cronin
Pro Se Plaintiff
211 W. Wacker Drive, Suite 120 #2217
Chicago, IL 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com