**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Sara L. Ellis<br><br>Magistrate Judge Laura K. McNally |

**DECLARATION OF EVAN J. CRONIN IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS UPWORK GLOBAL LLC AND UPWORK INC.'S MOTION TO COMPEL ARBITRATION AND STAY ACTION (Dkt. 44)**

I, Evan J. Cronin, declare as follows pursuant to 28 U.S.C. § 1746:

**I. Background and Personal Knowledge**

1. I am the Plaintiff in this action and appear on my own behalf. I am over the age of eighteen and competent to make this Declaration. I am a licensed Certified Public Accountant. Except where I state that a fact is based on information and belief, the facts set forth in this Declaration are based on my own personal knowledge, including my personal participation in the events described and my review of records I created, sent, received, accessed, captured, or preserved.

2. I make this Declaration to authenticate and lay the foundation for the exhibits to the Exhibit Compendium filed with my Response in Opposition to Defendants Upwork Global LLC

and Upwork Inc.'s Motion to Compel Arbitration and Stay Action (the "Opposition"). Each exhibit is identified by the number assigned to it in that Compendium and cited in the Opposition as "Resp. Ex."

3. I have reviewed each exhibit described below and compared it against my own records. Unless otherwise stated, each is a true and correct copy of the document it purports to be, in the form in which I created, sent, received, or preserved it; and where an exhibit is a printout or capture of an electronic record or web page I generated, it accurately reflects that record or page as it appeared to me when captured. Where such a printout or capture was not text-searchable, an invisible text layer was added to the filed copy by optical character recognition solely to make its text searchable; no page image was altered.

4. I am located in Chicago, Illinois, and the devices I used to access the Upwork platform, send and receive the emails described below, and capture the screenshots described below were set to United States Central Time. Except where a document's face expresses a different zone, all times in this Declaration are Central.

## II. The Support Case and Upwork's Written Acknowledgments

5. On March 28, 2025, at 2:37 PM, I opened Upwork Support Case No. 51489662 through Upwork's designated support channel. I reported that my name, image, and CPA credentials were being used by another Upwork user in client-facing proposals and communications without my consent, and I requested escalation and internal review. Later that day I submitted a formal statement to Upwork Trust & Safety identifying four documented examples and attaching supporting materials.

6. Exhibit 1 is a true and correct copy of the record of Upwork Support Case No. 51489662 as I printed it from my Upwork account on the morning of April 16, 2025. The sixteen printed pages bear a browser print header reading April 16, 2025, 7:23 AM. Minutes later

I processed the file through the SignNow service, which stamped each page with Document ID c281485ad22d4314967b179321099403f76382a8 and generated the audit log reproduced as the last page of Exhibit 1; that log reflects its upload to SignNow at 12:28:55 PM UTC (7:28 AM Central) that morning. That same morning I transmitted the SignNow file to legalnotices@upwork.com as an attachment to the 7:43 AM email reproduced as Exhibit 4, which lists it by name and size, and I uploaded it to the support case, as the case entries at pages 14 and 15 of Exhibit 9 reflect. Because the SignNow file was not text-searchable, the copy filed as Exhibit 1 carries the text layer described in paragraph 3; I retain the original file. Exhibit 1 accurately reflects the case record as it was displayed to me when I printed it.

7. Upwork responded in writing within the case. On March 29, 2025, Upwork stated that, "[a]fter consulting with our team, we are able to confirm that this does not constitute a violation," and that I had "the option to leave the agency." Later that day, Upwork Trust & Safety wrote that "[w]e are collating all of this information to establish the violation," and further stated, with respect to the materials I had submitted: "On the screenshots, that you have shared, it appears that you were not the one who sent these services to clients." These statements appear in Exhibit 1.

8. After transmitting the April 1, 2025 Notice, I checked Support Case No. 51489662 repeatedly through my Upwork account while awaiting a response. By no later than April 2, 2025, I personally observed that Yosef Mahmood and Anastasiia Dryha were listed among the persons carbon-copied on the case, and that the case displayed April 2, 2025, at 5:55 PM as its most recent activity. I did not add either person to the case, and Upwork did not notify me that it had added them. On April 9, 2025, I recorded that April 2, 2025 last-

activity entry in a memorandum of findings that I prepared and executed through the SignNow service the same day. That memorandum labels the April 2 timestamp "UTC." That designation is a labeling error; the 5:55 PM time recorded there is Chicago local time. Consistent with that, the Professional Statement I prepared and executed seven days later, reproduced as Exhibit 3, states on its first page that "[t]ime references in this statement are intended to be expressed in Chicago local time" and that "[e]fforts have been made to apply this time standard consistently across prior communications and documentation." Both individuals were still listed, and April 2, 2025, at 5:55 PM was still displayed as the most recent activity, when I printed the case on the morning of April 16, 2025. The case panel on the first page of Exhibit 1 reflects that print: the case "Open"; created March 28, 2025, at 2:37 PM; most recent activity April 2, 2025, at 5:55 PM; and Noel, Yosef Mahmood, and Anastasiia Dryha among the persons carbon-copied. The last message posted to the case before my print was my own message of April 1, 2025, at 6:30 PM.

**III. The April 1, 2025 Notice to Upwork's Designated Legal-Notice Address**

9. Exhibit 2 is a true and correct copy of the email I sent on April 1, 2025, at 6:30 PM from my Upwork-registered email account, evanjc14@gmail.com, to legalnotices@upwork.com, together with the automated reply emails I received from legalnotices+noreply@upwork.com at 6:30 PM the same day. The automated reply states: "If you are providing notice required under our Terms of Service, this email will serve as your proof of receipt." Exhibit 2 accurately reflects the email I sent and the replies I received. That is the address the User Agreement designates for notice of a Claim.

**IV. The April 16, 2025 Professional Statement and Announcement of Counsel**

10. Exhibit 3 is a true and correct copy of the Professional Statement to Upwork that I prepared and executed on April 16, 2025. I prepared it in my capacity as a licensed Certified Public

Accountant whose name, credentials, and professional identity had been used in client-facing Upwork solicitations. It consolidated my prior communications with Upwork and preserved my professional position regarding the identity, licensing, ethical, and regulatory concerns I had already reported. Exhibit 3 accurately reflects the statement as I executed and submitted it, and it includes the SignNow electronic-signature audit log for that document, which reflects its creation and execution on April 16, 2025.

11. At page 9 of Exhibit 3, under the heading "Closing and Preservation Statement," I advised Upwork of the following, which I intended and understood as notice of how further communications on this matter would be conducted:

> "As such, unless requested otherwise by an appropriate authority, I consider this the close of my personal correspondence with Upwork. Further communications will likely proceed through designated representation."

12. Exhibit 4 is a true and correct copy of the email by which I transmitted the Professional Statement to Upwork's designated legal-notice address, legalnotices@upwork.com, on April 16, 2025, together with the automated response I received. The email lists its two attachments: the Professional Statement (Exhibit 3) and the SignNow file of the support-case record (Exhibit 1). That same day, I also uploaded both files to Support Case No. 51489662; the resulting case entries appear at pages 14 and 15 of Exhibit 9. Exhibit 4 accurately reflects the email I sent and the response I received.

13. Exhibit 5 consists of true and correct copies of four screenshots I captured on April 16 and April 17, 2025 of the "Last activity" entries then displayed on the support-case dashboard for Case No. 51489662, each of which I preserved by emailing it to myself the same day. Those entries reflect activity at 8:08 AM, 5:01 PM, and 9:32 PM on April 16, 2025, and 2:35 PM on April 17, 2025. The screenshots accurately reflect what was displayed to me when I captured them. None of those dashboard entries corresponded to any

communication from Upwork to me. I offer them to show the dashboard entries I preserved and when I preserved them, and not as proof of Upwork's internal reason for any entry.

**V. Counsel's Demand and Upwork's Written Commitments**

14. Exhibit 6 is a true and correct copy of the demand letter dated April 29, 2025, prepared by attorney Russell F. Anderson of Pullman & Comley, my then-retained counsel, and transmitted on my behalf to legalnotices@upwork.com. The letter requested a resolution by May 8, 2025. I reviewed and authorized the letter and received a copy from counsel. The letter was sent as the "designated representation" I had told Upwork on April 16 would carry further communications on this matter, and it pressed the same claim I had noticed on April 1, 2025. Exhibit 6 reproduces the letter as sent; its enclosures, which were client-facing solicitation screenshots, are not reproduced.

15. Exhibit 7 is a true and correct copy of an email thread I obtained from the records of my then-counsel at Pullman & Comley. On April 29, 2025, Upwork Legal replied to counsel's letter the same day it was sent, writing: "This is to confirm receipt of your Demand Letter. Our team is currently reviewing the matter, and we acknowledge the timeline outlined in your message. We are working toward a constructive resolution and will be in touch soon." On May 9, 2025, Anastasiia Dryha, writing from the address anastasiiadryha@cloud.upwork.com, wrote:

> "We are reaching out to inform you that we are currently working on this response and expect to provide it shortly. Please note that, according to the arbitration provisions applicable to this matter, we have 60 days from the receipt of your demand to provide our response. We will ensure that our formal response is provided within this period."

## VI. Expiration of the Sixty-Day Period, the Unanswered Cure Demand, and Closure of the Case

16. Exhibit 8 is a true and correct copy of a follow-up and cure letter dated June 6, 2025, prepared and sent by my then-counsel at Pullman & Comley on my behalf to legalnotices@upwork.com. The letter quoted Upwork's May 9, 2025 commitment and demanded that Upwork respond and resolve the matter by June 11, 2025. My counsel advised me that they were sending the letter, and I received and reviewed a copy as sent. Exhibit 8 accurately reflects the letter as my counsel sent it. The letter states that copies of the March 28 support-case report, the April 29 letter, and the May 9 email were enclosed; those enclosures are not reproduced in Exhibit 8, and the corresponding documents appear elsewhere in the Compendium as Exhibits 1, 6, and 7.

17. Exhibit 9 consists of true and correct copies of pages 1, 14, and 15 of the sixteen-page record of Support Case No. 51489662 as I printed it from my Upwork account on June 4, 2026; each page bears a browser print header reflecting that date and its own page mark, and the print is consistent with the copy attached to my Complaint as Exhibit G-6. The case panel on page 1 reflects the status of the case as "Solved," with a last-activity entry of June 2, 2025, at 6:06 PM, and the same carbon-copied persons shown in Exhibit 1. I did not mark the case as solved. Pages 14 and 15 reflect two entries in the case on April 16, 2025: an entry at 7:39 AM attaching "Professional Statement to Upwork (04.16.2025).pdf (400 KB)," and an entry at 7:43 AM attaching both that file and "Upwork Support Case ID 51489662 (04.16.2025).pdf (7 MB)"—the SignNow file reproduced as Exhibit 1—and setting out Upwork's April 1, 2025 automated acknowledgment. The intervening pages reproduce correspondence already contained in Exhibit 1. Upwork did not transmit to me any substantive response to my Claim, any determination of it, or any proposed resolution

in connection with that closure, and it did not separately notify me that it had changed the case status to "Solved." The only message I received concerning the support case in that period was an automated request to rate my support experience, which contained no response to the Claim.

18. The June 11, 2025 cure deadline passed without any response from Upwork.

## VII. The Upwork Personnel Identified on the Case File

19. Exhibit 10 consists of true and correct copies of the publicly available LinkedIn profiles of Yosef Mahmood and Anastasiia Dryha — the two individuals carbon-copied on the case file described above and, in Ms. Dryha's case, the sender of the May 9, 2025 email quoted above — which I downloaded on May 20, 2026 using LinkedIn's "Save to PDF" feature. Mr. Mahmood's profile identifies his role at Upwork as Counsel for Policy, Privacy, and Litigation. Ms. Dryha's profile identifies her as a "Certified Paralegal" and states her position at Upwork as "Legal Assistant - Policy, Litigation & Privacy." Under that position the profile lists, among her responsibilities, "[m]anage subpoenas, law enforcement requests, levies, and other official legal demands, ensuring timely and compliant responses" and "[m]aintain calendars, deadlines, and matter trackers to support compliance and efficient case management."

## VIII. Absence of Any Substantive Response

20. From the time I transmitted the April 1, 2025 Notice through the filing of the Complaint in this action on March 23, 2026, I did not receive from Upwork any substantive response to the demand, any proposed resolution of the dispute, or any request for a conference to resolve the Claim informally, and it never delivered the formal response its May 9, 2025 email stated it would provide. After the June 11, 2025 cure deadline passed, I received no

further communication from Upwork or anyone acting on its behalf concerning this Claim or dispute until after this action was filed.

21. Neither I nor Upwork has filed a demand for arbitration with JAMS or any other arbitral forum in connection with this dispute, and no arbitration has been commenced. I did not exercise the opt-out described in Section 14.4.4 of the User Agreement.

## IX. Upwork Inc.'s Public Securities Filings

22. Exhibit 11 is a true and correct copy of Exhibit 21.1 to the Annual Report on Form 10-K of Upwork Inc. for the fiscal year ended December 31, 2024, filed with the United States Securities and Exchange Commission on February 13, 2025 under Accession No. 0001627475-25-000011. I retrieved it from the Commission's EDGAR system. It is captioned "Subsidiaries of Upwork Inc." and lists "Upwork Global Inc.," California, among the entities identified.

23. Exhibit 12 is a true and correct copy of Exhibit 10.2 to the Quarterly Report on Form 10-Q of Upwork Inc. for the quarter ended September 30, 2025, filed with the Commission on November 4, 2025 under Accession No. 0001627475-25-000058. I retrieved it from the Commission's EDGAR system. It defines "Upwork Inc." as "Parent" and "Upwork Global LLC" as "Subsidiary," is executed "[o]n behalf of Upwork Inc. and Upwork Global LLC" by Hayden Brown, identified as President and Chief Executive Officer of each, and records an employee's acceptance of "the transfer of my employment from Parent to Subsidiary."

24. Exhibit 13 is a true and correct copy of Exhibit 21.1 to Upwork Inc.'s Form 10-K for the fiscal year ended December 31, 2025, filed with the Commission on February 13, 2026 under Accession No. 0001627475-26-000012. I retrieved it from the Commission's EDGAR system. It lists "Upwork Global LLC," California, as a subsidiary.

## X. Demonstrative Summaries

25. Exhibit 14 consists of three demonstrative summaries I prepared for the convenience of the Court, designated Figure 1, Figure 2, and Figure 3. They are not offered as independent evidence, and none is intended to add to or vary the documents and testimony it summarizes. Figure 1 sets out the operative verbs of Section 14 of Version 6.8, quoting that instrument as Upwork filed it at Dkt. 44-4. Figure 2 places the same clause language beside what the record shows each party did in response to it. Figure 3 summarizes the chronology set out in this Declaration and in Exhibits 2, 3, 4, 6, 7, 8, and 9. Each figure identifies its sources on its face, and I have compared every quotation, date, and record citation appearing in them against the underlying documents.

## XI. Materials Within Upwork's Possession, Custody, or Control

26. I do not have access to Upwork's internal records—case-management notes, internal communications, drafts or dispositions of the promised response, audit, routing, and status-change records (including who marked the case "Solved"), and records of any activity Upwork may contend constituted an informal-resolution effort. Those materials, if they exist, are within Upwork's possession, custody, or control and are not accessible to me. They would show what became of the promised response, why the case was marked "Solved," and whether any additional first-tier activity occurred and, if so, what it was.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2026, at Chicago, Illinois.

*/s/ Evan J. Cronin*
Evan J. Cronin
Pro Se Plaintiff
211 W. Wacker Drive, Suite 120 #2217
Chicago, IL 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com