**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Judge Sara L. Ellis<br><br>Hon. Magistrate Judge Laura K. McNally |

**PLAINTIFF'S MOTION FOR REIMBURSEMENT OF EXPENSES UNDER FED. R. CIV. P. 4(d)**

# TABLE OF CONTENTS

**BACKGROUND** .......... **1**
**ARGUMENT** .......... **4**
I. Rule 4(d)(2)(A) requires reimbursement of the service expenses. .......... 4
II. Rule 4(d)(2)(B) reaches the reasonable expenses of this motion. .......... 6
**CONCLUSION** .......... **10**

# TABLE OF AUTHORITIES

**Cases**

*Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95 (1941) .......... 6
*Kay v. Ehrler*, 499 U.S. 432 (1991) .......... 8
*Textor v. Board of Regents of Northern Illinois University*, 711 F.2d 1387 (7th Cir. 1983) .......... 7

**Statutes**

42 U.S.C. § 1988 .......... 8

**Rules**

Fed. R. Civ. P. 4(d) .......... 1, 2, 4, 5, 9, 10
Fed. R. Civ. P. 4(d)(1) .......... 4, 5, 6, 10
Fed. R. Civ. P. 4(d)(1)(A) .......... 3, 5
Fed. R. Civ. P. 4(d)(1)(C) .......... 2
Fed. R. Civ. P. 4(d)(1)(G) .......... 5
Fed. R. Civ. P. 4(d)(2) .......... 5, 6, 7, 8
Fed. R. Civ. P. 4(d)(2)(A) .......... 4, 10
Fed. R. Civ. P. 4(d)(2)(B) .......... 6, 10
Fed. R. Civ. P. 4(e), 4(f), 4(h) .......... 4, 5
Fed. R. Civ. P. 37(a)(5)(A) .......... 6
N.D. Ill. L.R. 37.2 .......... 4

Plaintiff Evan J. Cronin respectfully moves this Court, under Federal Rule of Civil Procedure 4(d), for an order requiring Defendants Upwork Inc. and Upwork Global LLC (together, the "Upwork Defendants") to reimburse the unnecessary expenses Plaintiff incurred in serving them after each failed to respond to or return a requested waiver of service, together with the reasonable expenses incurred in connection with the filing of this Motion. In support, Plaintiff states as follows.

## BACKGROUND

Plaintiff filed his Complaint on March 23, 2026. (Dkt. 1.)

The next day, March 24, 2026, before mailing anything or incurring any expense, Plaintiff wrote to legalnotices@upwork.com — the address Upwork designates to receive legal notices — copying Anastasiia Dryha at anastasiiadryha@cloud.upwork.com. The email, titled "Authority to Receive Rule 4(d) Waiver Package — Case No. 1:26-cv-03220," asked "whether this department is authorized to receive a Rule 4(d) waiver package for either or both of those defendants," and stated that "[i]f not, I will proceed by directing the waiver packages to the appropriate registered agents." It made the limits of the inquiry explicit: the inquiry "does not ask Upwork to accept formal service of process, and it does not ask whether either defendant intends to waive service," and unless Plaintiff received "express confirmation of that authority as to a particular defendant," he would "not send that defendant's waiver package through this channel." It also stated that "[Ms.] Dryha is copied as a courtesy because she previously communicated on Upwork's behalf regarding this matter," and asked for a response by noon Central on March 27, 2026. (Ex. A to the Exhibit Compendium.)

That prior communication is a matter of record. Ms. Dryha was a listed CC on Plaintiff's Upwork support case concerning the conduct pled in the Complaint, Case No. 51489662. (Dkt.

1, Ex. G-6, at PageID #:180.) She wrote to Plaintiff's then-counsel at Pullman & Comley from that address on May 9, 2025, concerning the pre-suit demand letter asserting the claims later pled in the Complaint and the arbitration provisions Upwork invoked as to those claims. (Id., Ex. K-2, at PageID #:208.) Her public LinkedIn profile identifies her position on Upwork's legal team and describes her responsibilities as including "[p]rovid[ing] litigation support, including case preparation, document review, legal research, evidence organization, and case summaries" and "[c]ollaborat[ing] with cross-functional teams including policy, payments, finance, and external counsel." (Dkt. 51-2, Ex. 10, at PageID #:916.)

Plaintiff received an automated acknowledgment that did not answer the question, and no other response. He then proceeded to the registered agents.

The same cost-free route worked as to every other Defendant. Plaintiff transmitted the same Rule 4(d) forms by email to counsel for the five remaining Defendants in this action. Counsel responded, each of those five executed and returned a waiver, and Plaintiff incurred no expense of service as to any of them. (Dkt. 7.) The Upwork Defendants alone left the inquiry unanswered, and as to them alone did Plaintiff have to purchase postage and, when no waiver came back, a process server.

On March 27, 2026, Plaintiff sent each Upwork Defendant a Notice of a Lawsuit and Request to Waive Service of Summons by certified mail, addressed to that defendant's registered agent. Each request was in writing and addressed to an agent authorized by law to receive service; was accompanied by a copy of the Complaint, two copies of the waiver form, and a prepaid means for returning one signed copy, as Rule 4(d)(1)(C) requires; stated the date on which it was sent; and allowed more than thirty days to return the waiver. (Ex. B to the Exhibit Compendium.) Each

was addressed to that defendant's registered agent of record as of the date sent; the Delaware record for Upwork Inc. is Exhibit G to the Exhibit Compendium.[1]

The United States Postal Service confirmed delivery to Upwork Inc.'s registered agent in Dover, Delaware on March 30, 2026 at 11:02 a.m. (tracking no. 9405 5301 0935 5352 1867 56), and to Upwork Global LLC's registered agent in Springfield, Illinois on March 31, 2026 at 12:01 p.m. (tracking no. 9405 5301 0935 5352 1867 63). (Ex. D to the Exhibit Compendium.)

Neither Upwork Defendant returned a signed waiver within the time allowed, which exceeded 30 days.

On May 4, 2026, at 12:30 p.m., both Upwork Defendants were personally served at the registered agent's office at 901 S. 2nd Street, Suite 201, Springfield, Illinois. (Dkt. 9; Dkt. 10.) The cost was $188.90 per defendant.[2]

Each item of expense was purchased separately for each Upwork Defendant. No allocation between them is required. The service expenses attributable to each are $208.18, and $416.36 in total. (Exs. C and E to the Exhibit Compendium.)

[1] As of March 27, 2026, Upwork Inc. had no registered agent of record in Illinois that Plaintiff was aware of; its registered agent of record was Registered Agent Solutions, Inc. in Dover, Delaware. (Ex. G to the Exhibit Compendium.) Upwork Global LLC was of record in Illinois as a foreign limited liability company, with Registered Agent Solutions, Inc. in Springfield, Illinois as its registered agent. The two Upwork Defendants are separate legal entities, and each waiver package was addressed to the registered agent of record for that entity as of the date sent, as Rule 4(d)(1)(A) requires. See Dkt. 5 at 9 (PageID #:220) (summons for Upwork Inc., Dover, Delaware); id. at 13 (PageID #:224) (summons for Upwork Global LLC, Springfield, Illinois).

[2] Before arranging personal service, Plaintiff re-verified each Upwork Defendant's registered agent of record. Upwork Inc. had changed its registered agent on April 27, 2026 — thirty-one days after the waiver package was mailed to its then-agent in Dover, Delaware — and was by then of record in Illinois as a registered foreign corporation with the same registered agent as Upwork Global LLC, Registered Agent Solutions, Inc. at 901 S. 2nd Street, Suite 201, Springfield, Illinois. The affidavits of service confirm that agent's authority to accept process for each entity. (Dkt. 9, at PageID #:249; Dkt. 10.) Plaintiff accordingly obtained an alias summons for Upwork Inc. directed to that agent. (Dkt. 8, at PageID #:246.) Service was therefore made at one agent's office, but under two distinct summonses — one for each entity. (Dkt. 5 at 13 (PageID #:224); Dkt. 8 (PageID #:246).) Each Upwork Defendant was separately served and separately invoiced.

The invoices are Proof Technology Inc. No. 1452178 (Upwork Inc., Serve ID SRV-HHR7B0V) and No. 1451902 (Upwork Global LLC, Serve ID SRV-08PN9WY), the same Serve IDs recorded in the affidavits of service at Dkt. 9 and Dkt. 10.

On September 1, 2026, Plaintiff transmitted to both counsel of record for the Upwork Defendants a written request that the Upwork Defendants reimburse $416.36, enclosing the two Proof Technology invoices identified above, each marked paid; the USPS receipts and delivery confirmations for March 27 through 31, 2026 — the Click-N-Ship payment confirmation for the two Priority Mail packages ($20.30), the March 27 retail receipt for Certified Mail with electronic return receipt on both packages ($16.24), the March 27 retail receipt for the two prepaid stamped return envelopes enclosed with the requests ($2.02), and the USPS proofs of delivery for both registered agents; and Plaintiff's March 24, 2026 inquiry to Upwork regarding authority to receive the Rule 4(d) waiver packages. Plaintiff asked for a response by 5:00 p.m. Central on September 9, 2026 — eight days after the request was sent — stating whether the Upwork Defendants would reimburse the expenses and, if so, the form and timing of payment. (Ex. F to the Exhibit Compendium.)

The Upwork Defendants did not respond. As of the filing of this Motion on September 16, 2026, they have not acknowledged the request, sought additional time, or stated any position.

Plaintiff's efforts to resolve this matter without motion practice are set out in the accompanying Certificate of Compliance with Local Rule 37.2, filed herewith (Dkt. 58-3).

## <u>ARGUMENT</u>

### I. Rule 4(d)(2)(A) requires reimbursement of the service expenses.

Rule 4(d)(1) provides that a defendant subject to service under Rule 4(e), (f), or (h) "has a duty to avoid unnecessary expenses of serving the summons."

Rule 4(d)(2) provides that if a defendant located within the United States "fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."

Each element is satisfied on this record. Plaintiff is located within the United States. Each Upwork Defendant is a corporation or limited liability company subject to service under Rule 4(h) and located within the United States. Each was sent a request that complied with Rule 4(d)(1)(A) through (G). Each received it, as the delivery confirmations show. Neither returned it, and Plaintiff incurred the unnecessary service expenses set out above.

Rule 4(d)(1) makes the avoidance of "unnecessary expenses of serving the summons" the defendant's duty, and the mailing expenses are unnecessary in precisely that sense. Subsection (C) required Plaintiff to enclose "a prepaid means for returning the form," and subsection (G) required that the request "be sent by first-class mail or other reliable means." Plaintiff could not make a compliant request without incurring both. What that money bought was the Upwork Defendants' opportunity to avoid the cost of service. They did not take it, and the expenditure bought nothing. As to the five remaining Defendants the same forms cost nothing at all. (Dkt. 7.) The difference between $0.00 and $416.36 is therefore not a difference in the method Plaintiff chose: he offered the Upwork Defendants the same cost-free channel on March 24, 2026, before spending anything, and their silence closed it — leaving certified mail to the registered agents as the only Rule 4(d)-compliant route available, and their further silence in the face of those requests made personal service unavoidable. Each expense this motion claims exists because a step taken to avoid it went unanswered.

The consequence is not discretionary. Rule 4(d)(2) provides that the court "*must* impose" the expenses. (Emphasis added.) The only qualification in the Rule is good cause, and the statement accompanying the Rule 4 forms places that showing on the defendant: a defendant who fails to return a requested waiver "will be required to pay the expenses of service, *unless the defendant shows good cause for the failure*." (Emphasis added.)

Neither Upwork Defendant has shown good cause or offered any explanation for failing to return the waivers, whether in response to Plaintiff's September 1, 2026 request or otherwise.

## II. Rule 4(d)(2)(B) reaches the reasonable expenses of this motion.

Subsection (B) directs the Court to impose "the reasonable expenses, ***including*** attorney's fees, of any motion required to collect those service expenses." (Emphasis added.) The governing noun is *expenses*. Had the Rule reached only attorney's fees, it could have said attorney's fees. It did not; it made them an instance of something larger. "Including" identifies one member of that category; it does not mark its boundary. The Supreme Court has said so directly: the term "including" "is not one of all-embracing definition, but connotes simply an illustrative application of the general principle." *Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941). The court below in that case had "seized upon the phrase, 'including the capital and reserve or surplus therein and the income derived therefrom,' as delimiting the scope of the exemption." The Supreme Court reversed: the general term "cannot thus be frittered away." *Id.*

Three features of the same rulebook confirm that reading. First, subsection (A), one clause earlier in the same sentence, uses "expenses" with no qualifier at all, so the drafters were not employing the word as a narrow term of art confined to disbursements. Second, Rule 37(a)(5)(A) uses the identical construction — "the movant's reasonable expenses incurred in making the motion, *including* attorney's fees." (Emphasis added.) Third, Rule 4(d)(1) frames the defendant's

duty in the same noun: a duty to avoid unnecessary *expenses*, which Rule 4(d)(2) enforces by shifting the expenses the breach caused. In each place expenses is the category and fees are an instance of it.

Plaintiff is the sole proprietor of Evan J Cronin CPA & Tax Services (Compl. ¶ 11). Preparing this motion consumed three business days of that practice's professional capacity — capacity he could otherwise have applied to the business. Plaintiff currently performs professional services at $100.00 per hour. A further figure is documented on Defendant Upwork's own platform: a posted hourly rate of $200.00, on a profile displaying Plaintiff's California and Illinois certified public accountant licenses as verified credentials. Plaintiff claims here the lower of the two. The capacity was not deferred; it was lost. That is an expense Plaintiff's professional practice bore. (Declaration of Evan J. Cronin ¶¶ 15–18, filed herewith.)

That the capacity consumed produced no cash outlay does not defeat the claim. The Seventh Circuit rejected that reasoning in *Textor v. Board of Regents of Northern Illinois University*, 711 F.2d 1387 (7th Cir. 1983). The district court there had excluded parties represented by salaried in-house counsel from a fee award because they "had not incurred any additional costs as their counsel were paid a fixed salary." *Id.* at 1396. The Seventh Circuit reversed. The "but for" analysis rested on the "faulty assumption" that counsel "would do nothing that would benefit defendants had they not been involved in this litigation"; in fact, "for every hour in-house counsel spent on this case defendants lost an hour of legal services that could have been spent on other matters." *Id.* at 1396–97. The value of that loss "is, of course, the amount it would require to hire additional counsel to do the neglected work," and "[w]hether defendants actually hired additional counsel or went without legal advice on some matters *is irrelevant as the value of the loss is the same*." *Id.* at 1397 (emphasis added). The same is true of a day of Plaintiff's practice.

Because Plaintiff proceeds pro se, the request must be distinguished from a request for attorney's fees. Plaintiff is not a lawyer, has retained no counsel for this motion, and claims no cost of attorney's fees. He claims the expenses the motion imposed on his practice. The decision that might be thought to foreclose that claim addresses something else. In *Kay v. Ehrler*, 499 U.S. 432 (1991), the Court held that a pro se litigant who is himself a lawyer may not recover attorney's fees under 42 U.S.C. § 1988. The reasoning was that "the word 'attorney' assumes an agency relationship" and that "Congress contemplated an attorney-client relationship as the predicate for an award," *id.* at 436, and that "the overriding statutory concern is the interest in obtaining independent counsel," *id.* at 437.

That reasoning rests on what the words presuppose. The Court supplied the definition itself: an attorney is "one who is legally appointed *by another* to transact business *for him*." *Id.* at 436 n.6 (quoting Webster's New Collegiate Dictionary 73 (1975)) (emphasis added). A fee is a payment to someone. Where a litigant represents himself there is no one to pay, and so there is no fee. That is the structure of the holding.

*Kay*'s second rationale does not travel here. The Court identified "the overriding statutory concern" of § 1988 as "the interest in obtaining independent counsel," *id.* at 437 — a concern belonging to a statute enacted to make counsel available to civil rights plaintiffs. Rule 4(d)(2) is directed at something else. It enforces a duty the Rule imposes on defendants and measures the remedy by the cost the breach caused. What it provides is the reasonable expenses of the motion. It does not condition them on who incurred them.

The word "expenses" carries no such built-in recipient, and the Rule's own grammar shows it. "Attorney's fees" is a possessive: it names whose fees they are, and therefore who was paid. The phrase around it is not possessive at all — it is "the reasonable expenses … *of any motion*

required to collect those service expenses." (Emphasis added.) The genitive attaches to the motion, not to a person. The Rule identifies these expenses by what occasioned them, not by whom they were paid to.

Attorney's fees are therefore the instance of the category that arises when a third party was engaged to do the work. Plaintiff does not claim the instance. He claims the category. He asks the Court to shift a cost occasioned by a motion the Rule itself calls required.

What the category is, when no third party was engaged, follows from the same premise. Rule 4(d) is written throughout from the position of the party on whom the breach imposed a cost: a duty to avoid unnecessary "expenses of serving the summons"; "the expenses later incurred in making service"; "the reasonable expenses … of any motion required to collect those service expenses." Where that party retained counsel, the expense of the motion took the form of money paid out. Where that party did not, it took the form of time spent. The form differs; the expense does not. Plaintiff's expense of this motion is the professional capacity of his business that it consumed.

A court imposes a sum, so that capacity must be stated in dollars. Measured at $100.00 per hour and a standard business day of eight hours, the economic value of the three business days is $2,400.00, apportioned equally between the two Upwork Defendants at $1,200.00 each. The rate is how the capacity is expressed. That figure measures what this motion has consumed through filing. Subsection (B) reaches the reasonable expenses of the motion, and a motion is not concluded when it is filed. What the motion requires after filing has not yet been incurred and cannot be quantified today. Plaintiff excludes it from the figure above, states it as a separate line, and requests leave to submit a supplemental statement of those expenses if the Court awards the expenses of this motion.

Plaintiff presents this request as a line item separate from the service expenses so that the Court may resolve each independently. The amounts sought as to each Upwork Defendant are as follows:

| | Rule | Upwork Inc. | Upwork Global LLC |
|---|---|---|---|
| Process server invoice | 4(d)(2)(A) | $188.90 | $188.90 |
| Priority Mail postage | 4(d)(1) | $10.15 | $10.15 |
| Certified Mail with electronic return receipt | 4(d)(1) | $8.12 | $8.12 |
| Prepaid stamped return envelope | 4(d)(1) | $1.01 | $1.01 |
| **Service expenses** | | **$208.18** | **$208.18** |
| Pre-filing expenses of this motion | 4(d)(2)(B) | $1,200.00 | $1,200.00 |
| Post-filing expenses of this motion | 4(d)(2)(B) | *To be determined* | *To be determined* |
| **Total per defendant at filing** | | **$1,408.18** | **$1,408.18** |

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

(1) under Rule 4(d), requiring Defendant Upwork Inc. to reimburse Plaintiff $208.18, and Defendant Upwork Global LLC to reimburse Plaintiff $208.18, in expenses incurred in making service;

(2) under Rule 4(d), requiring Defendant Upwork Inc. to reimburse Plaintiff $1,200.00, and Defendant Upwork Global LLC to reimburse Plaintiff $1,200.00, being the reasonable expense of the three business days of professional capacity required to prepare this motion through filing;

(3) granting Plaintiff leave to submit a supplemental statement of the reasonable expenses of this motion incurred after its filing;

(4) directing that payment be made within fourteen (14) days of the entry of the order; and

(5) granting such other and further relief as the Court deems just and appropriate.

**Dated:** September 16, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

The undersigned, Evan J. Cronin, hereby certifies that on September 16, 2026, he caused the following documents to be filed with the United States District Court for the Northern District of Illinois, Eastern Division, through the Court's CM/ECF system:

(1) Plaintiff's Motion for Reimbursement of Expenses Under Fed. R. Civ. P. 4(d);
(2) Declaration of Evan J. Cronin;
(3) Exhibit Compendium;
(4) Certificate of Compliance with N.D. Ill. Local Rule 37.2.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and N.D. Ill. Local Rule 5.9, service of the foregoing documents has been effected on all counsel of record by the Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all registered users, including the following counsel:

Allison N. Powers
Gabrielle N. Ganze
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Tel.: +1 (312) 776-2546
Email: allison.powers@blankrome.com
Email: gabrielle.ganze@blankrome.com
*Counsel for Defendants Upwork Inc. and Upwork Global LLC*

Chad J. Layton
Patrycia Piaskowski
**GOLDBERG SEGALLA LLP**
222 West Adams Street, Suite 2250
Chicago, Illinois 60606
Tel.: +1 (312) 572 8422
Email: clayton@goldbergsegalla.com
Email: ppiaskowski@goldbergsegalla.com
*Counsel for Defendants Terma Project, Inc., Fractional Tax, Inc., Fractional Tax USA, LLC, Chandler Murphy, and Nishchal Basnyat*

**Dated:** September 16, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se