**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Judge Sara L. Ellis<br><br>Hon. Magistrate Judge Laura K. McNally |

**DECLARATION OF EVAN J. CRONIN IN SUPPORT OF PLAINTIFF'S MOTION FOR REIMBURSEMENT OF SERVICE EXPENSES UNDER FED. R. CIV. P. 4(d)**

I, Evan J. Cronin, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge:

1. I am the Plaintiff in this action and appear pro se. I make this declaration from personal knowledge and from records I keep in the ordinary course.

2. I am a Certified Public Accountant and the sole proprietor of Evan J Cronin CPA & Tax Services.

3. The documents I describe below are collected in the Exhibit Compendium filed with this motion. I assembled that compendium myself from records I maintain, and each document in it is a true and correct copy of the record it purports to be. Each exhibit is preceded by a cover page identifying the document and its origin. Those cover pages are my own description, prepared for this filing; they are not part of the underlying records, and I do not offer them as such.

4. On March 24, 2026, the day after I filed the Complaint and before I mailed anything, I emailed legalnotices@upwork.com, the address Upwork designates to receive legal notices, copying Anastasiia Dryha at anastasiiadryha@cloud.upwork.com. Ms. Dryha is Upwork's Legal Assistant for Policy, Litigation and Privacy, and she had corresponded on this dispute from that address on Upwork's behalf; that correspondence and her role are Exhibits 7 and 10 to the Exhibit Compendium I filed at Dkt. 51-2. I asked whether Upwork's legal department was authorized to receive a Rule 4(d) waiver package for either Upwork Defendant, and stated that I would direct the packages to the registered agents if it was not. Had the answer been yes, neither the mailings nor the service that followed would have been necessary. I received an automated acknowledgment that did not answer my question. I received no other response. That email and the response received are Exhibit A to the Exhibit Compendium filed with this motion.

5. On March 26, 2026, counsel for the five remaining Defendants in this action advised me that Rule 4(d) waiver requests could be sent to them by email. That same day, I emailed each of those five Defendants a package consisting of Form AO 398, two copies of Form AO 399, and a copy of the filed Complaint. On April 7, 2026, counsel emailed me all five executed waivers, and I filed them. They appear on the docket at Dkt. 7. I incurred no expense of service as to any of those five Defendants.

6. On March 27, 2026, I sent each Upwork Defendant a Notice of a Lawsuit and Request to Waive Service of Summons by certified mail, addressed to that defendant's registered agent. Each mailing enclosed a copy of the Complaint, two copies of the waiver form, and a USPS prepaid stamped envelope addressed to me for returning one signed copy. I purchased those envelopes for this purpose. Each request stated the date it was sent and allowed more than thirty days for return. I printed each Notice of a Lawsuit and Request to Waive Service of Summons and

signed it by hand before placing it in the mailing; the copy delivered to each registered agent bore my signature. Exhibit B to the Exhibit Compendium reproduces the electronic file I printed from, which is why the signature line on the forms reproduced there is blank.

7. Before sending the waiver requests, I confirmed Upwork Inc.'s registered agent of record. On March 16, 2026, the Delaware Division of Corporations identified Upwork Inc.'s registered agent as Registered Agent Solutions, Inc., 838 Walker Road Suite 21-2, Dover, Delaware 19904, and I addressed Upwork Inc.'s waiver request to that agent at that address. Upwork Inc.'s registered agent of record changed on April 27, 2026, thirty-one days after I sent that request. Both Delaware records are Exhibit G to the Exhibit Compendium.

8. I paid $20.30 for Priority Mail postage on the two packages, $16.24 for Certified Mail with electronic return receipt on both, and $2.02 for the two prepaid return envelopes — $38.56 in total. The receipts are Exhibit C to the Exhibit Compendium.

9. USPS confirmed delivery to Upwork Inc.'s registered agent in Dover, Delaware on March 30, 2026 at 11:02 a.m., and to Upwork Global LLC's registered agent in Springfield, Illinois on March 31, 2026 at 12:01 p.m. The delivery confirmations are Exhibit D to the Exhibit Compendium.

10. Neither Upwork Defendant returned a signed waiver to me. I have received none to this day.

11. I retained Proof Technology, Inc. to effect personal service. Both Upwork Defendants were served on May 4, 2026, at 12:30 p.m. I paid $188.90 for each defendant, $377.80 in total. The paid invoices, Nos. 1452178 and 1451902, are Exhibit E to the Exhibit Compendium.

12. Every item above was purchased separately for each Upwork Defendant — one process server engagement, one Priority Mail package, one Certified Mail service with electronic

return receipt, and one prepaid stamped return envelope for each. The expense attributable to each defendant is therefore $208.18, and the combined total is $416.36.

13. On September 1, 2026, at 6:47 p.m. Central, I transmitted a written request for reimbursement of $416.36 to both counsel of record for the Upwork Defendants, enclosing the materials described above. I asked for a response by 5:00 p.m. Central on September 9, 2026, stating whether the Upwork Defendants would reimburse the expenses and, if so, the form and timing of payment. That request is Exhibit F to the Exhibit Compendium, and page 2 of it lists the four attachments transmitted with it.

14. The Upwork Defendants did not respond. As of the filing of this motion on September 16, 2026, I have received no acknowledgment of the request, no request for additional time, and no statement of any position on it.

15. I maintain a professional profile on Defendant Upwork's platform under my own name. It identifies me as a Certified Public Accountant specializing in United States domestic and international tax, and it displays my California and Illinois certified public accountant licenses as verified credentials. The profile states my hourly rate as $200.00 per hour. That rate was posted before September 1, 2026, and remained posted throughout the period covered by this motion.

16. I currently perform professional services at $100.00 per hour. The capacity this motion consumed is capacity I could otherwise have applied to that work.

17. Preparing, conferring on, and filing this motion consumed three business days of my practice's professional capacity. I have excluded the September 1, 2026 request itself and every other matter in this case. The capacity I state is what this motion has consumed through filing; it does not include capacity not yet expended.

18. This motion cost my practice three business days. Measured at a rate of $100.00 per hour and a standard business day of eight hours, the calculated economic value of that capacity is $2,400.00, or $1,200.00 attributable to each Defendant.

Executed on September 16, 2026 at Chicago, Illinois.

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se