**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Judge Sara L. Ellis<br><br>Hon. Magistrate Judge Laura K. McNally |

**PLAINTIFF'S MOTION TO DEEM WAIVED THE MATTERS FIRST RAISED IN DEFENDANTS UPWORK GLOBAL LLC AND UPWORK INC.'S REPLY (Dkt. 56) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THEIR MOTION TO COMPEL ARBITRATION AND STAY ACTION (Dkt. 44)**

## TABLE OF CONTENTS

**INTRODUCTION**....................................................................................................1
**MEET-AND-CONFER STATEMENT**.......................................................................2
**ARGUMENT**.........................................................................................................3
I. The Reply Raises Matters Dkt. 44 Did Not. ..............................................................3
A. Factual assertions offered without evidence. .........................................................3
B. Grounds Dkt. 44 did not raise. ..............................................................................4
C. Matters this Motion does not challenge. .................................................................6
II. The Disputes Were Disclosed Before Dkt. 44. ..........................................................7
III. The Court Should Not Consider the Matters Identified in Part I. ..............................8
IV. In the Alternative, the Court Should Permit a Confined Sur-Reply. ........................10
**CONCLUSION**....................................................................................................11

## TABLE OF AUTHORITIES

### Cases

This Court (Ellis, J.)

*Bietsch v. Sergeant's Pet Care Prods., Inc.*, No. 15 C 5432, Dkt. 52 (N.D. Ill. Mar. 15, 2016) (Ellis, J.)....................................................................9

*Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:24-cv-03821, Dkt. 120 (N.D. Ill. Oct. 29, 2024) (Ellis, J.)..............................10

*Phila. Indem. Ins. Co. v. Blast Fitness Grp., LLC*, No. 1:18-cv-03912, Dkt. 40 (N.D. Ill. Dec. 17, 2018) (Ellis, J.)....................................................................9

*Smith v. Altman*, No. 12 C 4546, Dkt. 269 (N.D. Ill. Sept. 21, 2015) (Ellis, J.)..................8

*Tri-State Disposal, Inc. v. Vill. of Riverdale*, 369 F. Supp. 3d 866 (N.D. Ill. 2019) (Ellis, J.)....................................................................6

Court of Appeals for the Seventh Circuit

*Costello v. Grundon*, 651 F.3d 614 (7th Cir. 2011)..................................2, 8, 9, 10

*Gold v. Wolpert*, 876 F.2d 1327 (7th Cir. 1989)....................................................8

*Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906 (7th Cir. 2011)......................2, 9

*O'Neal v. Reilly*, 961 F.3d 973 (7th Cir. 2020).....................................................2, 9

### Statutes

9 U.S.C. § 3..........................................................................................1, 7, 10

### Other Authorities

Case Procedures, Motion Practice (Ellis, J.)..........................................................2

## INTRODUCTION

Plaintiff Evan J. Cronin respectfully moves the Court to deem waived, and not to consider in deciding the Motion to Compel Arbitration and Stay Action (Dkt. 44) (the "Motion to Compel"), the factual assertions and grounds identified in Part I that first appeared in the Reply (Dkt. 56). In the alternative, Plaintiff seeks leave to file the proposed sur-reply tendered as Exhibit A to the Exhibit Compendium. Only if the Court is inclined to rely on the Reply's characterization of the "Solved" status, Plaintiff further asks for the limited discovery identified in Part IV. This Motion does not seek to strike the Reply.

Defendants Upwork Inc. and Upwork Global LLC are referred to together as the "Upwork Defendants." By their own disclosure, Upwork Global LLC is a separate legal entity that "is wholly owned by" Upwork Inc. (Dkt. 32 ¶ 1.) References to duties under the User Agreement concern Upwork Global LLC, as successor by conversion to the contracting entity, Upwork Global Inc. (Dkt. 44-4 at 3; Dkt. 36-3 at PageID #:398; Dkt. 1 ¶ 13.)

The grounds identified in Part I.B were omitted from the Motion to Compel. Before it was filed, Plaintiff had disclosed the § 3 default, discharge, and class-waiver disputes, and the Upwork Defendants had proposed that those disputes be briefed in opposition to a motion to compel arbitration. (Part II.)

Plaintiff then filed his Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver (Dkt. 36) (the "Default Motion"). The Upwork Defendants told the Court that the Default Motion "directly overlaps" with their prepared drafts and that they would "oppose Plaintiff's motion, including the significant threshold relief it seeks." (Dkt. 38 ¶ 9; Dkt. 42 at PageID #:613.) Plaintiff's briefing of

those disputes in his Response in Opposition (Dkt. 51) (the "Opposition") did not authorize the Upwork Defendants to assert in reply independent grounds omitted from the Motion to Compel.

The question is not whether the Upwork Defendants could respond to the Opposition; they could. It is whether the Reply developed grounds that Dkt. 44 unambiguously presented, which is permitted, *see Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011), or supplied different grounds after Plaintiff's opportunity to respond had passed, which is not, *see Costello v. Grundon*, 651 F.3d 614, 635 (7th Cir. 2011); *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020). Each matter identified in Part I presents a separate question, and the Court may decide each independently. Part I.C identifies what this Motion does not challenge.

## **MEET-AND-CONFER STATEMENT**

Pursuant to the Court's Case Procedures, Plaintiff states that the parties conferred by email and by telephone. On September 17, 2026, Plaintiff emailed counsel for the Upwork Defendants the relief this Motion seeks and the matters he then identified, with citations to the Reply and the record. (Declaration of Evan J. Cronin ("Cronin Decl.") ¶ 9.) On September 21, their counsel responded that "Upwork objects to both the primary relief you propose and your alternative request for leave to file a sur-reply," stating that each matter "responds directly to arguments, authorities, contractual provisions, or record materials raised in your Opposition."

On September 23, Plaintiff and counsel for the Upwork Defendants conferred by telephone. Plaintiff memorialized by email that the parties were unable to reach an accord and that he may state the Upwork Defendants' position as set out in the September 21 email; their counsel confirmed, "Yes, that is correct." (Ex. B; Cronin Decl. ¶¶ 10–12.)

# ARGUMENT

## I. The Reply Raises Matters Dkt. 44 Did Not.

### A. Factual assertions offered without evidence.

***1. "Solved."*** The Reply submits no evidence, and the only declaration filed with Dkt. 44 says nothing about the Notice, the support case, or its closure. (Dkt. 44-2; Dkt. 51 at 9.) The record shows that support case No. 51489662 displayed "Solved" with a last-activity entry of June 2, 2025, that Plaintiff did not mark it solved, and that the records showing who did, and why, are Upwork's. (Dkt. 51-2 at 60; Dkt. 51-1 ¶¶ 17, 26; Cronin Decl. ¶¶ 7–8.) The Reply nonetheless asserts that "[a] ticketing system's 'Solved' label is an administrative classification," citing only "*Id.*," which refers to Plaintiff's own exhibits at Dkt. 51-2. (Dkt. 56 at 6–7.)

Read as a description of a visible label, the sentence adds nothing to the record; read as a statement about how the support system works, it is a factual premise that no declaration or system record supports. The Reply then relies on it against discovery: "Discovery cannot change the Agreement's text or convert an administrative label into repudiation." (*Id.* at 15; *see id.* at 8.) Dkt. 44 said nothing about the closure, although Plaintiff's June 30, 2026 memorandum supporting the Default Motion had identified "the actor and mechanics of the June 2, 2025 closure" as a subject for threshold discovery. (Dkt. 36-1 at 14.)

***2. "Communicated through the 60-day period."*** The Reply states that Upwork "communicated through the 60-day period." (Dkt. 56 at 12.) The exhibits it cites show communications from Upwork about the Claim on April 29 and May 9, 2025. (Dkt. 51-2 at 54–55.) The Reply identifies no later communication from Upwork about the Claim; the next event it cites is the "June 2 support-ticket status." (Dkt. 56 at 7.)

**B. Grounds Dkt. 44 did not raise.**

Part C of the Reply raises defenses to discharge, and Part B adds positions on the class waiver. The Reply says that "Upwork's Motion addressed formation, assent, scope, and delegation because those are ordinary gateway issues." (Dkt. 56 at 3.) Although Dkt. 44 cited Plaintiff's June 30 memorandum (Dkt. 44-1 at 2, 4), it did not cite Section 14.3, discuss the sixty-day process, or address discharge, and it asserted none of the following grounds.

***1. Section 15.2.*** The Reply asserts that "[t]he May 9, 2025 email cannot modify the User Agreement," relying on Section 15.2's statement that "Email will not constitute a written instrument." (Dkt. 56 at 12.) It then adds that, "[b]eyond any purported amendment, the Agreement explained, 'We do not guarantee we will take action against all breaches of this User Agreement,'" which "further demonstrates there was no guarantee that any action would be taken." (*Id.*) Before Dkt. 44, Plaintiff had presented the May 9 email as Upwork's written statement of the performance it would provide within the Section 14.3 process. (Dkt. 36-1 at 2, 10.) Dkt. 44 did not invoke Section 15.2. Nor did the Opposition cite Section 15.2 or contend that the May 9 email modified the Agreement. (Dkt. 51 at 14–16.)

***2. Separability.*** The Reply asserts that, "[e]ven apart from the delegation clause, the separability doctrine forecloses using an alleged performance shortcoming in the dispute-resolution process to avoid an independently enforceable arbitration promise," relying on *Prima Paint*. (Dkt. 56 at 11; *see id.* at 3.) Before Dkt. 44, Plaintiff had presented discharge as post-formation nonperformance, "not a claim that the Provision is void or voidable," and had specifically challenged the delegation clause on that basis. (Dkt. 36-1 at 8, 13.) Dkt. 44 did not cite *Prima Paint*; its memorandum cited *Rent-A-Center* only in its legal standard and for delegation, not for separability. (Dkt. 44-1 at 7, 11–12.) The Opposition mentioned *Prima Paint* once, in describing *Herman*, as "a question not presented here." (Dkt. 51 at 16.)

***3. Election.*** The Reply asserts that Plaintiff "cannot claim discharge after electing to continue the process," because "his June 6 cure letter sought continued performance rather than repudiation," and, "[u]nder PML's election framework, he cannot insist on continued performance and later claim that the process was discharged." (Dkt. 56 at 13.) The June 6, 2025 letter, which Plaintiff's then-counsel sent to Upwork Global Inc. setting a June 11 deadline, and the discharge dispute were before the Upwork Defendants when they moved (Dkt. 36-3 at PageID #:516–17; Cronin Decl. ¶ 6; Dkt. 36-1 at 6, 11–13), and Dkt. 44 made no election argument. The Opposition applied *PML*'s description of the injured party's choice to the June 11 deadline (Dkt. 51 at 22); the Reply then asserted, for the first time, that the letter was an election to continue that bars discharge.

***4. Survival (Section 13.3).*** The Reply asserts that "[t]he Agreement's survival and severability provisions independently foreclose Plaintiff's construction," because "Section 13.3 makes arbitration obligations survive termination." (Dkt. 56 at 14.) Before Dkt. 44, Plaintiff had presented the theory as the discharge of his reciprocal Section 14 obligations by an antecedent material breach, with the Provision validly formed. (Dkt. 36-1 at 2, 12–13.) Dkt. 44 did not invoke Section 13.3.

***5. Severability (Section 14.4.5).*** The same sentence adds that "Section 14.4.5 preserves the Arbitration Provision if a portion is unenforceable." (Dkt. 56 at 14.) Plaintiff's June 30 memorandum had addressed Section 14.4.5 by name (Dkt. 36-1 at 13–14), but Dkt. 44 did not invoke it. The Opposition explained why Section 14.4.2's severability sentence does not answer the discharge theory (Dkt. 51 at 24); the Reply then offered a different provision, Section 14.4.5, as an independent ground.

***6. The class waiver.*** The Reply asserts that "[n]o class-waiver dispute is presented: Plaintiff, who is pro se, has not pleaded a class claim or asked the Court to decide whether a class

may proceed," and that, "[e]ven if the Court reached the issue, *Concepcion* confirms the Agreement may require individual arbitration." (Dkt. 56 at 11; *see id.* at 8–9.) Dkt. 44 cited *Concepcion* for "a liberal federal policy favoring arbitration agreements" (Dkt. 44-1 at 7) and for the rule that the action "must be stayed" (*id.* at 15), and its only references to the class waiver are its description and quotations of the Agreement (*id.* at 4–6). It made no argument that no class-waiver dispute exists or that the waiver applies if the right to compel arbitration is forfeited, although that dispute had been presented before Dkt. 44. (Dkt. 36-1 at 13–14; Dkt. 36-3 at PageID #:525, 540–42.)

Quoting the Agreement did not put these grounds in Dkt. 44. *See Tri-State Disposal, Inc. v. Vill. of Riverdale*, 369 F. Supp. 3d 866, 877 n.5, 881 n.7 (N.D. Ill. 2019) (Ellis, J.) (declining to address arguments first made in reply, although the motion to dismiss had recited the claim's elements and said that more would follow in reply, No. 18 C 2138, Dkt. 25 at 8 n.1, 12, excerpted at Ex. C). Nor is any of them a fuller version of the delegation argument Dkt. 44 made. (Dkt. 44-1 at 11–13.) That argument addressed who decides; these grounds address whether Plaintiff's discharge theory succeeds.

**C. Matters this Motion does not challenge.**

Apart from the matters identified in Parts I.A and I.B, to which the relief requested is confined, this Motion does not ask the Court to disregard the Reply's distinctions of Plaintiff's authorities, its argument that the Upwork Defendants did not act inconsistently with the right to arbitrate (Dkt. 56 at 2, 4–5), its reading of Section 14.3 (*id.* at 5–7), or its further development of the delegation argument Dkt. 44 made (*id.* at 8–10). That limitation concerns only the relief this Motion seeks. It is not a concession: Plaintiff disputes each of those points on the merits.

## II. The Disputes Were Disclosed Before Dkt. 44.

Counsel for the Upwork Defendants has stated that each matter "responds directly to arguments, authorities, contractual provisions, or record materials raised in your Opposition." (Ex. B.) The record before the Upwork Defendants moved answers that position. Notice is not an element of waiver: a court may treat a ground first raised in reply as waived whether or not the movant knew of the dispute in advance. But the record here shows more. The disputes the Reply answers with new grounds were presented to the Upwork Defendants before they filed Dkt. 44, so the Opposition did not create them.

In conferring on the Default Motion, Plaintiff sent counsel for the Upwork Defendants a May 28, 2026 letter that stated the discharge and class-waiver grounds and asked whether Upwork "contend[s] that the class action/jury trial waiver applies even if Upwork has forfeited its right to compel arbitration." (Dkt. 36-3 at PageID #:520, 525–26.) On June 2, their counsel responded that "the most efficient course" was "for all of this to be briefed in opposition to a motion to compel arbitration, rather than to have cross-motions concerning arbitration." (*Id.* at PageID #:532.) Plaintiff replied the next day that, in his view, a § 3 default would bar a stay, and that his class-waiver relief was independent and could not be adjudicated through an opposition brief. (*Id.*; Cronin Decl. ¶¶ 3–5.)

Plaintiff's June 30 memorandum stated the grounds in full. (Dkt. 36-1 at 2, 4–6, 8–14.) The next day, the Upwork Defendants sought 21 more days to "review the factual record Plaintiff has submitted," and told the Court that the Default Motion "directly overlaps with Upwork Defendants' prepared drafts because it seeks to preclude the FAA relief Upwork Defendants intended to request" and raised whether their forthcoming filings should be "supplemented to address Plaintiff's newly filed motion." (Dkt. 38 ¶¶ 5, 9.) On July 2, they listed relief they "will

also oppose," including "a declaration that plaintiff's arbitration obligations were allegedly discharged" and "preclusion or injunction against enforcement of the class action/jury trial waiver." (Dkt. 42 at PageID #:613.)

On July 9, the Court denied the Default Motion without prejudice and set briefing on the Upwork Defendants' motion to compel arbitration. (Dkt. 43.) That order set the vehicle for deciding the disputes already disclosed: the Motion to Compel, Plaintiff's response, and their reply, the sequence their counsel had proposed on June 2. Dkt. 44 was their opportunity, and it asserted none of the grounds identified in Part I.B. Plaintiff then briefed the disclosed disputes in the response the Court's order provided. Before the Reply existed, the Opposition also identified what Dkt. 44 left unaddressed. It stated that "Upwork proves propositions Plaintiff concedes while largely bypassing the post-formation issues that decide this Opposition"; that Dkt. 44 "never cites Section 14.3" and does not address the April 29 and May 9 writings or the June 2 "Solved" closure; and that the delegation clause's reservations appear "inside Upwork's own block quotes, and its memorandum addresses neither." (Dkt. 51 at 5, 9, 24.) Briefing those previously disclosed disputes did not create them, and neither that briefing nor identifying those omissions placed in Dkt. 44 the grounds it omitted.

## III. The Court Should Not Consider the Matters Identified in Part I.

"New arguments, facts, and exhibits offered in a party's reply do not allow the other side a fair opportunity to respond and therefore the Court must disregard them." *Smith v. Altman*, No. 12 C 4546, Dkt. 269 at 4 (N.D. Ill. Sept. 21, 2015) (Ellis, J.); *see Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) ("This goes for new facts too.").

That the Opposition addressed discharge and the class waiver did not license new grounds in reply. In *Costello*, the movant knew of the pleaded defense before moving, challenged some of

its elements in the opening brief, and attacked others only in reply; the responsive filings "did not create a right" to reach the elements on which it "initially had taken a pass." 651 F.3d at 635; *see O'Neal*, 961 F.3d at 974 (affirming waiver of an argument the movant first made in reply, although the opposing party's response had raised the same rule).

*Hernandez* shows what a reply may do. There, the defendants' opening summary-judgment brief raised qualified immunity in three paragraphs under the heading "Qualified Immunity," and their reply expanded that argument to four pages. 634 F.3d at 913. Because the opening brief's assertion of the defense "was unambiguous," it was not waived: "[w]hile arguments made for the first time in a reply brief are generally treated as waived, it does not necessarily follow that arguments that are better developed in a reply brief are waived." *Id.*

This Motion does not challenge that kind of development, including the Reply's further development of the delegation argument Dkt. 44 made. (Part I.C.) The grounds identified in Part I.B are different: Dkt. 44 did not assert them at all, so there was nothing for the Reply to develop. Nor does the "Solved" assertion develop anything in Dkt. 44, which said nothing about the closure; it is a factual premise offered in reply with no declaration at all. *See Bietsch v. Sergeant's Pet Care Prods., Inc.*, No. 15 C 5432, Dkt. 52 at 25–26 (N.D. Ill. Mar. 15, 2016) (Ellis, J.) (disregarding a declaration "included only in reply" that the plaintiffs had "no opportunity to address," among other reasons).

The Court has granted this relief before: "The Court will not consider any arguments raised for the first time in Defendant's reply brief." *Phila. Indem. Ins. Co. v. Blast Fitness Grp., LLC*, No. 1:18-cv-03912, Dkt. 40 (N.D. Ill. Dec. 17, 2018) (Ellis, J.) (copy at Ex. C). Plaintiff asks for the same ruling as to each matter identified in Part I.

**IV. In the Alternative, the Court Should Permit a Confined Sur-Reply.**

The Reply argues against a sur-reply: "Plaintiff had a full opportunity in his Opposition to address the formal-response theory, June 2 status, FAA § 3 default, delegation, and discovery." (Dkt. 56 at 15.) None of the grounds identified in Part I.B is on that list, and none was in the Motion to Compel, of which the Upwork Defendants had said, "Plaintiff will have a full and fair opportunity to respond to Upwork Defendants' forthcoming motion." (Dkt. 38 ¶ 10.) The Reply also called the request "premature" because it concerned "submissions that do not yet exist." (Dkt. 56 at 14–15.) Those submissions now exist, and Part I identifies each matter by page.

If the Court is inclined to consider any matter identified in Part I, Plaintiff asks in the alternative for leave to file the proposed sur-reply (Ex. A), or the parts of it that answer the matters the Court considers, as a separate document on the docket. *See Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:24-cv-03821, Dkt. 120 at 2 n.1, 18 (N.D. Ill. Oct. 29, 2024) (Ellis, J.) (granting leave for a sur-reply "as a separate document on the docket"). The proposed sur-reply answers only the Part I matters and the Reply's related descriptions of the record and of Plaintiff's position, in the same order and on the existing record alone.

As to the "Solved" characterization, a sur-reply confined to the existing record cannot test a fact the record does not contain, and the records that could test it are Upwork's. (Cronin Decl. ¶ 8.) If the Court is inclined to rely on that characterization, Plaintiff asks for limited discovery confined to the subject he identified before the Upwork Defendants moved (Dkt. 36-1 at 14; Dkt. 36-3 at PageID #:526): the status history of support case No. 51489662; whether a person or an automated rule set the status to "Solved," and which; the meaning of "Solved" in the support workflow; and any recorded reason for the change. *See Costello*, 651 F.3d at 636 (court may offer the opposing party "an opportunity to file a surreply and additional evidence").

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) deem waived, and not consider in deciding the Motion to Compel (Dkt. 44), each of the following matters that the Court finds was first raised in the Reply (Dkt. 56): (a) the assertion that the "Solved" label is "an administrative classification" (Part I.A.1; Dkt. 56 at 7; *see id.* at 6, 8, 15); (b) the assertion that Upwork "communicated through the 60-day period" (Part I.A.2; Dkt. 56 at 12); (c) the Section 15.2 grounds (Part I.B.1; Dkt. 56 at 12); (d) the separability ground (Part I.B.2; Dkt. 56 at 11; *see id.* at 3); (e) the election ground (Part I.B.3; Dkt. 56 at 13); (f) the Section 13.3 survival ground (Part I.B.4; Dkt. 56 at 14); (g) the Section 14.4.5 severability ground (Part I.B.5; Dkt. 56 at 14); and (h) the class-waiver positions (Part I.B.6; Dkt. 56 at 8–9, 11);

(2) in the alternative, grant Plaintiff leave to file the proposed sur-reply (Ex. A), or the parts of it that answer the matters the Court considers, as a separate document on the docket; and

(3) if the Court is inclined to rely on the Reply's characterization of the "Solved" status, first permit the limited discovery identified in Part IV.

**Dated:** October 10, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

The undersigned, Evan J. Cronin, hereby certifies that on October 10, 2026, he caused the following documents to be filed with the United States District Court for the Northern District of Illinois, Eastern Division, through the Court's CM/ECF system:

(1) Plaintiff's Motion to Deem Waived the Matters First Raised in Defendants Upwork Global LLC and Upwork Inc.'s Reply (Dkt. 56) or, in the Alternative, for Leave to File a Sur-Reply in Opposition to Their Motion to Compel Arbitration and Stay Action (Dkt. 44);
(2) Declaration of Evan J. Cronin in Support of the Motion;
(3) Exhibit Compendium in Support of the Motion (Exhibit A, [Proposed] Sur-Reply in Opposition to Dkt. 44; Exhibit B, conferral correspondence of September 21–23, 2026; Exhibit C, cited authorities not available on Westlaw or Lexis).

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and N.D. Ill. Local Rule 5.9, service of the foregoing documents has been effected on all counsel of record by the Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all registered users, including the following counsel:

Allison N. Powers
Gabrielle N. Ganze
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Tel.: +1 (312) 776-2546
Email: allison.powers@blankrome.com
Email: gabrielle.ganze@blankrome.com
*Counsel for Defendants Upwork Inc. and Upwork Global LLC*

Chad J. Layton
Patrycia Piaskowski
**GOLDBERG SEGALLA LLP**
222 West Adams Street, Suite 2250
Chicago, Illinois 60606
Tel.: +1 (312) 572-8422
Email: clayton@goldbergsegalla.com
Email: ppiaskowski@goldbergsegalla.com
*Counsel for Defendants Terma Project, Inc., Fractional Tax, Inc., Fractional Tax USA, LLC, Chandler Murphy, and Nishchal Basnyat*

**Dated:** October 10, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se