**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Judge Sara L. Ellis<br><br>Hon. Magistrate Judge Laura K. McNally |

**DECLARATION OF EVAN J. CRONIN IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM WAIVED THE MATTERS FIRST RAISED IN DEFENDANTS UPWORK GLOBAL LLC AND UPWORK INC.'S REPLY (Dkt. 56) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THEIR MOTION TO COMPEL ARBITRATION AND STAY ACTION (Dkt. 44)**

I, Evan J. Cronin, declare as follows pursuant to 28 U.S.C. § 1746:

## BACKGROUND

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the facts stated in this Declaration and could testify to them if called.

2. On June 30, 2026, I filed a declaration (Dkt. 36-2) authenticating the exhibits filed at Dkt. 36-3. Those exhibits include the support-case page showing the "Solved" status (Exhibit 4C), the May 9, 2025 email thread (Exhibit 10), the June 6, 2025 letter from my prior counsel (Exhibit 11), my May 28, 2026 letter to counsel for the Upwork Defendants (Exhibit 12), and the email thread that followed it (Exhibit 13A). They remain on the docket, and I do not attach them again. This Declaration restates the facts from that record that bear on the Motion and authenticates Exhibits B and C to the accompanying Exhibit Compendium.

**<u>THE MAY 28, 2026 LETTER AND THE JUNE 2–3, 2026 EMAILS</u>**

3. On May 28, 2026, at 9:26 p.m. Central Time, I emailed counsel for the Upwork Defendants, with copies to counsel for the Fractional Tax Defendants, and attached my letter of that date regarding my anticipated Motion to Declare the Upwork Defendants in Default Under 9 U.S.C. § 3 and to Enjoin Enforcement of the Class Action/Jury Trial Waiver, which I filed on June 30, 2026 (Dkt. 36) (the "Default Motion"). (Dkt. 36-3 at PageID #:520–28, 531.) Among the legal bases for the Default Motion, the letter identified statutory default under 9 U.S.C. § 3, discharge of reciprocal performance, and the scope of the Class Action/Jury Trial Waiver. (*Id.* at PageID #:525.) Among the questions it asked were whether the June 2, 2025 status change of Case ID #51489662 to "Solved" was "executed by a human being" and whether Upwork "contend[s] that the class action/jury trial waiver applies even if Upwork has forfeited its right to compel arbitration." (*Id.* at PageID #:526.)

4. On June 2, 2026, at 12:07 p.m. Central Time, counsel for the Upwork Defendants replied by email that "the most efficient course" was "for all of this to be briefed in opposition to a motion to compel arbitration, rather than to have cross-motions concerning arbitration." (Dkt. 36-3 at PageID #:532.)

5. On June 3, 2026, at 8:24 a.m. Central Time, I replied to counsel for the Upwork Defendants. I wrote that "if Upwork is in default under 9 U.S.C. § 3, it is statutorily barred from seeking a stay, rendering any Motion to Compel Arbitration moot," and that "my intended motion explicitly seeks independent declaratory and injunctive relief against the enforcement of the Class Action/Jury Trial Waiver—relief that cannot be properly adjudicated through an opposition brief." (*Id.*)

## THE JUNE 6, 2025 LETTER AND THE SUPPORT-CASE STATUS

6. The June 6, 2025 letter (Dkt. 36-3 at PageID #:516–17) was prepared and sent by my prior counsel, Russell F. Anderson of Pullman & Comley, on my behalf to legalnotices@upwork.com, and it is addressed to Upwork Global Inc. My counsel advised me that they were sending a follow-up letter to Upwork, and I later received and reviewed a copy of the letter as sent. I did not send the letter myself.

7. On June 4, 2026, I printed the record of Support Case No. 51489662 from my Upwork account. The case panel showed a status of "Solved" and a last-activity entry of June 2, 2025, at 6:06 p.m. Central Time. (*See* Dkt. 36-2 ¶ 12; Dkt. 51-2 at 60.) I did not mark the case as solved. Upwork did not separately notify me that it had changed the case status, and the only message I received concerning the support case around the time of the status change was an automated request to rate my support experience, which contained no response to my claim.

8. I do not possess, and do not have access to, Upwork's internal records concerning that status change, including the case's status history, any record of whether a person or an automated rule set the status to "Solved," any internal definition of "Solved" in Upwork's support workflow, or any recorded reason for the change. To my knowledge, any such records would be maintained in Upwork's internal systems.

## CONFERRAL ON THE MOTION

9. On September 17, 2026, at 5:34 p.m. Central Time, I sent an email to counsel for the Upwork Defendants and counsel for the Fractional Tax Defendants. The email stated the relief the Motion would seek and the matters on which it rests, with citations to the Reply (Dkt. 56) and to the record.

10. At 1:45 p.m. Central Time on September 21, 2026, counsel for the Upwork Defendants responded by email, with copies to counsel for the Fractional Tax Defendants, stating that Upwork objects to both the primary relief and the alternative relief the Motion seeks and stating Upwork's reasons.

11. On September 23, 2026, at 10:02 a.m. Central Time, counsel for the Upwork Defendants and I conferred by telephone about the Motion and were unable to reach an accord. At 10:22 a.m., I sent their counsel an email stating my understanding of the call: that we were unable to reach an accord, and that I may state the Upwork Defendants' position as set out in their counsel's September 21 email. I attached a copy of that email. At 11:43 a.m., their counsel replied: "Yes, that is correct."

12. Exhibit B is a true copy of the email thread between counsel for the Upwork Defendants and me that contains my September 23 email and their counsel's reply, followed by the copy of their counsel's September 21 email that I attached to my September 23 email, as printed from my mailbox on September 23, 2026.

**EXHIBIT C**

13. Exhibit C contains true copies of the December 17, 2018 minute entry in *Philadelphia Indemnity Insurance Co. v. Blast Fitness Group, LLC*, No. 1:18-cv-03912 (N.D. Ill.), Dkt. 40, and ECF pages 1, 8, and 12 of the motion to dismiss in *Tri-State Disposal, Inc. v. Village of Riverdale*, No. 1:18-cv-02138 (N.D. Ill.), Dkt. 25. I obtained them from those cases' CM/ECF dockets through PACER or CourtListener's RECAP archive. Without altering any text, I reduced the size of each page so that its original CM/ECF header would not overlap the header added when the Exhibit Compendium is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 10, 2026, at Perkasie, Pennsylvania.

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se