**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Judge Sara L. Ellis<br><br>Hon. Magistrate Judge Laura K. McNally |

**PLAINTIFF'S MOTION TO DEEM WAIVED THE MATTERS FIRST RAISED IN THE FRACTIONAL TAX DEFENDANTS' REPLY (Dkt. 55) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THEIR MOTION TO COMPEL ARBITRATION (Dkt. 26)**

## TABLE OF CONTENTS

**INTRODUCTION** ..... **1**
**MEET-AND-CONFER STATEMENT** ..... **2**
**ARGUMENT** ..... **3**
I. The Reply Raises Matters Dkt. 26 Did Not. ..... 3
A. Evidence offered for the first time in reply. ..... 3
B. Grounds Dkt. 26 did not raise. ..... 4
C. Matters this Motion does not challenge. ..... 6
II. The Disputes Were Disclosed Before Dkt. 26. ..... 6
III. The Court Should Not Consider the Matters Identified in Part I. ..... 8
IV. In the Alternative, the Court Should Permit a Confined Sur-Reply. ..... 10
**CONCLUSION** ..... **11**

## TABLE OF AUTHORITIES

**Cases**

This Court (Ellis, J.)

*Bietsch v. Sergeant's Pet Care Prods., Inc.*, No. 15 C 5432, Dkt. 52 (N.D. Ill. Mar. 15, 2016) (Ellis, J.) ..... 9
*Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:24-cv-03821, Dkt. 120 (N.D. Ill. Oct. 29, 2024) (Ellis, J.) ..... 10
*Phila. Indem. Ins. Co. v. Blast Fitness Grp., LLC*, No. 1:18-cv-03912, Dkt. 40 (N.D. Ill. Dec. 17, 2018) (Ellis, J.) ..... 10
*Shenzhen Langmi Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 25 C 1966, Dkt. 86 (N.D. Ill. Feb. 26, 2026) (Ellis, J.) ..... 10
*Smith v. Altman*, No. 12 C 4546, Dkt. 269 (N.D. Ill. Sept. 21, 2015) (Ellis, J.) ..... 8, 9
*Tri-State Disposal, Inc. v. Vill. of Riverdale*, 369 F. Supp. 3d 866 (N.D. Ill. 2019) (Ellis, J.) ..... 6

Court of Appeals for the Seventh Circuit

*Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130 (7th Cir. 1996) ..... 9
*Costello v. Grundon*, 651 F.3d 614 (7th Cir. 2011) ..... 1, 8, 10
*Gold v. Wolpert*, 876 F.2d 1327 (7th Cir. 1989) ..... 8, 9
*Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906 (7th Cir. 2011) ..... 1, 8, 9
*Metroplex Commc'ns, Inc. v. Meta Platforms, Inc.*, No. 24-1440 (7th Cir. Aug. 27, 2026) ..... 10, 11
*O'Neal v. Reilly*, 961 F.3d 973 (7th Cir. 2020) ..... 2, 8

Other Decisions

*Thompson v. AT&T Servs., Inc.*, No. 17 C 3607, 2018 WL 4567714 (N.D. Ill. Sept. 24, 2018) ..... 10

**Other Authorities**

Case Procedures, Motion Practice (Ellis, J.) ..... 2

## INTRODUCTION

Plaintiff Evan J. Cronin respectfully moves the Court to deem waived, and not to consider in deciding the Motion to Compel Arbitration (Dkt. 26) (the "Motion to Compel"), the evidence and grounds identified in Part I that first appeared in the Reply (Dkt. 55). In the alternative, Plaintiff seeks leave to file the proposed sur-reply tendered as Exhibit A to the Exhibit Compendium. This Motion does not seek to strike the Reply.

Defendants Terma Project, Inc. ("Terma"); Fractional Tax, Inc. ("FTINC"); Fractional Tax USA, LLC ("FTUSA"); Chandler Murphy; and Nishchal Basnyat are referred to together as the "Fractional Tax Defendants." They "acknowledge that only Plaintiff and FTINC are signatories to the Service Contract and the Content Agreement," and they ask the Court to compel arbitration of Plaintiff's claims against all five. (Dkt. 26 at 5, 15.)

The evidence and grounds identified in Part I were omitted from the Motion to Compel. Before it was filed, Plaintiff had disputed in writing whether the four movants other than FTINC may invoke Article XI of the Service Contract, whether it reaches his claims, and whether submitting those questions to this Court could trigger its fee provision. (Part II.) Plaintiff's briefing of those disputes in his Response in Opposition (Dkt. 47) (the "Response") did not authorize the Fractional Tax Defendants to offer in reply evidence and independent grounds omitted from the Motion to Compel.

The question is not whether the Fractional Tax Defendants could respond to the Response; they could. It is whether the Reply developed grounds that Dkt. 26 unambiguously presented, which is permitted, *see Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011), or supplied different grounds, and evidence Dkt. 26 did not offer, after Plaintiff's opportunity to respond had passed, which is not, *see Costello v. Grundon*, 651 F.3d 614, 635 (7th

Cir. 2011); *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020). Each matter identified in Part I presents a separate question, and the Court may decide each independently.

## MEET-AND-CONFER STATEMENT

Pursuant to the Court's Case Procedures, Plaintiff states that the parties conferred by email and by telephone. On September 17, 2026, Plaintiff emailed counsel for the Fractional Tax Defendants a description of the motion he then intended to file and the matters he then identified. (Declaration of Evan J. Cronin ("Cronin Decl.") ¶ 8; Ex. B.) On September 21, their counsel responded:

> To the extent that you are seeking leave of court to file a sur-reply that addresses the merits of the issues raised in the Fractional Tax Defendants' Motion to Compel Arbitration, I leave that to the sound discretion of the Court. However, if you are going to ask the Court to disregard facts and law that are included in our reply brief, the Fractional Tax Defendants object. The arguments raised in our reply brief are in direct response to arguments raised in Plaintiff's opposition brief, and the Court should have the opportunity to decide this issue on the merits, by considering the full record.

(Ex. B.)

On September 22, beginning at 2:53 p.m. Central Time, Plaintiff and counsel for the Fractional Tax Defendants conferred by telephone. Plaintiff memorialized by email that the parties were unable to reach an accord and that he may state the Fractional Tax Defendants' position as set out in the September 21 email; their counsel replied, "Yes, that is accurate, Evan. And, yes, feel free to state my position as reflected in my September 21st email to you." (Ex. B; Cronin Decl. ¶¶ 9–11.)

## ARGUMENT

### I. The Reply Raises Matters Dkt. 26 Did Not.

#### A. Evidence offered for the first time in reply.

Dkt. 26 was filed with the Service Contract and the Content Agreement and no declaration. (Dkt. 26-1; Dkt. 26-2.) It stated the corporate relationships among the movants through counsel: "FTINC is a wholly owned subsidiary of Defendant Fractional Tax USA, LLC ('FTUSA') which, in turn, is a wholly owned subsidiary of Terma Project, Inc. ('Terma')." (Dkt. 26 at 2 n.1; *see id.* at 9.) The Reply offers, for the first time, "the declarations of Defendants Nishchal Basnyat and Chandler Murphy," both dated September 14, 2026, the day the Reply was filed, "in direct response to arguments raised in Plaintiff's opposition brief." (Dkt. 55 at 4 & n.2; Dkt. 55-1 at 4; Dkt. 55-2 at 3.)

From the declarations, the Reply draws facts on which Dkt. 26 offered no evidence: that FTUSA "owns and operates the website—fractionaltax.com—and some virtual infrastructure through which FTINC operates its business"; and that Ms. Murphy's responsibilities "include directing FTUSA's and FTINC's operations, including onboarding independent contractors (such as Plaintiff)." (Dkt. 55 at 4.)

The declarations go beyond the corporate relationships, to Plaintiff's work and the conduct underlying his claims. They state that some use of his name or likeness, or some of his work, "was likely featured on or likely used the fractionaltax.com website or an associated portal"; that Ms. Murphy "managed some of the work that he performed under the Service Contract as well as the Content Assignment and Use of Name Approval Agreement"; and that the responsibilities of an administrative staff member of Terma and FTINC included "submitting proposals to clients on

behalf of Fractional Tax, Inc.'s tax specialists, such as Evan J. Cronin, pursuant to the Content Agreement." (Dkt. 55-1 ¶¶ 6, 9–11; Dkt. 55-2 ¶ 4.)

The Reply calls these "undisputed facts" that "establish that all of the Fractional Tax Defendants are closely related to one another as well as Plaintiff's claims such that all of these parties are entitled to arbitration." (Dkt. 55 at 4.) It faults Plaintiff, whose Response preceded the declarations, for not identifying "specific evidence in the record demonstrating a material factual dispute for trial." (*Id.* at 9 n.3.)

**B. Grounds Dkt. 26 did not raise.**

The Reply adds three grounds that Dkt. 26 did not assert, although Dkt. 26 cited *Zurich* and *Gore* and requested fees. (Dkt. 26 at 4, 10, 14; Dkt. 55 at 4–5, 10–11, 14.)

***1. Incorporation by reference as a basis for the four other movants.*** The Reply asserts that, under Seventh Circuit law, a party that did not sign an arbitration agreement "can invoke an arbitration agreement entered by others through the doctrine of 'incorporation by reference'" (Dkt. 55 at 4), that "the Content Agreement's use of the phrase 'of engaging in work' is, of course, a direct reference to the Service Agreement," and that the four movants other than FTINC therefore "are entitled to invoke the arbitration provision in the Service Contract" (*id.* at 5). Dkt. 26 cited *Zurich* only for the three elements of a motion to compel (Dkt. 26 at 4). It rested the four movants' right to invoke Article XI on their being "closely related parties to the Service Contract and the Content Agreement," on a parent's ability to invoke its subsidiary's clause, on equitable estoppel, and on their consent (*id.* at 5–9). It did not invoke incorporation by reference.

The Fractional Tax Defendants were told before they moved that the four other movants' right to invoke Article XI was disputed. Plaintiff's June 9, 2026 letter, sent six days before Dkt. 26 was filed, identified as one of "the very matters in dispute" "whether the four Fractional Tax

Defendants who are strangers to the Service Contract may invoke it at all." (Dkt. 47-2 at 27.) Dkt. 26 quoted the Content Agreement's preamble but drew from it only that Plaintiff "would conceivably perform work for affiliates, successors, and assigns of FTINC." (Dkt. 26 at 2.) The Response discussed incorporation by reference only as a question of scope. (Dkt. 47 at 5, 14.) The Reply's incorporation theory rests on the same preamble Dkt. 26 had already quoted. (Dkt. 55 at 4–5.)

***2. Incorporation by reference as a basis for reaching every claim.*** The Reply asserts that "[t]he fact that the Content Agreement incorporates the Service Agreement is another reason why all of Plaintiff's claims are subject to arbitration," and that "the Content Agreement incorporates the Service Agreement by reference, explicitly stating that the execution of the Content Agreement is a condition and requirement of engaging in work for FTINC." (Dkt. 55 at 10–11.) Dkt. 26 cited *Gore* once, through another decision, for the breadth of provisions requiring arbitration of disputes "arising out of and relating to" a contract. (Dkt. 26 at 10.) It did not contend that either agreement incorporates the other. The Response, applying the rule *Gore* states, said that "the Service Contract does not incorporate the Content Agreement" (Dkt. 47 at 14); the Reply then offered the reverse proposition as an independent ground for reaching every claim.

***3. Filing suit and opposing the Motion to Compel as the refusal.*** The Reply asserts that, "by filing his lawsuit and opposing the Motion to Compel Arbitration, Plaintiff has already 'refused to arbitrate'" (Dkt. 55 at 14), citing three decisions (*id.* at 14 n.4). Dkt. 26 asserted that all three elements of its test, including "a refusal to arbitrate," were "met here" (Dkt. 26 at 4), and it rested its fee request on the statement that "Plaintiff has refused to proceed to arbitration," citing one decision, for the proposition that "provisions [for or] against fee-shifting are not per se unconscionable" (*id.* at 14).

Dkt. 26 did not contend that commencing this action was itself a refusal to arbitrate, and it cited none of the three decisions in the Reply's footnote 4, although Plaintiff had written, before Dkt. 26 was filed, that "[s]ubmitting threshold arbitrability to the District Court is not a failure to proceed with arbitration" and is "not a contractual default." (Dkt. 47-2 at 27, 30.) The Response applied Article XI's text to that correspondence (Dkt. 47 at 17–18); the Reply then asserted, for the first time, that filing this action and opposing the Motion to Compel are themselves a refusal to arbitrate.

Reciting the elements of a motion to compel and quoting the Content Agreement's preamble did not put these grounds in Dkt. 26. *See Tri-State Disposal, Inc. v. Vill. of Riverdale*, 369 F. Supp. 3d 866, 877 n.5, 881 n.7 (N.D. Ill. 2019) (Ellis, J.) (declining to address arguments first made in reply, although the motion to dismiss had recited the claim's elements and said that more would follow in reply, No. 18 C 2138, Dkt. 25 at 8 n.1, 12, excerpted at Ex. C). Nor is any of them a fuller version of a ground Dkt. 26 made. (Dkt. 26 at 5–14.)

### C. Matters this Motion does not challenge.

Apart from the matters identified in Parts I.A and I.B, this Motion does not ask the Court to disregard the Reply's distinctions of Plaintiff's authorities (Dkt. 55 at 7–9, 12), its waiver argument (*id.* at 12–14), its further development of the "closely related" and consent grounds Dkt. 26 made, including its reliance on the Complaint and on the affiliation and mutuality principles (*id.* at 2–3, 5–9), its other scope arguments (*id.* at 8–12), or the June 2, 2026 correspondence it attaches (Dkt. 55-3). Plaintiff disputes each of those points on the merits.

## II. The Disputes Were Disclosed Before Dkt. 26.

Counsel for the Fractional Tax Defendants has stated that "[t]he arguments raised in our reply brief are in direct response to arguments raised in Plaintiff's opposition brief." (Ex. B; *see*

Dkt. 55 at 4 n.2.) Notice is not an element of waiver, but the record here shows more: the disputes the Reply answers with new evidence and new grounds were presented to the Fractional Tax Defendants before they filed Dkt. 26, so the Response did not create them.

At the May 15, 2026 conference, their counsel requested arbitration and raised Article XI's fee language. (Dkt. 26 at 14; Cronin Decl. ¶ 3.) The same day, Plaintiff wrote that he disputed "that submitting that threshold issue to the District Court constitutes a failure to proceed with arbitration or otherwise triggers any contractual fee-shifting provision," adding: "To avoid any misunderstanding, I am not refusing to proceed with arbitration if the Court orders any claim or issue to arbitration." (Dkt. 47-2 at 21.)

On June 2, counsel asked Plaintiff to "please confirm whether you will agree to refer the matter to arbitration" by June 9. (Dkt. 47-2 at 24.) Plaintiff answered on June 9, within that time, that he "does not refuse, and has never refused, to arbitrate," but could not "simply 'agree to refer the matter to arbitration'" because "that request assumes the very matters in dispute: whether any enforceable arbitration agreement reaches Plaintiff's claims, and whether the four Fractional Tax Defendants who are strangers to the Service Contract may invoke it at all." (*Id.* at 26–27; Cronin Decl. ¶¶ 4–5.) He wrote that he "will comply with any order of this Court directing arbitration of any claim or issue," and that "[s]ubmitting threshold arbitrability to the District Court is not a failure to proceed with arbitration." (Dkt. 47-2 at 27.)

After receiving a draft of the Motion to Compel (Dkt. 26 at 14), Plaintiff wrote on June 15, before the parties' call and before Dkt. 26 was filed, that his June 9 letter "remains my operative written response to the arbitration demand," that "[m]y position is not a refusal to arbitrate," and that "[p]reserving and submitting those threshold arbitrability issues to the District Court is not a contractual default and does not satisfy Article XI's fee-shifting predicate." (Dkt. 47-2 at 30;

Cronin Decl. ¶ 6.) After the call, counsel wrote that the parties had "agreed to disagree." (Dkt. 47-2 at 31.)

Dkt. 26, filed that day, was their opportunity. It acknowledged that "only Plaintiff and FTINC are signatories to the Service Contract and the Content Agreement" (Dkt. 26 at 5), stated the corporate relationships through counsel (*id.* at 2 n.1, 9), offered no declaration, and asserted none of the grounds identified in Part I.B. Identifying those omissions, as the Response did (Dkt. 47 at 9, 14), did not place in Dkt. 26 the evidence and grounds it omitted, nor did it permit them to be raised for the first time in reply.

**III. The Court Should Not Consider the Matters Identified in Part I.**

"New arguments, facts, and exhibits offered in a party's reply do not allow the other side a fair opportunity to respond and therefore the Court must disregard them." *Smith v. Altman*, No. 12 C 4546, Dkt. 269 at 4 (N.D. Ill. Sept. 21, 2015) (Ellis, J.); *see Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) ("This goes for new facts too.").

The Response addressed who may invoke Article XI, which claims it reaches, and whether its fee provision applies. That did not entitle the movants to offer new evidence or new grounds in reply. In *Costello*, the responsive filings "did not create a right" to reach elements on which the movant "initially had taken a pass." 651 F.3d at 635; *see O'Neal*, 961 F.3d at 974 (affirming waiver of an argument first made in reply, although the response had raised the same rule).

*Hernandez* shows what a reply may do: an opening brief's three-paragraph assertion of qualified immunity "was unambiguous," so its expansion in reply was not waived, for "it does not necessarily follow that arguments that are better developed in a reply brief are waived." 634 F.3d at 913. This Motion does not challenge that kind of development. (Part I.C.)

Dkt. 26 did not assert incorporation by reference in any form, so there was nothing for the Reply to develop. The contention that filing this action and opposing the Motion to Compel are the refusal rests on new authority and answers positions Plaintiff stated in writing before Dkt. 26 was filed (Parts I.B.3, II); if the Court treats it as development of Dkt. 26's refusal assertion (Dkt. 26 at 1, 3–4, 14), Plaintiff asks only that the Court consider Part II.3 of the proposed sur-reply.

The declarations are not development of the kind *Hernandez* permits. Dkt. 26 stated the corporate relationships through counsel; the Reply supplies their first sworn support. Reply evidence may address "matters placed in issue by the opposition brief" when it "does not spring upon the opposing party new reasons" for relief. *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 n.* (7th Cir. 1996) (internal quotation marks omitted). The movants' relationships to one another and to Plaintiff's claims were their own basis for relief (Dkt. 26 at 5–9), not matters the Response first placed in issue. The declarations also add new reasons, tying FTUSA, Terma, and Ms. Murphy to Plaintiff's work and to the conduct underlying his claims. (Part I.A.)

Where the opposing brief had pointed out the missing writing, as the Response did here (Dkt. 47 at 9), the Seventh Circuit refused a letter first offered in reply: "There is no good reason why this letter could not have been included with the amended complaint. We refuse to admit or consider it now." *Gold*, 876 F.2d at 1331 n.6. This Court has disregarded affidavits signed the day before and the day of a reply, *Smith*, No. 12 C 4546, Dkt. 269 at 4, and, among other reasons, a declaration "included only in reply" that the opposing party had "no opportunity to address," *Bietsch v. Sergeant's Pet Care Prods., Inc.*, No. 15 C 5432, Dkt. 52 at 25–26 (N.D. Ill. Mar. 15, 2016) (Ellis, J.). The Basnyat and Murphy declarations were signed the day the Reply was filed.

The Court has applied the same rule to evidence first submitted in reply, citing a decision on a motion to compel arbitration as "declining to consider declarations submitted for the first time

in a reply brief where the original motion 'was filed without any supporting evidence.'" *Shenzhen Langmi Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 25 C 1966, Dkt. 86 at 7–8 (N.D. Ill. Feb. 26, 2026) (Ellis, J.) (citing *Thompson v. AT&T Servs., Inc.*, No. 17 C 3607, 2018 WL 4567714, at *6 (N.D. Ill. Sept. 24, 2018)).

The Court has granted this relief before: "The Court will not consider any arguments raised for the first time in Defendant's reply brief." *Phila. Indem. Ins. Co. v. Blast Fitness Grp., LLC*, No. 1:18-cv-03912, Dkt. 40 (N.D. Ill. Dec. 17, 2018) (Ellis, J.) (copy at Ex. C). Plaintiff asks for the same ruling as to each matter identified in Part I.

**IV. In the Alternative, the Court Should Permit a Confined Sur-Reply.**

Counsel for the Fractional Tax Defendants has left a sur-reply on the merits "to the sound discretion of the Court." (Ex. B.) Each matter identified in Part I first appeared in the Reply, after Plaintiff's opportunity to respond had passed, and the Reply quotes *Metroplex Communications, Inc. v. Meta Platforms, Inc.*, No. 24-1440 (7th Cir. Aug. 27, 2026), decided after the Response was filed. (Dkt. 55 at 8.)

If the Court is inclined to consider any matter identified in Part I, or to rely on *Metroplex*, Plaintiff asks for leave to file the proposed sur-reply (Ex. A), or the parts of it that answer what the Court considers, as a separate document on the docket. *See Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:24-cv-03821, Dkt. 120 at 2 n.1, 18 (N.D. Ill. Oct. 29, 2024) (Ellis, J.); *Costello*, 651 F.3d at 636 (court may permit a sur-reply addressing arguments first raised in reply). The proposed sur-reply answers only the Part I matters and the Reply's related descriptions and authority, in the same order and on the existing record alone.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) deem waived, and not consider in deciding the Motion to Compel (Dkt. 26), each of the following matters that the Court finds was first raised in the Reply (Dkt. 55): (a) the declarations of Nishchal Basnyat and Chandler Murphy, and the Reply's reliance on them (Part I.A; Dkt. 55 at 4 & n.2; Dkt. 55-1; Dkt. 55-2); (b) the incorporation-by-reference ground for the four movants other than FTINC (Part I.B.1; Dkt. 55 at 4–5); (c) the incorporation-by-reference ground for reaching every claim (Part I.B.2; Dkt. 55 at 10–11); and (d) the assertion that, by filing this action and opposing the Motion to Compel, Plaintiff "refused to arbitrate" (Part I.B.3; Dkt. 55 at 14 & n.4); and

(2) in the alternative, or if the Court relies on *Metroplex* (Dkt. 55 at 8), grant Plaintiff leave to file the proposed sur-reply (Ex. A), or the parts of it that answer what the Court considers, as a separate document on the docket.

**Dated:** October 14, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

The undersigned, Evan J. Cronin, hereby certifies that on October 14, 2026, he caused the following documents to be filed with the United States District Court for the Northern District of Illinois, Eastern Division, through the Court's CM/ECF system:

(1) Plaintiff's Motion to Deem Waived the Matters First Raised in the Fractional Tax Defendants' Reply (Dkt. 55) or, in the Alternative, for Leave to File a Sur-Reply in Opposition to Their Motion to Compel Arbitration (Dkt. 26);
(2) Declaration of Evan J. Cronin in Support of the Motion;
(3) Exhibit Compendium in Support of the Motion (Exhibit A, [Proposed] Sur-Reply in Opposition to Dkt. 26; Exhibit B, conferral correspondence of September 17–22, 2026; Exhibit C, cited authorities not available on Westlaw or Lexis).

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and N.D. Ill. Local Rule 5.9, service of the foregoing documents has been effected on all counsel of record by the Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all registered users, including the following counsel:

Chad J. Layton
Patrycia Piaskowski
**GOLDBERG SEGALLA LLP**
222 West Adams Street, Suite 2250
Chicago, Illinois 60606
Tel.: +1 (312) 572-8422
Email: clayton@goldbergsegalla.com
Email: ppiaskowski@goldbergsegalla.com
*Counsel for Defendants Terma Project, Inc., Fractional Tax, Inc., Fractional Tax USA, LLC, Chandler Murphy, and Nishchal Basnyat*

Allison N. Powers
Gabrielle N. Ganze
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Tel.: +1 (312) 776-2546
Email: allison.powers@blankrome.com
Email: gabrielle.ganze@blankrome.com
*Counsel for Defendants Upwork Inc. and Upwork Global LLC*

**Dated:** October 14, 2026

Respectfully submitted,

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se