**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVAN J. CRONIN,<br><br>Plaintiff,<br><br>v.<br><br>UPWORK INC.; UPWORK GLOBAL LLC; TERMA PROJECT, INC.; FRACTIONAL TAX, INC.; FRACTIONAL TAX USA, LLC; CHANDLER MURPHY; and NISHCHAL BASNYAT,<br><br>Defendants. | Case No. 1:26-cv-03220<br><br>Hon. Judge Sara L. Ellis<br><br>Hon. Magistrate Judge Laura K. McNally |

**DECLARATION OF EVAN J. CRONIN IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM WAIVED THE MATTERS FIRST RAISED IN THE FRACTIONAL TAX DEFENDANTS' REPLY (Dkt. 55) OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THEIR MOTION TO COMPEL ARBITRATION (Dkt. 26)**

I, Evan J. Cronin, declare as follows pursuant to 28 U.S.C. § 1746:

**BACKGROUND**

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the facts stated in this Declaration and could testify to them if called.

2. On August 17, 2026, I filed a declaration (Dkt. 47-1) authenticating the exhibits filed at Dkt. 47-2. Those exhibits include an excerpt of my May 15, 2026 email to counsel for the Fractional Tax Defendants (Exhibit 6), the June 2, 2026 email and letter from their counsel (Exhibit 7), an excerpt of my June 9, 2026 letter to their counsel (Exhibit 8), and the June 15, 2026 emails between their counsel and me (Exhibit 9). They remain on the docket, and I do not attach them again. This Declaration restates the facts from that record that bear on the Motion and authenticates Exhibits B and C to the accompanying Exhibit Compendium.

**THE MAY 15, 2026 CONFERENCE AND THE JUNE 2026 CORRESPONDENCE**

3. On May 15, 2026, I conferred by telephone with counsel for the Fractional Tax Defendants. Counsel requested that the matter be referred to arbitration and raised the fee-shifting language of Article XI of the Service Contract. At 11:59 a.m. Central Time that day, I emailed their counsel, stating: "I continue to dispute that any arbitration provision applies to the claims and issues asserted in this action. I also dispute that submitting that threshold issue to the District Court constitutes a failure to proceed with arbitration or otherwise triggers any contractual fee-shifting provision." I added: "To avoid any misunderstanding, I am not refusing to proceed with arbitration if the Court orders any claim or issue to arbitration." (Dkt. 47-2 at 21.)

4. On June 2, 2026, at 1:24 p.m. Central Time, their counsel emailed me a letter, with a copy of the contract package. The letter asked me to "please confirm whether you will agree to refer the matter to arbitration" and to advise of my position "by Tuesday, June 9, 2026, at 5:00 p.m." (Dkt. 47-2 at 23–24.)

5. On June 9, 2026, within the time stated in the June 2 letter, I served my written response on counsel by email. It stated: "Plaintiff does not refuse, and has never refused, to arbitrate." It identified as the matters in dispute "whether any enforceable arbitration agreement reaches Plaintiff's claims, and whether the four Fractional Tax Defendants who are strangers to the Service Contract may invoke it at all," and it stated that I "will comply with any order of this Court directing arbitration of any claim or issue" and that "[s]ubmitting threshold arbitrability to the District Court is not a failure to proceed with arbitration." (Dkt. 47-2 at 26–27.)

6. On June 11, 2026, counsel sent me a draft of the Motion to Compel Arbitration. On June 15, 2026, before our telephone conference that day and before the Motion to Compel Arbitration was filed, I emailed their counsel that my June 9 letter "remains my operative written response to the arbitration demand," that "[m]y position is not a refusal to arbitrate," and that

"[p]reserving and submitting those threshold arbitrability issues to the District Court is not a contractual default and does not satisfy Article XI's fee-shifting predicate." (Dkt. 47-2 at 30.) We then conferred by telephone. At 1:24 p.m. Central Time that day, their counsel wrote that we had "agreed to disagree" regarding the issues raised in the draft. (*Id.* at 31.) The Motion to Compel Arbitration (Dkt. 26) was filed that day.

## THE DECLARATIONS FILED WITH THE REPLY

7. As I stated in my August 17, 2026 declaration, I had not been provided with, and had not otherwise received, any declaration, affidavit, corporate record, ownership record, organizational chart, or other evidentiary material supporting the asserted ownership chain among Terma Project, Inc., Fractional Tax USA, LLC, and Fractional Tax, Inc., and no Defendant disclosed those ownership relationships to me during my engagement or at any time before this action was filed. (Dkt. 47-1 ¶¶ 18–19.) The declarations of Nishchal Basnyat and Chandler Murphy filed with the Reply on September 14, 2026 (Dkt. 55-1; Dkt. 55-2) are the first sworn statements concerning those relationships that I have received.

## CONFERRAL ON THE MOTION

8. On September 17, 2026, at 5:14 p.m. Central Time, I sent an email to counsel for the Fractional Tax Defendants and counsel for the Upwork Defendants. The email described the motion I then intended to file concerning the Reply (Dkt. 55) and the matters I then identified.

9. At 8:03 a.m. Central Time on September 21, 2026, counsel for the Fractional Tax Defendants responded by email, also addressed to counsel for the Upwork Defendants, stating the Fractional Tax Defendants' position.

10. On September 22, 2026, at 1:07 p.m. Central Time, I replied to accept their counsel's offer to discuss the motion. At 1:56 p.m., their counsel replied: "Feel free to call my cell

phone any time. Thanks." At 2:53 p.m., counsel for the Fractional Tax Defendants and I conferred by telephone about the motion I then intended to file and were unable to reach an accord. At 3:11 p.m., I sent their counsel an email stating my understanding of the call: that we were unable to reach an accord, and that I may state the Fractional Tax Defendants' position as set out in the September 21 email. At 3:14 p.m., their counsel replied: "Yes, that is accurate, Evan. And, yes, feel free to state my position as reflected in my September 21st email to you."

11. Exhibit B is a true copy of the six-message email thread between counsel for the Fractional Tax Defendants and me, dated September 17 through 22, 2026, as printed from my mailbox on September 22, 2026. Each message was addressed or copied to counsel of record for all Defendants. Nothing in it has been redacted, and no text has been altered; I reduced the size of each page so that the header added when the Exhibit Compendium is filed would not overlap it.

**<u>EXHIBIT C</u>**

12. Exhibit C contains true copies of the December 17, 2018 minute entry in *Philadelphia Indemnity Insurance Co. v. Blast Fitness Group, LLC*, No. 1:18-cv-03912 (N.D. Ill.), Dkt. 40, and ECF pages 1, 8, and 12 of the motion to dismiss in *Tri-State Disposal, Inc. v. Village of Riverdale*, No. 1:18-cv-02138 (N.D. Ill.), Dkt. 25. I obtained them from those cases' CM/ECF dockets through PACER or CourtListener's RECAP archive. Without altering any text, I reduced the size of each page so that its original CM/ECF header would not overlap the header added when the Exhibit Compendium is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2026, at Perkasie, Pennsylvania.

*/s/ Evan J. Cronin*
Evan J. Cronin
211 W. Wacker Drive, Suite 120 #2217
Chicago, Illinois 60606
Tel.: +1 (312) 725-9960
Email: legal@cronintaxservices.com
Plaintiff, Pro Se